UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSE MEACHAM,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION OFFICE FOR CIVIL RIGHTS *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    No. 23 C 15882<br><br>Judge Bucklo<br><br>Formerly Case No. 20231109097, Circuit Court of Cook County, Illinois |

## THE UNITED STATES' MOTION TO DISMISS

The United States of America, by its attorney, Morris Pasqual, Acting United States Attorney for the Northern District of Illinois, moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of jurisdiction and in support states as follows:

1.     Plaintiff Rose Meacham filed a complaint against more than eighty individuals and entities in the Circuit Court of Cook County, Illinois.  The *pro se* complaint appears to allege various tortious acts including fraud, medical malpractice, legal malpractice, libel, breach of contract, and harassment.[1]  Among the defendants is the United States Department of Education's Office of Civil Rights, which has been served with process.  Other defendants listed in the complaint appear to be federal entities as well, including the Department of Health and Human Services, the Department of Justice, the National Institute of Health, the National Science Foundation, "United States Attorney Generals," and "US Attorneys."

---

[1]  The United States is the only proper defendant in a case brought under the Federal Tort Claims Act.  *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008).

2.     The United States removed the case to federal court under 28 U.S.C. § 1442 and now moves to dismiss the complaint because this court lacks jurisdiction under the derivative jurisdiction doctrine.

3.     Under the derivative jurisdiction doctrine, a federal court's § 1442 removal jurisdiction is derivative of that of the state court.  *Minnesota v. United States*, 305 U.S. 382, 389 (1939); *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981); *Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994) ("If the state court where an action was initially filed lacked subject matter jurisdiction over the action, a federal court acquires none upon removal, even if the federal court would have had jurisdiction if the case were originally brought in federal court."); *Ricci v. Salzman*, 976 F.3d 768, 773 (7th Cir. 2020) ("When the derivative jurisdiction doctrine is timely raised, then, it properly results in dismissal without prejudice.").

4.     Here, the Circuit Court of Cook County lacked jurisdiction over the tort action against the federal defendants because the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671–80, grants "exclusive jurisdiction" to United States district courts for such personal injury claims.  Because the state court lacked jurisdiction over these tort claims, this federal court did not acquire subject matter jurisdiction as a result of the removal.  As the court stated in *McCarter v. John Hancock Ctr.*, No. 02 C 6121, 2002 WL 31875470, at *2 (N.D. Ill. Dec. 26, 2002), "the doctrine of derivative jurisdiction is alive and well in the Seventh Circuit, and its application here requires that this case be dismissed for lack of subject matter jurisdiction."

WHEREFORE, this case should be dismissed as to the United States for lack of jurisdiction.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: s/ Michael D. Claus
    MICHAEL CLAUS
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 469-6021
    michael.claus@usdoj.gov