IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROSE MEACHAM, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 23-cv-15882 |
| UNITED STATES DEPARTMENT OF EDUCATION OFFICE FOR CIVIL RIGHTS, *et al.* | ) ) ) ) ) | Honorable Judge Maldonado *Formerly Case No. 2023-L-004671, Circuit Court of Cook County, Illinois* |
| Defendants. | ) | |

**DEFENDANT BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS' MOTION TO DISMISS THE AMENDED COMPLAINT WITH PREJUDICE AND TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT**

Defendant the Board of Trustees of the University of Illinois (the "Board"), by and through its attorneys, respectfully requests that this Court dismiss Plaintiff Rose Meacham's Amended Complaint against the Board pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and furthermore declare Plaintiff a vexatious litigant subject to a filing restriction. In support of this Motion, the Board is contemporaneously filing a supporting Memorandum of Law, and also states as follows:

1. The Board of Trustees of the University of Illinois is the "body corporate and politic" of the University of Illinois with the "power . . . to sue and be sued." *See* 110 ILCS 305/1. The University of Illinois system is one legal entity, inclusive of the University of Illinois at Urbana-Champaign ("UIUC"), the University of Illinois Chicago ("UIC"), and the University of Illinois Springfield.

2. As detailed in the Board's Memorandum of Law, Plaintiff has filed eleven lawsuits and seven agency complaints against the Board and/or personnel or offices of UIUC and UIC.

3. On May 25, 2022, Plaintiff filed *Meacham v. State of Illinois et al.*, No. 2022L004671, in the Circuit Court of Cook County, Illinois. Plaintiff filed an amended complaint in this case on June 8, 2022. The Board, as well as other various departments and offices at UIUC and UIC not capable of suit, are identified as defendants in Plaintiff's lawsuit.

4. On November 13, 2023, the United States Department of Education Office for Civil Rights, on behalf of all federal defendants, removed the case to the Northern District of Illinois, where it is proceeding as No. 23-cv-15882. Dkt. 1.

5. On November 14, 2023, a packet containing various state court filings, the original state court complaint, a photocopied handwritten communication from Plaintiff, and a "service list" was served on the Office of the Chancellor of the University of Illinois Chicago.[1] The Amended Complaint was not included in this packet, and the Board was never properly served. *See* 735 ILCS 5/2-211. Nevertheless, while maintaining its right to object to proper service under the Illinois Code of Civil Procedure if this matter is remanded to state court, the Board hereby appears to seek dismissal of Plaintiff's Amended Complaint with prejudice as against the Board (as well as all non-suable University-affiliates).[2]

6. The grounds for dismissal, as set forth in the Board's Memorandum of Law, are that Plaintiff's Amended Complaint is so sprawling, disjointed, and nonspecific that the Board has not been given proper notice of the claims against it pursuant to Rule 8 and Plaintiff fails to state a claim under Rule 12(b)(6) as a matter of law. Although Plaintiff avers that her claim is for "Personal Injury/Wrongful Death, specifically Medical Malpractice," none of the factual

---

[1] Service was also made on the Disability Resource Center at the University of Illinois Chicago, which is not a legal entity subject to suit.
[2] As of the date of this filing, no UIUC or UIC employees have been served.

allegations she pleads against the Board relate to medical malpractice.[3] Her factual allegations appear to relate to alleged disability and/or gender discrimination, but Plaintiff fails to plead the violation of a civil rights statute in her Amended Complaint and, moreover, has already brought such claims before another federal court and had them dismissed with prejudice. *See Meacham v. Univ. of Ill. et al.*, No. 20-CV-2162 (C.D. Ill.), at Dkt. 35; *id.* at Text Order (May 11, 2021) (converting dismissal at Dkt. 35 to dismissal with prejudice). Plaintiff has not sufficiently alleged a violation by the Board of any of her cognizable legal rights and, as such, dismissal is warranted.

7. Additionally, the Board respectfully requests that pursuant to this Court's authority under the All Writs Act, 28 U.S.C. § 1651(a), as well as Rule 11, Plaintiff be declared a vexatious litigant and be barred from filing any further lawsuits against the Board, UIUC, UIC, and any University employees without prior judicial approval.

Dated: December 5, 2023

Respectfully submitted,

HUSCH BLACKWELL LLP

/s/ *Peter G. Land*

Peter G. Land
Mary E. Deweese
Husch Blackwell LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL  60606
(312) 526-1633
peter.land@huschblackwell.com
mary.deweese@huschblackwell.com

---

[3] If Plaintiff were to sufficiently allege a personal injury or medical malpractice claim against the Board, such a tort claim could only be brought in the Illinois Court of Claims. *See* 705 ILCS 505/8.

**CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that he caused the foregoing **MOTION** to be filed with the Clerk of the court using the CM/ECF system, and forwarded via electronic mail, this 5th day of December, 2023, to all registered counsel of record, and also delivered via U.S. mail and email to plaintiff *pro se* at the following address:

Rose Meacham
720 W. Lake Street
Chicago, IL 60607
meacham.rose@gmail.com

                                      /s/ *Peter G. Land*