IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROSE MEACHAM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>EDUCATION OFFICE FOR CIVIL )<br>RIGHTS, *et al.* )<br>)<br>Defendants. ) | Case No. 23-cv-15882<br><br>Honorable Judge Maldonado<br><br>*Formerly Case No. 2023-L-004671, Circuit Court of Cook County, Illinois* |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS'
MOTION TO DISMISS THE AMENDED COMPLAINT WITH PREJUDICE
AND TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT**

Plaintiff Rose Meacham is a serial litigant who has repeatedly asserted the same claims against the University of Illinois in multiple forums despite the dismissal of such claims with prejudice in 2021. Plaintiff has not properly served the Board of Trustees of the University of Illinois (the "Board") (the legal entity capable of being sued), or any of its agents listed in the caption of this litigation since it was initiated in May 2022. However, the Board appears before this Court to explain the history of frivolous suits and seek dismissal of this case.

This lawsuit, filed in Illinois state court until removed to this Court, is one of several Plaintiff has filed against the Board over the past several years, all premised on the same underlying allegations and all lacking a foundation in any cognizable cause of action. Plaintiff was a student at the University of Illinois at Urbana-Champaign ("UIUC") and, more recently, the University of Illinois Chicago ("UIC"). Since her matriculation to UIUC, Plaintiff has filed *at least* four lawsuits against the Board in federal court, seven lawsuits against the Board in state court, and another seven complaints against the Board with various federal and state agencies.

While Plaintiff's complaints can all be characterized as "disjointed [and] sprawling," featuring a failure to "delineate which counts are asserted against which Defendants" (*see Meacham v. Univ. of Ill. et al.*, No. 20-CV-2162 (C.D. Ill.), at Dkt. 35 (attached hereto as <u>Exhibit A</u>) at 2, 9)[1], it is at least somewhat clear that on multiple occasions Plaintiff has brought claims alleging that she was subject to sex-based and disability discrimination while at UIUC and alleging that there was some type of wrongful conduct in connection with an alleged assault. The Central District has already dismissed these very claims **with prejudice**. *See* Ex. A; *Meacham v. Univ. of Ill. et al.*, No. 20-CV-2162 (C.D. Ill.), Text Order (May 11, 2021) (converting dismissal at Dkt. 35 to dismissal with prejudice) (attached hereto as <u>Exhibit B</u>).

In the case now before this Court, the initial complaint was a vague, handwritten, three-sentence allegation of "scientific fraud" and "medical malpractice." Then Plaintiff filed a 24-page Amended Complaint (attached here as <u>Exhibit C</u>) containing typed allegations that repeatedly refer to alleged "sexual harassment," "Title IX," improper "investigation," "mandatory reporting," and "accommodations." While the Amended Complaint seeks to re-label Plaintiff's claims as "Personal Injury/Wrongful Death/Medical Malpractice," the majority of facts alleged mirror the discrimination and harassment issues from her previously-dismissed federal court actions. Accordingly, this motion, brought by the Board,[2] and inclusive of both UIC and UIUC, seeks to have Plaintiff's claims against the Board dismissed in full pursuant to Federal Rule of Civil

---

[1] *See also Meacham v. Univ. of Ill. et al.*, No. 23-CV-02704 (N.D. Ill.), at Dkt. 28 ("Plaintiff's filings are disorganized, disjointed, [and] bordering on unintelligible").
[2] The Board of Trustees of the University of Illinois is the "body corporate and politic" of the University of Illinois with the "power . . . to sue and be sued." *See* 110 ILCS 305/1. The University of Illinois system is one legal entity, inclusive of both UIC and UIUC (as well as the University of Illinois Springfield). The various UIC and UIUC departments and offices named in Plaintiff's suit are not capable of being sued. Moreover, none of the UIC or UIUC employees identified in Plaintiff's original complaint, amended complaint, or her so-called "service list" (discussed in more detail in the next section of this brief) have been served. However, to the extent that this Court deems it proper to consider the Board's arguments in support of dismissal as also supporting dismissal of those employees without deeming it a waiver of service by them, the Board respectfully requests that all persons and entities – capable of suit or not – affiliated with either UIC or UIUC be dismissed from this lawsuit for the reasons stated herein.

