UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ROSE MEACHAM, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 20-CV-2162 |
| ) | |
| THE UNIVERSITY OF ILLINOIS et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff, Rose Meacham, filed a Complaint (#1) on June 11, 2020, against multiple Defendants: the University of Illinois Urbana Champaign, the Office of the Dean of Students, the Board of Trustees, the Graduate College, the Neuroscience Program, the Office for Student Conflict Resolution, the Office of the Provost, Aron Barbey, Stephen Bryan, Robert Jones, and Samuel Beshers.

On August 21, 2020, Defendants Barbey, Beshers, Bryan, and Jones (the "Individual Defendants") filed a Motion to Dismiss (#11). On September 21, 2020, the Board of Trustees of the University of Illinois ("Board") filed a Motion for a More Definite Statement Under Rule 12(e), to Strike Under Rule 12(f), and/or to Dismiss the Complaint Under Rule 12(b)(6) (#28). The court later extended the time for Plaintiff to respond to those Motions, to November 30, 2020. Plaintiff did not file a response to either Motion.

For the reasons that follow, the Complaint is DISMISSED. The Individual Defendants' Motion (#11) is GRANTED and the Board's Motion (#28) is GRANTED as to the Rule 12(e) motion, DENIED as to the Rule 12(f) motion, and GRANTED in part and DENIED in part as to the Rule 12(b)(6) motion.

## I. BACKGROUND

Plaintiff was a graduate student at the University of Illinois at Urbana-Champaign from approximately June of 2017 until December of 2019. She asserts claims relating to her time at the University.

Plaintiff's Complaint (#1) consists of a 409 paragraph, 85 page Complaint preceded by a five page form Complaint. Beginning on page 80, Plaintiff alleges five counts. The counts are for "Violation[s] of:" (1) Title VII; (2) Title IX; (3) the Americans with Disabilities Act (ADA); (4) "Tax Free Status"; and (5) "Academic Freedom Laws."

In the section of the Complaint that lays out the five counts, Plaintiff does not delineate which counts are asserted against which Defendants, referring instead to a singular "Defendant" as violating her rights "by the conduct described above." Over the course of the prior eighty pages, she describes a number of incidents that occurred from 2017 to 2019.

II.  ANALYSIS

A.  Legal Standards

    *1.  Rule 12(b)(6)*

Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading, in order to state a claim for relief, must contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  Defendants argue Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The Seventh Circuit has stated that:

> To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  Factual allegations are accepted as true at the pleading stage, but "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955) (internal quotation marks omitted).

*Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014).

2. *Rule 12(e)*

Federal Rule of Civil Procedure 12(e) states that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

> In general, motions for a more definite statement under Rule 12(e) are appropriate when a "pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513–14, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). "Rule 12(e) and related caselaw make it 'plain that the rule is designed to strike at unintelligibility rather than want of detail.'" *Flentye v. Kathrein*, 485 F. Supp. 2d 903, 911 (N.D. Ill. 2007); *see also Direct Commc'ns, Inc. v. Horizon Retail Const., Inc.*, 387 F. Supp. 2d 828, 831 (N.D. Ill. 2005) (Rule 12(e) motion is intended to eliminate confusion, not replace discovery).

*Malekpour v. LaHood*, 2012 WL 5996375, at *1 (N.D. Ill. Nov. 30, 2012).

3. *Rule 12(f)*

Under Federal Rule of Civil Procedure 12(f), a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) grants district courts considerable discretion to strike allegations. *Delta Consulting Group, Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141-42 (7th Cir. 2009). Motions to strike are appropriate if they serve to expedite litigation, and allegations may be stricken if they bear no possible relation to the controversy. *Malekpour*, 2012 WL 5996375, at *1.

B. Plaintiff's Failure to File a Response

Plaintiff had until November 30, 2020, to file a response to Defendants' Motions. Plaintiff failed to do so. Therefore, pursuant to Central District of Illinois Local Rule 7.1(B)(2), the court presumes Plaintiff has no opposition to the motions and may issue its rulings. Further,

