## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
### Eastern Division

Rose Meacham

                        Plaintiff,

v.                                                       Case No.: 1:23−cv−15882

                                                           Honorable Nancy L. Maldonado

United States Department of Education Office for Civil Rights, et al.

                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, December 13, 2023:

      MINUTE entry before the Honorable Nancy L. Maldonado:The Court is in receipt of two motions for attorney representation filed by Plaintiff Meacham, [10], [11]. For the reasons stated in this minute order, the motions are both denied without prejudice. The Court notes that Defendant United States has filed a motion to dismiss [4], and Defendant University of Illinois has filed a motion to dismiss and to declare Plaintiff a Vexatious Litigant [14]. Given the holidays, the Court sets the following briefing schedule on Defendants' motions: By 01/11/2024, Plaintiff shall file a response to the United States' motion [4] and a response to Defendant University of Illinois's motion to dismiss [14]. Defendants' replies in support of their motions are due 2/1/2024. As to Plaintiff's motions for attorney representation, the Court notes that there is no constitutional or statutory right to counsel in federal civil cases. Romanelli v. Suliene, 615 F.3d 847, 851 (7th Cir. 2010). The Court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866−67 (7th Cir. 2013). In deciding whether to recruit counsel, the Court must consider whether the plaintiff has made reasonable attempts to secure counsel on their own, and if so, must then examine whether the difficulty of the case "exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar v. Iuiola, 718 F.3d 692, 696 (7th Cir. 2013); Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007) ("The question is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty..."). Here, while Plaintiff's filings indicate she has made reasonable attempts to secure counsel, the Court also finds that Plaintiff appears capable of litigating her own claims, at least at this early stage of the case. Plaintiff indicates that she has post−graduate, PhD−level education, and her filings are clear, intelligible and comprehensible. The Court thus finds that Plaintiff has the capacity to litigate her claims at this initial pleading stage, and the appointment of counsel is unwarranted. Plaintiff may renew her request in the future should this case proceed. (ca, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.