**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROSE MEACHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 23-CV-15882 |
| ) | |
| UNITED STATES DEPARTMENT OF ) | Honorable Nancy L. Maldonado |
| EDUCATION OFFICE FOR CIVIL ) | |
| RIGHTS et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS KWAME RAOUL, ILLINOIS EDUCATIONAL LABOR RELATIONS BOARD, ILLINOIS STATE BOARD OF EDUCATION, AND STATE OF ILLINOIS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12 (b)(1) AND 12(b)(6)**

Defendants, Kwame Raoul, Illinois Educational Labor Relations Board, Illinois State Board of Education, and the State of Illinois, by their attorney, Kwame Raoul, Attorney General of Illinois, and pursuant to Federal Rule of Civil Procedure 12(b)(6), requests that this Court dismiss with prejudice Plaintiff's Complaint. In support of his Motion, Defendant states as follows:

1. Plaintiff, *pro se*, filed a complaint naming some 90 defendants, including many individuals, states of the union, government entities, and institutions of higher education. Included amongst these named defendants are Kwame Raoul, the Illinois Attorney General; the Illinois State Board of Education; the Illinois Educational Labor Relations Board, and the State of Illinois (hereinafter, "State Defendants").

2. Plaintiff's complaint is narrative in nature, and makes little coherent sense.

3. Federal Rule of Civil Procedure 12(b)(1) provides that a party may move to dismiss a case based on "lack of subject matter jurisdiction." F.R.C.P. 12(b)(1). Pursuant to Rule 12(h)(3),

"[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." F.R.C.P. 12(h)(3).

4. Plaintiff's complaint should be dismissed because this Court lacks subject-matter jurisdiction to hear cases against the State of Illinois and its agencies. Under the Illinois Court of Claims Act, "[t]he court [of claims] shall have exclusive jurisdiction to hear and determing . . . [a]ll claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit." 705 ILCS 505/8(d).

5. Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint where it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). While a complaint need not include detailed factual allegations to survive a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

6. Plaintiff's complaint should be dismissed as it is unstructured, lacks any discernable organization, and makes a series of allegations that are vague and wholly insufficient at law. Because no facts are directed specifically at the State Defendants, they have not been put on notice of what they are alleged to have done or failed to do. The complaint also lacks a request for relief.

## CONCLUSION

WHEREFORE, for the above and foregoing reasons, Defendants Kwame Raoul, Illinois Educational Labor Relations Board, Illinois State Board of Education, and the State of Illinois pray this Court grant their Motion to Dismiss the Plaintiff's Complaint and for any other relief the Court deems appropriate.

                                                 Respectfully submitted,

KWAME RAOUL  
Attorney General of Illinois       By:    s/Robert O. Winston  
Attorney No.: 6314285                      ROBERT O. WINSTON  
                                                            Assistant Attorney General  
                                                            General Law Bureau  
                                                            115 S LaSalle St  
                                                            Chicago, Illinois 60603  
                                                            (312) 405-6160  
                                                            Robert.Winston@ilag.gov