# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ROSE MEACHAM, | ) | |
| | ) | |
| Plaintiff, | ) | No. 23 CV 15882 |
| v. | ) | |
| | ) | Honorable Nancy L. Maldonado |
| UNITED STATES DEPARTMENT OF | ) | |
| EDUCATION FOR CIVIL RIGHTS et al. | ) | Formerly Case No. 22 L 004671, |
| | ) | Circuit Court of Cook County, |
| | ) | Illinois |
| Defendants. | ) | |
| | ) | |

### DEFENDANTS KWAME RAOUL, STATE OF ILLINOIS, ILLINOIS EDUCATIONAL LABOR RELATIONS BOARD, and ILLINOIS STATE BOARD OF EDUCATION'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(1) and 12(b)(6)

Defendants, KWAME RAOUL, STATE OF ILLINOIS, the ILLINOIS EDUCATIONAL LABOR RELATIONS BOARD, and the ILLINOIS STATE BOARD OF EDUCATION, by and through their attorney, KWAME RAOUL, Attorney General of Illinois, moves this Honorable Court to dismiss Plaintiff, ROSE MEACHAM's, Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) and 12(b)(6), and in support thereof, states as follows:

### BACKGROUND

On May 25, 2022, Plaintiff, *pro se*, filed a nearly identical lawsuit to the one before this Court, *Meacham v. State of Illinois, Raoul, Illinois Bd. of Education, et al.*, in Cook County Circuit Court, 22 L 4667. On September 6, 2023, that case was involuntarily dismissed, and an appeal brought by the Plaintiff is currently pending.

1

On June 8, 2022, Plaintiff, *pro se*, filed an amended complaint in the present case naming Kwame Raoul, the State of Illinois, the Illinois Educational Labor Relations Board, and the Illinois Board of Education, among other entities, as Defendants (hereinafter "State Defendants"). Plaintiff's complaint takes the form of a letter directed to the late Judge James Flannery. Plaintiff describes her action as a "Personal Injury/Wrongful Death" lawsuit, "specifically Medical Malpractice." Plaintiff states a Title IX claim was filed against her in 2017 by a fellow University of Illinois (UI) student giving rise to an investigation into the matter by the University of Illinois' Title IX Office. Plaintiff alleges she was defrauded, retaliated against, and harassed by numerous University Illinois professors, investigating authorities and offices, and UI Educational Departments (Biology, Neuroscience, and Engineering) in the course of the investigation into the claim.

Plaintiff's unstructured, non-numerated, Amended Complaint names approximately 90 Defendants, including but not limited to: University of Illinois Police Department, Champaign Police, University of Illinois, Office of Student Conflict Resolution (OSCR), Office of Access and Equity (OAE), Student Assistance Center Deans, Neuroscience Program (NSP), Board of Trustees, Board of Directors, University of Illinois Chancellors, Surgeon Generals (IDPH), as well as many other entities, law enforcement agencies, and at least thirty (30) individuals. It is unclear what remedy(ies) Plaintiff seeks against these Defendants, however, they seem to be equitable in nature. Plaintiff is not requesting money damages.

The State Defendants bring this motion to dismiss based on the Court's lack of subject matter jurisdiction over the State Defendants and Plaintiff's failure to adequately state a claim.

**STANDARD OF REVIEW**

Rule 12(b) of the Federal Rules of Civil Procedure permits a party to "assert the following defenses by motion: (1) lack of subject-matter jurisdiction; . . . (6) failure to state a claim upon which relief can be granted . . ." Fed. R. Civ. P. 12(b)(1), (6).

Rule 12(b)(1) precludes a plaintiff's complaint when the Federal Court lacks the authority to preside over the case. The Constitution forbids suit against "one of the United States by Citizens of another State . . ." U.S. Const. amend. XI. Additionally, the Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663-4 (1974).

Rule 12(b)(6) authorizes this Court to dismiss a complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Car Carriers v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)(internal quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**ARGUMENT**

I. **This Court Lacks Subject Matter Jurisdiction on the Basis of Sovereign Immunity and the Illinois Court of Claims Act.**

"[S]tate rules of immunity are binding in federal court with respect to state causes of action." *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003). In Illinois, the statute expressing the State's consent to suit is the State Lawsuit Immunity Act. This act holds:

> Except as provided in the Illinois Public Labor Relations Act, the Court of Claims Act, the State Officials and Employees Ethics Act, Section 1.5 of this Act, and, except as provided in the Clean Coal FutureGen for Illinois Act, the State of Illinois shall not be made a defendant or party in any court.

745 ILCS 5/1.

The State further clarifies its consent in the Illinois Court of Claims Act:

> The court [of claims] shall have exclusive jurisdiction to hear and determine the following matters: . . . (d) All claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit.

705 ILCS 505/8(d).

Plaintiff's cause of action is clearly against the State of Illinois as Plaintiff has specifically named the State of Illinois as one of the Defendants. Plaintiff also names Kwame Raoul, the Illinois Attorney General, in his capacity as an employee of the State of Illinois. Finally, Plaintiff names the Illinois Educational Labor Relations Board and the Illinois State Board of Education, two organizations created by statute and funded and governed by the State of Illinois. *Id*. See also 115 ILCS 5/1 *et seq.* and 105 ILCS 5/1-A *et seq*. The Constitution and case law are clear; one cannot sue the State or one of its agencies in Federal Court. Accordingly, sovereign immunity and the Court of Claims Act bar Plaintiff's Complaint against the State Defendants from being heard by this Court and this case should be dismissed pursuant to Rule 12(b)(1).

## II. Plaintiff's Theory of the Case Is Unintelligible, and so Fails to State a Claim upon which Relief Can Be Granted.

"[A] complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under *some* viable legal theory." *Car Carriers v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)(internal quotations omitted, emphasis in original). Plaintiff's allegations largely consist of stating an uninterrupted narrative of allegations without relating back to any stated cause of action. Plaintiff fails to designate separate counts for separate defendants in her Complaint, making it difficult to discern what Plaintiff's individual allegations are and against whom they are directed. Further, there are no set of facts specifically directed at the State Defendants themselves. Finally, no request for relief is contained anywhere

4

in the complaint. Therefore, this Court must dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6).

WHEREFORE, for the foregoing reasons, Defendants, Kwame Raoul, the State of Illinois, the Illinois Educational Labor Relations Board, and the Illinois State Board of Education, request this Honorable Court grant their motion and dismiss Plaintiff's Amended Complaint with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6), and for any other relief this Court deems just.

Respectfully Submitted,

KWAME RAOUL
Attorney General of Illinois
Attorney No.: 6314285

*/s/ Robert O. Winston*
Robert O. Winston
Assistant Attorney General
General Law Bureau
115 S LaSalle St
Chicago, Illinois 60603
312-405-6160
Robert.Winston@ilag.gov