IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROSE MEACHAM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>EDUCATION OFFICE FOR CIVIL )<br>RIGHTS, *et al.* )<br>Defendants. ) | Case No. 23-cv-15882<br><br>Honorable Judge Maldonado |

**DEFENDANT BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS'
SECOND REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT
WITH PREJUDICE AND TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT**

Plaintiff Rose Meacham ("Plaintiff") was initially given more than five weeks to respond to the Motion to Dismiss the Complaint with Prejudice and Declare Plaintiff a Vexatious Litigant ("Motion") filed by Board of Trustees of the University of Illinois ("Board"). When she failed to file any response, the Court *sua sponte* granted her nearly six additional weeks. Plaintiff then requested and was granted an additional 60 days. Rather than use what amounted to more than four months to craft a response opposing the Board's Motion, however, Plaintiff filed over 700 pages of documents across as many as 16 filings, the majority of which accuse the Court, Defendants, and Defense counsel of acting illegally by not assisting her with legal arguments, not providing her legal counsel, and filing (or, in the case of the Court, permitting to be filed) motions to dismiss. Plaintiff's conduct not only cannot save her claims from dismissal but showcases exactly why she should be declared a vexatious litigant.

**I.    The Complaint Fails to Comply with Rule 8 and Should be Dismissed Under
Rule 12(b)(6).**

As explained in the Board's Motion, "Plaintiff's Amended Complaint is so sprawling, disjointed, and nonspecific that the Board has not been given proper notice of the claims against it

pursuant to Rule 8 and Plaintiff fails to state a claim under Rule 12(b)(6) as a matter of law." Dkt. 14 at ¶ 6. Plaintiff's original complaint in this matter consisted of *only* of the following allegation:

> University of Illinois and Defendants are guilty of Scientific Fraud, Medical Malpractice, etc. Threats to individuals who report them and bodily harms. There are corrupt channels between UI Deans, Administrators and local Police. Many other reports have been silenced by corruption of Power in this Fiefdome [sic].

*See* Dkt. 1 at 35. However, in her Amended Complaint, Plaintiff repeatedly refers to sexual harassment and Title IX. *See* Dkt. 15 at 2.[1] The Board raised Plaintiff's lack of compliance with Rule 8 as grounds for dismissal, *see* Dkts. 14, 15, and despite approximately four-and-a half months of time to respond, Plaintiff has failed to clarify what her claims are in this matter. Rather, in the course of more than 700 pages of briefing across at least 16 individual filings since then, Plaintiff has only further demonstrated her noncompliance with applicable pleading standards (as well as Court orders, Local Rules, and the Federal Rules of Civil Procedure).

Ultimately, Plaintiff's *de facto* response brief[2] is vague, rambling, and non-responsive. That filing ponders questions like "who deserves inalienable rights" and "are women allowed to be scientists." Dkt. 44 at 10-11. While Plaintiff alleges that the "law violations"—presumably meaning those purportedly in this case—include the Whistleblower Protection Act, Title IX, Title IX retaliation, Title VII, "Scientific Treatises," "Reporting Requirements for STEM," assault, rape, "Protections for *pro se* litigants," "Protections for 'in pauper'/poor litigants," "and more….," the filing fails to point to any portion of her complaint setting forth such alleged legal violations, much

---

[1] The original complaint was filed with the Notice of Removal at Dkt. 1 at 35. It appears there was an amended complaint filed by Plaintiff, but never served; the Board obtained this amended complaint from the state court docket and filed it at Dkt. 15-3. Plaintiff avers that she has not filed a complaint at all. *See* Dkt. 27 at 1-2; Dkt. 30 at 1-2.

[2] On April 22, 2024, Plaintiff filed a 309-page document captioned "Motion Resubmitted for Extension of Time Request." Dkt. 44, 44-1. This motion also contained "an unfinished, unedited Response to the Defendants requests for 'Dismissal.'" Dkt. 44 at 3. The Court ordered that the extension request was denied, but that it would accept the filing as Plaintiff's response. Dkt. 45 (Apr. 26, 2024).