Procedure ("Rule") 12(b)(6) on the grounds that Plaintiff has failed to comply with the notice requirements of Rule 8 and has failed to allege a cognizable cause of action. Additionally, the Board asserts that, to the extent Plaintiff attempts to pursue tort claims against the Board, the Board is immune from suit in federal court for such tort actions.

Finally, given Plaintiff's extensive pattern of refiling what amounts to repeated frivolous lawsuits about the same conduct that already resulted in repeated dismissals with prejudice, the Board respectfully asks that this Court order that Plaintiff be deemed a vexatious litigant and limit her ability to file future claims against the Board, the University, and its personnel.

### Procedural History of the Instant Case

On May 25, 2022, Plaintiff initiated this lawsuit in the Circuit Court of Cook County, Illinois. There are approximately 35 individuals, entities, and offices identified as the defendants to this action in the caption of Plaintiff's original complaint. The Board was not served until November 14, 2023, and even then, was not provided proper service. The packet left at the Office of the Chancellor of UIC (attached hereto as Exhibit D) included various court filings, such as Plaintiff's original (now inoperative) complaint, Ex. D at 28, and also included a ten-page photocopied handwritten letter from Plaintiff addressed to "Dear Defendants," *id.* at 18. In this letter, Plaintiff stated that she was "not certain of who the Defendants should be," asked that the recipient "[p]lease serve the Defendants in your school, government, etc. as you see fit," explained that she was not providing copies of the "entire revised complaint," and directed the recipient to "check the courthouse for the documents, revised complaint, etc., and serve to the service defendants lists as you see fit." *Id.* at 18-27. The referenced "service defendants lists," contained with the packet, included approximately 80 individuals, entities, and offices, including state and federal agencies. *Id.* at 13-17.

Upon receipt of this packet, the Board reviewed the docket for the case in state court and determined that Plaintiff had filed an amended complaint in the Circuit Court of Cook County, Illinois, on June 8, 2022. Although no defendants are identified in the caption of this amended complaint, there are approximately 40 individuals, entities, and offices identified by name in the body of the pleading. *See* Ex. C. The Board also determined at this time that the federal agencies named in Plaintiff's lawsuit had removed this case to federal court and filed a motion to dismiss on behalf of all federal defendants. *See* Dkt. 1, 4. Pursuant to Rule 81(c), the Board understands that its response deadline is the longer of seven days after removal or 21 days after "receiving— through service or otherwise—a copy of the initial pleading stating the claim for relief." UIC personnel received a copy of the initial pleading (but not the operative amended complaint) on November 14, 2023, and the Board timely files this motion to dismiss.[3]

## History of Related Litigation

The extended history of Plaintiff's initiation of litigation and agency complaints spans a period of approximately four years and involves as many as 18 separate actions.

Plaintiff first filed seven complaints against the University with various state and federal agencies, as well as the University's accreditor, between 2019 and 2021. Each of these complaints was resolved in the University's favor. These agency complaints are as follows:

- The United States Department of Education's Office for Civil Rights, filed December 16, 2019 and closed July 27, 2020.
- The United States Equal Employment Opportunity Commission, in which Plaintiff filed at least three separate complaints, all of which were closed as of 2020.
- The United States Department of Labor's Office of Federal Contract Compliance Programs, filed March 13, 2021 and closed June 23, 2021.

---

[3] The Board objects that service was proper. Pursuant to 735 ILCS 5/2-211, service on a governmental organization can only be made on "the president or clerk or other officer corresponding thereto." Service was made on the Chief of Staff for the Office of the Chancellor of UIC, Ex. D, who was not authorized to accept service on behalf the Board. In the interest of having this matter promptly adjudicated in the Board's favor, the Board brings this Rule 12(b)(6) motion to dismiss in federal court while maintaining its right to object to proper service under the Illinois Code of Civil Procedure if this matter is remanded to state court.