> A party's failure to respond to arguments the opposing party makes in a motion to dismiss operates as a waiver or forfeiture of the claim and an abandonment of any argument against dismissing the claim. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719 n.1, 721 (7th Cir. 2011) (forfeiture occurs where the "litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss"); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ( "Failure to respond to an argument [in a motion to dismiss]-as the [plaintiffs] have done here-results in waiver."); *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007) ("The [plaintiffs'] failure to offer any opposition to [the defendant's] statute of limitations argument constituted a waiver."); *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006) ("When presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action.") (quoting *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995)) (internal quotation marks omitted); *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) ("Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning. An unresponsive response is no response. In effect the plaintiff was defaulted for refusing to respond to the motion to dismiss. And rightly so."); *Stransky*, 51 F.3d at 1335 ("However, when presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action. The federal courts will not invent legal arguments for litigants.") (internal citation omitted); *see, e.g.*, *Walsh v. Arrow Fin. Servs., LLC*, No. 10 C 6829, 2012 WL 255802, at *3 (N.D. Ill. Jan. 27, 2012) ("[The plaintiff's] failure to reference, let alone defend, her first claim operates as an abandonment of that claim and a forfeiture of any argument opposing dismissal."); *Salcedo v. City of Chicago*, No. 09 C 5354, 2012 WL 280697, at *4 (N.D. Ill. Jan.31, 2012) ("But in this case, given the complete absence of any

5

> response from the Plaintiffs at any time in this case, the Court will treat the lack of response as a forfeiture of Plaintiffs' claims."); *Rosen v. Mystery Method, Inc.*, No. 07 C 5727, 2008 WL 723331, at *6 (N.D. Ill. March 14, 2008) ("A litigant's failure to respond to arguments the opposing party raises in a motion to dismiss operates as a waiver or forfeiture.").

*Jones v. Connors*, 2012 WL 4361500, at *7 (N.D. Ill. Sept. 20, 2012).

C.  <u>The Individual Defendants' Motion to Dismiss (#11)</u>

The Individual Defendants argue that (1) the statutory claims, Counts I-III, do not provide for individual liability; (2) Counts IV and V are not legal claims; and (3) the Complaint does not contain sufficient allegations against them to state a claim.

In the section of the Complaint that lays out the five counts, Plaintiff does not delineate which counts are asserted against which Defendants or specifically describe what conduct is at issue. She refers to a singular "Defendant" as violating her rights "by the conduct described above." The court is thus not clear as to what claims, if any, are actually being brought against each Individual Defendant. The court will nonetheless address the Individual Defendants' arguments to the extent that they would prevent Plaintiff from properly making such claims in an amended complaint.

*1. Individual Liability for Statutory Claims (Counts I, II, and III)*

The Individual Defendants first argue that the statutory claims alleged do not provide for individual liability. Plaintiff alleges claims under Title VII, Title IX, and the ADA.

There is no individual liability under Title VII of the Civil Rights Act of 1964. *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995). Only an "employer," as defined by

6

statute, may be liable for unlawful employment practices under Title VII. *Id.* As such, Count I, the Title VII claim, is dismissed against the Individual Defendants with prejudice. See *Umberger v. City of Peoria*, 2020 WL 1932367, at *7 (C.D. Ill. April 21, 2020).

Similarly, "Title IX does not provide for individual liability. Title IX claims can only be brought against educational institutions receiving federal grant assistance, not individuals." *Eilenfeldt v. United C.U.S.D. #304 Board of Education*, 2013 WL 12248080, at *5 (C.D. Ill. March 25, 2013), citing *Smith v. Metro. Sch. Dist. Perry Township*, 128 F.3d 1014, 1019 (7th Cir. 1997).

"[M]uch like Title VII, only those individuals who meet the statutory definition of 'employer' may be liable under the [ADA]." *Umberger*, 2020 WL 1932367, at *9, citing *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279-82 (7th Cir. 1995). So, Count III, the ADA claim, is dismissed against the Individual Defendants with prejudice.

As Title VII, Title IX, and the ADA do not provide for individual liability, those claims cannot be made against the Individual Defendants. As to the Individual Defendants, Counts I, II, and III are dismissed with prejudice.

    2. *Counts IV and V*

The Individual Defendants argue that Counts IV and V should be dismissed because there is no cause of action for a "violation of tax free status" or a "violation of academic freedom laws." It is possible that Plaintiff's Counts IV and V were meant to relate somehow to her discrimination claims. However, they do not state independent

causes of action against the Individual Defendants, or any other Defendants. Counts IV and V are dismissed with prejudice.

### 3. *Sufficiency of the Allegations*

The Complaint contains no allegations regarding Jones and Barbey, and the Individual Defendants argue that the allegations against Beshers and Bryan are insufficient. The court concluded above that the Individual Defendants are not proper Defendants for any of Plaintiff's claims, so the court need not address their argument concerning the sufficiency of the allegations here. Whether the allegations would be sufficient to state a claim against Plaintiff's employer/educational institution will instead be addressed in connection with the Board's Motion.