2

less point to any legal authority supporting that her allegations are sufficient to state a claim. *See* Dkt. 44 at 7; *see also U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("dismissal of a complaint on the ground that it is unintelligible is unexceptionable"). Rather, Plaintiff refers to, in conclusory fashion, the pending motions to dismiss as an "illegal pre-screening" of her complaint. *Id.* at 8. Federal pleading standards are, of course, no such thing.

When portions of Plaintiff's response appear to address issues presented within the specific pending motions, Plaintiff's response does not save her claims. Her response to the Board's Motion appears to be at pages 50 – 63 of her response brief (citing Dkt. 14[3]), as well as pages 65 – 92 (citing Dkt. 15[4]). Plaintiff first asserts that she does "not believe that the Board . . . is responsible for the crimes that we are all reporting repeatedly for over a decade." Dkt. 44 at 50. She does not identify what those crimes are. Plaintiff then refers to being a victim of sexual assault in 2017 and going through a "reporting process" in 2019 at the University of Illinois. *Id.* at 50. Plaintiff otherwise does not identify what, if any, **_specific_** claims she has against the Board (rather, she continues to make only vague and conclusory reference to "scientific fraud").

As explained in the Board's brief, "allegations regarding purported disability and sex discrimination and retaliation that occurred when [Plaintiff] was a student at UIUC from 2017 until December of 2019" have already been addressed in a federal lawsuit. Dkt. 15; Dkt. 15-1; Dkt. 15-2; Dkt. 15-5. Plaintiff, in a separate filing, asserted that the matters raised in that previous lawsuit have "nothing to do with the current case[]" and that she is "not pursuing [those] matters." Dkt. 40 at 1.[5] Plaintiff's failure to otherwise address that a federal court has already ruled on her claims

---

[3] Plaintiff also refers to Dkt. 14 at pages 42 – 47 of her response, but this appears to actually be a response to the United States' motion to dismiss at Dkt. 4.

[4] Plaintiff appears to incorrectly attribute Dkt. 15 to the Department of Education.

[5] On April 19, 2024, as one of four documents filed that day (totaling 319 pages), Plaintiff filed a "Motion to Withdraw the Attached Complaint" in which she alleged that "Defendants have Illegally Submitted a

under Title IX should constitute waiver. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the [plaintiffs] have done here—results in waiver."); *Rosen v. Mystery Method, Inc.,* No. 07 C 5727, 2008 WL 723331, at *6 (N.D. Ill. Mar.14, 2008) ("A litigant's failure to respond to arguments the opposing party raises in a motion to dismiss operates as a waiver or forfeiture.").

The Court should dismiss the Board—as well as any office or entity within the University of Illinois (although such entities are not capable of suit), and any University of Illinois personnel (although such persons have not been served)—from this lawsuit with prejudice.

II.     **Plaintiff Should Not Be Granted Leave to Amend.**[6]

The presumption that leave to amend should be freely given can be overcome where there are reasons including, but not limited to, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, undue delay, futility, and a lack of diligence and bad faith all support denying Plaintiff leave to amend.

---

Complaint on my behalf without my consent." Dkt. 40 (Apr. 19, 2024). The referenced complaint was attached as Exhibit E to the Board's memorandum in support of its Motion. *See* Dkt. 15 at 11; Dkt 15-5. The Board explained that Plaintiff had filed the complaint in the case *Meacham v. University of Illinois et al.*, No. 20-CV-2162 (C.D. Ill.), purporting "to bring claims for violations of Title IX, Title VII, and the ADA, as well as violations of 'tax free status' and 'academic freedom law,'" and the Central District eventually dismissed all cases with prejudice. *Id.* at 11-12; *see also* Dkt. 15-1; Dkt. 15-2. Plaintiff alleged that it was "illegal" for the Board to attach this complaint as an exhibit to their brief. Dkt. 40 at 1-2. In denying Plaintiff's request to "withdraw" this exhibit, the Court explained: "There is nothing improper about the Board seeking to introduce that complaint as an exhibit to their motion to provide support for their arguments." Dkt. 42 (Apr. 23, 2024). The Court further explained that it "understands the complaint is from another case and does not represent Meacham's complaint in this case, but the Court may consider the complaint insofar as it is relevant to any arguments in the Board's motion." *Id.*

[6] The Court directed Defendants to "respond to the motion to amend at the same time they file their replies in support of their motions to dismiss." Dkt. 42.