4

- The Higher Learning Commission, filed May 10, 2021, and closed June 29, 2021.
- The Illinois Department of Human Rights, filed May 24, 2021, and dismissed December 6, 2021.[4]

In the meantime, Plaintiff also filed at least four separate complaints against the Board in federal court (in addition to the matter currently before this Court), two which she appealed to the Seventh Circuit. The first case was filed in the Central District of Illinois in 2020 and was ultimately dismissed with prejudice. There have been three subsequent cases in the Northern District of Illinois. Plaintiff has failed to serve the Board in any of these three cases; however, a review of the respective federal court dockets indicates that the first two cases were dismissed in their entirety and in the third, which is currently pending, Plaintiff's complaint was dismissed and she has been directed to file an amended complaint. These federal court lawsuits are as follows:

- *Meacham v. University of Illinois et al.*, No. 20-CV-2162 (C.D. Ill.): filed June 11, 2020, and dismissed with prejudice May 11, 2021; *Appealed*, No. 22-2513 (7th Cir.): appeal filed August 26, 2022, and dismissed November 2, 2022.
- *Meacham v. University of Illinois et al.*, No. 20-CV-07303 (N.D. Ill.): filed December 10, 2020, and dismissed September 30, 2021.[5]
- *Meacham v. University of Illinois et al.*, No. 22-CV-04961 (N.D. Ill.): filed September 13, 2022, and dismissed with prejudice March 2, 2023; *Appealed*, No. 22-3061 (7th Cir.): appeal filed November 15, 2022, and dismissed December 28, 2022.[6]
- *Meacham v. University of Illinois et al.*, No. 23-CV-02704 (N.D. Ill.): filed April 28, 2023, and currently pending.[7]

In addition, Plaintiff initiated a total of seven lawsuits over a two-week period in May of 2022 against the Board in the Circuit Court of Cook County, Illinois, including this lawsuit as follows:

- *Meacham v. University of Illinois et al.*, No. 2022L004309 (May 12, 2022)
- *Meacham v. State of Illinois et al.*, No. 2022L004310 (May 12, 2022)

---

[4] This charge was first filed on June 12, 2020, but Plaintiff failed to perfect it, as required by the IDHR, until 2021.
[5] This case was dismissed due to Plaintiff's failure to prosecute. *See Meacham v. Univ. of Ill. et al.*, No. 20-CV-07303 (N.D. Ill.), at Dkt. 11, 12.
[6] Plaintiff's complaint was dismissed without prejudice for lack of subject-matter jurisdiction. *Meacham v. Univ. of Ill. et al.*, No. 22-CV-04961 (N.D. Ill.), at Dkt. 6. Plaintiff appealed this dismissal and the Seventh Circuit dismissed the appeal. *Id.* at Dkt. 8, 15. Upon Plaintiff's failure to file an amended complaint with the district court, the case was dismissed with prejudice. *Id.* at Dkt. 19, 20.
[7] The court first dismissed Plaintiff's complaint without prejudice on June 6, 2023. *Meacham v. Univ. of Ill. et al.*, No. 23-CV-02704 (N.D. Ill.), at Dkt. 6. Plaintiff has been directed on multiple occasions to file an amended complaint. *See id.* at Dkt. 31. The court has not yet ruled as to whether Plaintiff's most recent filing, *see id.* at Dkt. 35, is adequate.

- *Meacham v. State of Illinois and University of Illinois*, No. 2022L004667 (May 25, 2022)
- *Meacham v. State of Illinois, University of Illinois*, and Board of Education, No. 2022L004668 (May 25, 2022)
- *Meacham v. State of Illinois et al.*, No. 2022L004669 (May 25, 2022)
- *Meacham v. State of Illinois et al.*, No. 2022L004670 (May 25, 2022)
- *Meacham v. State of Illinois et al.*, No. 2022L004671 (May 25, 2022); *Removed*, Case No. 23-C-15882 (N.D. Ill.).

It is difficult to discern the status of these state court cases, as neither the Board or any UIC or UIUC personnel were ever served, nor has the Board or any such personnel received any filings (with the exception of the packet received in the instant case). As far as the Board is aware, however, these cases have either been dismissed or are currently pending, and there are no rulings or judgments made against the Board or any UIC or UIUC personnel in any of the cases.