### D. The Board's Motion (#28)

The Board moves (1) for a more definite statement under Rule 12(e); (2) to strike under Rule 12(f); and/or (3) to dismiss the complaint under Rule 12(b)(6). It argues:

> The Complaint fails to comply with Rule 8's requirement that it set forth a short and plain statement of the claim showing entitlement to relief. Instead, the Complaint is so disjointed, sprawling, and nonspecific that the University is not on notice of the basis of Plaintiff's claims against it. The Complaint must be dismissed in its entirety under Rule 12(b)(6) for failure to allege short and plain statements, or in the alternative, Plaintiff should be directed to file a more definitive statement under Rule 12(e) and all redundant, immaterial, impertinent, or scandalous matter should be stricken from the Complaint under Rule 12(f).

Although pro se pleadings are construed liberally, a plaintiff's pro se status does not absolve them from complying with federal and local procedural rules. *Malekpour*, 2012 WL 5996375, at *1. Pro se plaintiffs are required to follow the federal notice

pleading standards, specifically Federal Rule of Civil Procedure 8(a)(2) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief. *Malekpour*, 2012 WL 5996375, at *1, quoting Fed. R. Civ. P. 8(a)(2). "The short and plain statement under Rule 8(a)(2) must 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Id.*, quoting *Twombly*, 550 U.S. at 555.

Again, Plaintiff did not respond to the Board's Motion. The Board's Rule 12(e) argument is certainly plausible given the disjointed, sprawling nature of the Complaint that ends with the assertion that claims exist somewhere in the prior eighty pages. In the absence of a response, this court need not sift through the Complaint to "try to discover whether there might be something to say against the defendants' reasoning." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999).

The question, then, is what response is appropriate under the various subsections of Rule 12. The Board stated that it was "unable to determine which paragraphs *should not* be stricken" because "the Complaint is so disjointed, sprawling, and lengthy." The court declines to figure out whether any material should be stricken under Rule 12(f), and the motion to strike under Rule 12(f) is denied.

The court is similarly unable to ascertain whether Plaintiff may be able to state a claim under Title VII, Title IX, or the ADA. Accordingly, the court declines to dismiss Counts I-III of the Complaint under Rule 12(b)(6). However, as to Counts I-III, the court grants the motion for a more definite statement under Rule 12(e). Plaintiff's Complaint's Counts I-III are dismissed, without prejudice, pursuant to Federal Rule of

9

Civil Procedure 12(e). Within 21 days of the entry of this Order, Plaintiff may file an amended complaint that meets the requirements of Federal Rule of Civil Procedure 8(a). If Plaintiff fails to file an amended complaint within the time frame, the dismissal will be converted to a dismissal with prejudice and the case will be terminated.

Counts IV and V are another matter. As noted above, there is no cause of action for a "violation of tax free status" or a "violation of academic freedom laws." Counts IV and V are dismissed with prejudice.

### E. The Institutional Defendants

Plaintiff's Complaint also names as Defendants the University of Illinois Urbana-Champaign, the Office for Student Conflict Resolution, the Graduate College, the Neuroscience Program, the Office of the Dean of Students, and the Office of the Provost (collectively, "Institutional Defendants"). The Individual Defendants and the Board both note in their Motions that the Institutional Defendants are not capable of being sued. See 110 Ill. Comp. Stat. 305/1. The proper Defendant is the Board. As such, the Institutional Defendants are dismissed from this action.

IT IS THEREFORE ORDERED THAT:

(1) The Individual Defendants' Motion to Dismiss (#11) is GRANTED. Plaintiff's Complaint is dismissed with prejudice as to Defendants Aron Barbey, Stephen Bryan, Robert Jones, and Samuel Beshers. They are terminated as defendants.

(2) The Board's Motion (#28) is GRANTED in part and DENIED in part. It is GRANTED as to the Rule 12(e) motion, DENIED as to the Rule 12(f) motion, and

GRANTED in part and DENIED in part as to the Rule 12(b)(6) motion. Counts IV and V are dismissed with prejudice. Counts I, II, and III are dismissed, without prejudice, pursuant to Federal Rule of Civil Procedure 12(e). Within 21 days of the entry of this Order, Plaintiff may file an amended complaint that meets the requirements of Federal Rule of Civil Procedure 8(a). If Plaintiff fails to file an amended complaint within the time frame, the dismissal will be converted to a dismissal with prejudice and the case will be terminated.

(3) The Institutional Defendants (the University of Illinois Urbana-Champaign, the Office for Student Conflict Resolution, the Graduate College, the Neuroscience Program, the Office of the Dean of Students, and the Office of the Provost) are dismissed from this action and terminated as defendants.

(4) This case is referred to Magistrate Judge Eric I. Long for further proceedings in accordance with this order.

ENTERED this 19th day of January, 2021.

s/ COLIN S. BRUCE
U.S. DISTRICT JUDGE