On February 21, 2024, Plaintiff filed a "Motion to Submit Complaint for this Case," in which she alleged that "Defense does not even know what the case is about" because they "stopped [her] from submitting the complaint" and that the "contents of the case . . . are detailed in the complaint." Dkt. 30 at 1-2. The Court promptly responded to Plaintiff, issuing an Order *the next day* explaining that a copy of her complaint had been filed with the notice of removal. Dkt. 31 (citing Dkt. 1 at 35). The Court directed Plaintiff on the proper procedure by which she could request leave to file an amended complaint, explicitly stating:

> To the extent Meacham is requesting to file an amended complaint, she must make that request in a motion for leave to amend under Federal Rule of Civil Procedure 15(a)(2). Any request to amend her complaint must include as an attachment a copy of her proposed amended complaint for the court's review. As Meacham has not attached any proposed complaint to her motion, the motion to submit a complaint is denied. If Meacham wishes to submit an amended complaint, she must file an appropriate motion that attaches a copy of her proposed amended complaint.

Dkt. 31.

Plaintiff failed take any action in response to this directive for nearly two months. Then on April 19, 2024, Plaintiff filed a 145-page document captioned "Motion for Leave to Amend the Complaint." Dkt. 41. Plaintiff did not, however, attach any proposed amended complaint, as previously and clearly directed by the Court. Rather, Plaintiff attached, in her words, "two Complaints that show examples of the types of Complaints needed for [her] cases. One complaint addresses Medical, Scientific Fraud and the second Complaint was actually filed against Defendants University of Illinois by another Plaintiff who experienced the same law violations that [Plaintiff] experienced[.]" *Id.* at 5. Plaintiff alleged that the issues in these two complaints, which were filed by other people lacking any connection to Plaintiff, "are the same as the issues" in her "cases" and that her "cases are extremely important and . . . not 'frivolous' [sic]." *Id.* at 7.

The first of the two "examples" filed by Plaintiff is a complaint filed in 2011 in North Carolina, which brought state law claims primarily under negligence, misrepresentation, and

unjust enrichment theories related to the plaintiffs' participation in an allegedly fraudulent clinical trial for cancer treatment. *See id.* at 11-100. The plaintiffs were patients who were allegedly exposed to unnecessary treatment based on flawed research. *See, e.g., id.* at 11 (¶ 1).

The second "example" is the complaint in *Salaita v. Kennedy*, No. 15-c-924 (N.D. Ill); *see* Dkt. 41 at 101-145. As explained by Judge Leinenweber in his 2015 decision dismissing four of the claims, that case involved a faculty member's employment status and First Amendment, procedural due process, implied contract, and other related claims focusing on purported free speech violations. *Salaita v. Kennedy*, 118 F. Supp. 3d 1068, 1073, 1075-76, 1093 (N.D. Ill. 2015).

It is not sufficient that Plaintiff assert these are the "types" of cases she wishes to bring—nor does that assertion even make sense, given that one case involves patients in a clinical research trial and the other involves the speech of a public university employee. The Court directed Plaintiff specifically as to how she may file an amended complaint, and yet Plaintiff failed to comply with the Local Rules and this Court's directive. Her failure to file any proposed amended complaint with her motion seeking leave to file it should be dispositive. *See, e.g., Twohy v. First Nat. Bank of Chicago*, 758 F.2d 1185, 1197 (7th Cir. 1985) (affirming district court's denial of leave to file amended complaint, as "the normal procedure is for the proposed amendment or new pleading to be submitted with the Rule 15(a) motion" and while not always required, a failure to do so "certainly indicates a lack of diligence and good faith"). Moreover, in her more than 700 pages of filings with this Court throughout the past two months, Plaintiff has not given any indication that she will be able to file an amended complaint which complies with the notice requirements of Rule 8, does not restate claims already asserted before other courts, and states a cognizable claim under Rule 12(b)(6). As such, leave to amend should be denied.