### **Legal Standard**

#### I. **Motion to Dismiss**

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of the complaint." *Mutter v. Madigan*, 17 F. Supp. 3d 752, 757 (N.D. Ill. 2014). To survive dismissal, a complaint must be supported by allegations that, if taken as true, plausibly suggest that the plaintiff is entitled to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The court must accept the well-pleaded allegations in the complaint as true; however, legal conclusions and conclusory statements are not taken as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief as is required by Rule 8. *Id.* at 679.

#### II. **Vexatious Litigant**

"A federal court's inherent powers include the ability to fashion an appropriate sanction for conduct which abuses the judicial process. The All Writs Act, 28 U.S.C. § 1651(a), gives district courts the inherent power to enter pre-filing orders against vexatious litigants." *Kirksey v. Brennan*,

No. 19-CV-1278-JPS, 2022 WL 190762, at *1 (E.D. Wis. Jan. 21, 2022) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)). Similarly, "[u]nder Rule 11, a court may impose upon a vexatious litigant . . . an injunction barring future court filings without prior approval." *Portman v. Andrews*, 249 F.R.D. 279, 283–84 (N.D. Ill. 2007). An order limiting the party's ability to file should "be narrowly tailored to the type of abuse, and must not bar the courthouse door absolutely." *Kirksey,* 2022 WL 190762, at *1.

## Argument

### I. Plaintiff's Claims Fail to Identify a Cognizable Cause of Action.

The Amended Complaint should be dismissed under Rule 12(b)(6) for failing to comply with Rule 8's notice requirements and failing to plead any cognizable cause of action.[8] Although courts recognize the difficulties inherent with parties who pursue claims *pro se* and thus view such pleadings "through a generous lens," they still require adherence to "the general standards applicable to all litigants," such as Rule 8's requirement that a pleading contain a "short and plain statement" demonstrating the plaintiff is "entitled to relief." *Richee v. Velasco*, No. 02 C 7761, 2002 WL 31455982, at *1 (N.D. Ill. Nov. 1, 2002); *see also* Fed. R. Civ. Pro. 8(a)(2).

It is appropriate to dismiss a complaint where, as here, it is nearly impossible to determine what legal causes of action the plaintiff intends to bring against which defendants and as supported by which factual allegations. *See, e.g., Fernandez v. Supreme Court of State of Ill.,* No. 02 C 3402, 2002 WL 1008468, at *1 (N.D. Ill. May 17, 2002) (dismissing complaint that was "unnecessarily lengthy, redundant, and confusing, making it difficult to determine which alleged wrongdoings, if

---

[8] In the alternative, the Board moves for a more definite statement of the claims. "A party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A Rule 12(e) motion requests that the plaintiff "lay out details that enable the defendants to respond intelligently and the court to handle the litigation effectively." *Chapman v. Yellow Cab Cooperative*, 875 F.3d 846, 849 (7th Cir. 2017).

7

any, constitute the claimed violations of federal and state law"); *Dudley Enterprises, Inc. v. Palmer Corp.*, 822 F. Supp. 496, 499-501 (N.D. Ill. 1993) (dismissing complaint that was "confusing, disjointed, and repetitive," causing difficulty in "sorting out the necessary elements and the factual allegations upon which the claims are based"). For example, at the top of her Amended Complaint, which is styled as a letter to Judge James Flannery (the state court judge presiding over her case), Plaintiff asserts that her case is "regarding Personal Injury/Wrongful Death, specifically Medical Malpractice." Ex. C at 2. However, Plaintiff's allegations of fact relevant to the University do not include any facts relevant to medical malpractice, personal injury, or wrongful death; rather, the crux of these factual allegations against the University and its employees relate to alleged discrimination and harassment, and the alleged response to a purported assault. *See id* at 3-14.[9]

After setting forth disjointed and rambling descriptions of what each defendant allegedly did (none of which relate to the provision of healthcare), *id*., Plaintiff goes on to: (1) seemingly characterize an alleged inability to receive healthcare services at UIUC following the alleged assault as "medical malpractice," *see id.* at 18-20; (2) assert nonspecific allegations, possibly entirely unrelated to all the facts and conclusions alleged earlier in the document, that unnamed students "tried to report Medical Malpractice/Scientific Fraud and Data Fabrication," *id.* at 20-21; and (3) allege that the University has in some manner harmed her by "refusing to accept the Medical Orders and Medical Assessments from [her] Doctors outside the State of Illinois," *id.* at 22. Simply put, the Board finds it difficult to determine what actual violations of law it is alleged to have made.