### III. Plaintiff Should be Declared a Vexatious Litigant.

As explained in the Board's first reply in support of its Motion (when Plaintiff failed to file a response initially), "Plaintiff has a history of . . . suing the University of Illinois, and then failing to prosecute her case, respond to motions, or otherwise comply with Court orders. This is the **eleventh** lawsuit she has brought against the Board (and/or its personnel), and in each lawsuit, she has showcased this same disregard for the Court's procedures." Dkt. 21 at 3. Rather than restate the history of Plaintiff's vexatious litigation as laid out in the Board's opening brief and its first reply, the Board expressly incorporates that history here. *See id.* at 3-6; *see also* Dkt. 15 at 11-15.

In her *de facto* response, Plaintiff asserts that she is not vexatious because each of her cases deals with a separate issue. Dkt. 44 at 60. This assertion entirely fails to respond to the crux of the issue, which is not that Plaintiff has filed multiple lawsuits, but that she has filed multiple meritless lawsuits that she then failed to prosecute. *See* Dkt. 15 at 11. Plaintiff alleges that "the gripes" the Board has—that her complaints are "lengthy, redundant, and confusing"—would be remedied by an amended complaint, yet she failed to file a proposed amended complaint when this Court instructed her to do in February. *See* Dkt. 44 at 89; *see also* Dkt. 31. Plaintiff has done nothing to explain why her litigation history is not vexatious.

Moreover, Plaintiff's conduct in this litigation demonstrates just how vexatious she is. For example, rather than timely filing a response to the pending motions to dismiss, Plaintiff ignored the first deadline and then asked repeatedly for extensions of time. *See* Dkt. 22; Dkt. 25; Dkt. 28; Dkt. 39; Dkt. 42; Dkt. 44, 44-1; Dkt. 45. And then, rather than use that time to write a response brief compliant with the 15-page requirement of the Local Rules, Plaintiff filed **hundreds** of pages of documents with this Court in which she repeatedly raised her disagreement with the Court's previous orders and generally accused this Court and legal counsel of "illegal" conduct without

any support for such a serious accusation. *See, e.g.,* Dkt. 23 at 1 (alleging she is "being denied my legal rights to an attorney or legal help"); Dkt. 25 at 1 (alleging that "[t]he defendants are therefore denying my requests for help to file my lawsuit properly, use necessary legal citations and legal terms needed for the case, and are blocking me from meeting judges' deadlines and carrying out this case"); *id.* at 3 (alleging it is "illegal to deny" her requests for "an attorney, legal support, mediation, etc."); Dkt. 26 at 1 (alleging the "court system" "supports the employer by denying victims the legal service victims need for their lawsuits"); Dkt. 39 at 45 ("The Courts are abusing me with Inhumane disability prejudice, and sexism"); *id.* at 46 (alleging that the Board's Motion "illegally demand your Honour [sic] illegally rule outside of a fair Court Trial on whether I am 'vexatious' or not").

Similarly, Plaintiff has repeated *ad nauseum* across multiple filings that the Board and its counsel are attacking her and threatening her—yet there simply is no support for this allegation. *See, e.g.,* Dkt. 23 at 3-6 ("the legal team representing the Defendants is attacking the Judicial system and Judicial Processes" and have "played" "illegal, un-american games . . . as evidenced in their statements made to the court for this case"); Dkt. 25 at 10 ("I hope your Honour [sic] will put a stop to these prejudiced, disgusting attacks from defense who are using the injuries and disabilities defendants did to me, to try to misportray me, misrepresent me and to claim falsely that an injured rape victim with new disabilities from the harms done is 'vexatious' for being slow in filing the cases"); *id.* at 11 ("I believe this is also naive sexism against me as a woman – to misportary me as being 'vexatious'"); *id.* at 13-14 (asking that the Court "please stop the defense from badgering me, threatening me, attacking me, and abusing their power position to completely undermine this case and turn it into something else so these extremely important issues are not resolved"). The Court appropriately advised Plaintiff that there was "nothing improper in the way