---

[9] It is difficult to decipher Plaintiff's factual allegations in a manner that can then be concisely restated, and as such there is no statement of facts presented here. However, the Board attempts, where relevant and possible, to identify Plaintiff's factual allegations and present them in the light most favorable to her as required by *Twombly* and *Iqbal*.

It seems obvious that, despite her assertion that she is doing so, Plaintiff is not actually attempting to bring a medical malpractice claim. "Under Illinois law, a plaintiff alleging medical malpractice must state that a physician's negligent failure to comply with the appropriate standard of care proximately caused his injury." *Brown v. Wexford Health Sources, Inc.,* No. 18-CV-5955, 2020 WL 362785, at *5 (N.D. Ill. Jan. 22, 2020). Here, Plaintiff has not alleged which physician she saw and what that physician did or did not do in violation of the standard of care. There simply are no *factual* allegations of medical malpractice, much less ones that would satisfy the pleading elements of such a claim. *Cf. id.*[10] Significantly, if Plaintiff *were* to bring a claim for "Personal Injury/Wrongful Death, specifically Medical Malpractice" against the Board, Ex. C at 2, such claim can only be brought against the Board in the Illinois Court of Claims, and as such the Amended Complaint should be dismissed under Rule 12(b)(1).[11] The Court of Claims has exclusive jurisdiction to hear claims sounding in contract or tort against the Board, and the Board is immune from suit in federal court for such torts. 705 ILCS 505/8.[12]

If not medical malpractice, then, what claim does Plaintiff purport to bring? Although the Amended Complaint is challenging to understand and lacks any specific counts or identification of legal claims by name, the Court could infer that Plaintiff is attempting to bring a claim related to the Board's alleged failure to respond appropriately to an alleged rape—which would be a claim under Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX")—

---

[10] Additionally, "Illinois law requires plaintiffs seeking medical malpractice damages to attach written reports from health care professionals to their complaints." *Brown*, 2020 WL 362785, at *3. Although failure to comply with this procedural requirement does not lead to dismissal in federal court, *see id.*, Plaintiff filed in state court and, as such, her failure to file an affidavit and medical report is evidence that she did not intend to file a medical malpractice claim.

[11] A motion to dismiss under Rule 12(b)(1) asserts that the Court does not have jurisdiction over some or all of the subject matter of the complaint. "In the face of the motion to dismiss under Rule 12(b)(1), Plaintiff bears the burden of persuading the Court that subject-matter jurisdiction exists." *Lohrasbi v. Bd. of Trs. of Univ. of Ill.*, No. 13-3105, 2014 WL 12743795, at *2 (C.D. Ill. Feb. 6, 2014).

[12] Moreover, a "claim against individual officers will be considered against the state, even when . . . the officials are sued in their individual capacities" if the claim is actually against the State. *Richman v. Sheahan*, 270 F.3d 430, 441 (7th Cir. 2001) (internal quotations omitted).

9

and is attempting to bring claims for harassment and discrimination, potentially on the basis of gender and/or disability—which would be claims under Title IX, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), and/or the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"). However, claims under Title IX, Title VII, and the ADA premised on Plaintiff's experiences at UIUC have already been dismissed with prejudice. *See* Ex. A; Ex. B. As such, to the extent that Plaintiff's Amended Complaint is read to bring claims under Title IX, Title VII, and/or the ADA against the Board premised on her tenure at UIUC from 2017-2019, such claims may be subject to dismissal on res judicata and collateral estoppel grounds. *See Matrix IV, Inc. v. Am. Nat. Bank & Tr. Co. of Chicago*, 649 F.3d 539, 547-59 (7th Cir. 2011) (affirming dismissal of complaint).[13] And, moreover, although she has asserted allegations of fact in her Amended Complaint related to alleged discrimination, harassment, and sexual misconduct, Plaintiff does not clearly state in her Amended Complaint that these are the basis for any legal claims in her lawsuit.