8

Defendants have responded to her complaint" and that she can respond to the Defendants' arguments in her response to the pending motions. Dkt. 28. Despite this instruction, Plaintiff continued to allege—without any support—that not only had there been some unspecific wrongdoing upon which her lawsuit is based, but also that the Board and its counsel were actively engaged in wrongdoing in this litigation *See, e.g.,* Dkt. 34 at 12 (accusing the Board's counsel of "illegal law violation, corruption, Conflict of interest, Abuses of Power, Inhumane Crimes Against Women and Children that warrant disbarring…") (ellipses in original). Such conduct warrants a judicial response.

This case was removed to federal court over six months ago. In that time, Plaintiff has filed 19 separate docket entries (some containing multiple exhibits). The Court has entered at least 12 minute entries to the docket in response to various motions, letters, and other filings from Plaintiff seeking to establish adherence to basic elements of district court procedure. *See* Dkts. 16, 24, 28, 31, 33, 36, 38, 42, 45, 48, 50, 53 (responding to Dkts. 10, 11, 23, 25, 27, 30, 32, 34, 37, 39, 40, 41, 42, 44, 47, 52). Despite the Court's patient, clear, and repeated instructions, none of Plaintiff's filings comply with the Federal Rules of Civil Procedure, the Local Rules, or this Court's orders. The Board is no closer to being on notice of the claims against it then it was when it was improperly served in November 2023. Rather, the majority of Plaintiff's docket entries are disjointed, vague, and rambling missives—indeed, as this Court has found, they are "difficult to follow," *see* Dkt. 53, and "difficult to parse," Dkt. 31—which contain unsupported, and sometimes quite serious, accusations of impropriety against the Court, legal counsel, parties, and non-parties.

Plaintiff has a history of bringing a lawsuit and failing to prosecute it. If anything, the instant litigation only shows a worrisome trend, in which Plaintiff not only fails to appropriately prosecute her case pursuant to the Federal Rules of Civil Procedure, the Local Rules, and the orders of the

9

Court, but she also engages in a campaign of misinformation and accusations against those who simply aim to engage in the judicial process pursuant to the rules applicable to all. The exercise of the Court's authority to declare Plaintiff a vexatious litigant is warranted in this situation.

## **CONCLUSION**

For the reasons stated herein, as well as stated in the Board's Motion to Dismiss the Complaint with Prejudice and Declare Plaintiff a Vexatious Litigant, Dkt. 14, and supporting memorandum, Dkt. 15, Plaintiff has failed to state a claim against the Board of Trustees of the University of Illinois. The Amended Complaint in its entirety should be dismissed with prejudice, Plaintiff declared a vexatious litigant subject to a filing restriction, and the Board granted any other relief the Court deems just.

Respectfully submitted,

HUSCH BLACKWELL LLP

/s/ *Peter G. Land*

Peter G. Land
peter.land@huschblackwell.com
Mary E. Deweese
mary.deweese@huschblackwell.com
Husch Blackwell LLP
120 South Riverside Plaza
Suite 2200
Chicago, IL 60606
(312) 526-1633

10

**CERTIFICATE OF SERVICE**

  The undersigned attorney hereby certifies that he caused the foregoing REPLY to be filed with the Clerk of the court using the CM/ECF system, and forwarded via electronic mail, this 22nd day of May, 2024, to all registered counsel of record, and also delivered via U.S. mail and email to plaintiff pro se at the following address:

Rose Meacham
720 W. Lake Street
Chicago, IL 60607
meacham.rose@gmail.com

                   /s/ *Peter G. Land*