The remainder of Plaintiff's allegations cannot reasonably be interpreted to connect to any cognizable legal right. Where a "claim is not based on any known statutory or common law right," it "does not constitute an independent cause of action" and should be "dismissed as frivolous." *Om v. Weathers*, No. 91 C 4005, 1991 WL 128514, at *2 (N.D. Ill. July 8, 1991); *see also Neitzke v.*

---

[13] As explained by the Seventh Circuit, "The doctrine of [r]es judicata bars not only those issues actually decided in the prior suit, but all other issues which could have been brought. The principle underlying res judicata—or claim preclusion—is to minimize the expense and vexation attending multiple lawsuits, conserve[ ] judicial resources, and foster[ ] reliance on judicial action by minimizing the possibility of inconsistent decisions. Res judicata has three elements: (1) an identity of the parties or their privies; (2) [an] identity of the cause of action; and (3) a final judgment on the merits." *Matrix IV*, 649 F.3d at 547 (internal citations and quotations omitted). "The doctrine of collateral estoppel—issue preclusion—is narrower. For collateral estoppel to apply, (1) the issue sought to be precluded must be the same as that involved in the prior litigation, (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the final judgment, and (4) the party against whom estoppel is invoked must be fully represented in the prior action." *Id.* (internal citations and quotations omitted). The dismissal of Plaintiff's Title IX, Title VII, and ADA claims in the Central District case was pursuant to Rule 12(e) and she was given leave to amend; when she failed to do so, her entire case was dismissed with prejudice. *See* Ex. A; Ex. B.

*Williams*, 490 U.S. 319, 327-28 (1989) (a complaint which "lacks even an arguable basis in law," including "claims of infringement of a legal interest which clearly does not exist," should be dismissed). And notably, this is already Plaintiff's *amended* complaint—she has previously had an opportunity to clarify her legal claims, and yet was still unable to be succinct and specific. This Court and the Board should not be required to "try to fish a gold coin from a bucket of mud" in order to make sense of the Amended Complaint. *See U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) (dismissing with prejudice after plaintiff was given opportunity to file more definite statement).

For these reasons, Plaintiff's case should be dismissed in full with respect to the Board.[14]

## II. Plaintiff Should Be Declared a Vexatious Litigant.

In addition to seeking dismissal of the Amended Complaint, the Board respectfully asks for this Court's assistance in ensuring that the Board, UIC, UIUC, and their personnel are not brought before the court again and again to litigate the same claims. As set forth above, this is the eleventh lawsuit brought against the Board or related personnel by Plaintiff. As best the Board can tell, Plaintiff's *modus operandi* is to file a complaint containing rambling, disjointed, and borderline unintelligible allegations and no real legal claims, and then fail to prosecute it whatsoever, often by failing to serve the Board and ignoring the courts' repeated efforts to allow her to replead. This is ample grounds to grant the Board's motion to declare Plaintiff a vexatious litigant and bar her from filing additional complaints against the University—or its employees and departments—without court approval.

In the first federal case, *Meacham v. University of Illinois et al.*, No. 20-CV-2162 (C.D. Ill.), Plaintiff filed a complaint (attached hereto as Exhibit E) against the Board and four UIUC

---

[14] Although this motion is only brought on behalf of the Board, dismissal would be appropriate as to all University of Illinois affiliated defendants on this basis. *See also* note 2 *supra*.

employees (and also named several UIUC offices or departments which were not capable of suit). That complaint included rambling, vague, and cursory allegations regarding purported disability and sex discrimination and retaliation that occurred when she was a student at UIUC from 2017 until December of 2019, at which time when she was subject to an involuntary withdrawal based on concerns about her conduct, behavior, and wellbeing. *See generally* Ex. E; *see also* Ex. A. Plaintiff purported to bring claims for violations of Title IX, Title VII, and the ADA, as well as violations of "tax free status" and "academic freedom laws." *See* Ex. E. The court dismissed the "tax free status" and "academic freedom laws" claims against all defendants with prejudice, dismissed the Title VII, Title IX, and ADA claims against the UIUC employees with prejudice, and dismissed the Title VII, Title IX, and ADA claims against the Board without prejudice. *See generally* Ex. A. With respect to the dismissal without prejudice, the court held that due to "the disjointed, sprawling nature of the Complaint that ends with the assertion that claims exist somewhere in the prior eighty pages," the court was "unable to ascertain whether Plaintiff may be able to state a claim [against the Board] under Title VII, Title IX, or the ADA," and directed Plaintiff to "file an amended complaint that meets the requirements of Federal Rule of Civil Procedure 8(a)" within 21 days to avoid conversion of the dismissal to a dismissal with prejudice. *Id.* at 9-10. Plaintiff failed to do so, and the case was dismissed with prejudice on May 11, 2021. *See* Ex B. Plaintiff appealed this dismissal to the Seventh Circuit well over one year later. *See Meacham v. Univ. of Ill.*, No. 22-2513 (7th Cir.). That appeal was filed on August 26, 2022, and dismissed on November 2, 2022. *Meacham v. Univ. of Ill.*, No. 20-CV-2162 (C.D. Ill.), at Dkt. 45.

Meanwhile in *Meacham v. University of Illinois et al.*, No. 20-CV-07303 (N.D. Ill.), Plaintiff filed a second federal case on December 10, 2020, against multiple defendants, including the Board, but failed to serve any of them. The court directed Plaintiff to show cause regarding her

failure to effectuate service, and when Plaintiff did not respond to the court's order, dismissed the case on September 30, 2021. *Meacham v. Univ. et al.*, No. 20-CV-07303 (N.D. Ill.), at Dkt. 12. Approximately eight months later, on May 12, 2022 and May 25, 2022, Plaintiff filed a total of seven lawsuits against the Board and other defendants in state court. She only effectuated service in one of these lawsuits, which is the instant matter now before this Court, and not until approximately 18 months after that lawsuit was initiated.

While the state lawsuit was languishing for over a year without service on the defendants, Plaintiff filed a third federal case on September 13, 2022. *See Meacham v. Univ. of Ill.*, No. 22-CV-04961 (N.D. Ill.). Despite Plaintiff's failure to serve the defendants, the court *sua sponte* determined that it did not have subject-matter jurisdiction and dismissed the complaint without prejudice. *Id.* at Dkt. 6. Plaintiff appealed this dismissal to the Seventh Circuit, and her appeal was dismissed. *See id.* at Dkt. 8, 15; *see also Meacham v. Univ. of Ill.*, No. 22-3061 (7th Cir.). The district court ordered Plaintiff to file an amended complaint to avoid conversion of the dismissal of her complaint to a dismissal with prejudice, and when Plaintiff failed to do so, dismissed the case with prejudice on March 2, 2023. *Meacham v. Univ. of Ill. et al.*, No. 22-CV-04961 (N.D. Ill.) at Dkt. 19, 20. Less than two months later, on April 28, 2023, Plaintiff filed her fourth federal lawsuit (and eleventh overall lawsuit) against the Board and other assorted defendants. *See Meacham v. Univ. of Ill. et al.*, No. 23-CV-02704 (N.D. Ill.). The Board was never served in this case. Her complaint was dismissed without prejudice on June 6, 2023, for failure to state a claim. *Id.* at Dkt. 6. She was directed to file an amended complaint, and when she failed to do so, the court ordered that she would be "given one more chance to file a second amended complaint that states a claim on which relief may be granted" and "[f]ailure to do so will result in the case being dismissed." *Id.* at Dkt. 28. Plaintiff then filed a "document titled 'Amended Complaint' that is not

an amended complaint but rather a request that the Court issue subpoenas for 'necessary evidence' to over 90 entities that she seeks to add as defendants in this case." *Id.* at Dkt. 31. The court struck this filing, denied "Plaintiff's request for an extension of time" on the grounds that it "appears designed to facilitate the filing of further voluminous exhibits and notes," and ordered Plaintiff to file her amended complaint by the November 22, 2023 deadline. *Id.* On November 22, Plaintiff then filed a 47-page handwritten letter to the court which she captioned "Amended Complaint (best I can do given the obstacles mentioned)." *See id.* at Dkt. 35. This letter contains disorganized and disjointed allegations against the Board, *see id.* at 25, as well as other defendants. As of 12:00pm on December 5, 2023, the docket does not reflect whether the Court has accepted this letter as an amended complaint, but the Board presumes that the letter suffers from the same deficiencies as the other documents filed by Plaintiff.

This abusive litigation history, consisting of 11 similar lawsuits filed against the Board and personnel at UIC and UIUC over the course of less than four years (and several more agency complaints), is more than sufficient grounds to grant the Board's motion here. *See, e.g., McCready v. eBay, Inc.*, 453 F.3d 882, 892-933 (7th Cir. 2006) (where plaintiff filed "five frivolous lawsuits," he was found to have "abused the judicial process with frivolous litigation" the "result" of which was "harassment of opposing parties, insult to judicial officers, and waste of limited and valuable judicial resources," and as such, the court imposed a $2,500 sanction and "barred [plaintiff] from filing, with appropriate exceptions, any paper in all federal courts in this circuit for no less than two years"); *Carter v. JPMorgan Chase Bank, N.A.*, No. 17 C 6216, 2017 WL 5454455, at *1-2 (N.D. Ill. Nov. 14, 2017) (where plaintiff had "already filed three previous lawsuits based on th[e] [same] set of facts," court held that claims were barred by res judicata, imposed a $3,000 sanction against plaintiff, imposed "a filing bar preventing plaintiff from filing or litigating in this district

14

any claims that arise from the events [already litigated]," and "warned [plaintiff] that he should not interpret the scope of the Court's filing bar as license to pursue his claims elsewhere. Such conduct would likely result in sanctions by another court, were it to consider the history of these proceedings."); *see also Endencia v. Am. Psychiatric Ass'n*, No. 21-CV-02360, 2022 WL 103707, at *1, 6 (N.D. Ill. Jan. 11, 2022) (where *pro se* plaintiff was "prolific litigator" who "essentially rehash[ed] claims she previously asserted," the court held it would "forward a request to the Northern District of Illinois Executive Committee to determine whether [plaintiff] should be classified as a restricted filer based on her prolific and unsuccessful, essentially frivolous litigation track record. If deemed a restricted filer, all future filings by [plaintiff] would be reviewed pursuant to Northern District of Illinois procedures."). Here, the Court should "exercise its inherent power and constitutional obligation to prevent abuse of the judicial process by a litigant who persists in a pattern of frivolous litigation by imposing a regulatory injunction designed to prohibit the filing of duplicative and frivolous actions." *See Carter,* 2017 WL 5454455, at *2.

## CONCLUSION

For the reasons stated herein, Plaintiff has failed to state a claim against the Board. The Amended Complaint in its entirety should be dismissed with prejudice and Plaintiff declared a vexatious litigant subject to a filing restriction.

Dated: December 5, 2023	Respectfully submitted,

		HUSCH BLACKWELL LLP

		/s/ *Peter G. Land*

		Peter G. Land
		Mary E. Deweese
		Husch Blackwell LLP
		120 South Riverside Plaza, Suite 2200
		Chicago, IL  60606
		(312) 526-1633
		peter.land@huschblackwell.com
		mary.deweese@huschblackwell.com

## **CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that he caused the foregoing **MEMORANDUM** to be filed with the Clerk of the court using the CM/ECF system, and forwarded via electronic mail, this 5th day of December, 2023, to all registered counsel of record, and also delivered via U.S. mail and email to plaintiff *pro se* at the following address:

Rose Meacham
720 W. Lake Street
Chicago, IL 60607
meacham.rose@gmail.com

                                                  /s/ *Peter G. Land*