**FILED** MCP

6/7/2024

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

1:23-CV-15882
2022-L-4671

Dear Honourable Judge
Nancy L. Maldonado, **IC**

I am enclosing evidence
that I finally have money
to pay to print for you.

This should help show you
the delays caused by
Defendants and the
obstruction of justice
repeatedly perpetrated
by Defendants —
repeatedly committing same
crimes even after previous
Federal cases found

Defendants guilty for
the same crimes outlined
in my case.

You can also see so
many informants came
forward to talk to me
— there are so many
crimes I was instructed
to file in Civil and Federal.
Civil instructed me each
type of crime must
be filed as a separate
case.
There is even an email
evidence confirming
Defendants Martha Gillet

and Defendants Alexis
Thompson illegally violated
my Civil, State, Federal
Rights to shut down my
Women's Non-profit which
was accepting reports
from *all* people about

sex-based crimes, abuse,
rape, sexism etc.
after I was assaulted,
raped on campus.
As you can see Micheal
kenis ~~At~~ Womens group
was not shut down and
is supported by UI because
Micheal key stops people from

reporting comes at UI.

The email shows Aron Barbey and Samuel Beshers are on the email with Micheal Key and are also Defendants in the Title IX reports, Deans Reports etc. They hold position of power over Key and possibly advised her to block these reports etc, although she had been threatening and harassing me before this, some evidence attached.

And then continued blocks
when I returned to
campus with Alexis
Thompson, etc, Justin
Brown etc, mock trials
to illegally punish me
for reporting and
illegally remove me
from campus.

On my way to work!

Thanks for reading the
case documents.

Rose


## Payment Confirmation : HERE Champaign
12 messages

**live@herechampaign.com** &lt;live@herechampaign.com&gt;
Reply-To: live@herechampaign.com
To: Rose Meacham &lt;meacham.rose@gmail.com&gt;

Sun, Dec 3, 2017 at 1:11 PM



Payment Amount: **$699.00**
Total Payment: **$699.00**
Shown on Statement as: Here Champaign

Payment Number: 131728925
Payment Type: eCheck
Payment Date: Dec 03 2017 01:11 pm CST

HERE Champaign
Rose Meacham
308 E. Green Street
Champaign, IL 61820

**Please retain for your records.**




**Rose Meacham** &lt;meacham.rose@gmail.com&gt;
To: Kelly Wear &lt;kwear@herechampaign.com&gt;

Sun, Dec 3, 2017 at 2:44 PM

Hi Kelly,

It looks like everything went through. Thank you again so much for making this work! I have one last question I've been meaning to ask you. It's definitely been a rough first few months here and on November 12th in the late evening I had a young assistant professor from UIUC over to help me install some technical equipment and give friendly advice about the ECE department. His name is Zuofu Cheng and he seemed like an upstanding person at first. He ended up making inappropriate advances and I had a difficult time making him leave my apartment after asking many, many times that he leave. Because he is an assistant professor at UIUC I trusted that he was upstanding and respectful but he definitely was not. We already had conversations about being friends and I made it very clear I did

not want a romantic relationship of any kind.

He knows other people in the building who are his students and I just want to make sure the security guards have his photo to make sure he doesn't enter anymore. It's really unfortunate and I've been debating whether I should bring it up or not but the security guards and my family are encouraging me to take precautions. I also spoke with my aunt who is a professor at UIUC and she's helping me make a formal record with the university in case he does it again to more students in the future. Obviously it's completely against school policy for professors to try and date students, especially if students are not receptive. After the last few months I definitely agree with the security and think he shouldn't be allowed in the building.

Thanks again for your help with everything and I'm really excited to have a peaceful, drama-free remainder of my school year at Here. The staff has already been extremely helpful and it makes such a difference to be around people who are skilled at their jobs and strive for excellence. :)

Best,
Rose





Zuofu Cheng

- --- -- --- -- --- -- --- -- ---
**Rose Swan Meacham**
PhD Candidate, Computational Neuroscience
*University of Illinois Urbana-Champaign*
*New York University, Class '14*
rmeacha2@illinois.edu
917.613.4422
[Quoted text hidden]

---

**Rose Meacham** <meacham.rose@gmail.com>                    Mon, Dec 4, 2017 at 7:09 PM
To: HERE Champaign <herechampaign@emailrelay.com>

Hi - I just wanted to confirm that this is all taken care of on your end. I received this payment confirmation on Sunday but nothing left my checking account. Maybe it takes a few days to update?

Best,
Rose
[Quoted text hidden]
[Quoted text hidden]

---

**Kelly Wear** <KWear@herechampaign.com>                    Tue, Dec 5, 2017 at 10:24 AM
To: Rose Meacham <meacham.rose@gmail.com>

Rose,

We take this very seriously so thank you for making us aware. I am reaching out to the police department to see what steps we need to take to make sure he is not allowed in our building.

Additionally, I do want to apologize for you not being notified of the inspection this morning. We notified everyone via email twice last week, but since your lease wasn't approved yet-the email didn't get to you. Communication is extremely important to us here so this is a one off situation that you don't need to worry about ever happening again.

We will take the proper steps to make sure you don't have to worry about Zuofo, but also please let me know if anything further happens!

Kelly Wear

Assistant Property Manager | HERE Champaign

(217) 310-4373 | KWear@HEREChampaign.com

[Quoted text hidden]
This message may contain information that is confidential, legally privileged, or subject to other restrictions on use or redistribution. This message is intended only for the use of the addressee(s) named above. If you are not the intended recipient of this message, or if you have received this message in error, you are hereby notified that any review, dissemination, distribution, or duplication of this message or the information contained within it is strictly prohibited. If you are not the intended recipient, please so notify the sender by reply email and delete all copies of the original message.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

**Kelly Wear** <KWear@herechampaign.com>                    Tue, Dec 5, 2017 at 10:43 AM
To: Rose Meacham <meacham.rose@gmail.com>

**Rose Meacham** <meacham.rose@gmail.com>                          Wed, Dec 13, 2017 at 6:59 PM
To: Kelly Wear <KWear@herechampaign.com>

Thanks Kelly! When are the security guards onsite? I thought they only worked a few hours each day?

Best,
Rose

- --- -- --- -- --- -- --- -- ---
**Rose Swan Meacham**
PhD Candidate, Computational Neuroscience
*University of Illinois Urbana-Champaign*
*New York University, Class '14*
rmeacha2@illinois.edu
917.613.4422

[Quoted text hidden]

---

**Rose Meacham** <meacham.rose@gmail.com>                          Sat, Dec 16, 2017 at 3:34 PM
To: Kelly Wear <KWear@herechampaign.com>

Hi Kelly,

Would you mind responding to this email please? The question asked December 13th: When are the security guards onsite? I thought they only worked a few hours each day?

Thanks!
[Quoted text hidden]
[Quoted text hidden]

---

**Kelly Wear** <KWear@herechampaign.com>                          Sat, Dec 16, 2017 at 5:26 PM
To: Rose Meacham <meacham.rose@gmail.com>

Rose,

They work during the evenings, but our staff have all been made aware as well, and we have someone at the front desk for 10 hours each day. So far he has not been sighted in the building.

Kelly Wear
Assistant Property Manager
HERE Champaign

**From:** Rose Meacham <meacham.rose@gmail.com>
**Sent:** Saturday, December 16, 2017 3:34:22 PM
**To:** Kelly Wear
[Quoted text hidden]

[Quoted text hidden]

---

**Rose Meacham** <meacham.rose@gmail.com>                          Thu, Jan 17, 2019 at 12:46 AM
To: Cathy Swan <cathydswan@gmail.com>

---------- Forwarded message ----------
From: **Kelly Wear** <KWear@herechampaign.com>
Date: Saturday, December 16, 2017
Subject: Payment Confirmation : HERE Champaign
To: Rose Meacham <meacham.rose@gmail.com>

[Quoted text hidden]
[Quoted text hidden]

**Rose Meacham** <meacham.rose@gmail.com>
To: Cathy Swan <cathydswan@gmail.com>

---------- Forwarded message ----------
From: **Rose Meacham** <meacham.rose@gmail.com>
Date: Sunday, December 3, 2017
Subject: Payment Confirmation : HERE Champaign
[Quoted text hidden]

| STATE OF ILLINOIS, CIRCUIT COURT | ORDER OF PROTECTION | |
|---|---|---|
| Champaign  COUNTY | Civil Proceeding ☐ Interim ☐ Plenary<br>Criminal Proceeding ☑ Final | **Case Number** |

| Instructions ▼ | | *For Court Use Only* |
|---|---|---|
| Directly above, enter the county where you filed this case. | **Petitioner:** Rose Meacham<br>*(First, middle, last name)* | ☐ **Independent**<br>☐ **Juvenile** |
| Enter your name as Petitioner. | People to be Protected by this Order *(check all that apply)*: | ☑ **Other Civil Proceeding**<br>☐ **Criminal** |
| Check the boxes for **ALL** people you want to include in the *Order*. | ☑ Petitioner<br>☐ Petitioner's minor children with Respondent: | ☐ **This** *Order* **has been granted Pursuant to the Code of Criminal Procedure** 725 ILCS 5/112A |
| On the lines provided, enter the name for each person you are trying to protect. "Other household members" includes people living with you or working where you are staying. | ☐ Petitioner's minor children not related to Respondent:<br><br>☐ Dependent adult:<br>☐ High risk adult:<br>☐ Other household members: | |
| Enter name of the person you are seeking protection from as Respondent. | **v.** | |
| Enter the Case Number given by the Circuit Clerk. | **Respondent:** Zuofu Cheng<br>*(First, middle, last name)* | |

| **NOTE:** | If you are completing this form for a minor child, a dependent adult, or a high risk adult, insert information needed below as if you were that person. In other words, do not use your information. |
|---|---|

**1.** **Petitioner's** ☐ **address OR** ☐ **alternative address for notice**
325 Ramblewood Road       DuPage       Illinois    60137
*Street Address, Apt #*                                          *City*                                          *State*          *Zip*
rsm397@nyu.edu
*Email*

**2.** **Respondent's date of birth** *(if known)*: _____     Sex: Male _____     Race White _____

**3.** **Respondent's address** *(if known)*:
College of Engineering 1308 W Green St, Urbana       Urbana       Illinois       61801
*Street Address, Apt #*                                          *City*                                          *State*          *Zip*
University of Illinois Urbana-Champaign
*Respondent's Employer*                                                        *Respondent's work hours*
zuofu.cheng@gmail.com
*Respondent's Employer-Street Address*                          *City*                                          *State*          *Zip*

**THE COURT ORDERS THAT:**

☑ Respondent shall not abuse or threaten to abuse Petitioner *(see R01, page 2)*
☑ Respondent shall stay away from Petitioner *(see R03, page 2)*

**FOR ADDITIONAL ORDERS, READ THIS ENTIRE FORM**

☐ This *Order* was issued on: July 21, 2020 _____ at 7am _____
                               *Date*                               *Time*

☐ This *Order* will end on: _____ at _____
                                 *Date*                         *Time*

☐ This *Order* will end as entered on page 9.

**NEXT HEARING** *(interim Orders only)*: There will be a hearing on: TBD _____ at _____
                                                       *Date*                   *Time*

at  Federal Case in Central Disctrict Courthouse _____ in _____
  *Address of Courthouse*                                           *Courtroom*

| **Respondent:** | A plenary *(final)* order of protection may be entered if Respondent does not come to this hearing. |
|---|---|

**After reviewing the *Petition* and hearing the evidence and testimony of Petitioner, the Court makes findings**

☐ Are stated on page 10 and 11 of this *Order*; OR

☐ Were made orally and videotaped or recorded by a court reporter and are incorporated into this *Order*.

**THE COURT ORDERS THAT ALL SECTIONS SELECTED BELOW BE OBEYED:**

☑ **1.**   **No Abuse** *(see page 4 of Petition)*                                       **(R01) (Police Enforced)**

Respondent shall not threaten or commit the following acts of abuse towards Petitioner *(check all that apply)*:

    ☑ Harassment                                ☑ Exploitation of a High Risk Adult with Disabilities
    ☑ Interference with Personal Liberty         ☑ Intimidation of a Dependent
    ☑ Physical Abuse                          ☑ Willful Deprivation
    ☑ Stalking                                   ☑ Neglect of a High Risk Adult with Disabilities

☐ **2.**   **Possession of Residence** *(see page 5 of Petition)*                           **(R02) (Police Enforced)**

    ☐ Exclusive possession of residence is granted to Petitioner.

        ☐ Respondent must stay at least _____ feet away from the residence located at:

        _____
        *Street Address, Apt #*           *City*           *State*          *Zip*
        **OR**

        ☐ Respondent must stay away from the residence of Petitioner BECAUSE *(check one)*:

            ☐ Petitioner has a right to live there and Respondent has no right; OR

            ☐ Petitioner and Respondent both have the right to live there, but it would be harder on Petitioner
        to leave the residence after considering the factors set forth in 750 ILCS 60/214(b)(2)(B).

    ☐ Provision of alternate housing

        ☐ Respondent shall provide alternate housing for Petitioner
        on or before: _____
                  *Date*

        ☐ Such housing shall meet the following requirements: _____

        _____

☑ **3.**   **Stay Away from Petitioner and Certain Places** *(see page 4 of Petition)*      **(R03) (Police Enforced)**

    ☑ Respondent shall not have any communication with Petitioner and stay away from Petitioner at all times.
    ☐ Respondent shall stay at least _____ feet away from Petitioner at all times.

| **Respondent:** | If any protection in Section 3 is granted, Respondent must not have ANY physical, non-physical, direct or indirect contact with Petitioner. This also includes contact through others who may not know about the *Order of Protection*. It also forbids oral communication, written communication, sign language, telephone and cell phone calls, faxes, texts, tweets, emails, posts, or communication by any other social media, and all other communication with Petitioner. |
|---|---|

☑ Respondent shall not be at or stay at any of these places while Petitioner is there:

☐ Residence located at: _____

    *Street Address, Apt #*      *City*      *State*      *Zip*

☑ Places of employment of Petitioner, located at:
University of Illinois Urbana-Champaign

    *Name*      *Street Address*      *City*      *State*      *Zip*

    *Name*      *Street Address*      *City*      *State*      *Zip*

☐ Schools, kindergartens, or daycare centers of Petitioner, located at:

    *Name*      *Street Address*      *City*      *State*      *Zip*

    *Name*      *Street Address*      *City*      *State*      *Zip*

☑ Other locations:
All University Locations

    *Name*      *Street Address*      *City*      *State*      *Zip*

    *Name*      *Street Address*      *City*      *State*      *Zip*

☐ Respondent shall have the right to enter the residence listed in Section 2 <u>once</u> to retrieve the property as provided in Section 10 of this Order.

☑ School Restrictions *(see page 6 of Petition)*
University of Illinois Urbana-Champaign _____ is an elementary, middle, or high
*Name of School*
school attended by both Respondent and Petitioner, a person protected by this *Order*.
After considering the factors in 750 ILCS 60/214(b)(3)(B):

  ☑ Respondent shall not attend this school for as long as a Petitioner is enrolled there;

  ☐ Respondent shall accept a change of placement or program at this school as determined by the public school district or by this private or non-public school; OR

  ☐ Respondent shall follow these restrictions on movement within the school: _____

☐ Requirements for Parents and Guardians
Respondent is a minor. To ensure that Respondent follows this *Order*, _____

    *Name of Parent or Guardian*

shall do the following: _____

_____

☑ **4. Counseling** *(see page 7 of Petition)*      (R04) (Court Enforced)
Respondent must do the following and file proof with the Circuit Clerk by _____ *(check all that apply)*:

    *Date*

☐ Enroll in and successfully complete a Domestic Violence Partner Abuse program.

☐ Get an alcohol and substance abuse evaluation and complete any recommended counseling or treatment.

☐ Get a mental health evaluation and complete any recommended counseling or treatment.

☑ Other: Anger management training and sexual harassment, prejudice courses

| **Respondent:** | Respondent MUST fully participate in all sessions of outpatient or inpatient treatment recommended by the evaluating agency, as often and for as long as that agency or other referred providers recommend. Respondent must file with the Circuit Clerk monthly attendance and progress reports written by each treatment provider. |
| --- | --- |

☐ **5.** **Care and Possession of Children** *(see page 8 of Petition)* (R05) (Police Enforced)

| Law Enforcement: | The provisions of this section are Police Enforced **IF** Respondent is ordered *(see page 2, R03)* to stay away from the minor children listed as "protected" as checked below. |
|---|---|

☐ Respondent and Petitioner are the parents of the following minor children:

| Child's Name (first, middle, last) | Age | State of Residence | Included as Protected Party? | |
|---|---|---|---|---|
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |

☐ The primary caretaker of the minor children is: ☐ Petitioner ☐ Respondent ☐ Other person:

_____
*Name*          *Street Address*          *City*          *State*          *Zip*

☐ Petitioner is granted the physical care and possession of the minor children that Petitioner and Respondent have together, AND:

    ☐ Respondent shall, personally or through a law enforcement agency as authorized by the court, return the minor children to the physical care of:

        ☐ Petitioner ☐ other person: _____
                               *Name of Other Person*

    ☐ Respondent shall return the children to: _____
                                       *Street Address, Apt #*          *City*          *State*          *ZIP*

        ☐ on ☐ by: _____ at _____ in the presence of:
                    *Date*                 *Time*

_____
*Name of Person or Name of Law Enforcement Agency*

☐ Respondent shall not remove the minor children from the physical care of Petitioner or from a school, babysitter, daycare provider, or any person caring for the children.

☐ Within 24 hours of this *Order* being entered, the Circuit Clerk shall send written notice of the *Order* to the following school, daycare, or health care providers:

_____
*Name*          *Street Address*          *City*          *State*          *Zip*

_____
*Name*          *Street Address*          *City*          *State*          *Zip*

    ☐ For the safety of Petitioner, the name and location of the school or daycare is listed on the *Confidential Name & Location of the School or Daycare* form.

☐ **6.** **Temporary Significant Decision-Making Responsibility** *(formerly custody)* (R06) (Court Enforced)
*(see page 8 of Petition)*

The Court awards Petitioner all significant decision-making responsibility *(formerly custody)* of the minor children that Petitioner and Respondent have together.

The Court finds that:

☐ Paternity has not been established; OR

☐ Paternity has been established:

    ☐ The children of the parties were born before or during the marriage, or within 300 days of termination of the marriage.

    ☐ The parties are NOT married but there HAS been a legal determination of parentage through one or
    ☐ more of the following:

        1. Both parties are listed as parents on an Illinois birth certificate.

        2. Both parties have signed a Voluntary Acknowledgment of Parentage.

        3. A judicial or administrative decision.

        4. Other: _____

☐ **7.** **Respondent's Parenting Time** *(formerly visitation)* **with the Minor Children** (R07) (Court Enforced)
*(see pages 8 - 9 of Petition)*

☐ Parenting time is RESERVED until a later hearing. *(The Court will not make ANY decision on parenting time at this time)*

☐ Parenting time is ☐ DENIED until further order, OR ☐ RESTRICTED because Respondent is likely to:

    ☐ Abuse or endanger the children during parenting time.

    ☐ Use parenting time to abuse or harass Petitioner, Petitioner's family, or household members.

    ☐ Improperly hide or detain the children.

    ☐ Act in a way that is not in the best interest of the children.

☐ Parenting time is GRANTED as follows: *(include a.m. or p.m.)*

    ☐ Every _____ from _____ to _____
         *Days*              *Time*      *Time*

    ☐ Each weekend ☐ Alternating weekends as follows:

        ☐ from Friday at _____ to Saturday at _____

        ☐ from Friday at _____ to Sunday at _____

        ☐ from Saturday at _____ to Sunday at _____

        ☐ from Saturday at _____ to Saturday at _____

        ☐ from Sunday at _____ to Sunday at _____

    ☐ Other: _____

    _____

    _____

☐ In order to protect Petitioner from further abuse, Respondent shall not go to Petitioner's residence to meet the minor children for parenting time.

☐ Date of first parenting time shall be on: _____ at _____
                                 *Date*             *Time*

    Pickup and return for parenting time shall take place at *(list name and address)*:

    ☐ Police Department: _____

                   *Name*              *Street Address*        *City*    *State*    *Zip*

    ☐ Sheriff's Department: _____

                   *Name*              *Street Address*        *City*    *State*    *Zip*

    ☐ Safe Exchange Center: _____

                   *Name*              *Street Address*        *City*    *State*    *Zip*

    ☐ Other location: _____

               *Name*              *Street Address*        *City*    *State*    *Zip*

☐ Responsibility for transportation of the children for parenting time shall be as follows:

    _____

☐ Parenting time shall take place at: _____
                                 *Street Address*             *City*    *State*    *Zip*

☐ Parenting time shall be supervised by: _____ ,
                                  *Name of Person or Agency*

who has filed an *Affidavit of Parenting Time Supervisor* with the court accepting responsibility and acknowledging accountability.

☐ At the end of parenting time, Respondent shall immediately return the children to Petitioner or the following person designated by Petitioner: _____ ,
                                     *Name of Designated Person*

who has filed an affidavit with the court accepting responsibility and acknowledging accountability.

| | |
|---|---|
| **Respondent:** | Petitioner may by law deny you access to the minor children if, when you arrive for parenting time, you are under the influence of drugs or alcohol and constitute a threat to the safety and well-being of Petitioner or the minor children of Petitioner or you are behaving in a violent or abusive manner (750 ILCS 60/214(b)(7)). |

☐ **8.** **No Concealment or Removal of Children** *(see page 9 of Petition)*  (R08) (Police Enforced)
Respondent shall not hide the minor children within the State or remove the children from Illinois.

☐ **9.** **Appear with Children** *(see page 10 of Petition)*  (R09) (Court Enforced)
Respondent shall appear  ☐ alone  ☐ with minor children at: _____
*Address of Courthouse*

_____ in Courtroom _____ on _____ at _____
*Date*                *Time*

to *(check all that apply)*:
☐ Prevent abuse, neglect, removal or concealment of the children.
☐ Return the children to the custody or care of Petitioner.
☐ Permit a court-ordered interview or examination of the children or Respondent.

☐ **10.** **Possession of Personal Property** *(see page 5 of Petition)*  (R10) (Court Enforced)
*(does not affect ownership of property)*
☐ Petitioner is awarded possession of the following personal property: _____

_____

☐ Respondent shall return  ☐ all of the property  ☐ the following property: _____
_____ to _____
*Name of Person*

The Court finds as follows:
☐ Petitioner, but not Respondent, owns the property.
☐ Petitioner and Respondent both own the property. Sharing it would put Petitioner at risk for abuse,
  or is not practical. Not having the property would be harder on Petitioner.
☐ Petitioner claims the property as marital property, and a divorce case has been filed.
☐ Respondent is awarded possession of the following personal property:  ☐ clothing  ☐ medicine
  ☐ Other personal property as follows: _____

☐ Personal property shall be transferred at: _____
*Street Address*              *City*        *State*      *Zip*
on _____ at _____
*Date*             *Time*
☐ Personal property shall be transferred only in the presence of:
  ☐ Law enforcement: _____ ; OR
  *Name of Law Enforcement Agency*
  Date to be obtained from Law Enforcement by:  ☐ Petitioner  ☐ Respondent
  ☐ Another person: _____
  *Name*

☑ **11.** **Restrictions on Property** *(see page 6 of Petition)*  (R11) (Court Enforced)
☐ Respondent shall not take, transfer, encumber, conceal, damage, or otherwise dispose of any real or
  personal property, except as explicitly authorized by the Court, BECAUSE *(check all that apply)*:
  ☐ Petitioner, but not Respondent, owns the property.
    Petitioner and Respondent both own the property. Not having the property would be harder on
  ☐ Petitioner.
  ☐ Petitioner claims the property as marital property, and a divorce case has been filed.
☐ Restrictions on Resources; Aged Petitioner
  Respondent is prohibited from improperly using financial or other resources of an aged Petitioner for
  the advantage of Respondent or any other person.

☐ **11.5 Possession of Animals** *(see page 6 of Petition)* (R11.5) (Court Enforced)
Petitioner shall the have care, custody, and control over the following animals: _____

_____

Respondent shall stay away from the animals and Respondent is forbidden from taking, transferring, concealing, harming, or otherwise disposing of the animals.

☐ **12. Temporary Support** *(see page 7 of Petition)* (R12) (Court Enforced)
The Court finds that Respondent is: ☐ unemployed ☐ self employed ☐ employed by:

| *Name* | *Street Address* | *City* | *State* | *Zip* |

and has approximate net pay in the amount of: $ _____ ☐ weekly ☐ every two weeks
☐ twice a month ☐ monthly

☐ Respondent shall pay temporary child support to Petitioner
In the amount of $ _____ ☐ weekly ☐ every two weeks ☐ twice a month ☐ monthly
☐ Payments shall begin on: _____ and shall continue until further order of the Court.
<div style="text-align:center">Date</div>

Payments shall be made through the: ☐ Circuit Clerk OR ☐ State Disbursement Unit (SDU) for
Child Support. *(Payment shall not be paid directly to Petitioner)*
OR
☐ A child support order will be entered.
AND/OR
☐ Respondent shall pay temporary support (maintenance) to Petitioner
in the amount of $ _____ ☐ weekly ☐ every two weeks ☐ twice a month ☐ monthly

☑ **13. Payment of Losses Due To Abuse** *(see page 7 of Petition)* (R13) (Court Enforced)
☐ Respondent shall pay Petitioner for losses suffered as a direct result of abuse, neglect, or exploitation,
including:

☐ Medical expenses............................................................................ $ _____
☐ Lost earnings................................................................................... $ _____
☐ Repair or replace property damaged or taken.............................. $ _____
☐ Moving and other travel expenses................................................. $ _____
☐ Reasonable expenses for housing other than a domestic violence shelter........... $ _____
☐ Expenses for search and recovery of children.............................. $ _____
☑ Reasonable attorney's fees............................................................ $ _____
☐ Other: _____ $ _____

The total amount of:
☐ $ _____ by _____
<div style="text-align:center">Date</div>

☐ Payments in the amount of: $ _____ ☐ weekly ☐ every two weeks ☐ twice a month
☐ monthly

☐ **14. No Entry or Presence Under Influence** *(see page 5 of Petition)* (R14) (Court Enforced)
Even though Respondent is not required by this *Order* to stay away from the residence of Petitioner at all
times, Respondent is not allowed to enter or remain in that residence while under the influence of drugs or
alcohol and threatening the safety or well-being of Petitioner or Petitioner's children.

☐ **14.5** **Firearms** *(see page 6-7 of Petition)* (R14.5) (Court Enforced)
The Court has examined Petitioner and any other witnesses under oath. The Court finds that Respondent:
    ☐ Has appeared personally in court after receiving notice of this hearing; OR
    ☐ Failed to appear personally after having received actual notice.
    ☐ This *Order* restrains Respondent from abusing, stalking, or threatening their intimate partner or children
       of the intimate partner, or engaging in other conduct that would place an intimate partner in reasonable
       fear of bodily injury to themselves or their children; AND the Court finds that:
       ☐ Respondent represents a credible threat to the physical safety of Respondent's intimate partner or
          their children; OR
       ☐ This *Order* prohibits the use, attempted use, or threatened use of physical force against Respondent's
          intimate partner or their children that could reasonably be expected to cause bodily injury.

| **Respondent:** | Respondent is automatically prohibited from possessing a firearm while this *Order* is in effect, under Federal Law 18 USC 922(g)(8). |
|---|---|

Therefore:
    ☐ Respondent shall surrender all firearms in their possession to this law enforcement agency,
       which shall take possession of them: _____
                      *Name of Law Enforcement Agency*
    ☐ Respondent shall immediately turn over any FOID card in their possession to this law enforcement
       agency, which shall take possession of it: _____
                            *Name of Law Enforcement Agency*
    ☐ Respondent's conceal and carry license is suspended during the duration of this *Order*. Respondent must
       turn over the license to the court at the time this *Order* is entered or to this law enforcement agency, which
       shall take possession of it: _____
                      *Name of Law Enforcement Agency*
When this *Order* ends, Respondent's firearms and FOID card shall be returned to Respondent upon request
if the FOID card is not expired and there is no other order restricting Respondent's possession of those
firearms.

☐ **15.** **Children's Records** *(see page 10 of Petition)* (R15) (Court Enforced)
Respondent is not allowed to access, inspect, or obtain school records or any other records of the minor
children in the care of Petitioner because *(check all that apply)*:
    ☐ This *Order of Protection* prohibits Respondent from having contact with the minor children.
    ☐ The actual address of Petitioner is not included due to the risk of further abuse.
    ☐ It is necessary to prevent abuse or wrongful removal or concealment of the minor children.

☐ **16.** **Shelter Reimbursement** *(see page 7 of Petition)* (R16) (Court Enforced)
Respondent shall pay  $ _____ to _____
                                      *Shelter Name*
for the cost of services and shelter provided to Petitioner.

☑ **17.** **Miscellaneous Remedies** *(see page 10 of Petition)* (R17) (Court Enforced)
    ☑ Respondent is further ordered as follows:   Attend mandatory anger management and additional training for sexual
    harassment, discrimination and prejudice based on disability and sex/gender.

☐ **18.** **Telephone Services** *(see page 6 of Petition)* (R18) (Court Enforced)
    ☐ Petitioner uses the following telephone numbers for which a
    wireless telephone provider provides service for Respondent and Petitioner:
    Name of Provider: _____
    Name of Account Holder: _____
    Respondent's Billing Phone #: _____

Petitioner Phone #: _____

Petitioner Phone #: _____

☐ After considering the evidence and pursuant to 725 ILCS 5/112A-14(b)(18),the wireless telephone service provider shall terminate Respondent's use of Petitioner's phone number, transfer to Petitioner the right to use these phone numbers, and transfer to Petitioner all financial responsibility associated with future use of these phone numbers.

| Petitioner: | STOP! Only the Judge or Circuit Clerk shall enter anything below this point. |
|---|---|

☐ **RULINGS PURSUANT TO** 750 ILCS 60/221(a)(2) and (b)(2)

☐ The relief requested in Paragraphs: ☐ 2 ☐ 3 ☐ 10 ☐ 11 ☐ 16 ☐ Other: _____
in the *Petition* is DENIED because the balance of hardships does not support the granting of the remedy; the granting of the remedy will result in hardship to Respondent that would substantially outweigh the hardship to Petitioner from the denial of the remedy; OR because: _____

_____

☐ The relief requested in Paragraphs: _____
in the *Petition* is RESERVED.

☐ **COMPLIANCE HEARING**

☐ A compliance hearing will be held on: _____ at _____ on the following issues: _____
      *Date*          *Time*

_____

☐ Respondent is ordered to appear and bring the following documents: _____
_____

**PLENARY *(FINAL)* ORDERS ONLY:**

**If no specific date for expiration is entered on page 2, this *Order* will remain in effect until:**

☐ 1.* Final judgment is entered in related case number: _____

☐ 2.* This *Order* is modified or vacated by the Court *(if incorporated into the final judgment of another civil proceeding).*

☐ 3.* Expiration of any supervision, conditional discharge, probation, periodic imprisonment, parole, or supervised mandatory release, plus 2 years.

☐ 4.* Expiration of a term of imprisonment set by this court, plus 2 years.

  * *This Order may last more than 2 years if it is entered in conjunction with a civil or criminal proceeding.*

☐ 5. Termination of any voluntary or involuntary commitment, or until: _____
                                               *Date (not to exceed 2 years)*

☐ 6. Until disposition, withdrawal or dismissal of the underlying charge if entered during pre-trial release. If case is continued as an independent cause of action, for a fixed period of time not to exceed 2 years.

☐ 7. Final disposition when a Bond Forfeiture Warrant has issued, or until: _____
                                               *Date (not to exceed 2 years)*

☐ 8. Further order of the Court only by extension; special findings needed.

**ENTERED:** _____   _____
        *Judge*                                       *Date*

I hereby certify that this is a true and correct copy of the original order on file with the Court.

Clerk of the Circuit Court of _____ County Illinois _____
                                                      *Date*

_____
*Seal (and signature, as locally required)*

Copies given to: ☐ Petitioner ☐ Respondent in Open Court ☐ Respondent via Sheriff ☐ LEADS
               ☐ Sheriff ☐ State's Attorney

To be completed by the judge:

     ☐ There is reason to believe Respondent is *(check all that apply)*: ☐ armed ☐ dangerous ☐ suicidal

**FINDINGS:**

**After reviewing the *Petition* and hearing the evidence and testimony of Petitioner, the Court finds that:**

1. The people protected by this *Order* are:
   - ☐ Petitioner
   - ☐ Minor children listed in the caption of this *Order*
   - ☐ Other Protected Persons listed on page 1 of this *Order*

2. The Petitioner has the following relationship to Respondent:

| | | |
|---|---|---|
| ☐ Boyfriend / Girlfriend (including ex) (BG) | ☐ Spouse (SE) | ☐ Ex-Spouse (XS) |
| ☐ Has Children with Respondent (never married to Respondent) (CC) | ☐ Sharing or Shared Home (CS) | ☐ Child (CH) |
| ☐ Parent (PA) | ☐ Brother or Sister (SB) | ☐ Other Family Member (OF) |
| ☐ Other – Petitioner not Related to Respondent (OT) | ☐ In-law (IL) | ☐ Personal Caregiver to Disabled Petitioner (PC) |
| ☐ Petitioner with Disability (PD) | ☐ Personal Assistant of Petitioner (PR) | ☐ Grandchild (GC) |
| ☐ Grandparent (GP) | ☐ Step-Child (SC) | ☐ Step-Brother or Step-Sister |
| ☐ Prospective or Adoptive Child has Family or Household Relationship with Respondent | ☐ Foster Child has Family or Household Relationship with Respondent | ☐ Legally Appointed Guardian or Custodian of a Child who has a Family or Household Relationship with |
| ☐ Step-Parent (SP) | | |

3. ☐ Respondent has received notice of Petitioner's request for an *Order of Protection*.
   - ☐ Petitioner has diligently attempted to complete service of process, but has not been able to serve Respondent.
   - ☐ Petitioner has given notice by publication.
   - ☐ Petitioner is present in person in court. ☐ Represented by: _____
                                                            *Name of Lawyer*

4. ☐ Respondent has filed an answer or appearance.
   - ☐ Respondent is not present in court, and is in default.
   - ☐ Respondent is present in person in court. ☐ Represented by: _____
                                                            *Name of Lawyer*

5. In granting the remedies in this *Order*, the Court has considered all relevant factors, including: the nature, frequency, severity, pattern, and consequences of Respondent's past abuse, neglect, or exploitation of Petitioner or any family/household member, including Respondent's concealment of their location in order to evade service of process notice, and the likelihood of danger of future abuse, neglect, or exploitation to Petitioner or any member of Petitioner's or Respondent's family or household; and the danger that any minor child(ren) will be abused, neglected, removed from the jurisdiction, improperly concealed within the State, or improperly separated from the child(ren)'s primary caretaker. The Court finds that:
   - The Court has jurisdiction over Petitioner, Respondent, minor children and other Protected Persons.
   - Venue is proper.
   - Respondent has abused Petitioner and/or the children identified as protected persons in Section 5 on page 4 and/or the Protected Persons listed on Page 1 of this *Order*.
   - The actions of Respondent will likely cause irreparable harm or continued abuse unless they are prohibited.
   - It is necessary to grant the requested relief in this *Order* to protect Petitioner or other abused persons.

6. Other Relevant Factors and Findings *(check all that apply)*:
   - ☐ An *Order of Protection* has previously been entered in this case or in another case in which any party, or a child

any party, has been named as either Respondent or Petitioner.

☐ An abused person is unable to bring this *Petition* on their own behalf due to age, health, disability, or

☐ The *Petition* has been filed on behalf of a high-risk adult with disabilities who has been abused, neglected, or exploited by a family or household member.

☐ There is reason to believe Respondent is *(check all that apply)*:  ☐ armed  ☐ dangerous  ☐ suicidal

7. ☐ The Court is entering this *Order* based on the following prima facie evidence *(check one)*:

    ☐ an information, complaint, indictment or delinquency petition, charging a crime of domestic violence or charging an attempt to commit a crime of domestic violence; OR

    ☐ an adjudication of delinquency, a finding of guilt based upon a plea, or a finding of guilt after a trial for a crime of domestic battery; OR

    ☐ any disposition order issued under Section 5-710 of the Juvenile Court Act of 1987, the imposition of supervision, conditional discharge, probation, periodic imprisonment, parole, aftercare release, or mandatory supervised release for a crime of domestic violence or an attempt to commit a crime of domestic violence, or imprisonment in conjunction with a bond forfeiture warrant; OR

    ☐ the entry of a protective order in a separate civil case brought by the Petitioner against Respondent.

## IMPORTANT INFORMATION ABOUT THIS *ORDER OF PROTECTION*

**TO BOTH PARTIES:** This *Order* CANNOT BE CHANGED OR VACATED unless you have a hearing. To have a Petitioner or Respondent must do the following:

1. File a written motion with the Circuit Clerk that lists the reasons why you want to change or vacate this *Order*;
2. Get a time for the hearing from the Circuit Clerk; AND
3. Provide the other party with a copy of your motion and notify the other party in writing of the time and place of the hearing.

**TO RESPONDENT:** The Court has granted this *Order*. If you do not obey this *Order*, you could be arrested and charged with a crime.

- Petitioner cannot give you legal permission to change this *Order*. Only the Court can change this *Order*. If you have contact with Petitioner that is prohibited by this *Order*, you may be arrested.
- If you and Petitioner want to have contact with each other again, you must ask the Court to modify or dismiss this *Order of Protection*.
- Unless the Court changes or dismisses this *Order*, you can be arrested for violating this *Order of Protection*.

You may ask the Court to re-open this *Order* if you did not receive notice before this *Order* was signed. To do this you must file a motion stating that (1) you did not receive prior notice, and (2) you have a valid defense to the *Order*, or that the *Order*, or any of its remedies, was not authorized under the law.

Any knowing violation of an *Order of Protection* forbidding physical abuse, neglect, exploitation, harassment, interference with personal liberty, willful deprivation, or entering or remaining present at specified places when any Protected Persons are present, or granting exclusive possession of the residence or household or granting a stay away order is a Class A misdemeanor. Grants of exclusive possession of the residence or household shall constitute notice forbidding trespass to land. Any knowing violation of an order awarding parental responsibility (formerly custody) or care of a child or prohibiting removal or concealment of a child may be a Class 4 felony. Any willful violation of any contempt of court. Any violation may result in fine or imprisonment.

**TO PETITIONER:** You cannot change the terms of this *Order* by your words or actions.

- If the Court has ordered no contact or given you sole possession of the residence, only the Court can allow the Respondent to contact you or return to the residence.
- If you want to have contact with the Respondent again, you MUST ask the Court, in a written motion to change vacate this *Order of Protection*.
- You cannot be charged with a violation of this *Order*.

**TO PARENTS OR GUARDIANS OF MINOR RESPONDENTS:** The Court may hold you in contempt of court if a minor respondent in your care violates this *Order* and you have helped, encouraged, or directed the minor to do so.

## NOTICE ABOUT ENFORCEMENT:

This *Order of Protection* **is enforceable, even without registration, in all 50 states, the District of Columbia, lands, and the U.S. Territories pursuant to the Violence Against Women Act (18 U.S.C. § 2265), provided notice this *Order of Protection* has been provided to the Respondent. Violating this *Order of Protection* may subject the Respondent to state and/or federal charges and punishment. 18 U.S.C. §§ 2261-2262. This *Order* is directed to the Respondent. Except under accountability circumstances, which should be assessed by the Attorney, Petitioner cannot be guilty of violation of an *Order of Protection*.**

### DEFINITION OF TERMS USED IN THIS *ORDER*

These definitions are incorporated in and made a part of the *Order* to which they are attached.

1. **Abuse:** "Abuse" means physical abuse, harassment, intimidation of a dependent, interference with personal liberty, or willful deprivation, but does not include

    reasonable direction of a minor child by a parent or person *in loco parentis*.

2. **Adult with Disabilities:** "Adult with Disabilities" means an elder adult with disabilities or a high-risk adult with disabilities. A person may be an adult with disabilities for purposes of this Act even though he or she has never been adjudicated an incompetent adult. However, no court proceeding may be initiated or continued on behalf of an adult with disabilities over that adult's objection, unless such proceeding is approved by his or her legal guardian, if any.

3. **Elder Adult with Disabilities:** "Elder adult with disabilities" means an adult prevented by advanced age from taking appropriate action to protect himself or herself from abuse by a family or household member.

4. **Exploitation:** "Exploitation" means the illegal, including tortious, use of a high-risk adult with disabilities or of the assets or resources of a high-risk adult with disabilities. Exploitation includes, but is not limited to, the misappropriation of assets or resources of a high-risk adult with disabilities by undue influence, by breach of a fiduciary relationship, by fraud, deception, or extortion, or the use of such assets or resources in a manner contrary to law.

5. **Family or Household Members:** Include spouses, former spouses, parents, children, stepchildren and other persons related by blood or by present or prior marriage, persons who share or formerly shared a common dwelling, persons who have or allegedly have a child in common, persons who share or share a blood relationship through a child, persons who have or have had a dating or engagement relationship, persons with disabilities and their personal assistants, and caregivers as defined in Section 12-4.4a of the Criminal Code of 2012. For purposes of this paragraph, neither a casual acquaintanceship nor ordinary fraternization between two individuals in business or social contexts shall be deemed to constitute a dating relationship. In the case of a high-risk adult with disabilities, "family or household members" includes any person who has the responsibility for a high-risk adult as a result of a family relationship or who has assumed responsibility for all or a portion of the care of a high-risk adult with disabilities voluntarily, or by express or implied contract, or by court order.

6. **Harassment:** "Harassment" means knowing conduct which is not necessary to accomplish a purpose that is reasonable under the circumstances, would cause a reasonable person emotional distress, and does cause emotional distress to Petitioner. Unless the presumption is rebutted by a preponderance of the evidence, the following types of conduct shall be presumed to cause emotional distress:

    a. creating a disturbance at Petitioner's place of employment or school; or

    b. repeatedly telephoning Petitioner's place of employment, home or residence; or

    c. repeatedly following Petitioner about in a public place or places; or

    d. repeatedly keeping Petitioner under surveillance by remaining present outside his or her home, school, place of employment, vehicle or other place occupied by Petitioner or by peering in Petitioner's windows; or

    e. improperly concealing a minor child from Petitioner, repeatedly threatening to improperly remove a minor child of Petitioner's from the jurisdiction or from the physical care of Petitioner, repeatedly threatening to conceal a minor child from Petitioner, or making a single such threat following an actual or attempted improper removal or concealment, unless Respondent was fleeing an incident or pattern of domestic violence; or

    f. threatening physical force, confinement or restraint on one or more occasions.

7. **High-risk Adult with Disabilities:** "High-risk adult with disabilities" means a person aged 18 or over whose physical or mental disability impairs his or her ability to seek or obtain protection from abuse, neglect, or exploitation.

8. **Interference with Personal Liberty:** "Interference with personal liberty" means committing or threatening physical abuse, harassment, intimidation or willful deprivation so as to compel another to engage in conduct from which they have a right to abstain or to refrain from conduct in which they have a right to engage.

9. **Intimidation of a Dependent:** "Intimidation of a dependent" means subjecting a person who is dependent because of age, health or disability to participation in or the witnessing of: physical force against another or physical confinement or restraint of another, which constitutes physical abuse as defined in this Act, regardless of whether the abused person is a family or household member.

10. **Neglect:** "Neglect" means the failure to exercise that degree of care toward a high-risk adult with disabilities which a reasonable person would exercise under the circumstances and includes but is not limited to:

    a. the failure to take reasonable steps to protect a high-risk adult with disabilities from acts of abuse; or

    b. the repeated, careless imposition of unreasonable confinement; or

    c. the failure to provide food, shelter, clothing, and personal hygiene to a high-risk adult with disabilities who requires such assistance; or

    d. the failure to provide medical and rehabilitative care for the physical and mental health needs of a high-risk adult with disabilities; or

    e. the failure to protect a high-risk adult with disabilities from health and safety hazards.

    Nothing in this definition shall be construed to impose a requirement that assistance be provided to a high-risk adult with disabilities over his or her objection

in the absence of a court order, nor to create any new affirmative duty to provide support to a high-risk adult with disabilities.

11. **Petitioner:** "Petitioner" may mean not only any named petitioner for the order of protection and any named victim of abuse on whose behalf the petition is brought, but also any other person protected by this Act.

12. **Physical Abuse:** "Physical abuse" includes sexual abuse and means any of the following:
    a. knowing or reckless use of physical force, confinement or restraint; or
    b. knowing, repeated and unnecessary sleep deprivation; or
    c. knowing or reckless conduct which creates an immediate risk of physical harm.

13. **Stalking:** "Stalking" means knowingly and without lawful justification, on at least two (2) separate occasions, following another person or placing the person under surveillance or any combination thereof and:
    a. at any time transmitting a threat of immediate or future bodily harm, sexual assault, confinement or restraint, and the threat is directed towards that person or a family member of that person; or
    b. placing that person in reasonable apprehension of immediate or future bodily harm, sexual assault, confinement or restraint; or
    c. placing that person in reasonable apprehension that a family member will receive immediate or future bodily harm, sexual assault, confinement, or

14. **Willful Deprivation:** "Willful deprivation" means willfully denying a person who because of age, health or disability requires medication, medical care, shelter, food, therapeutic device, or other physical assistance, and thereby exposing that person to the risk of physical, mental or emotional harm, except with regard to medical care or treatment when the dependent person has expressed an intent to forego such medical care or treatment. This paragraph does not create any new affirmative duty to provide support to dependent persons.

The Title IX office
explained to me that
I was being threatened
by Neal Cohen, who I
thought was helping
me and advising me.
Neal Cohen told me
that I would be
pushed-out of the
PhD program, School if I
filed an "official" Title
IX report — I had
already filed a report
but needed to sign my
name to make it official,
and I had been raped, assaulted

So I was afraid to
be at UI already.
Liran Ziegelman was nice
enough to meet with
me at my apartment
right away after the
rape, assault occurred
and we called the
police. We were trying
to figure out if we
should report — I was
extremely afraid to
report because
Zuo tu Cheng is a
professor at the school
University of Illinois and

because Dr. K Cheng
is a powerful community
member in the area
because he went to UI
for undergrad, masters,
PhD so he says that
he knows everyone. He
hangs out with professors
and students at local
bars etc. (The bars do not
matter) Kiran told me not to report
because she said that
she has had knives pulled
on her at other public
schools with people
threatening her and that

it is better not to report.
I went to the Women's
Resource Center, which
is funded by the
University of Illinois
and they handled it.

Neal Cohen was my
advisor for my IRB
approved project that
it was offshoot of work
I did at Adobe during
my internship. During a
meeting about the IRB
project he told me not
to file an official report
or I would be "pushed-out

and then he forced the school to withdraw a job offer for a Teaching Assistant Position that I was offered. This is illegal and UI then tried to claim I was a "drain on resources" because UI approved a Tuition Waiver for me — this was listed in the illegal dismissal letter "drain" on UI resources for filing too many Title IX Reports, etc.

Neal Cohen also stated he was getting a lawyer.

Neal Cohen blocked and delayed my IRB project and I filed a Capricious Grade Claim against Neal Cohen. The Report about Capricious Grades was hundreds of pages with evidence proving his illegal act but Neal Cohen has an extremely powerful position at UI and the Professors on the committee are lower than

him and did what he told
them to do at the meeting.

During my moderation
the committee agreed
that I was forced
to do three times
the amount of work
as any other student
in the ~~last~~ NSP program.
The committee consisted
of people who had worked
with NSP for over 20 years
or so and said I had
been forced to complete
an abnormal amount of
work — 3 x the amount

as everyone else in
the program.

I was also forced to
pay out of pocket for
the training, work,
resources to do the
project. I won
a finding award and
grant to do the project
but Manuel Hernandez
did not use this money
to pay me for my
time or for resources
for me to do the project
- I was forced to pay
for it including $12,000

I was illegally forced out
of ~~the~~ my Student Union
position by UI HR etc
who forced me under
duress to accept money
from UI Stipends, instead
of the position I was
working in with Brad Sutton.

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT | ORDER OF PROTECTION | |
|---|---|---|
| Champaign COUNTY | Civil Proceeding ☐ Interim ☐ Plenary<br>Criminal Proceeding ☑ Final | **Case Number** |

| Instructions ▼ | | For Court Use Only |
|---|---|---|
| Directly above, enter the county where you filed this case. | **Petitioner:** Rose Meacham<br>*(First, middle, last name)* | ☐ **Independent**<br>☐ **Juvenile** |
| Enter your name as Petitioner. | People to be Protected by this *Order (check all that apply):*<br>☑ Petitioner | ☑ **Other Civil Proceeding**<br>☐ **Criminal** |
| Check the boxes for **ALL** people you want to include in the *Order*. | ☐ Petitioner's minor children with Respondent: | ☐ **This** *Order* **has been granted Pursuant to the Code of Criminal Procedure 725 ILCS 5/112A** |
| On the lines provided, enter the name for each person you are trying to protect. "Other household members" includes people living with you or working where you are staying. | ☐ Petitioner's minor children not related to Respondent:<br><br>☐ Dependent adult: _____<br>☐ High risk adult: _____<br>☐ Other household members: _____ | |
| Enter name of the person you are seeking protection from as Respondent. | **v.** | |
| Enter the Case Number given by the Circuit Clerk. | **Respondent:** Neal J. Cohen<br>*(First, middle, last name)* | |

| **NOTE:** | If you are completing this form for a minor child, a dependent adult, or a high risk adult, insert information needed below as if you were that person. In other words, do not use your information. |
|---|---|

1. **Petitioner's** ☐ **address OR** ☐ **alternative address for notice**
   325 Ramblewood Road          DuPage          Illinois          60137
   *Street Address, Apt #*                                          *City*                              *State*          *Zip*
   rsm397@nyu.edu
   *Email*

2. **Respondent's date of birth** *(if known):* _____     Sex: Male     Race White

3. **Respondent's address** *(if known):*
   2325/21 Beckman Institute, 405 North Mathews Avenue     Urbana     Illinois     61801
   *Street Address, Apt #*                                          *City*                              *State*          *Zip*
   University of Illinois Urbana-Champaign
   *Respondent's Employer*                                                                    *Respondent's work hours*
   njc@illinois.edu
   *Respondent's Employer-Street Address*                              *City*                              *State*          *Zip*

**THE COURT ORDERS THAT:**

☑ Respondent shall not abuse or threaten to abuse Petitioner *(see R01, page 2)*

☑ Respondent shall stay away from Petitioner *(see R03, page 2)*

**FOR ADDITIONAL ORDERS, READ THIS ENTIRE FORM**

☐ This *Order* was issued on: July 21, 2020    at   7am
                            *Date*                     *Time*

☐ This *Order* will end on: _____ at _____
                            *Date*                    *Time*

☐ This *Order* will end as entered on page 9.

**NEXT HEARING** *(interim Orders only)*: There will be a hearing on:   TBD _____ at _____
                                                            *Date*            *Time*

at   Federal Case in Central Disctrict Courthouse _____ in _____
     *Address of Courthouse*                                             *Courtroom*

| | |
|---|---|
| **Respondent:** | A plenary *(final)* order of protection may be entered if Respondent does not come to this hearing. |

**After reviewing the *Petition* and hearing the evidence and testimony of Petitioner, the Court makes findings**
☐ Are stated on page 10 and 11 of this *Order*, OR
☐ Were made orally and videotaped or recorded by a court reporter and are incorporated into this *Order*.

**THE COURT ORDERS THAT ALL SECTIONS SELECTED BELOW BE OBEYED:**

☑ **1.**   **No Abuse** *(see page 4 of Petition)*                   (R01) (Police Enforced)

Respondent shall not threaten or commit the following acts of abuse towards Petitioner *(check all that apply)*:

☑ Harassment                                ☑ Exploitation of a High Risk Adult with Disabilities
☑ Interference with Personal Liberty         ☑ Intimidation of a Dependent
☑ Physical Abuse                           ☑ Willful Deprivation
☑ Stalking                                    ☑ Neglect of a High Risk Adult with Disabilities

☐ **2.**   **Possession of Residence** *(see page 5 of Petition)*          (R02) (Police Enforced)

☐ Exclusive possession of residence is granted to Petitioner.
     ☐ Respondent must stay at least _____ feet away from the residence located at:

       _____
       *Street Address, Apt #*             *City*               *State*            *Zip*
       **OR**
     ☐ Respondent must stay away from the residence of Petitioner BECAUSE *(check one)*:
       ☐ Petitioner has a right to live there and Respondent has no right; OR
       ☐ Petitioner and Respondent both have the right to live there, but it would be harder on Petitioner
       to leave the residence after considering the factors set forth in 750 ILCS 60/214(b)(2)(B).
☐ Provision of alternate housing
     ☐ Respondent shall provide alternate housing for Petitioner
     on or before: _____
                *Date*
     ☐ Such housing shall meet the following requirements: _____

_____

☑ **3.**   **Stay Away from Petitioner and Certain Places** *(see page 4 of Petition)*     (R03) (Police Enforced)

☑ Respondent shall not have any communication with Petitioner and stay away from Petitioner at all times.
☐ Respondent shall stay at least _____ feet away from Petitioner at all times.

| | |
|---|---|
| **Respondent:** | If any protection in Section 3 is granted, Respondent must not have ANY physical, non-physical, direct or indirect contact with Petitioner. This also includes contact through others who may or may not know about the *Order of Protection*. It also forbids oral communication, written communication, sign language, telephone and cell phone calls, faxes, texts, tweets, emails, posts, or communication by any other social media, and all other communication with Petitioner. |

☑ Respondent shall not be at or stay at any of these places while Petitioner is there:

☐ Residence located at:

| | Street Address, Apt # | City | State | Zip |

☑ Places of employment of Petitioner, located at:
University of Illinois Urbana-Champaign

| Name | Street Address | City | State | Zip |

| Name | Street Address | City | State | Zip |

☐ Schools, kindergartens, or daycare centers of Petitioner, located at:

| Name | Street Address | City | State | Zip |

| Name | Street Address | City | State | Zip |

☑ Other locations:
All University Locations

| Name | Street Address | City | State | Zip |

| Name | Street Address | City | State | Zip |

☐ Respondent shall have the right to enter the residence listed in Section 2 <u>once</u> to retrieve the property as provided in Section 10 of this Order.

☑ School Restrictions *(see page 6 of Petition)*
University of Illinois Urbana-Champaign _____ is an elementary, middle, or high
*Name of School*
school attended by both Respondent and Petitioner, a person protected by this *Order*.
After considering the factors in 750 ILCS 60/214(b)(3)(B):

☑ Respondent shall not attend this school for as long as a Petitioner is enrolled there;

☐ Respondent shall accept a change of placement or program at this school as determined by the public school district or by this private or non-public school; OR

☐ Respondent shall follow these restrictions on movement within the school: _____
_____

☐ Requirements for Parents and Guardians
Respondent is a minor. To ensure that Respondent follows this *Order*, _____
*Name of Parent or Guardian*

shall do the following: _____
_____

☑ **4.** **Counseling** *(see page 7 of Petition)*                              (R04) (Court Enforced)
Respondent must do the following and file proof with the Circuit Clerk by _____ *(check all that apply)*:
*Date*

☐ Enroll in and successfully complete a Domestic Violence Partner Abuse program.

☐ Get an alcohol and substance abuse evaluation and complete any recommended counseling or treatment.

☐ Get a mental health evaluation and complete any recommended counseling or treatment.

☑ Other: Anger management training and sexual harassment, prejudice courses

| **Respondent:** | Respondent MUST fully participate in all sessions of outpatient or inpatient treatment recommended by the evaluating agency, as often and for as long as that agency or other referred providers recommend. Respondent must file with the Circuit Clerk monthly attendance and progress reports written by each treatment provider. |

☐ **5.** **Care and Possession of Children** *(see page 8 of Petition)* (R05) (Police Enforced)

| Law Enforcement: | The provisions of this section are Police Enforced IF Respondent is ordered *(see page 2, R03)* to stay away from the minor children listed as "protected" as checked below. |
|---|---|

☐ Respondent and Petitioner are the parents of the following minor children:

| Child's Name (first, middle, last) | Age | State of Residence | Included as Protected Party? | |
|---|---|---|---|---|
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |

☐ The primary caretaker of the minor children is: ☐ Petitioner ☐ Respondent ☐ Other person:

_____
*Name*               *Street Address*          *City*                    *State*           *Zip*

☐ Petitioner is granted the physical care and possession of the minor children that Petitioner and Respondent have together, AND:

☐ Respondent shall, personally or through a law enforcement agency as authorized by the court, return the minor children to the physical care of:

☐ Petitioner ☐ other person: _____
*Name of Other Person*

☐ Respondent shall return the children to: _____
*Street Address, Apt #*       *City*       *State*       *ZIP*

☐ on ☐ by: _____ at _____ in the presence of:
*Date*                                    *Time*

_____
*Name of Person or Name of Law Enforcement Agency*

☐ Respondent shall not remove the minor children from the physical care of Petitioner or from a school, babysitter, daycare provider, or any person caring for the children.

☐ Within 24 hours of this *Order* being entered, the Circuit Clerk shall send written notice of the *Order* to the following school, daycare, or health care providers:

_____
*Name*               *Street Address*          *City*                    *State*           *Zip*

_____
*Name*               *Street Address*          *City*                    *State*           *Zip*

☐ For the safety of Petitioner, the name and location of the school or daycare is listed on the *Confidential Name & Location of the School or Daycare* form.

☐ **6.** **Temporary Significant Decision-Making Responsibility** *(formerly custody)* (R06) (Court Enforced)
*(see page 8 of Petition)*

The Court awards Petitioner all significant decision-making responsibility *(formerly custody)* of the minor children that Petitioner and Respondent have together.

The Court finds that:

☐ Paternity has not been established; OR

☐ Paternity has been established:

☐ The children of the parties were born before or during the marriage, or within 300 days of termination of the marriage.

☐ The parties are NOT married but there HAS been a legal determination of parentage through one or

☐ more of the following:

1. Both parties are listed as parents on an Illinois birth certificate.
2. Both parties have signed a Voluntary Acknowledgment of Parentage.
3. A judicial or administrative decision.
4. Other: _____

☐ **7.** **Respondent's Parenting Time** *(formerly visitation)* **with the Minor Children** (R07) (Court Enforced)
*(see pages 8 - 9 of Petition)*

☐ Parenting time is RESERVED until a later hearing. *(The Court will not make ANY decision on parenting time at this time)*

☐ Parenting time is ☐ DENIED until further order, OR ☐ RESTRICTED because Respondent is likely to:
   ☐ Abuse or endanger the children during parenting time.
   ☐ Use parenting time to abuse or harass Petitioner, Petitioner's family, or household members.
   ☐ Improperly hide or detain the children.
   ☐ Act in a way that is not in the best interest of the children.

☐ Parenting time is GRANTED as follows: *(include a.m. or p.m.)*
   ☐ Every _____ from _____ to _____
      _____*Days*_____              *Time*        *Time*
   ☐ Each weekend ☐ Alternating weekends as follows:
      ☐ from Friday at _____ to Saturday at _____
      ☐ from Friday at _____ to Sunday at _____
      ☐ from Saturday at _____ to Sunday at _____
      ☐ from Saturday at _____ to Saturday at _____
      ☐ from Sunday at _____ to Sunday at _____
   ☐ Other: _____
      _____
      _____

☐ In order to protect Petitioner from further abuse, Respondent shall not go to Petitioner's residence to meet the minor children for parenting time.

☐ Date of first parenting time shall be on: _____ at _____
                                                *Date*              *Time*

Pickup and return for parenting time shall take place at *(list name and address)*:
   ☐ Police Department: _____
                        *Name*          *Street Address*     *City*  *State* *Zip*
   ☐ Sheriff's Department: _____
                          *Name*        *Street Address*     *City*  *State* *Zip*
   ☐ Safe Exchange Center: _____
                          *Name*        *Street Address*     *City*  *State* *Zip*
   ☐ Other location: _____
                     *Name*            *Street Address*     *City*  *State* *Zip*

☐ Responsibility for transportation of the children for parenting time shall be as follows:
   _____

☐ Parenting time shall take place at: _____
                                      *Street Address*           *City*  *State* *Zip*

☐ Parenting time shall be supervised by: _____ ,
                                         *Name of Person or Agency*

who has filed an *Affidavit of Parenting Time Supervisor* with the court accepting responsibility and acknowledging accountability.

☐ At the end of parenting time, Respondent shall immediately return the children to Petitioner or the following person designated by Petitioner: _____ ,
                                                         *Name of Designated Person*

who has filed an affidavit with the court accepting responsibility and acknowledging accountability.

| **Respondent:** | Petitioner may by law deny you access to the minor children if, when you arrive for parenting time, you are under the influence of drugs or alcohol and constitute a threat to the safety and well-being of Petitioner or the minor children of Petitioner or you are behaving in a violent or abusive manner (750 ILCS 60/214(b)(7)). |
|---|---|

☐ **8.** **No Concealment or Removal of Children** *(see page 9 of Petition)* (R08) (Police Enforced)
Respondent shall not hide the minor children within the State or remove the children from Illinois.

☐ **9.** **Appear with Children** *(see page 10 of Petition)* (R09) (Court Enforced)
Respondent shall appear ☐ alone ☐ with minor children at: _____
*Address of Courthouse*

_____ in Courtroom _____ on _____ at _____
*Date* *Time*

to *(check all that apply)*:
☐ Prevent abuse, neglect, removal or concealment of the children.
☐ Return the children to the custody or care of Petitioner.
☐ Permit a court-ordered interview or examination of the children or Respondent.

☐ **10.** **Possession of Personal Property** *(see page 5 of Petition)* (R10) (Court Enforced)
*(does not affect ownership of property)*
☐ Petitioner is awarded possession of the following personal property: _____

_____

☐ Respondent shall return ☐ all of the property ☐ the following property: _____

_____ to _____
*Name of Person*

The Court finds as follows:
☐ Petitioner, but not Respondent, owns the property.
☐ Petitioner and Respondent both own the property. Sharing it would put Petitioner at risk for abuse, or is not practical. Not having the property would be harder on Petitioner.
☐ Petitioner claims the property as marital property, and a divorce case has been filed.
☐ Respondent is awarded possession of the following personal property: ☐ clothing ☐ medicine
☐ Other personal property as follows: _____

_____

☐ Personal property shall be transferred at: _____
*Street Address* *City* *State* *Zip*

on _____ at _____
*Date* *Time*

☐ Personal property shall be transferred only in the presence of:
☐ Law enforcement: _____ ; OR
*Name of Law Enforcement Agency*

Date to be obtained from Law Enforcement by: ☐ Petitioner ☐ Respondent
☐ Another person: _____
*Name*

☑ **11.** **Restrictions on Property** *(see page 6 of Petition)* (R11) (Court Enforced)
☐ Respondent shall not take, transfer, encumber, conceal, damage, or otherwise dispose of any real or personal property, except as explicitly authorized by the Court, BECAUSE *(check all that apply)*:
☐ Petitioner, but not Respondent, owns the property.
Petitioner and Respondent both own the property. Not having the property would be harder on Petitioner.
☐ Petitioner claims the property as marital property, and a divorce case has been filed.
☐ Restrictions on Resources; Aged Petitioner
Respondent is prohibited from improperly using financial or other resources of an aged Petitioner for the advantage of Respondent or any other person.

☐ **11.5** **Possession of Animals** *(see page 6 of Petition)* (R11.5) (Court Enforced)
Petitioner shall the have care, custody, and control over the following animals: _____

_____

Respondent shall stay away from the animals and Respondent is forbidden from taking, transferring, concealing, harming, or otherwise disposing of the animals.

☐ **12.** **Temporary Support** *(see page 7 of Petition)* (R12) (Court Enforced)
The Court finds that Respondent is: ☐ unemployed ☐ self employed ☐ employed by:

| *Name* | *Street Address* | *City* | *State* | *Zip* |
|---|---|---|---|---|

and has approximate net pay in the amount of: $ _____ ☐ weekly ☐ every two weeks
☐ twice a month ☐ monthly

☐ Respondent shall pay temporary child support to Petitioner
In the amount of $ _____ ☐ weekly ☐ every two weeks ☐ twice a month ☐ monthly
☐ Payments shall begin on: _____ and shall continue until further order of the Court.
*Date*
Payments shall be made through the: ☐ Circuit Clerk OR ☐ State Disbursement Unit (SDU) for
Child Support. *(Payment shall not be paid directly to Petitioner)*
OR
☐ A child support order will be entered.
AND/OR
☐ Respondent shall pay temporary support (maintenance) to Petitioner
in the amount of $ _____ ☐ weekly ☐ every two weeks ☐ twice a month ☐ monthly

☑ **13.** **Payment of Losses Due To Abuse** *(see page 7 of Petition)* (R13) (Court Enforced)
☐ Respondent shall pay Petitioner for losses suffered as a direct result of abuse, neglect, or exploitation, including:
☐ Medical expenses............................................................................ $ _____
☐ Lost earnings.................................................................................. $ _____
☐ Repair or replace property damaged or taken.............................................. $ _____
☐ Moving and other travel expenses........................................................... $ _____
☐ Reasonable expenses for housing other than a domestic violence shelter............ $ _____
☐ Expenses for search and recovery of children............................................. $ _____
☑ Reasonable attorney's fees.................................................................. $ _____
☐ Other: _____ $ _____
The total amount of:
☐ $ _____ by _____
*Date*
☐ Payments in the amount of: $ _____ ☐ weekly ☐ every two weeks ☐ twice a month
☐ monthly

☐ **14.** **No Entry or Presence Under Influence** *(see page 5 of Petition)* (R14) (Court Enforced)
Even though Respondent is not required by this *Order* to stay away from the residence of Petitioner at all times, Respondent is not allowed to enter or remain in that residence while under the influence of drugs or alcohol and threatening the safety or well-being of Petitioner or Petitioner's children.

☐ **14.5**   **Firearms** *(see page 6-7 of Petition)*      (R14.5) (Court Enforced)

The Court has examined Petitioner and any other witnesses under oath. The Court finds that Respondent:

  ☐ Has appeared personally in court after receiving notice of this hearing; OR

  ☐ Failed to appear personally after having received actual notice.

  ☐ This *Order* restrains Respondent from abusing, stalking, or threatening their intimate partner or children of the intimate partner, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to themselves or their children; AND the Court finds that:

    ☐ Respondent represents a credible threat to the physical safety of Respondent's intimate partner or their children; OR

    ☐ This *Order* prohibits the use, attempted use, or threatened use of physical force against Respondent's intimate partner or their children that could reasonably be expected to cause bodily injury.

| **Respondent:** | Respondent is automatically prohibited from possessing a firearm while this *Order* is in effect, under Federal Law 18 USC 922(g)(8). |
| --- | --- |

Therefore:

  ☐ Respondent shall surrender all firearms in their possession to this law enforcement agency, which shall take possession of them: _____
                                     *Name of Law Enforcement Agency*

  ☐ Respondent shall immediately turn over any FOID card in their possession to this law enforcement agency, which shall take possession of it: _____
                                     *Name of Law Enforcement Agency*

  ☐ Respondent's conceal and carry license is suspended during the duration of this *Order*. Respondent must turn over the license to the court at the time this *Order* is entered or to this law enforcement agency, which shall take possession of it: _____
                                     *Name of Law Enforcement Agency*

When this *Order* ends, Respondent's firearms and FOID card shall be returned to Respondent upon request if the FOID card is not expired and there is no other order restricting Respondent's possession of those firearms.

☐ **15.**   **Children's Records** *(see page 10 of Petition)*      (R15) (Court Enforced)

Respondent is not allowed to access, inspect, or obtain school records or any other records of the minor children in the care of Petitioner because *(check all that apply)*:

  ☐ This *Order of Protection* prohibits Respondent from having contact with the minor children.

  ☐ The actual address of Petitioner is not included due to the risk of further abuse.

  ☐ It is necessary to prevent abuse or wrongful removal or concealment of the minor children.

☐ **16.**   **Shelter Reimbursement** *(see page 7 of Petition)*      (R16) (Court Enforced)

Respondent shall pay  $_____ to _____
                                           *Shelter Name*

for the cost of services and shelter provided to Petitioner.

☑ **17.**   **Miscellaneous Remedies** *(see page 10 of Petition)*      (R17) (Court Enforced)

  ☑ Respondent is further ordered as follows:   Attend mandatory anger management and additional training for sexual harassment, discrimination and prejudice based on disability and sex/gender.

☐ **18.**   **Telephone Services** *(see page 6 of Petition)*      (R18) (Court Enforced)

  ☐ Petitioner uses the following telephone numbers for which a wireless telephone provider provides service for Respondent and Petitioner:

  Name of Provider: _____

  Name of Account Holder: _____

  Respondent's Billing Phone #: _____

Petitioner Phone #: _____

Petitioner Phone #: _____

☐ After considering the evidence and pursuant to 725 ILCS 5/112A-14(b)(18), the wireless telephone service provider shall terminate Respondent's use of Petitioner's phone number, transfer to Petitioner the right to use these phone numbers, and transfer to Petitioner all financial responsibility associated with future use of these phone numbers.

| Petitioner: | STOP! Only the Judge or Circuit Clerk shall enter anything below this point. |
|---|---|

☐ **RULINGS PURSUANT TO** 750 ILCS 60/221(a)(2) and (b)(2)

☐ The relief requested in Paragraphs: ☐ 2 ☐ 3 ☐ 10 ☐ 11 ☐ 16 ☐ Other: _____ in the *Petition* is DENIED because the balance of hardships does not support the granting of the remedy; the granting of the remedy will result in hardship to Respondent that would substantially outweigh the hardship to Petitioner from the denial of the remedy; OR because: _____

_____

☐ The relief requested in Paragraphs: _____ in the *Petition* is RESERVED.

☐ **COMPLIANCE HEARING**

☐ A compliance hearing will be held on: _____ at _____ on the following issues: _____
                                          *Date*              *Time*

☐ Respondent is ordered to appear and bring the following documents: _____

_____

**PLENARY** *(FINAL)* **ORDERS ONLY:**

**If no specific date for expiration is entered on page 2, this** *Order* **will remain in effect until:**

☐ 1.* Final judgment is entered in related case number: _____

☐ 2.* This *Order* is modified or vacated by the Court *(if incorporated into the final judgment of another civil proceeding)*.

☐ 3.* Expiration of any supervision, conditional discharge, probation, periodic imprisonment, parole, or supervised mandatory release, plus 2 years.

☐ 4.* Expiration of a term of imprisonment set by this court, plus 2 years.

    * This Order may last more than 2 years if it is entered in conjunction with a civil or criminal proceeding.

☐ 5. Termination of any voluntary or involuntary commitment, or until: _____
                                                    *Date (not to exceed 2 years)*

☐ 6. Until disposition, withdrawal or dismissal of the underlying charge if entered during pre-trial release. If case is continued as an independent cause of action, for a fixed period of time not to exceed 2 years.

☐ 7. Final disposition when a Bond Forfeiture Warrant has issued, or until: _____
                                              *Date (not to exceed 2 years)*

☐ 8. Further order of the Court only by extension; special findings needed.

**ENTERED:** _____ _____
                *Judge*                                                *Date*

I hereby certify that this is a true and correct copy of the original order on file with the Court.

Clerk of the Circuit Court of _____ County Illinois _____
                                                                           *Date*

_____

*Seal (and signature, as locally required)*

Copies given to: ☐ Petitioner ☐ Respondent in Open Court ☐ Respondent via Sheriff ☐ LEADS
                ☐ Sheriff ☐ State's Attorney

To be completed by the judge:
    ☐ There is reason to believe Respondent is *(check all that apply)*: ☐ armed ☐ dangerous ☐ suicidal

**FINDINGS:**

**After reviewing the *Petition* and hearing the evidence and testimony of Petitioner, the Court finds that:**

1. The people protected by this *Order* are:
    ☐ Petitioner
    ☐ Minor children listed in the caption of this *Order*
    ☐ Other Protected Persons listed on page 1 of this *Order*

2. The Petitioner has the following relationship to Respondent:

| | | |
|---|---|---|
| ☐ Boyfriend / Girlfriend (including ex) (BG) | ☐ Spouse (SE) | ☐ Ex-Spouse (XS) |
| ☐ Has Children with Respondent (never married to Respondent) (CC) | ☐ Sharing or Shared Home (CS) | ☐ Child (CH) |
| ☐ Parent (PA) | ☐ Brother or Sister (SB) | ☐ Other Family Member (OF) |
| ☐ Other – Petitioner not Related to Respondent (OT) | ☐ In-law (IL) | ☐ Personal Caregiver to Disabled Petitioner (PC) |
| ☐ Petitioner with Disability (PD) | ☐ Personal Assistant of Petitioner (PR) | ☐ Grandchild (GC) |
| ☐ Grandparent (GP) | ☐ Step-Child (SC) | ☐ Step-Brother or Step-Sister |
| ☐ Prospective or Adoptive Child has Family or Household Relationship with Respondent | ☐ Foster Child has Family or Household Relationship with Respondent | ☐ Legally Appointed Guardian or Custodian of a Child who has a Family or Household Relationship with |
| ☐ Step-Parent (SP) | | |

3. ☐ Respondent has received notice of Petitioner's request for an *Order of Protection*.
    ☐ Petitioner has diligently attempted to complete service of process, but has not been able to serve Respondent.
    ☐ Petitioner has given notice by publication.
    ☐ Petitioner is present in person in court. ☐ Represented by: _____
                                           *Name of Lawyer*

4. ☐ Respondent has filed an answer or appearance.
    ☐ Respondent is not present in court, and is in default.
    ☐ Respondent is present in person in court. ☐ Represented by: _____
                                           *Name of Lawyer*

5. In granting the remedies in this *Order*, the Court has considered all relevant factors, including: the nature, frequency, severity, pattern, and consequences of Respondent's past abuse, neglect, or exploitation of Petitioner or any family/household member, including Respondent's concealment of their location in order to evade service of process notice, and the likelihood of danger of future abuse, neglect, or exploitation to Petitioner or any member of Petitioner's or Respondent's family or household; and the danger that any minor child(ren) will be abused, neglected, removed from the jurisdiction, improperly concealed within the State, or improperly separated from  the child(ren)'s primary caretaker. The Court finds that:
    • The Court has jurisdiction over Petitioner, Respondent, minor children and other Protected Persons.
    • Venue is proper.
    • Respondent has abused Petitioner and/or the children identified as protected persons in Section 5 on page 4 and/or the Protected Persons listed on Page 1 of this *Order.*
    • The actions of Respondent will likely cause irreparable harm or continued abuse unless they are prohibited.
    • It is necessary to grant the requested relief in this *Order* to protect Petitioner or other abused persons.

6. Other Relevant Factors and Findings *(check all that apply)*:
    ☐ An *Order of Protection* has previously been entered in this case or in another case in which any party, or a child

any party, has been named as either Respondent or Petitioner.

☐ An abused person is unable to bring this *Petition* on their own behalf due to age, health, disability, or

☐ The *Petition* has been filed on behalf of a high-risk adult with disabilities who has been abused, neglected, or exploited by a family or household member.

☐ There is reason to believe Respondent is *(check all that apply)*:  ☐ armed  ☐ dangerous  ☐ suicidal

7. ☐ The Court is entering this *Order* based on the following prima facie evidence (*check one*):

    ☐ an information, complaint, indictment or delinquency petition, charging a crime of domestic violence or charging an attempt to commit a crime of domestic violence; OR

    ☐ an adjudication of delinquency, a finding of guilt based upon a plea, or a finding of guilt after a trial for a crime of domestic battery; OR

    ☐ any disposition order issued under Section 5-710 of the Juvenile Court Act of 1987, the imposition of supervision, conditional discharge, probation, periodic imprisonment, parole, aftercare release, or mandatory supervised release for a crime of domestic violence or an attempt to commit a crime of domestic violence, or imprisonment in conjunction with a bond forfeiture warrant; OR

    ☐ the entry of a protective order in a separate civil case brought by the Petitioner against Respondent.

## IMPORTANT INFORMATION ABOUT THIS *ORDER OF PROTECTION*

**TO BOTH PARTIES:** This *Order* CANNOT BE CHANGED OR VACATED unless you have a hearing. To have a Petitioner or Respondent must do the following:

1. File a written motion with the Circuit Clerk that lists the reasons why you want to change or vacate this *Order*;
2. Get a time for the hearing from the Circuit Clerk; AND
3. Provide the other party with a copy of your motion and notify the other party in writing of the time and place of the hearing.

**TO RESPONDENT:** The Court has granted this *Order*. If you do not obey this *Order*, you could be arrested and charged with a crime.

- Petitioner cannot give you legal permission to change this *Order*. Only the Court can change this *Order*. If you have contact with Petitioner that is prohibited by this *Order*, you may be arrested.
- If you and Petitioner want to have contact with each other again, you must ask the Court to modify or dismiss this *Order of Protection*.
- Unless the Court changes or dismisses this *Order*, you can be arrested for violating this *Order of Protection*.

You may ask the Court to re-open this *Order* if you did not receive notice before this *Order* was signed. To do this you must file a motion stating that (1) you did not receive prior notice, and (2) you have a valid defense to the *Order*, or that the *Order*, or any of its remedies, was not authorized under the law.

Any knowing violation of an *Order of Protection* forbidding physical abuse, neglect, exploitation, harassment, interference with personal liberty, willful deprivation, or entering or remaining present at specified places when any Protected Persons are present, or granting exclusive possession of the residence or household or granting a stay away order is a Class A misdemeanor. Grants of exclusive possession of the residence or household shall constitute notice forbidding trespass to land. Any knowing violation of an order awarding parental responsibility (formerly custody) or care of a child or prohibiting removal or concealment of a child may be a Class 4 felony. Any willful violation of any contempt of court. Any violation may result in fine or imprisonment.

**TO PETITIONER:** You cannot change the terms of this *Order* by your words or actions.

- If the Court has ordered no contact or given you sole possession of the residence, only the Court can allow the Respondent to contact you or return to the residence.
- If you want to have contact with the Respondent again, you MUST ask the Court, in a written motion to change vacate this *Order of Protection*.
- You cannot be charged with a violation of this *Order*.

**TO PARENTS OR GUARDIANS OF MINOR RESPONDENTS:** The Court may hold you in contempt of court if a minor respondent in your care violates this *Order* and you have helped, encouraged, or directed the minor to do so.

## NOTICE ABOUT ENFORCEMENT:

This *Order of Protection* is enforceable, even without registration, in all 50 states, the District of Columbia, lands, and the U.S. Territories pursuant to the Violence Against Women Act (18 U.S.C. § 2265), provided notice this *Order of Protection* has been provided to the Respondent. Violating this *Order of Protection* may subject the Respondent to state and/or federal charges and punishment. 18 U.S.C. §§ 2261-2262. This *Order* is directed to the Respondent. Except under accountability circumstances, which should be assessed by the Attorney, Petitioner cannot be guilty of violation of an *Order of Protection*.

### DEFINITION OF TERMS USED IN THIS *ORDER*

These definitions are incorporated in and made a part of the *Order* to which they are attached.

1. **Abuse:** "Abuse" means physical abuse, harassment, intimidation of a dependent, interference with personal liberty, or willful deprivation, but does not include
   reasonable direction of a minor child by a parent or person *in loco parentis*.

2. **Adult with Disabilities:** "Adult with Disabilities" means an elder adult with disabilities or a high-risk adult with disabilities. A person may be an adult with disabilities for purposes of this Act even though he or she has never been adjudicated an incompetent adult. However, no court proceeding may be initiated or continued on behalf of an adult with disabilities over that adult's objection, unless such proceeding is approved by his or her legal guardian, if any.

3. **Elder Adult with Disabilities:** "Elder adult with disabilities" means an adult prevented by advanced age from taking appropriate action to protect himself or herself from abuse by a family or household member.

4. **Exploitation:** "Exploitation" means the illegal, including tortious, use of a high-risk adult with disabilities or of the assets or resources of a high-risk adult with disabilities. Exploitation includes, but is not limited to, the misappropriation of assets or resources of a high-risk adult with disabilities by undue influence, by breach of a fiduciary relationship, by fraud, deception, or extortion, or the use of such assets or resources in a manner contrary to law.

5. **Family or Household Members:** Include spouses, former spouses, parents, children, stepchildren and other persons related by blood or by present or prior marriage, persons who share or formerly shared a common dwelling, persons who have or allegedly have a child in common, persons who share or share a blood relationship through a child, persons who have or have had a dating or engagement relationship, persons with disabilities and their personal assistants, and caregivers as defined in Section 12-4.4a of the Criminal Code of 2012. For purposes of this paragraph, neither a casual acquaintanceship nor ordinary fraternization between two individuals in business or social contexts shall be deemed to constitute a dating relationship. In the case of a high-risk adult with disabilities, "family or household members" includes any person who has the responsibility for a high-risk adult as a result of a family relationship or who has assumed responsibility for all or a portion of the care of a high-risk adult with disabilities voluntarily, or by express or implied contract, or by court order.

6. **Harassment:** "Harassment" means knowing conduct which is not necessary to accomplish a purpose that is reasonable under the circumstances, would cause a reasonable person emotional distress, and does cause emotional distress to Petitioner. Unless the presumption is rebutted by a preponderance of the evidence, the following types of conduct shall be presumed to cause emotional distress:
   a. creating a disturbance at Petitioner's place of employment or school; or
   b. repeatedly telephoning Petitioner's place of employment, home or residence; or
   c. repeatedly following Petitioner about in a public place or places; or
   d. repeatedly keeping Petitioner under surveillance by remaining present outside his or her home, school, place of employment, vehicle or other place occupied by Petitioner or by peering in Petitioner's windows; or
   e. improperly concealing a minor child from Petitioner, repeatedly threatening to improperly remove a minor child of Petitioner's from the jurisdiction or from the physical care of Petitioner, repeatedly threatening to conceal a minor child from Petitioner, or making a single such threat following an actual or attempted improper removal or concealment, unless Respondent was fleeing an incident or pattern of domestic violence; or
   f. threatening physical force, confinement or restraint on one or more occasions.

7. **High-risk Adult with Disabilities:** "High-risk adult with disabilities" means a person aged 18 or over whose physical or mental disability impairs his or her ability to seek or obtain protection from abuse, neglect, or exploitation.

8. **Interference with Personal Liberty:** "Interference with personal liberty" means committing or threatening physical abuse, harassment, intimidation or willful deprivation so as to compel another to engage in conduct from which they have a right to abstain or to refrain from conduct in which they have a right to engage.

9. **Intimidation of a Dependent:** "Intimidation of a dependent" means subjecting a person who is dependent because of age, health or disability to participation in or the witnessing of: physical force against another or physical confinement or restraint of another, which constitutes physical abuse as defined in this Act, regardless of whether the abused person is a family or household member.

10. **Neglect:** "Neglect" means the failure to exercise that degree of care toward a high-risk adult with disabilities which a reasonable person would exercise under the circumstances and includes but is not limited to:
    a. the failure to take reasonable steps to protect a high-risk adult with disabilities from acts of abuse; or
    b. the repeated, careless imposition of unreasonable confinement; or
    c. the failure to provide food, shelter, clothing, and personal hygiene to a high-risk adult with disabilities who requires such assistance; or
    d. the failure to provide medical and rehabilitative care for the physical and mental health needs of a high-risk adult with disabilities; or
    e. the failure to protect a high-risk adult with disabilities from health and safety hazards.
    Nothing in this definition shall be construed to impose a requirement that assistance be provided to a high-risk adult with disabilities over his or her objection

in the absence of a court order, nor to create any new affirmative duty to provide support to a high-risk adult with disabilities.

11. **Petitioner:** "Petitioner" may mean not only any named petitioner for the order of protection and any named victim of abuse on whose behalf the petition is brought, but also any other person protected by this Act.

12. **Physical Abuse:** "Physical abuse" includes sexual abuse and means any of the following:
   a. knowing or reckless use of physical force, confinement or restraint; or
   b. knowing, repeated and unnecessary sleep deprivation; or
   c. knowing or reckless conduct which creates an immediate risk of physical harm.

13. **Stalking:** "Stalking" means knowingly and without lawful justification, on at least two (2) separate occasions, following another person or placing the person under surveillance or any combination thereof and:
   a. at any time transmitting a threat of immediate or future bodily harm, sexual assault, confinement or restraint, and the threat is directed towards that person or a family member of that person; or
   b. placing that person in reasonable apprehension of immediate or future bodily harm, sexual assault, confinement or restraint; or
   c. placing that person in reasonable apprehension that a family member will receive immediate or future bodily harm, sexual assault, confinement, or

14. **Willful Deprivation:** "Willful deprivation" means willfully denying a person who because of age, health or disability requires medication, medical care, shelter, food, therapeutic device, or other physical assistance, and thereby exposing that person to the risk of physical, mental or emotional harm, except with regard to medical care or treatment when the dependent person has expressed an intent to forego such medical care or treatment. This paragraph does not create any new affirmative duty to provide support to dependent persons.

Samuel Beshers is the
Respondent in a Title IX
Case and was held under
No Contact Order by
Title IX and University of
Illinois. I was instructed
to file a Title IX report
against Samuel Beshers
by Federal Agents at
Title IX. The Title IX
Office was forced to
Officially file a no-contact
order against Samuel
Beshers, Defendant, due to
his retaliation against me,
Inappropriate comments and

behavior, as well as intentional off-record wheeling and dealing, gossip/character defamation, etc. that is used as a tactic at UI to threaten, bribe, intimidate, manipulate students/ employees, etc. Samuel Beshers forces people to engage with him on private cell phones at inappropriate hours and in too-friendly a manner — he refers to this as being part of NSP family

and he does all of the
illegal conversations in-person
or over the phone.
Summer 2017 all while
I was at Adobe for
my internship, Samuel
Beshers asked me late
in the evening over
the phone if I "support
the Google Manifesto"
or not. I said no
and my job offer with
Aron Barbey was revoked
in the same illegal
practions that UI used
with Steven Salaita who

also filed a Federal
Lawsuit against UI
for the same crimes
I am reporting. Salaita
won his lawsuit but
UI is still doing this
illegal crime rampantly,
and my case shows
this tactic used on me
multiple times due to
religious prejudice, sexism,
and more retaliation,
and more.
Samuel Beshers is friends
with everyone and
nobody wants to file

reports against Sam.
I felt extremely bad
about reporting Sam
because he does favors
for students and helps
negotiate between the
professors and students
so everyone feels like
he is a friend and
doing them a favor.
However, it turns out
many of the things
Sam offers people are
not favors, - people are
legally entitled to the
favors Sam does and

UI breaks contracts
and violates labor
laws so much that
UI will offer to
do what UI is legally
required to do to stop
people from reporting
them or negotiate
illegally.
Samuel Beshers went to
UI as a student, if
I am not mistaken.

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT | ORDER OF PROTECTION | |
|---|---|---|
| Champaign COUNTY | Civil Proceeding ☐ Interim ☐ Plenary<br>Criminal Proceeding ☑ Final | **Case Number** |

| | | For Court Use Only |
|---|---|---|
| **Instructions ▼** | **Petitioner:** Rose Meacham | ☐ **Independent** |
| Directly above, enter the county where you filed this case. | _(First, middle, last name)_ | ☐ **Juvenile** |
| Enter your name as Petitioner. | People to be Protected by this *Order* (check all that apply): | ☑ **Other Civil Proceeding** |
| | ☑ Petitioner | ☐ **Criminal** |
| Check the boxes for **ALL** people you want to include in the *Order*. | ☐ Petitioner's minor children with Respondent: | ☐ **This *Order* has been granted Pursuant to the Code of Criminal Procedure 725 ILCS 5/112A** |
| On the lines provided, enter the name for each person you are trying to protect. "Other household members" includes people living with you or working where you are staying. | ☐ Petitioner's minor children not related to Respondent: _____ _____ | |
| | ☐ Dependent adult: _____ | |
| | ☐ High risk adult: _____ | |
| | ☐ Other household members: _____ | |
| Enter name of the person you are seeking protection from as Respondent. | **v.** | |
| Enter the Case Number given by the Circuit Clerk. | **Respondent:** Sam Beshers | |
| | _(First, middle, last name)_ | |

| **NOTE:** | If you are completing this form for a minor child, a dependent adult, or a high risk adult, insert information needed below as if you were that person. In other words, do not use your information. |
|---|---|

**1. Petitioner's** ☐ **address OR** ☐ **alternative address for notice**

325 Ramblewood Road     DuPage     Illinois     60137
_Street Address, Apt #_ _____ City _____ State _____ Zip

rsm397@nyu.edu
_Email_

**2. Respondent's date of birth** *(if known)*: _____     Sex: Male     Race White

**3. Respondent's address** *(if known)*:

2325/21 Beckman Institute, 405 North Mathews Avenue     Urbana     Illinois     61801
_Street Address, Apt #_ _____ City _____ State _____ Zip

University of Illinois Urbana-Champaign
_Respondent's Employer_ _____ _Respondent's work hours_

beshers@illinois.edu
_Respondent's Employer-Street Address_ _____ City _____ State _____ Zip

**THE COURT ORDERS THAT:**

☑ Respondent shall not abuse or threaten to abuse Petitioner *(see R01, page 2)*

☑ Respondent shall stay away from Petitioner *(see R03, page 2)*

**FOR ADDITIONAL ORDERS, READ THIS ENTIRE FORM**

☐ This *Order* was issued on: July 21, 2020    at   7am
                              *Date*                          *Time*

☐ This *Order* will end on: _____ at _____
                              *Date*                          *Time*

☐ This *Order* will end as entered on page 9.

**NEXT HEARING** *(interim Orders only)*: There will be a hearing on:   TBD _____ at _____
                                                                 *Date*                    *Time*

at   Federal Case in Central Disctrict Courthouse _____ in _____
     *Address of Courthouse*                                                     *Courtroom*

| **Respondent:** | A plenary *(final)* order of protection may be entered if Respondent does not come to this hearing. |
|---|---|

**After reviewing the *Petition* and hearing the evidence and testimony of Petitioner, the Court makes findings**
☐ Are stated on page 10 and 11 of this *Order*; OR
☐ Were made orally and videotaped or recorded by a court reporter and are incorporated into this *Order*.

**THE COURT ORDERS THAT ALL SECTIONS SELECTED BELOW BE OBEYED:**

☑ **1.**   **No Abuse** *(see page 4 of Petition)*                               (R01) (Police Enforced)
       Respondent shall not threaten or commit the following acts of abuse towards Petitioner *(check all that apply)*:

         ☑ Harassment                            ☑ Exploitation of a High Risk Adult with Disabilities
         ☑ Interference with Personal Liberty       ☑ Intimidation of a Dependent
         ☑ Physical Abuse                     ☑ Willful Deprivation
         ☑ Stalking                           ☑ Neglect of a High Risk Adult with Disabilities

☐ **2.**   **Possession of Residence** *(see page 5 of Petition)*                 (R02) (Police Enforced)
         ☐ Exclusive possession of residence is granted to Petitioner.
             ☐ Respondent must stay at least _____ feet away from the residence located at:

               _____
               *Street Address, Apt #*              *City*             *State*            *Zip*
               **OR**
             ☐ Respondent must stay away from the residence of Petitioner BECAUSE *(check one)*:
               ☐ Petitioner has a right to live there and Respondent has no right; OR
               ☐ Petitioner and Respondent both have the right to live there, but it would be harder on Petitioner
                 to leave the residence after considering the factors set forth in 750 ILCS 60/214(b)(2)(B).
         ☐ Provision of alternate housing
             ☐ Respondent shall provide alternate housing for Petitioner
               on or before: _____
                          *Date*
             ☐ Such housing shall meet the following requirements: _____
                                             _____

☑ **3.**   **Stay Away from Petitioner and Certain Places** *(see page 4 of Petition)*     (R03) (Police Enforced)
         ☑ Respondent shall not have any communication with Petitioner and stay away from Petitioner at all times.
         ☐ Respondent shall stay at least _____ feet away from Petitioner at all times.

| **Respondent:** | If any protection in Section 3 is granted, Respondent must not have ANY physical, non-physical, direct or indirect contact with Petitioner. This also includes contact through others who may or may not know about the *Order of Protection*. It also forbids oral communication, written communication, sign language, telephone and cell phone calls, faxes, texts, tweets, emails, posts, or communication by any other social media, and all other communication with Petitioner. |
|---|---|

☑ Respondent shall not be at or stay at any of these places while Petitioner is there:

☐ Residence located at: _____

| Street Address, Apt # | City | State | Zip |

☑ Places of employment of Petitioner, located at:
University of Illinois Urbana-Champaign

| Name | Street Address | City | State | Zip |

| Name | Street Address | City | State | Zip |

☐ Schools, kindergartens, or daycare centers of Petitioner, located at:

| Name | Street Address | City | State | Zip |

| Name | Street Address | City | State | Zip |

☑ Other locations:
All University Locations

| Name | Street Address | City | State | Zip |

| Name | Street Address | City | State | Zip |

☐ Respondent shall have the right to enter the residence listed in Section 2 <u>once</u> to retrieve the property as provided in Section 10 of this Order.

☑ School Restrictions *(see page 6 of Petition)*
University of Illinois Urbana-Champaign _____ is an elementary, middle, or high
*Name of School*
school attended by both Respondent and Petitioner, a person protected by this *Order*.
After considering the factors in 750 ILCS 60/214(b)(3)(B):

☑ Respondent shall not attend this school for as long as a Petitioner is enrolled there;
☐ Respondent shall accept a change of placement or program at this school as determined by the public school district or by this private or non-public school; OR
☐ Respondent shall follow these restrictions on movement within the school: _____
_____

☐ Requirements for Parents and Guardians
Respondent is a minor. To ensure that Respondent follows this *Order*, _____
*Name of Parent or Guardian*
shall do the following: _____

☑ **4.** **Counseling** *(see page 7 of Petition)*                                    (R04) (Court Enforced)
Respondent must do the following and file proof with the Circuit Clerk by _____ *(check all that apply)*:
*Date*

☐ Enroll in and successfully complete a Domestic Violence Partner Abuse program.
☐ Get an alcohol and substance abuse evaluation and complete any recommended counseling or treatment.
☐ Get a mental health evaluation and complete any recommended counseling or treatment.
☑ Other: Anger management training and sexual harassment, prejudice courses

| **Respondent:** | Respondent MUST fully participate in all sessions of outpatient or inpatient treatment recommended by the evaluating agency, as often and for as long as that agency or other referred providers recommend. Respondent must file with the Circuit Clerk monthly attendance and progress reports written by each treatment provider. |

☐ **5.**    **Care and Possession of Children** *(see page 8 of Petition)*      **(R05) (Police Enforced)**

| **Law Enforcement:** | The provisions of this section are Police Enforced <u>IF</u> Respondent is ordered *(see page 2, R03)* to stay away from the minor children listed as "protected" as checked below. |
|---|---|

☐ Respondent and Petitioner are the parents of the following minor children:

| Child's Name (first, middle, last) | Age | State of Residence | Included as Protected Party? | |
|---|---|---|---|---|
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |

☐   The primary caretaker of the minor children is:   ☐ Petitioner   ☐ Respondent   ☐ Other person:

_____
   *Name*            *Street Address*           *City*              *State*        *Zip*

☐   Petitioner is granted the physical care and possession of the minor children that Petitioner and

Respondent have together, AND:

     ☐   Respondent shall, personally or through a law enforcement agency as authorized by the court, return

         the minor children to the physical care of:

            ☐    Petitioner    ☐   other person: _____

                                                  *Name of Other Person*

     ☐   Respondent shall return the children to: _____

                                         *Street Address, Apt #*       *City*       *State*    *ZIP*

         ☐    on   ☐   by: _____ at _____ in the presence of:

                              *Date*                         *Time*

        _____
        *Name of Person or Name of Law Enforcement Agency*

☐   Respondent shall not remove the minor children from the physical care of Petitioner or from a school,

babysitter, daycare provider, or any person caring for the children.

☐   Within 24 hours of this *Order* being entered, the Circuit Clerk shall send written notice of the *Order* to the

following school, daycare, or health care providers:

_____
   *Name*            *Street Address*           *City*               *State*        *Zip*

_____
   *Name*            *Street Address*           *City*               *State*        *Zip*

     ☐   For the safety of Petitioner, the name and location of the school or daycare is listed on the

         *Confidential Name & Location of the School or Daycare* form.

☐ **6.**    **Temporary Significant Decision-Making Responsibility** *(formerly custody)*    **(R06) (Court Enforced)**

*(see page 8 of Petition)*

The Court awards Petitioner all significant decision-making responsibility *(formerly custody)* of the minor children that

Petitioner and Respondent have together.

The Court finds that:

☐   Paternity has not been established; OR

☐   Paternity has been established:

     ☐   The children of the parties were born before or during the marriage, or within 300 days of termination

         of the marriage.

     ☐   The parties are NOT married but there HAS been a legal determination of parentage through one or

     ☐   more of the following:

         1.   Both parties are listed as parents on an Illinois birth certificate.

         2.   Both parties have signed a Voluntary Acknowledgment of Parentage.

         3.   A judicial or administrative decision.

         4.   Other: _____

☐ **7. Respondent's Parenting Time** *(formerly visitation)* **with the Minor Children** (R07) (Court Enforced)
*(see pages 8 - 9 of Petition)*

☐ Parenting time is RESERVED until a later hearing. *(The Court will not make ANY decision on parenting time at this time)*

☐ Parenting time is ☐ DENIED until further order, OR ☐ RESTRICTED because Respondent is likely to:

    ☐ Abuse or endanger the children during parenting time.

    ☐ Use parenting time to abuse or harass Petitioner, Petitioner's family, or household members.

    ☐ Improperly hide or detain the children.

    ☐ Act in a way that is not in the best interest of the children.

☐ Parenting time is GRANTED as follows: *(include a.m. or p.m.)*

    ☐ Every _____ from _____ to _____
            *Days*                      *Time*         *Time*

    ☐ Each weekend ☐ Alternating weekends as follows:

        ☐ from Friday at _____ to Saturday at _____

        ☐ from Friday at _____ to Sunday at _____

        ☐ from Saturday at _____ to Sunday at _____

        ☐ from Saturday at _____ to Saturday at _____

        ☐ from Sunday at _____ to Sunday at _____

    ☐ Other: _____

        _____

        _____

    ☐ In order to protect Petitioner from further abuse, Respondent shall not go to Petitioner's residence to meet the minor children for parenting time.

    ☐ Date of first parenting time shall be on: _____ at _____
                                         *Date*        *Time*

    Pickup and return for parenting time shall take place at *(list name and address)*:

| | *Name* | *Street Address* | *City* | *State* | *Zip* |
|---|---|---|---|---|---|
| ☐ Police Department: | | | | | |
| ☐ Sheriff's Department: | | | | | |
| ☐ Safe Exchange Center: | | | | | |
| ☐ Other location: | | | | | |

    ☐ Responsibility for transportation of the children for parenting time shall be as follows:

        _____

    ☐ Parenting time shall take place at: _____
                                  *Street Address*             *City*    *State*   *Zip*

    ☐ Parenting time shall be supervised by: _____ ,
                                       *Name of Person or Agency*

    who has filed an *Affidavit of Parenting Time Supervisor* with the court accepting responsibility and acknowledging accountability.

    ☐ At the end of parenting time, Respondent shall immediately return the children to Petitioner or the following person designated by Petitioner: _____ ,
                                       *Name of Designated Person*

    who has filed an affidavit with the court accepting responsibility and acknowledging accountability.

| **Respondent:** | Petitioner may by law deny you access to the minor children if, when you arrive for parenting time, you are under the influence of drugs or alcohol and constitute a threat to the safety and well-being of Petitioner or the minor children of Petitioner or you are behaving in a violent or abusive manner (750 ILCS 60/214(b)(7)). |
|---|---|

☐ **8.** **No Concealment or Removal of Children** *(see page 9 of Petition)* (R08) (Police Enforced)
Respondent shall not hide the minor children within the State or remove the children from Illinois.

☐ **9.** **Appear with Children** *(see page 10 of Petition)* (R09) (Court Enforced)
Respondent shall appear ☐ alone ☐ with minor children at: _____
*Address of Courthouse*

_____ in Courtroom _____ on _____ at _____
*Date* *Time*

to *(check all that apply)*:
☐ Prevent abuse, neglect, removal or concealment of the children.
☐ Return the children to the custody or care of Petitioner.
☐ Permit a court-ordered interview or examination of the children or Respondent.

☐ **10.** **Possession of Personal Property** *(see page 5 of Petition)* (R10) (Court Enforced)
*(does not affect ownership of property)*
☐ Petitioner is awarded possession of the following personal property: _____

_____

☐ Respondent shall return ☐ all of the property ☐ the following property: _____

_____ to _____
*Name of Person*

The Court finds as follows:
☐ Petitioner, but not Respondent, owns the property.
☐ Petitioner and Respondent both own the property. Sharing it would put Petitioner at risk for abuse, or is not practical. Not having the property would be harder on Petitioner.
☐ Petitioner claims the property as marital property, and a divorce case has been filed.
☐ Respondent is awarded possession of the following personal property: ☐ clothing ☐ medicine
☐ Other personal property as follows: _____

_____

☐ Personal property shall be transferred at: _____
*Street Address* *City* *State* *Zip*

on _____ at _____
*Date* *Time*
☐ Personal property shall be transferred only in the presence of:
☐ Law enforcement: _____ ; OR
*Name of Law Enforcement Agency*
Date to be obtained from Law Enforcement by: ☐ Petitioner ☐ Respondent
☐ Another person: _____
*Name*

☑ **11.** **Restrictions on Property** *(see page 6 of Petition)* (R11) (Court Enforced)
☐ Respondent shall not take, transfer, encumber, conceal, damage, or otherwise dispose of any real or personal property, except as explicitly authorized by the Court, BECAUSE *(check all that apply)*:
☐ Petitioner, but not Respondent, owns the property.
Petitioner and Respondent both own the property. Not having the property would be harder on Petitioner.
☐ Petitioner claims the property as marital property, and a divorce case has been filed.
☐ Restrictions on Resources; Aged Petitioner
Respondent is prohibited from improperly using financial or other resources of an aged Petitioner for the advantage of Respondent or any other person.

☐ **11.5 Possession of Animals** *(see page 6 of Petition)*                    (R11.5) (Court Enforced)
Petitioner shall the have care, custody, and control over the following animals:                    _____

Respondent shall stay away from the animals and Respondent is forbidden from taking, transferring, concealing, harming, or otherwise disposing of the animals.

☐ **12. Temporary Support** *(see page 7 of Petition)*                    (R12) (Court Enforced)
The Court finds that Respondent is:   ☐ unemployed   ☐ self employed   ☐ employed by:

| *Name* | *Street Address* | *City* | *State* | *Zip* |
|---|---|---|---|---|

and has approximate net pay in the amount of:  $ _____   ☐ weekly   ☐ every two weeks
                                                                    ☐ twice a month   ☐ monthly

☐ Respondent shall pay temporary child support to Petitioner
In the amount of  $ _____   ☐ weekly   ☐ every two weeks   ☐ twice a month   ☐ monthly
   ☐ Payments shall begin on: _____ and shall continue until further order of the Court.
                                        *Date*
   Payments shall be made through the:   ☐ Circuit Clerk OR ☐ State Disbursement Unit (SDU) for
   Child Support. *(Payment shall not be paid directly to Petitioner)*
   **OR**
☐ A child support order will be entered.
   **AND/OR**
☐ Respondent shall pay temporary support (maintenance) to Petitioner
in the amount of  $ _____   ☐ weekly   ☐ every two weeks   ☐ twice a month   ☐ monthly

☑ **13. Payment of Losses Due To Abuse** *(see page 7 of Petition)*                    (R13) (Court Enforced)
☐ Respondent shall pay Petitioner for losses suffered as a direct result of abuse, neglect, or exploitation, including:
   ☐ Medical expenses…………………………………………………………………   $ _____
   ☐ Lost earnings……………………………………………………………………   $ _____
   ☐ Repair or replace property damaged or taken…………………………………   $ _____
   ☐ Moving and other travel expenses………………………………………………   $ _____
   ☐ Reasonable expenses for housing other than a domestic violence shelter………   $ _____
   ☐ Expenses for search and recovery of children…………………………………   $ _____
   ☑ Reasonable attorney's fees……………………………………………………   $ _____
   ☐ Other: _____   $ _____
The total amount of:
☐ $ _____ by _____
                              *Date*
   ☐ Payments in the amount of: $ _____   ☐ weekly   ☐ every two weeks ☐ twice a month
                                                        ☐ monthly

☐ **14. No Entry or Presence Under Influence** *(see page 5 of Petition)*                    (R14) (Court Enforced)
Even though Respondent is not required by this *Order* to stay away from the residence of Petitioner at all times, Respondent is not allowed to enter or remain in that residence while under the influence of drugs or alcohol and threatening the safety or well-being of Petitioner or Petitioner's children.

☐ **14.5** **Firearms** *(see page 6-7 of Petition)* (R14.5) (Court Enforced)

The Court has examined Petitioner and any other witnesses under oath. The Court finds that Respondent:

☐ Has appeared personally in court after receiving notice of this hearing; OR

☐ Failed to appear personally after having received actual notice.

☐ This *Order* restrains Respondent from abusing, stalking, or threatening their intimate partner or children of the intimate partner, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to themselves or their children; AND the Court finds that:

☐ Respondent represents a credible threat to the physical safety of Respondent's intimate partner or their children; OR

☐ This *Order* prohibits the use, attempted use, or threatened use of physical force against Respondent's intimate partner or their children that could reasonably be expected to cause bodily injury.

**Respondent:** Respondent is automatically prohibited from possessing a firearm while this *Order* is in effect, under Federal Law 18 USC 922(g)(8).

Therefore:

☐ Respondent shall surrender all firearms in their possession to this law enforcement agency, which shall take possession of them: _____
<div align="center">*Name of Law Enforcement Agency*</div>

☐ Respondent shall immediately turn over any FOID card in their possession to this law enforcement agency, which shall take possession of it: _____
<div align="center">*Name of Law Enforcement Agency*</div>

☐ Respondent's conceal and carry license is suspended during the duration of this *Order*. Respondent must turn over the license to the court at the time this *Order* is entered or to this law enforcement agency, which shall take possession of it: _____
<div align="center">*Name of Law Enforcement Agency*</div>

When this *Order* ends, Respondent's firearms and FOID card shall be returned to Respondent upon request if the FOID card is not expired and there is no other order restricting Respondent's possession of those firearms.

☐ **15.** **Children's Records** *(see page 10 of Petition)* (R15) (Court Enforced)

Respondent is not allowed to access, inspect, or obtain school records or any other records of the minor children in the care of Petitioner because *(check all that apply)*:

☐ This *Order of Protection* prohibits Respondent from having contact with the minor children.

☐ The actual address of Petitioner is not included due to the risk of further abuse.

☐ It is necessary to prevent abuse or wrongful removal or concealment of the minor children.

☐ **16.** **Shelter Reimbursement** *(see page 7 of Petition)* (R16) (Court Enforced)

Respondent shall pay  $ _____ to _____
<div align="center">*Shelter Name*</div>

for the cost of services and shelter provided to Petitioner.

☑ **17.** **Miscellaneous Remedies** *(see page 10 of Petition)* (R17) (Court Enforced)

☑ Respondent is further ordered as follows: Attend mandatory anger management and additional training for sexual harassment, discrimination and prejudice based on disability and sex/gender.

☐ **18.** **Telephone Services** *(see page 6 of Petition)* (R18) (Court Enforced)

☐ Petitioner uses the following telephone numbers for which a wireless telephone provider provides service for Respondent and Petitioner:

Name of Provider: _____

Name of Account Holder: _____

Respondent's Billing Phone #: _____

Petitioner Phone #: _____

Petitioner Phone #: _____

☐ After considering the evidence and pursuant to 725 ILCS 5/112A-14(b)(18),the wireless telephone service provider shall terminate Respondent's use of Petitioner's phone number, transfer to Petitioner the right to use these phone numbers, and transfer to Petitioner all financial responsibility associated with future use of these phone numbers.

| **Petitioner:** | STOP! Only the Judge or Circuit Clerk shall enter anything below this point. |
|---|---|

☐ **RULINGS PURSUANT TO** 750 ILCS 60/221(a)(2) and (b)(2)

☐ The relief requested in Paragraphs: ☐ 2 ☐ 3 ☐ 10 ☐ 11 ☐ 16 ☐ Other: _____
in the *Petition* is DENIED because the balance of hardships does not support the granting of the remedy; the granting of the remedy will result in hardship to Respondent that would substantially outweigh the hardship to

Petitioner from the denial of the remedy; OR because: _____

_____

☐ The relief requested in Paragraphs: _____
in the *Petition* is RESERVED.

☐ **COMPLIANCE HEARING**

☐ A compliance hearing will be held on: _____ at _____ on the following issues: _____
    <span>Date</span>    <span>Time</span>

_____

☐ Respondent is ordered to appear and bring the following documents: _____

_____

**PLENARY** *(FINAL)* **ORDERS ONLY:**

**If no specific date for expiration is entered on page 2, this *Order* will remain in effect until:**

☐ 1.* Final judgment is entered in related case number: _____

☐ 2.* This *Order* is modified or vacated by the Court *(if incorporated into the final judgment of another civil proceeding).*

☐ 3.* Expiration of any supervision, conditional discharge, probation, periodic imprisonment, parole, or supervised mandatory release, plus 2 years.

☐ 4.* Expiration of a term of imprisonment set by this court, plus 2 years.

*\* This Order may last more than 2 years if it is entered in conjunction with a civil or criminal proceeding.*

☐ 5. Termination of any voluntary or involuntary commitment, or until: _____
    <span>Date (not to exceed 2 years)</span>

☐ 6. Until disposition, withdrawal or dismissal of the underlying charge if entered during pre-trial release. If case is continued as an independent cause of action, for a fixed period of time not to exceed 2 years.

☐ 7. Final disposition when a Bond Forfeiture Warrant has issued, or until: _____
    <span>Date (not to exceed 2 years)</span>

☐ 8. Further order of the Court only by extension; special findings needed.

**ENTERED:** _____    _____
    <span>Judge</span>    <span>Date</span>

I hereby certify that this is a true and correct copy of the original order on file with the Court.

Clerk of the Circuit Court of _____ County Illinois _____
    <span>Date</span>

_____

*Seal (and signature, as locally required)*

Copies given to: ☐ Petitioner ☐ Respondent in Open Court ☐ Respondent via Sheriff ☐ LEADS
☐ Sheriff ☐ State's Attorney

To be completed by the judge:

☐ There is reason to believe Respondent is *(check all that apply)*: ☐ armed ☐ dangerous ☐ suicidal

**FINDINGS:**

**After reviewing the *Petition* and hearing the evidence and testimony of Petitioner, the Court finds that:**

1. The people protected by this *Order* are:
   - ☐ Petitioner
   - ☐ Minor children listed in the caption of this *Order*
   - ☐ Other Protected Persons listed on page 1 of this *Order*

2. The Petitioner has the following relationship to Respondent:

| | | |
|---|---|---|
| ☐ Boyfriend / Girlfriend (including ex) (BG) | ☐ Spouse (SE) | ☐ Ex-Spouse (XS) |
| ☐ Has Children with Respondent (never married to Respondent) (CC) | ☐ Sharing or Shared Home (CS) | ☐ Child (CH) |
| ☐ Parent (PA) | ☐ Brother or Sister (SB) | ☐ Other Family Member (OF) |
| ☐ Other – Petitioner not Related to Respondent (OT) | ☐ In-law (IL) | ☐ Personal Caregiver to Disabled Petitioner (PC) |
| ☐ Petitioner with Disability (PD) | ☐ Personal Assistant of Petitioner (PR) | ☐ Grandchild (GC) |
| ☐ Grandparent (GP) | ☐ Step-Child (SC) | ☐ Step-Brother or Step-Sister |
| ☐ Prospective or Adoptive Child has Family or Household Relationship with Respondent | ☐ Foster Child has Family or Household Relationship with Respondent | ☐ Legally Appointed Guardian or Custodian of a Child who has a Family or Household Relationship with |
| ☐ Step-Parent (SP) | | |

3. ☐ Respondent has received notice of Petitioner's request for an *Order of Protection*.
   - ☐ Petitioner has diligently attempted to complete service of process, but has not been able to serve Respondent.
   - ☐ Petitioner has given notice by publication.
   - ☐ Petitioner is present in person in court. ☐ Represented by: _____
     *Name of Lawyer*

4. ☐ Respondent has filed an answer or appearance.
   - ☐ Respondent is not present in court, and is in default.
   - ☐ Respondent is present in person in court. ☐ Represented by: _____
     *Name of Lawyer*

5. In granting the remedies in this *Order*, the Court has considered all relevant factors, including: the nature, frequency, severity, pattern, and consequences of Respondent's past abuse, neglect, or exploitation of Petitioner or any family/household member, including Respondent's concealment of their location in order to evade service of process notice, and the likelihood of danger of future abuse, neglect, or exploitation to Petitioner or any member of Petitioner's or Respondent's family or household; and the danger that any minor child(ren) will be abused, neglected, removed from the jurisdiction, improperly concealed within the State, or improperly separated from the child(ren)'s primary caretaker. The Court finds that:

   - The Court has jurisdiction over Petitioner, Respondent, minor children and other Protected Persons.
   - Venue is proper.
   - Respondent has abused Petitioner and/or the children identified as protected persons in Section 5 on page 4 and/or the Protected Persons listed on Page 1 of this *Order*.
   - The actions of Respondent will likely cause irreparable harm or continued abuse unless they are prohibited.
   - It is necessary to grant the requested relief in this *Order* to protect Petitioner or other abused persons.

6. Other Relevant Factors and Findings *(check all that apply)*:
   - ☐ An *Order of Protection* has previously been entered in this case or in another case in which any party, or a child

any party, has been named as either Respondent or Petitioner.

☐ An abused person is unable to bring this *Petition* on their own behalf due to age, health, disability, or

☐ The *Petition* has been filed on behalf of a high-risk adult with disabilities who has been abused, neglected, or exploited by a family or household member.

☐ There is reason to believe Respondent is *(check all that apply)*:     ☐ armed   ☐ dangerous   ☐ suicidal

7. ☐ The Court is entering this *Order* based on the following prima facie evidence *(check one)*:

    ☐ an information, complaint, indictment or delinquency petition, charging a crime of domestic violence or charging an attempt to commit a crime of domestic violence; OR

    ☐ an adjudication of delinquency, a finding of guilt based upon a plea, or a finding of guilt after a trial for a crime of domestic battery; OR

    ☐ any disposition order issued under Section 5-710 of the Juvenile Court Act of 1987, the imposition of supervision, conditional discharge, probation, periodic imprisonment, parole, aftercare release, or mandatory supervised release for a crime of domestic violence or an attempt to commit a crime of domestic violence, or imprisonment in conjunction with a bond forfeiture warrant; OR

    ☐ the entry of a protective order in a separate civil case brought by the Petitioner against Respondent.

## IMPORTANT INFORMATION ABOUT THIS *ORDER OF PROTECTION*

**TO BOTH PARTIES:** This *Order* CANNOT BE CHANGED OR VACATED unless you have a hearing. To have a Petitioner or Respondent must do the following:

1. File a written motion with the Circuit Clerk that lists the reasons why you want to change or vacate this *Order*;
2. Get a time for the hearing from the Circuit Clerk; AND
3. Provide the other party with a copy of your motion and notify the other party in writing of the time and place of the hearing.

**TO RESPONDENT:** The Court has granted this *Order*. If you do not obey this *Order*, you could be arrested and charged with a crime.

- Petitioner cannot give you legal permission to change this *Order*. Only the Court can change this *Order*. If you have contact with Petitioner that is prohibited by this *Order*, you may be arrested.
- If you and Petitioner want to have contact with each other again, you must ask the Court to modify or dismiss this *Order of Protection*.
- Unless the Court changes or dismisses this *Order*, you can be arrested for violating this *Order of Protection*.

You may ask the Court to re-open this *Order* if you did not receive notice before this *Order* was signed. To do this you must file a motion stating that (1) you did not receive prior notice, and (2) you have a valid defense to the *Order*, or that the *Order*, or any of its remedies, was not authorized under the law.

Any knowing violation of an *Order of Protection* forbidding physical abuse, neglect, exploitation, harassment, interference with personal liberty, willful deprivation, or entering or remaining present at specified places when any Protected Persons are present, or granting exclusive possession of the residence or household or granting a stay away order is a Class A misdemeanor. Grants of exclusive possession of the residence or household shall constitute notice forbidding trespass to land. Any knowing violation of an order awarding parental responsibility (formerly custody) or care of a child or prohibiting removal or concealment of a child may be a Class 4 felony. Any willful violation of any contempt of court. Any violation may result in fine or imprisonment.

**TO PETITIONER:** You cannot change the terms of this *Order* by your words or actions.

- If the Court has ordered no contact or given you sole possession of the residence, only the Court can allow the Respondent to contact you or return to the residence.
- If you want to have contact with the Respondent again, you MUST ask the Court, in a written motion to change vacate this *Order of Protection*.
- You cannot be charged with a violation of this *Order*.

**TO PARENTS OR GUARDIANS OF MINOR RESPONDENTS:** The Court may hold you in contempt of court if a minor respondent in your care violates this *Order* and you have helped, encouraged, or directed the minor to do so.

## NOTICE ABOUT ENFORCEMENT:

This *Order of Protection* is enforceable, even without registration, in all 50 states, the District of Columbia, lands, and the U.S. Territories pursuant to the Violence Against Women Act (18 U.S.C. § 2265), provided notice this *Order of Protection* has been provided to the Respondent. Violating this *Order of Protection* may subject the Respondent to state and/or federal charges and punishment. 18 U.S.C. §§ 2261-2262. This *Order* is directed to the Respondent. Except under accountability circumstances, which should be assessed by the Attorney, Petitioner cannot be guilty of violation of an *Order of Protection*.

### DEFINITION OF TERMS USED IN THIS *ORDER*

These definitions are incorporated in and made a part of the *Order* to which they are attached.

1.  **Abuse:** "Abuse" means physical abuse, harassment, intimidation of a dependent, interference with personal liberty, or willful deprivation, but does not include

    reasonable direction of a minor child by a parent or person *in loco parentis*.
2.  **Adult with Disabilities:** "Adult with Disabilities" means an elder adult with disabilities or a high-risk adult with disabilities. A person may be an adult with disabilities for purposes of this Act even though he or she has never been adjudicated an incompetent adult. However, no court proceeding may be initiated or continued on behalf of an adult with disabilities over that adult's objection, unless such proceeding is approved by his or her legal guardian, if any.
3.  **Elder Adult with Disabilities:** "Elder adult with disabilities" means an adult prevented by advanced age from taking appropriate action to protect himself or herself from abuse by a family or household member.
4.  **Exploitation:** "Exploitation" means the illegal, including tortious, use of a high-risk adult with disabilities or of the assets or resources of a high-risk adult with disabilities. Exploitation includes, but is not limited to, the misappropriation of assets or resources of a high-risk adult with disabilities by undue influence, by breach of a fiduciary relationship, by fraud, deception, or extortion, or the use of such assets or resources in a manner contrary to law.
5.  **Family or Household Members:** Include spouses, former spouses, parents, children, stepchildren and other persons related by blood or by present or prior marriage, persons who share or formerly shared a common dwelling, persons who have or allegedly have a child in common, persons who share or share a blood relationship through a child, persons who have or have had a dating or engagement relationship, persons with disabilities and their personal assistants, and caregivers as defined in Section 12-4.4a of the Criminal Code of 2012. For purposes of this paragraph, neither a casual acquaintanceship nor ordinary fraternization between two individuals in business or social contexts shall be deemed to constitute a dating relationship. In the case of a high-risk adult with disabilities, "family or household members" includes any person who has the responsibility for a high-risk adult as a result of a family relationship or who has assumed responsibility for all or a portion of the care of a high-risk adult with disabilities voluntarily, or by express or implied contract, or by court order.
6.  **Harassment:** "Harassment" means knowing conduct which is not necessary to accomplish a purpose that is reasonable under the circumstances, would cause a reasonable person emotional distress, and does cause emotional distress to Petitioner. Unless the presumption is rebutted by a preponderance of the evidence, the following types of conduct shall be presumed to cause emotional distress:
    a.  creating a disturbance at Petitioner's place of employment or school; or
    b.  repeatedly telephoning Petitioner's place of employment, home or residence; or
    c.  repeatedly following Petitioner about in a public place or places; or
    d.  repeatedly keeping Petitioner under surveillance by remaining present outside his or her home, school, place of employment, vehicle or other place occupied by Petitioner or by peering in Petitioner's windows; or
    e.  improperly concealing a minor child from Petitioner, repeatedly threatening to improperly remove a minor child of Petitioner's from the jurisdiction or from the physical care of Petitioner, repeatedly threatening to conceal a minor child from Petitioner, or making a single such threat following an actual or attempted improper removal or concealment, unless Respondent was fleeing an incident or pattern of domestic violence; or
    f.  threatening physical force, confinement or restraint on one or more occasions.
7.  **High-risk Adult with Disabilities:** "High-risk adult with disabilities" means a person aged 18 or over whose physical or mental disability impairs his or her ability to seek or obtain protection from abuse, neglect, or exploitation.
8.  **Interference with Personal Liberty:** "Interference with personal liberty" means committing or threatening physical abuse, harassment, intimidation or willful deprivation so as to compel another to engage in conduct from which they have a right to abstain or to refrain from conduct in which they have a right to engage.
9.  **Intimidation of a Dependent:** "Intimidation of a dependent" means subjecting a person who is dependent because of age, health or disability to participation in or the witnessing of: physical force against another or physical confinement or restraint of another, which constitutes physical abuse as defined in this Act, regardless of whether the abused person is a family or household member.
10. **Neglect:** "Neglect" means the failure to exercise that degree of care toward a high-risk adult with disabilities which a reasonable person would exercise under the circumstances and includes but is not limited to:
    a.  the failure to take reasonable steps to protect a high-risk adult with disabilities from acts of abuse; or
    b.  the repeated, careless imposition of unreasonable confinement; or
    c.  the failure to provide food, shelter, clothing, and personal hygiene to a high-risk adult with disabilities who requires such assistance; or
    d.  the failure to provide medical and rehabilitative care for the physical and mental health needs of a high-risk adult with disabilities; or
    e.  the failure to protect a high-risk adult with disabilities from health and safety hazards.
    Nothing in this definition shall be construed to impose a requirement that assistance be provided to a high-risk adult with disabilities over his or her objection

in the absence of a court order, nor to create any new affirmative duty to provide support to a high-risk adult with disabilities.

11. **Petitioner:** "Petitioner" may mean not only any named petitioner for the order of protection and any named victim of abuse on whose behalf the petition is brought, but also any other person protected by this Act.

12. **Physical Abuse:** "Physical abuse" includes sexual abuse and means any of the following:
    a. knowing or reckless use of physical force, confinement or restraint; or
    b. knowing, repeated and unnecessary sleep deprivation; or
    c. knowing or reckless conduct which creates an immediate risk of physical harm.

13. **Stalking:** "Stalking" means knowingly and without lawful justification, on at least two (2) separate occasions, following another person or placing the person under surveillance or any combination thereof and:
    a. at any time transmitting a threat of immediate or future bodily harm, sexual assault, confinement or restraint, and the threat is directed towards that person or a family member of that person; or
    b. placing that person in reasonable apprehension of immediate or future bodily harm, sexual assault, confinement or restraint; or
    c. placing that person in reasonable apprehension that a family member will receive immediate or future bodily harm, sexual assault, confinement, or

14. **Willful Deprivation:** "Willful deprivation" means willfully denying a person who because of age, health or disability requires medication, medical care, shelter, food, therapeutic device, or other physical assistance, and thereby exposing that person to the risk of physical, mental or emotional harm, except with regard to medical care or treatment when the dependent person has expressed an intent to forego such medical care or treatment. This paragraph does not create any new affirmative duty to provide support to dependent persons.

Martha Gillette and
Alexis Thompson told
me that I needed
to shut down my
Women's Non-Profit in
order to remain in the
PhD Program — the
Title IX Office told
me that this is illegal.
University of Illinois
goes out of its way
to block Student/Employees
from knowing their
Rights as Employees and
as American Citizens, etc.
It was not until speaking

to Title IX and
hiring lawyers out-of-
pocket that I was
given proper information
about what my Rights
are or had access
to information about
the illegal actions
of UI, Employees, etc.
Directors of Departments
told me to report
because they said
their "hands are tied"*
unless someone filed an
official report about
the incidents.

Martha Gillette and
Alexis Thompson
intentionally over burdened
me and I was told
by professors, informants,
at UI that this
tactic is used to illegally
"push-out" students/employees.
The Womens-NonProfit
that Martha Gillette
and Alexis Thompson
illegally shut down
was a project I was
working on (paying my own
money) to help Women
who are abused, raped,

victimized with sexism, etc.
Martha Gillette and
Alexis Thompson broke
Civil, State, Federal
Laws by forcing me
to shut down my
Women's non-profit to
remain in my job as
Student/Employee at
UI — in fact after
meeting with Student
Union it is obvious
that Martha, Alexis,
Samuel Beshers etc.
break Civil, State, Federal
Laws all the time but

Students do not even know their rights are being violated. And, for example, Brad Sutton did not allow me to take the training sessions properly and wanted me to rush through everything, saying it isn't important and just click through them to the next screen — so people at UI do not even have the proper legally required trainings about reporting Scientific Fraud, and improper illegal acts

in laboratories.

I was instructed by
Title IX to file
reports against Martha
Gillette due to this
illegal meeting where
I was forced to shut
down the Women's
Non-Profit and illegally
overburdened, with
impossible deadlines,
impossible assignments etc.
(evidence forthcoming
December 2017 incident's
with advisers).
Alexis Thompson was part

of this but I filed a complaint about Alexii Thompson with Allison McKinney and Wojtek Chodzko - Zajko, her boss at the Graduate College, Deans Office, Student Building. The complaints were illegally shut down and my requests to be transferred to a different Dean who doesn't victimize me and doesn't violate my rights, was denied because I missed a deadline while I was being illegally overburdened.

Alexis Thompson retaliated
against me horribly and
in 2019 is responsible
for starting the campaign
Micheal Key, Aron Barbey
began 2017, to have
me illegally removed
from my school, job,
without cause;

the women Micheal Key is another
student who runs a
Women's ~~frog~~ Group at UI
but it is only for
African-American Women
and her group is supported
by the program and UI

but mine was shut down.
The attached evidence
proves Micheal Key
bullies, harasses, threatens
students/Employees ~~not~~
to not report Title IX
etc and even filed a
false report about me
with OSCR to block
my reports — I was
unable to file my
Title IX reports etc
because of Micheal Key's
actions and this was
used against me illegally
to remove me from UI

without cause.

| STATE OF ILLINOIS, CIRCUIT COURT | ORDER OF PROTECTION | |
|---|---|---|
| Champaign COUNTY | Civil Proceeding ☐ Interim ☐ Plenary<br>Criminal Proceeding ☑ Final | **Case Number** |

| **Instructions ▼** | | **For Court Use Only** |
|---|---|---|
| Directly above, enter the county where you filed this case. | **Petitioner:** Rose Meacham<br>*(First, middle, last name)* | ☐ Independent<br>☐ Juvenile |
| Enter your name as Petitioner. | People to be Protected by this *Order (check all that apply):* | ☑ **Other Civil Proceeding**<br>☐ **Criminal** |
| Check the boxes for ALL people you want to include in the *Order*. | ☑ Petitioner<br>☐ Petitioner's minor children with Respondent: | ☐ **This** *Order* **has been granted Pursuant to the Code of Criminal Procedure** 725 ILCS 5/112A |
| On the lines provided, enter the name for each person you are trying to protect. "Other household members" includes people living with you or working where you are staying. | ☐ Petitioner's minor children not related to Respondent:<br><br>☐ Dependent adult: _____<br>☐ High risk adult: _____<br>☐ Other household members: _____ | |
| Enter name of the person you are seeking protection from as Respondent. | **v.** | |
| Enter the Case Number given by the Circuit Clerk. | **Respondent:** Stephanie Ann Pregent<br>*(First, middle, last name)* | |

| **NOTE:** | If you are completing this form for a minor child, a dependent adult, or a high risk adult, insert information needed below as if you were that person. In other words, do not use your information. |
|---|---|

1. **Petitioner's** ☐ **address OR** ☐ **alternative address for notice**
   325 Ramblewood Road      DuPage      Illinois      60137
   *Street Address, Apt #* _____ *City* _____ *State* _____ *Zip*
   rsm397@nyu.edu
   *Email*

2. **Respondent's date of birth** *(if known):* _____   Sex: Male _____   Race White _____

3. **Respondent's address** *(if known):*
   2325/21 Beckman Institute, 405 North Mathews Avenue      Urbana      Illinois      61801
   *Street Address, Apt #* _____ *City* _____ *State* _____ *Zip*
   University of Illinois Urbana-Champaign
   *Respondent's Employer* _____ *Respondent's work hours*
   spregent@illinois.edu
   *Respondent's Employer-Street Address* _____ *City* _____ *State* _____ *Zip*

**THE COURT ORDERS THAT:**

☑ Respondent shall not abuse or threaten to abuse Petitioner *(see R01, page 2)*

☑ Respondent shall stay away from Petitioner *(see R03, page 2)*

**FOR ADDITIONAL ORDERS, READ THIS ENTIRE FORM**

☐ This *Order* was issued on: July 21, 2020    at    7am
                                          *Date*                 *Time*

☐ This *Order* will end on: _____    at    _____
                                          *Date*                 *Time*

☐ This *Order* will end as entered on page 9.

**NEXT HEARING** *(interim Orders only)*: There will be a hearing on:   TBD _____ at _____
                                                                 *Date*             *Time*

at   Federal Case in Central Disctrict Courthouse _____ in   _____
     *Address of Courthouse*                                                     *Courtroom*

| | |
|---|---|
| **Respondent:** | A plenary *(final)* order of protection may be entered if Respondent does not come to this hearing. |

**After reviewing the *Petition* and hearing the evidence and testimony of Petitioner, the Court makes findings**

☐ Are stated on page 10 and 11 of this *Order*; OR

☐ Were made orally and videotaped or recorded by a court reporter and are incorporated into this *Order*.

**THE COURT ORDERS THAT ALL SECTIONS SELECTED BELOW BE OBEYED:**

☑ **1.**   **No Abuse** *(see page 4 of Petition)*                               (R01) (Police Enforced)

        Respondent shall not threaten or commit the following acts of abuse towards Petitioner *(check all that apply)*:

        ☑   Harassment                          ☑   Exploitation of a High Risk Adult with Disabilities

        ☑   Interference with Personal Liberty      ☑   Intimidation of a Dependent

        ☑   Physical Abuse                  ☑   Willful Deprivation

        ☑   Stalking                            ☑   Neglect of a High Risk Adult with Disabilities

☐ **2.**   **Possession of Residence** *(see page 5 of Petition)*              (R02) (Police Enforced)

        ☐   Exclusive possession of residence is granted to Petitioner.

             ☐   Respondent must stay at least _____ feet away from the residence located at:

                _____

                *Street Address, Apt #*            *City*            *State*           *Zip*

                OR

             ☐   Respondent must stay away from the residence of Petitioner BECAUSE *(check one)*:

                ☐   Petitioner has a right to live there and Respondent has no right; OR

                ☐   Petitioner and Respondent both have the right to live there, but it would be harder on Petitioner

                    to leave the residence after considering the factors set forth in 750 ILCS 60/214(b)(2)(B).

        ☐   Provision of alternate housing

             ☐   Respondent shall provide alternate housing for Petitioner

                on or before: _____

                         *Date*

             ☐   Such housing shall meet the following requirements: _____

                    _____

☑ **3.**   **Stay Away from Petitioner and Certain Places** *(see page 4 of Petition)*     (R03) (Police Enforced)

        ☑   Respondent shall not have any communication with Petitioner and stay away from Petitioner at all times.

        ☐   Respondent shall stay at least _____ feet away from Petitioner at all times.

| | |
|---|---|
| **Respondent:** | If any protection in Section 3 is granted, Respondent must not have ANY physical, non-physical, direct or indirect contact with Petitioner. This also includes contact through others who may not know about the *Order of Protection*. It also forbids oral communication, written communication, sign language, telephone and cell phone calls, faxes, texts, tweets, emails, posts, or communication by any other social media, and all other communication with Petitioner. |

☑ Respondent shall not be at or stay at any of these places while Petitioner is there:

☐ Residence located at: _____

| Street Address, Apt # | City | State | Zip |
|---|---|---|---|

☑ Places of employment of Petitioner, located at:
University of Illinois Urbana-Champaign

| Name | Street Address | City | State | Zip |
|---|---|---|---|---|

| Name | Street Address | City | State | Zip |
|---|---|---|---|---|

☐ Schools, kindergartens, or daycare centers of Petitioner, located at:

| Name | Street Address | City | State | Zip |
|---|---|---|---|---|

| Name | Street Address | City | State | Zip |
|---|---|---|---|---|

☑ Other locations:
All University Locations

| Name | Street Address | City | State | Zip |
|---|---|---|---|---|

| Name | Street Address | City | State | Zip |
|---|---|---|---|---|

☐ Respondent shall have the right to enter the residence listed in Section 2 <u>once</u> to retrieve the property as provided in Section 10 of this Order.

☑ School Restrictions *(see page 6 of Petition)*
University of Illinois Urbana-Champaign _____ is an elementary, middle, or high
*Name of School*
school attended by both Respondent and Petitioner, a person protected by this *Order*.
After considering the factors in 750 ILCS 60/214(b)(3)(B):

☑ Respondent shall not attend this school for as long as a Petitioner is enrolled there;

☐ Respondent shall accept a change of placement or program at this school as determined by the public school district or by this private or non-public school; OR

☐ Respondent shall follow these restrictions on movement within the school: _____

_____

☐ Requirements for Parents and Guardians
Respondent is a minor. To ensure that Respondent follows this *Order*, _____
*Name of Parent or Guardian*

shall do the following: _____

_____

☑ **4. Counseling** *(see page 7 of Petition)* (R04) (Court Enforced)
Respondent must do the following and file proof with the Circuit Clerk by _____ *(check all that apply)*:
*Date*

☐ Enroll in and successfully complete a Domestic Violence Partner Abuse program.

☐ Get an alcohol and substance abuse evaluation and complete any recommended counseling or treatment.

☐ Get a mental health evaluation and complete any recommended counseling or treatment.

☑ Other: Anger management training and sexual harassment, prejudice courses

| **Respondent:** | Respondent MUST fully participate in all sessions of outpatient or inpatient treatment recommended by the evaluating agency, as often and for as long as that agency or other referred providers recommend. Respondent must file with the Circuit Clerk monthly attendance and progress reports written by each treatment provider. |
|---|---|

☐ **5.** **Care and Possession of Children** *(see page 8 of Petition)* (R05) (Police Enforced)

| **Law Enforcement:** | The provisions of this section are Police Enforced IF Respondent is ordered *(see page 2, R03)* to stay away from the minor children listed as "protected" as checked below. |
|---|---|

☐ Respondent and Petitioner are the parents of the following minor children:

| Child's Name (first, middle, last) | Age | State of Residence | Included as Protected Party? | |
|---|---|---|---|---|
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |

☐ The primary caretaker of the minor children is: ☐ Petitioner ☐ Respondent ☐ Other person:

_____
*Name*      *Street Address*      *City*      *State*      *Zip*

☐ Petitioner is granted the physical care and possession of the minor children that Petitioner and Respondent have together, AND:

     ☐ Respondent shall, personally or through a law enforcement agency as authorized by the court, return the minor children to the physical care of:

         ☐ Petitioner ☐ other person: _____
                                      *Name of Other Person*

     ☐ Respondent shall return the children to: _____
                                          *Street Address, Apt #*    *City*    *State*    *ZIP*

         ☐ on ☐ by: _____ at _____ in the presence of:
                  *Date*                   *Time*

     _____
     *Name of Person or Name of Law Enforcement Agency*

☐ Respondent shall not remove the minor children from the physical care of Petitioner or from a school, babysitter, daycare provider, or any person caring for the children.

☐ Within 24 hours of this *Order* being entered, the Circuit Clerk shall send written notice of the *Order* to the following school, daycare, or health care providers:

_____
*Name*      *Street Address*      *City*      *State*      *Zip*

_____
*Name*      *Street Address*      *City*      *State*      *Zip*

     ☐ For the safety of Petitioner, the name and location of the school or daycare is listed on the *Confidential Name & Location of the School or Daycare* form.

☐ **6.** **Temporary Significant Decision-Making Responsibility** *(formerly custody)* (R06) (Court Enforced)
*(see page 8 of Petition)*

The Court awards Petitioner all significant decision-making responsibility *(formerly custody)* of the minor children that Petitioner and Respondent have together.

The Court finds that:

☐ Paternity has not been established; OR

☐ Paternity has been established:

     ☐ The children of the parties were born before or during the marriage, or within 300 days of termination of the marriage.

     ☐ The parties are NOT married but there HAS been a legal determination of parentage through one or

     ☐ more of the following:

         1. Both parties are listed as parents on an Illinois birth certificate.

         2. Both parties have signed a Voluntary Acknowledgment of Parentage.

         3. A judicial or administrative decision.

         4. Other: _____

☐ **7.** **Respondent's Parenting Time** *(formerly visitation)* **with the Minor Children** (R07) (Court Enforced)

*(see pages 8 - 9 of Petition)*

☐ Parenting time is RESERVED until a later hearing. *(The Court will not make ANY decision on parenting time at this time)*

☐ Parenting time is ☐ DENIED until further order, OR ☐ RESTRICTED because Respondent is likely to:

☐ Abuse or endanger the children during parenting time.

☐ Use parenting time to abuse or harass Petitioner, Petitioner's family, or household members.

☐ Improperly hide or detain the children.

☐ Act in a way that is not in the best interest of the children.

☐ Parenting time is GRANTED as follows: *(include a.m. or p.m.)*

☐ Every _____ from _____ to _____
          *Days*                *Time*     *Time*

☐ Each weekend ☐ Alternating weekends as follows:

☐ from Friday at _____ to Saturday at _____

☐ from Friday at _____ to Sunday at _____

☐ from Saturday at _____ to Sunday at _____

☐ from Saturday at _____ to Saturday at _____

☐ from Sunday at _____ to Sunday at _____

☐ Other: _____
_____
_____

☐ In order to protect Petitioner from further abuse, Respondent shall not go to Petitioner's residence to meet the minor children for parenting time.

☐ Date of first parenting time shall be on: _____ at _____
                                           *Date*       *Time*

Pickup and return for parenting time shall take place at *(list name and address)*:

☐ Police Department: _____
                  *Name*             *Street Address*      *City*    *State*    *Zip*

☐ Sheriff's Department: _____
                  *Name*             *Street Address*      *City*    *State*    *Zip*

☐ Safe Exchange Center: _____
                  *Name*             *Street Address*      *City*    *State*    *Zip*

☐ Other location: _____
             *Name*             *Street Address*      *City*    *State*    *Zip*

☐ Responsibility for transportation of the children for parenting time shall be as follows:
_____

☐ Parenting time shall take place at: _____
                              *Street Address*            *City*    *State*    *Zip*

☐ Parenting time shall be supervised by: _____ ,
                                  *Name of Person or Agency*

who has filed an *Affidavit of Parenting Time Supervisor* with the court accepting responsibility and acknowledging accountability.

☐ At the end of parenting time, Respondent shall immediately return the children to Petitioner or the following person designated by Petitioner: _____ ,
                                  *Name of Designated Person*

who has filed an affidavit with the court accepting responsibility and acknowledging accountability.

| **Respondent:** | Petitioner may by law deny you access to the minor children if, when you arrive for parenting time, you are under the influence of drugs or alcohol and constitute a threat to the safety and well-being of Petitioner or the minor children of Petitioner or you are behaving in a violent or abusive manner (750 ILCS 60/214(b)(7)). |
|---|---|

☐ **8.** **No Concealment or Removal of Children** *(see page 9 of Petition)* (R08) (Police Enforced)
Respondent shall not hide the minor children within the State or remove the children from Illinois.

☐ **9.** **Appear with Children** *(see page 10 of Petition)* (R09) (Court Enforced)
Respondent shall appear ☐ alone ☐ with minor children at: _____
_____ *Address of Courthouse*

_____ in Courtroom _____ on _____ at _____
*Date* *Time*

to *(check all that apply)*:
☐ Prevent abuse, neglect, removal or concealment of the children.
☐ Return the children to the custody or care of Petitioner.
☐ Permit a court-ordered interview or examination of the children or Respondent.

☐ **10.** **Possession of Personal Property** *(see page 5 of Petition)* (R10) (Court Enforced)
*(does not affect ownership of property)*
☐ Petitioner is awarded possession of the following personal property: _____

_____

☐ Respondent shall return ☐ all of the property ☐ the following property: _____
_____ to _____
*Name of Person*

The Court finds as follows:
☐ Petitioner, but not Respondent, owns the property.
☐ Petitioner and Respondent both own the property. Sharing it would put Petitioner at risk for abuse,
or is not practical. Not having the property would be harder on Petitioner.
☐ Petitioner claims the property as marital property, and a divorce case has been filed.
☐ Respondent is awarded possession of the following personal property: ☐ clothing ☐ medicine
☐ Other personal property as follows: _____

_____

☐ Personal property shall be transferred at: _____
*Street Address* *City* *State* *Zip*

on _____ at _____
*Date* *Time*
☐ Personal property shall be transferred only in the presence of:
☐ Law enforcement: _____ ; OR
*Name of Law Enforcement Agency*
Date to be obtained from Law Enforcement by: ☐ Petitioner ☐ Respondent
☐ Another person: _____
*Name*

☑ **11.** **Restrictions on Property** *(see page 6 of Petition)* (R11) (Court Enforced)
☐ Respondent shall not take, transfer, encumber, conceal, damage, or otherwise dispose of any real or
personal property, except as explicitly authorized by the Court, BECAUSE *(check all that apply)*:
☐ Petitioner, but not Respondent, owns the property.
Petitioner and Respondent both own the property. Not having the property would be harder on
Petitioner.
☐ Petitioner claims the property as marital property, and a divorce case has been filed.
☐ Restrictions on Resources; Aged Petitioner
Respondent is prohibited from improperly using financial or other resources of an aged Petitioner for
the advantage of Respondent or any other person.

☐  **11.5**  **Possession of Animals** *(see page 6 of Petition)*  (R11.5) (Court Enforced)

Petitioner shall the have care, custody, and control over the following animals: _____

_____

Respondent shall stay away from the animals and Respondent is forbidden from taking, transferring, concealing, harming, or otherwise disposing of the animals.

☐  **12.**  **Temporary Support** *(see page 7 of Petition)*  (R12) (Court Enforced)

The Court finds that Respondent is:  ☐ unemployed  ☐ self employed  ☐ employed by:

| *Name* | *Street Address* | *City* | *State* | *Zip* |

and has approximate net pay in the amount of:  $ _____  ☐ weekly  ☐ every two weeks
☐ twice a month  ☐ monthly

☐ Respondent shall pay temporary child support to Petitioner

In the amount of  $ _____  ☐ weekly  ☐ every two weeks  ☐ twice a month  ☐ monthly

☐ Payments shall begin on: _____ and shall continue until further order of the Court.
*Date*

Payments shall be made through the:  ☐ Circuit Clerk OR  ☐ State Disbursement Unit (SDU) for Child Support. *(Payment shall not be paid directly to Petitioner)*

OR

☐ A child support order will be entered.

AND/OR

☐ Respondent shall pay temporary support (maintenance) to Petitioner

in the amount of  $ _____  ☐ weekly  ☐ every two weeks  ☐ twice a month  ☐ monthly

☑  **13.**  **Payment of Losses Due To Abuse** *(see page 7 of Petition)*  (R13) (Court Enforced)

☐ Respondent shall pay Petitioner for losses suffered as a direct result of abuse, neglect, or exploitation, including:

☐ Medical expenses…………………………………………………………………  $ _____
☐ Lost earnings……………………………………………………………………  $ _____
☐ Repair or replace property damaged or taken…………………………………  $ _____
☐ Moving and other travel expenses……………………………………………  $ _____
☐ Reasonable expenses for housing other than a domestic violence shelter………..  $ _____
☐ Expenses for search and recovery of children…………………………………  $ _____
☑ Reasonable attorney's fees……………………………………………………  $ _____
☐ Other: _____  $ _____

The total amount of:

☐ $ _____ by _____
*Date*

☐ Payments in the amount of:  $ _____  ☐ weekly  ☐ every two weeks  ☐ twice a month
☐ monthly

☐  **14.**  **No Entry or Presence Under Influence** *(see page 5 of Petition)*  (R14) (Court Enforced)

Even though Respondent is not required by this *Order* to stay away from the residence of Petitioner at all times, Respondent is not allowed to enter or remain in that residence while under the influence of drugs or alcohol and threatening the safety or well-being of Petitioner or Petitioner's children.

☐ **14.5** **Firearms** *(see page 6-7 of Petition)* (R14.5) (Court Enforced)

The Court has examined Petitioner and any other witnesses under oath. The Court finds that Respondent:

☐ Has appeared personally in court after receiving notice of this hearing; OR

☐ Failed to appear personally after having received actual notice.

☐ This *Order* restrains Respondent from abusing, stalking, or threatening their intimate partner or children of the intimate partner, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to themselves or their children; AND the Court finds that:

☐ Respondent represents a credible threat to the physical safety of Respondent's intimate partner or their children; OR

☐ This *Order* prohibits the use, attempted use, or threatened use of physical force against Respondent's intimate partner or their children that could reasonably be expected to cause bodily injury.

**Respondent:** Respondent is automatically prohibited from possessing a firearm while this *Order* is in effect, under Federal Law 18 USC 922(g)(8).

Therefore:

☐ Respondent shall surrender all firearms in their possession to this law enforcement agency, which shall take possession of them: _____
*Name of Law Enforcement Agency*

☐ Respondent shall immediately turn over any FOID card in their possession to this law enforcement agency, which shall take possession of it: _____
*Name of Law Enforcement Agency*

☐ Respondent's conceal and carry license is suspended during the duration of this *Order*. Respondent must turn over the license to the court at the time this *Order* is entered or to this law enforcement agency, which shall take possession of it: _____
*Name of Law Enforcement Agency*

When this *Order* ends, Respondent's firearms and FOID card shall be returned to Respondent upon request if the FOID card is not expired and there is no other order restricting Respondent's possession of those firearms.

☐ **15.** **Children's Records** *(see page 10 of Petition)* (R15) (Court Enforced)

Respondent is not allowed to access, inspect, or obtain school records or any other records of the minor children in the care of Petitioner because *(check all that apply)*:

☐ This *Order of Protection* prohibits Respondent from having contact with the minor children.

☐ The actual address of Petitioner is not included due to the risk of further abuse.

☐ It is necessary to prevent abuse or wrongful removal or concealment of the minor children.

☐ **16.** **Shelter Reimbursement** *(see page 7 of Petition)* (R16) (Court Enforced)

Respondent shall pay $ _____ to _____
*Shelter Name*

for the cost of services and shelter provided to Petitioner.

☑ **17.** **Miscellaneous Remedies** *(see page 10 of Petition)* (R17) (Court Enforced)

☑ Respondent is further ordered as follows: Attend mandatory anger management and additional training for sexual harassment, discrimination and prejudice based on disability and sex/gender.

☐ **18.** **Telephone Services** *(see page 6 of Petition)* (R18) (Court Enforced)

☐ Petitioner uses the following telephone numbers for which a wireless telephone provider provides service for Respondent and Petitioner:

Name of Provider: _____

Name of Account Holder: _____

Respondent's Billing Phone #: _____

Petitioner Phone #: _____

Petitioner Phone #: _____

☐ After considering the evidence and pursuant to 725 ILCS 5/112A-14(b)(18),the wireless telephone service provider shall terminate Respondent's use of Petitioner's phone number, transfer to Petitioner the right to use these phone numbers, and transfer to Petitioner all financial responsibility associated with future use of these phone numbers.

| **Petitioner:** | **STOP! Only the Judge or Circuit Clerk shall enter anything below this point.** |
|---|---|

☐ **RULINGS PURSUANT TO** 750 ILCS 60/221(a)(2) and (b)(2)

☐ The relief requested in Paragraphs: ☐ 2 ☐ 3 ☐ 10 ☐ 11 ☐ 16 ☐ Other: _____ in the *Petition* is DENIED because the balance of hardships does not support the granting of the remedy; the granting of the remedy will result in hardship to Respondent that would substantially outweigh the hardship to Petitioner from the denial of the remedy; OR because: _____

_____

☐ The relief requested in Paragraphs: _____

in the *Petition* is RESERVED.

☐ **COMPLIANCE HEARING**

☐ A compliance hearing will be held on: _____ at _____ on the following issues: _____
                    *Date*         *Time*

_____

☐ Respondent is ordered to appear and bring the following documents: _____

_____

**PLENARY *(FINAL)* ORDERS ONLY:**

**If no specific date for expiration is entered on page 2, this *Order* will remain in effect until:**

☐ 1.* Final judgment is entered in related case number: _____

☐ 2.* This *Order* is modified or vacated by the Court *(if incorporated into the final judgment of another civil proceeding).*

☐ 3.* Expiration of any supervision, conditional discharge, probation, periodic imprisonment, parole, or supervised mandatory release, plus 2 years.

☐ 4.* Expiration of a term of imprisonment set by this court, plus 2 years.

*\* This Order may last more than 2 years if it is entered in conjunction with a civil or criminal proceeding.*

☐ 5. Termination of any voluntary or involuntary commitment, or until: _____
                                                *Date (not to exceed 2 years)*

☐ 6. Until disposition, withdrawal or dismissal of the underlying charge if entered during pre-trial release. If case is continued as an independent cause of action, for a fixed period of time not to exceed 2 years.

☐ 7. Final disposition when a Bond Forfeiture Warrant has issued, or until: _____
                                           *Date (not to exceed 2 years)*

☐ 8. Further order of the Court only by extension; special findings needed.

**ENTERED:** _____     _____
           *Judge*                                      *Date*

I hereby certify that this is a true and correct copy of the original order on file with the Court.

Clerk of the Circuit Court of _____ County Illinois _____
                                                                          *Date*

_____
*Seal (and signature, as locally required)*

Copies given to: ☐ Petitioner ☐ Respondent in Open Court ☐ Respondent via Sheriff ☐ LEADS
☐ Sheriff ☐ State's Attorney

To be completed by the judge:

☐ There is reason to believe Respondent is (check all that apply): ☐ armed ☐ dangerous ☐ suicidal

**FINDINGS:**

**After reviewing the *Petition* and hearing the evidence and testimony of Petitioner, the Court finds that:**

1. The people protected by this *Order* are:
   ☐ Petitioner
   ☐ Minor children listed in the caption of this *Order*
   ☐ Other Protected Persons listed on page 1 of this *Order*

2. The Petitioner has the following relationship to Respondent:

| | | |
|---|---|---|
| ☐ Boyfriend / Girlfriend (including ex) (BG) | ☐ Spouse (SE) | ☐ Ex-Spouse (XS) |
| ☐ Has Children with Respondent (never married to Respondent) (CC) | ☐ Sharing or Shared Home (CS) | ☐ Child (CH) |
| ☐ Parent (PA) | ☐ Brother or Sister (SB) | ☐ Other Family Member (OF) |
| ☐ Other – Petitioner not Related to Respondent (OT) | ☐ In-law (IL) | ☐ Personal Caregiver to Disabled Petitioner (PC) |
| ☐ Petitioner with Disability (PD) | ☐ Personal Assistant of Petitioner (PR) | ☐ Grandchild (GC) |
| ☐ Grandparent (GP) | ☐ Step-Child (SC) | ☐ Step-Brother or Step-Sister |
| ☐ Prospective or Adoptive Child has Family or Household Relationship with Respondent | ☐ Foster Child has Family or Household Relationship with Respondent | ☐ Legally Appointed Guardian or Custodian of a Child who has a Family or Household Relationship with |
| ☐ Step-Parent (SP) | | |

3. ☐ Respondent has received notice of Petitioner's request for an *Order of Protection*.
   ☐ Petitioner has diligently attempted to complete service of process, but has not been able to serve Respondent.
   ☐ Petitioner has given notice by publication.
   ☐ Petitioner is present in person in court. ☐ Represented by: _____
   *Name of Lawyer*

4. ☐ Respondent has filed an answer or appearance.
   ☐ Respondent is not present in court, and is in default.
   ☐ Respondent is present in person in court. ☐ Represented by: _____
   *Name of Lawyer*

5. In granting the remedies in this *Order*, the Court has considered all relevant factors, including: the nature, frequency, severity, pattern, and consequences of Respondent's past abuse, neglect, or exploitation of Petitioner or any family/household member, including Respondent's concealment of their location in order to evade service of process notice, and the likelihood of danger of future abuse, neglect, or exploitation to Petitioner or any member of Petitioner's or Respondent's family or household; and the danger that any minor child(ren) will be abused, neglected, removed from the jurisdiction, improperly concealed within the State, or improperly separated from the child(ren)'s primary caretaker. The Court finds that:

   • The Court has jurisdiction over Petitioner, Respondent, minor children and other Protected Persons.
   • Venue is proper.
   • Respondent has abused Petitioner and/or the children identified as protected persons in Section 5 on page 4 and/or the Protected Persons listed on Page 1 of this *Order*.
   • The actions of Respondent will likely cause irreparable harm or continued abuse unless they are prohibited.
   • It is necessary to grant the requested relief in this *Order* to protect Petitioner or other abused persons.

6. Other Relevant Factors and Findings (check all that apply):
   ☐ An *Order of Protection* has previously been entered in this case or in another case in which any party, or a child

any party, has been named as either Respondent or Petitioner.

☐ An abused person is unable to bring this *Petition* on their own behalf due to age, health, disability, or

☐ The *Petition* has been filed on behalf of a high-risk adult with disabilities who has been abused, neglected, or exploited by a family or household member.

☐ There is reason to believe Respondent is *(check all that apply)*:   ☐ armed   ☐ dangerous   ☐ suicidal

7. ☐ The Court is entering this *Order* based on the following prima facie evidence (*check one*):

    ☐ an information, complaint, indictment or delinquency petition, charging a crime of domestic violence or charging an attempt to commit a crime of domestic violence; OR

    ☐ an adjudication of delinquency, a finding of guilt based upon a plea, or a finding of guilt after a trial for a crime of domestic battery; OR

    ☐ any disposition order issued under Section 5-710 of the Juvenile Court Act of 1987, the imposition of supervision, conditional discharge, probation, periodic imprisonment, parole, aftercare release, or mandatory supervised release for a crime of domestic violence or an attempt to commit a crime of domestic violence, or imprisonment in conjunction with a bond forfeiture warrant; OR

    ☐ the entry of a protective order in a separate civil case brought by the Petitioner against Respondent.

## IMPORTANT INFORMATION ABOUT THIS *ORDER OF PROTECTION*

**TO BOTH PARTIES:** This *Order* CANNOT BE CHANGED OR VACATED unless you have a hearing. To have a Petitioner or Respondent must do the following:

1. File a written motion with the Circuit Clerk that lists the reasons why you want to change or vacate this *Order*;
2. Get a time for the hearing from the Circuit Clerk; AND
3. Provide the other party with a copy of your motion and notify the other party in writing of the time and place of the hearing.

**TO RESPONDENT:** The Court has granted this *Order*. If you do not obey this *Order*, you could be arrested and charged with a crime.

- Petitioner cannot give you legal permission to change this *Order*. Only the Court can change this *Order*. If you have contact with Petitioner that is prohibited by this *Order*, you may be arrested.
- If you and Petitioner want to have contact with each other again, you must ask the Court to modify or dismiss this *Order of Protection.*
- Unless the Court changes or dismisses this *Order*, you can be arrested for violating this *Order of Protection.*

You may ask the Court to re-open this *Order* if you did not receive notice before this *Order* was signed. To do this you must file a motion stating that (1) you did not receive prior notice, and (2) you have a valid defense to the *Order*, or that the *Order*, or any of its remedies, was not authorized under the law.

Any knowing violation of an *Order of Protection* forbidding physical abuse, neglect, exploitation, harassment, interference with personal liberty, willful deprivation, or entering or remaining present at specified places when any Protected Persons are present, or granting exclusive possession of the residence or household or granting a stay away order is a Class A misdemeanor. Grants of exclusive possession of the residence or household shall constitute notice forbidding trespass to land. Any knowing violation of an order awarding parental responsibility (formerly custody) or care of a child or prohibiting removal or concealment of a child may be a Class 4 felony. Any willful violation of any contempt of court. Any violation may result in fine or imprisonment.

**TO PETITIONER:** You cannot change the terms of this *Order* by your words or actions.

- If the Court has ordered no contact or given you sole possession of the residence, only the Court can allow the Respondent to contact you or return to the residence.
- If you want to have contact with the Respondent again, you MUST ask the Court, in a written motion to change vacate this *Order of Protection.*
- You cannot be charged with a violation of this *Order*.

☐ **8. No Concealment or Removal of Children** *(see page 9 of Petition)*  (R08) (Police Enforced)
Respondent shall not hide the minor children within the State or remove the children from Illinois.

☐ **9. Appear with Children** *(see page 10 of Petition)*  (R09) (Court Enforced)
Respondent shall appear  ☐ alone  ☐ with minor children at: _____
  *Address of Courthouse*

_____ in Courtroom _____ on _____ at _____
  *Date*  *Time*

to *(check all that apply):*
  ☐ Prevent abuse, neglect, removal or concealment of the children.
  ☐ Return the children to the custody or care of Petitioner.
  ☐ Permit a court-ordered interview or examination of the children or Respondent.

☐ **10. Possession of Personal Property** *(see page 5 of Petition)*  (R10) (Court Enforced)
*(does not affect ownership of property)*
  ☐ Petitioner is awarded possession of the following personal property: _____

_____

  ☐ Respondent shall return  ☐ all of the property  ☐ the following property: _____
_____ to _____
  *Name of Person*

The Court finds as follows:
  ☐ Petitioner, but not Respondent, owns the property.
  ☐ Petitioner and Respondent both own the property. Sharing it would put Petitioner at risk for abuse,
    or is not practical. Not having the property would be harder on Petitioner.
  ☐ Petitioner claims the property as marital property, and a divorce case has been filed.
  ☐ Respondent is awarded possession of the following personal property:  ☐ clothing  ☐ medicine
    ☐ Other personal property as follows: _____

_____

  ☐ Personal property shall be transferred at: _____
    *Street Address*  *City*  *State*  *Zip*
  on _____ at _____
    *Date*  *Time*
  ☐ Personal property shall be transferred only in the presence of:
    ☐ Law enforcement: _____ ; OR
      *Name of Law Enforcement Agency*
    Date to be obtained from Law Enforcement by:  ☐ Petitioner  ☐ Respondent
    ☐ Another person: _____
      *Name*

☑ **11. Restrictions on Property** *(see page 6 of Petition)*  (R11) (Court Enforced)
  ☐ Respondent shall not take, transfer, encumber, conceal, damage, or otherwise dispose of any real or
    personal property, except as explicitly authorized by the Court, BECAUSE *(check all that apply):*
    ☐ Petitioner, but not Respondent, owns the property.
      Petitioner and Respondent both own the property. Not having the property would be harder on
    ☐ Petitioner.
    ☐ Petitioner claims the property as marital property, and a divorce case has been filed.
  ☐ Restrictions on Resources; Aged Petitioner
    Respondent is prohibited from improperly using financial or other resources of an aged Petitioner for
    the advantage of Respondent or any other person.

☐ **11.5 Possession of Animals** *(see page 6 of Petition)* (R11.5) (Court Enforced)
Petitioner shall the have care, custody, and control over the following animals: _____

_____

Respondent shall stay away from the animals and Respondent is forbidden from taking, transferring, concealing, harming, or otherwise disposing of the animals.

☐ **12. Temporary Support** *(see page 7 of Petition)* (R12) (Court Enforced)
The Court finds that Respondent is:  ☐ unemployed ☐ self employed ☐ employed by:

| Name | Street Address | City | State | Zip |
|---|---|---|---|---|

and has approximate net pay in the amount of: $_____ ☐ weekly ☐ every two weeks
☐ twice a month ☐ monthly

☐ Respondent shall pay temporary child support to Petitioner
In the amount of $_____ ☐ weekly ☐ every two weeks ☐ twice a month ☐ monthly
☐ Payments shall begin on: _____ and shall continue until further order of the Court.
                                    *Date*
Payments shall be made through the:  ☐ Circuit Clerk OR ☐ State Disbursement Unit (SDU) for
Child Support. *(Payment shall not be paid directly to Petitioner)*
OR
☐ A child support order will be entered.
AND/OR
☐ Respondent shall pay temporary support (maintenance) to Petitioner
in the amount of $_____ ☐ weekly ☐ every two weeks ☐ twice a month ☐ monthly

☑ **13. Payment of Losses Due To Abuse** *(see page 7 of Petition)* (R13) (Court Enforced)
☐ Respondent shall pay Petitioner for losses suffered as a direct result of abuse, neglect, or exploitation, including:
  ☐ Medical expenses…………………………………………………………….....   $_____
  ☐ Lost earnings………………………………………………………………….....   $_____
  ☐ Repair or replace property damaged or taken…………………………………   $_____
  ☐ Moving and other travel expenses……………………………………………...   $_____
  ☐ Reasonable expenses for housing other than a domestic violence shelter………...   $_____
  ☐ Expenses for search and recovery of children…………………………………...   $_____
  ☑ Reasonable attorney's fees……………………………………………………...   $_____
  ☐ Other: _____   $_____
The total amount of:
☐ $_____ by _____
                          *Date*
☐ Payments in the amount of: $_____ ☐ weekly ☐ every two weeks ☐ twice a month
                                                ☐ monthly

☐ **14. No Entry or Presence Under Influence** *(see page 5 of Petition)* (R14) (Court Enforced)
Even though Respondent is not required by this *Order* to stay away from the residence of Petitioner at all times, Respondent is not allowed to enter or remain in that residence while under the influence of drugs or alcohol and threatening the safety or well-being of Petitioner or Petitioner's children.

☐ **14.5** **Firearms** *(see page 6-7 of Petition)* (R14.5) (Court Enforced)

The Court has examined Petitioner and any other witnesses under oath. The Court finds that Respondent:

☐ Has appeared personally in court after receiving notice of this hearing; OR

☐ Failed to appear personally after having received actual notice.

☐ This *Order* restrains Respondent from abusing, stalking, or threatening their intimate partner or children of the intimate partner, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to themselves or their children; AND the Court finds that:

☐ Respondent represents a credible threat to the physical safety of Respondent's intimate partner or their children; OR

☐ This *Order* prohibits the use, attempted use, or threatened use of physical force against Respondent's intimate partner or their children that could reasonably be expected to cause bodily injury.

**Respondent:** Respondent is automatically prohibited from possessing a firearm while this *Order* is in effect, under Federal Law 18 USC 922(g)(8).

Therefore:

☐ Respondent shall surrender all firearms in their possession to this law enforcement agency, which shall take possession of them: _____
*Name of Law Enforcement Agency*

☐ Respondent shall immediately turn over any FOID card in their possession to this law enforcement agency, which shall take possession of it: _____
*Name of Law Enforcement Agency*

☐ Respondent's conceal and carry license is suspended during the duration of this *Order*. Respondent must turn over the license to the court at the time this *Order* is entered or to this law enforcement agency, which shall take possession of it: _____
*Name of Law Enforcement Agency*

When this *Order* ends, Respondent's firearms and FOID card shall be returned to Respondent upon request if the FOID card is not expired and there is no other order restricting Respondent's possession of those firearms.

☐ **15.** **Children's Records** *(see page 10 of Petition)* (R15) (Court Enforced)

Respondent is not allowed to access, inspect, or obtain school records or any other records of the minor children in the care of Petitioner because *(check all that apply)*:

☐ This *Order of Protection* prohibits Respondent from having contact with the minor children.

☐ The actual address of Petitioner is not included due to the risk of further abuse.

☐ It is necessary to prevent abuse or wrongful removal or concealment of the minor children.

☐ **16.** **Shelter Reimbursement** *(see page 7 of Petition)* (R16) (Court Enforced)

Respondent shall pay $ _____ to _____
*Shelter Name*

for the cost of services and shelter provided to Petitioner.

☑ **17.** **Miscellaneous Remedies** *(see page 10 of Petition)* (R17) (Court Enforced)

☑ Respondent is further ordered as follows: Attend mandatory anger management and additional training for sexual harassment, discrimination and prejudice based on disability and sex/gender.

☐ **18.** **Telephone Services** *(see page 6 of Petition)* (R18) (Court Enforced)

☐ Petitioner uses the following telephone numbers for which a wireless telephone provider provides service for Respondent and Petitioner:
Name of Provider: _____
Name of Account Holder: _____
Respondent's Billing Phone #: _____

Petitioner Phone #: _____

Petitioner Phone #: _____

☐ After considering the evidence and pursuant to 725 ILCS 5/112A-14(b)(18), the wireless telephone service provider shall terminate Respondent's use of Petitioner's phone number, transfer to Petitioner the right to use these phone numbers, and transfer to Petitioner all financial responsibility associated with future use of these phone numbers.

| **Petitioner:** | STOP! Only the Judge or Circuit Clerk shall enter anything below this point. |
|---|---|

☐ **RULINGS PURSUANT TO** 750 ILCS 60/221(a)(2) and (b)(2)

☐ The relief requested in Paragraphs: ☐ 2 ☐ 3 ☐ 10 ☐ 11 ☐ 16 ☐ Other: _____
in the *Petition* is DENIED because the balance of hardships does not support the granting of the remedy; the granting of the remedy will result in hardship to Respondent that would substantially outweigh the hardship to Petitioner from the denial of the remedy; OR because: _____

_____

☐ The relief requested in Paragraphs: _____
in the *Petition* is RESERVED.

☐ **COMPLIANCE HEARING**

☐ A compliance hearing will be held on: _____ at _____ on the following issues: _____
　　　　　　　　　　　　　　　　　Date　　　　　　Time

☐ Respondent is ordered to appear and bring the following documents: _____

_____

**PLENARY *(FINAL)* ORDERS ONLY:**

**If no specific date for expiration is entered on page 2, this *Order* will remain in effect until:**

☐ 1.* Final judgment is entered in related case number: _____

☐ 2.* This *Order* is modified or vacated by the Court *(if incorporated into the final judgment of another civil proceeding).*

☐ 3.* Expiration of any supervision, conditional discharge, probation, periodic imprisonment, parole, or supervised mandatory release, plus 2 years.

☐ 4.* Expiration of a term of imprisonment set by this court, plus 2 years.

* This Order may last more than 2 years if it is entered in conjunction with a civil or criminal proceeding.

☐ 5. Termination of any voluntary or involuntary commitment, or until: _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　Date (not to exceed 2 years)

☐ 6. Until disposition, withdrawal or dismissal of the underlying charge if entered during pre-trial release. If case is continued as an independent cause of action, for a fixed period of time not to exceed 2 years.

☐ 7. Final disposition when a Bond Forfeiture Warrant has issued, or until: _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　Date (not to exceed 2 years)

☐ 8. Further order of the Court only by extension; special findings needed.

**ENTERED:** _____　　　　_____
　　　　　　　Judge　　　　　　　　　　　　　　　　　　　　　Date

I hereby certify that this is a true and correct copy of the original order on file with the Court.

Clerk of the Circuit Court of _____ County Illinois _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Date

_____
*Seal (and signature, as locally required)*

Copies given to: ☐ Petitioner ☐ Respondent in Open Court ☐ Respondent via Sheriff ☐ LEADS
   ☐ Sheriff ☐ State's Attorney
To be completed by the judge:
   ☐ There is reason to believe Respondent is *(check all that apply)*: ☐ armed ☐ dangerous ☐ suicidal

**FINDINGS:**

**After reviewing the *Petition* and hearing the evidence and testimony of Petitioner, the Court finds that:**

1.  The people protected by this *Order* are:
    ☐ Petitioner
    ☐ Minor children listed in the caption of this *Order*
    ☐ Other Protected Persons listed on page 1 of this *Order*

2.  The Petitioner has the following relationship to Respondent:

| | | |
|---|---|---|
| ☐ Boyfriend / Girlfriend (including ex) (BG) | ☐ Spouse (SE) | ☐ Ex-Spouse (XS) |
| ☐ Has Children with Respondent (never married to Respondent) (CC) | ☐ Sharing or Shared Home (CS) | ☐ Child (CH) |
| ☐ Parent (PA) | ☐ Brother or Sister (SB) | ☐ Other Family Member (OF) |
| ☐ Other – Petitioner not Related to Respondent (OT) | ☐ In-law (IL) | ☐ Personal Caregiver to Disabled Petitioner (PC) |
| ☐ Petitioner with Disability (PD) | ☐ Personal Assistant of Petitioner (PR) | ☐ Grandchild (GC) |
| ☐ Grandparent (GP) | ☐ Step-Child (SC) | ☐ Step-Brother or Step-Sister |
| ☐ Prospective or Adoptive Child has Family or Household Relationship with Respondent | ☐ Foster Child has Family or Household Relationship with Respondent | ☐ Legally Appointed Guardian or Custodian of a Child who has a Family or Household Relationship with |
| ☐ Step-Parent (SP) | | |

3.  ☐ Respondent has received notice of Petitioner's request for an *Order of Protection*.
    ☐ Petitioner has diligently attempted to complete service of process, but has not been able to serve Respondent.
    ☐ Petitioner has given notice by publication.
    ☐ Petitioner is present in person in court. ☐ Represented by: _____
    *Name of Lawyer*

4.  ☐ Respondent has filed an answer or appearance.
    ☐ Respondent is not present in court, and is in default.
    ☐ Respondent is present in person in court. ☐ Represented by: _____
    *Name of Lawyer*

5.  In granting the remedies in this *Order*, the Court has considered all relevant factors, including: the nature, frequency, severity, pattern, and consequences of Respondent's past abuse, neglect, or exploitation of Petitioner or any family/household member, including Respondent's concealment of their location in order to evade service of process notice, and the likelihood of danger of future abuse, neglect, or exploitation to Petitioner or any member of Petitioner's or Respondent's family or household; and the danger that any minor child(ren) will be abused, neglected, removed from the jurisdiction, improperly concealed within the State, or improperly separated from the child(ren)'s primary caretaker. The Court finds that:
    - The Court has jurisdiction over Petitioner, Respondent, minor children and other Protected Persons.
    - Venue is proper.
    - Respondent has abused Petitioner and/or the children identified as protected persons in Section 5 on page 4 and/or the Protected Persons listed on Page 1 of this *Order*.
    - The actions of Respondent will likely cause irreparable harm or continued abuse unless they are prohibited.
    - It is necessary to grant the requested relief in this *Order* to protect Petitioner or other abused persons.

6.  Other Relevant Factors and Findings *(check all that apply)*:
    ☐ An *Order of Protection* has previously been entered in this case or in another case in which any party, or a child

any party, has been named as either Respondent or Petitioner.

☐ An abused person is unable to bring this *Petition* on their own behalf due to age, health, disability, or

☐ The *Petition* has been filed on behalf of a high-risk adult with disabilities who has been abused, neglected, or exploited by a family or household member.

☐ There is reason to believe Respondent is *(check all that apply)*: ☐ armed ☐ dangerous ☐ suicidal

7. ☐ The Court is entering this *Order* based on the following prima facie evidence *(check one)*:

    ☐ an information, complaint, indictment or delinquency petition, charging a crime of domestic violence or charging an attempt to commit a crime of domestic violence; OR

    ☐ an adjudication of delinquency, a finding of guilt based upon a plea, or a finding of guilt after a trial for a crime of domestic battery; OR

    ☐ any disposition order issued under Section 5-710 of the Juvenile Court Act of 1987, the imposition of supervision, conditional discharge, probation, periodic imprisonment, parole, aftercare release, or mandatory supervised release for a crime of domestic violence or an attempt to commit a crime of domestic violence, or imprisonment in conjunction with a bond forfeiture warrant; OR

    ☐ the entry of a protective order in a separate civil case brought by the Petitioner against Respondent.

## IMPORTANT INFORMATION ABOUT THIS *ORDER OF PROTECTION*

**TO BOTH PARTIES:** This *Order* CANNOT BE CHANGED OR VACATED unless you have a hearing. To have a Petitioner or Respondent must do the following:

1. File a written motion with the Circuit Clerk that lists the reasons why you want to change or vacate this *Order*;
2. Get a time for the hearing from the Circuit Clerk; AND
3. Provide the other party with a copy of your motion and notify the other party in writing of the time and place of the hearing.

**TO RESPONDENT:** The Court has granted this *Order*. If you do not obey this *Order*, you could be arrested and charged with a crime.

- Petitioner cannot give you legal permission to change this *Order*. Only the Court can change this *Order*. If you have contact with Petitioner that is prohibited by this *Order*, you may be arrested.
- If you and Petitioner want to have contact with each other again, you must ask the Court to modify or dismiss this *Order of Protection*.
- Unless the Court changes or dismisses this *Order*, you can be arrested for violating this *Order of Protection*.

You may ask the Court to re-open this *Order* if you did not receive notice before this *Order* was signed. To do this you must file a motion stating that (1) you did not receive prior notice, and (2) you have a valid defense to the *Order*, or that the *Order*, or any of its remedies, was not authorized under the law.

Any knowing violation of an *Order of Protection* forbidding physical abuse, neglect, exploitation, harassment, interference with personal liberty, willful deprivation, or entering or remaining present at specified places when any Protected Persons are present, or granting exclusive possession of the residence or household or granting a stay away order is a Class A misdemeanor. Grants of exclusive possession of the residence or household shall constitute notice forbidding trespass to land. Any knowing violation of an order awarding parental responsibility (formerly custody) or care of a child or prohibiting removal or concealment of a child may be a Class 4 felony. Any willful violation of any contempt of court. Any violation may result in fine or imprisonment.

**TO PETITIONER:** You cannot change the terms of this *Order* by your words or actions.

- If the Court has ordered no contact or given you sole possession of the residence, only the Court can allow the Respondent to contact you or return to the residence.
- If you want to have contact with the Respondent again, you MUST ask the Court, in a written motion to change vacate this *Order of Protection*.
- You cannot be charged with a violation of this *Order*.

**TO PARENTS OR GUARDIANS OF MINOR RESPONDENTS:** The Court may hold you in contempt of court if a minor respondent in your care violates this *Order* and you have helped, encouraged, or directed the minor to do so.

## NOTICE ABOUT ENFORCEMENT:

This *Order of Protection* **is enforceable, even without registration, in all 50 states, the District of Columbia, lands, and the U.S. Territories pursuant to the Violence Against Women Act (18 U.S.C. § 2265), provided notice this *Order of Protection* has been provided to the Respondent. Violating this *Order of Protection* may subject the Respondent to state and/or federal charges and punishment. 18 U.S.C. §§ 2261-2262. This *Order* is directed to the Respondent. Except under accountability circumstances, which should be assessed by the Attorney, Petitioner cannot be guilty of violation of an *Order of Protection*.**

### DEFINITION OF TERMS USED IN THIS *ORDER*

These definitions are incorporated in and made a part of the *Order* to which they are attached.

1. **Abuse:** "Abuse" means physical abuse, harassment, intimidation of a dependent, interference with personal liberty, or willful deprivation, but does not include

   reasonable direction of a minor child by a parent or person *in loco parentis*.

2. **Adult with Disabilities:** "Adult with Disabilities" means an elder adult with disabilities or a high-risk adult with disabilities. A person may be an adult with disabilities for purposes of this Act even though he or she has never been adjudicated an incompetent adult. However, no court proceeding may be initiated or continued on behalf of an adult with disabilities over that adult's objection, unless such proceeding is approved by his or her legal guardian, if any.

3. **Elder Adult with Disabilities:** "Elder adult with disabilities" means an adult prevented by advanced age from taking appropriate action to protect himself or herself from abuse by a family or household member.

4. **Exploitation:** "Exploitation" means the illegal, including tortious, use of a high-risk adult with disabilities or of the assets or resources of a high-risk adult with disabilities. Exploitation includes, but is not limited to, the misappropriation of assets or resources of a high-risk adult with disabilities by undue influence, by breach of a fiduciary relationship, by fraud, deception, or extortion, or the use of such assets or resources in a manner contrary to law.

5. **Family or Household Members:** Include spouses, former spouses, parents, children, stepchildren and other persons related by blood or by present or prior marriage, persons who share or formerly shared a common dwelling, persons who have or allegedly have a child in common, persons who share or share a blood relationship through a child, persons who have or have had a dating or engagement relationship, persons with disabilities and their personal assistants, and caregivers as defined in Section 12-4.4a of the Criminal Code of 2012. For purposes of this paragraph, neither a casual acquaintanceship nor ordinary fraternization between two individuals in business or social contexts shall be deemed to constitute a dating relationship. In the case of a high-risk adult with disabilities, "family or household members" includes any person who has the responsibility for a high-risk adult as a result of a family relationship or who has assumed responsibility for all or a portion of the care of a high-risk adult with disabilities voluntarily, or by express or implied contract, or by court order.

6. **Harassment:** "Harassment" means knowing conduct which is not necessary to accomplish a purpose that is reasonable under the circumstances, would cause a reasonable person emotional distress, and does cause emotional distress to Petitioner. Unless the presumption is rebutted by a preponderance of the evidence, the following types of conduct shall be presumed to cause emotional distress:
   a. creating a disturbance at Petitioner's place of employment or school; or
   b. repeatedly telephoning Petitioner's place of employment, home or residence; or
   c. repeatedly following Petitioner about in a public place or places; or
   d. repeatedly keeping Petitioner under surveillance by remaining present outside his or her home, school, place of employment, vehicle or other place occupied by Petitioner or by peering in Petitioner's windows; or
   e. improperly concealing a minor child from Petitioner, repeatedly threatening to improperly remove a minor child of Petitioner's from the jurisdiction or from the physical care of Petitioner, repeatedly threatening to conceal a minor child from Petitioner, or making a single such threat following an actual or attempted improper removal or concealment, unless Respondent was fleeing an incident or pattern of domestic violence; or
   f. threatening physical force, confinement or restraint on one or more occasions.

7. **High-risk Adult with Disabilities:** "High-risk adult with disabilities" means a person aged 18 or over whose physical or mental disability impairs his or her ability to seek or obtain protection from abuse, neglect, or exploitation.

8. **Interference with Personal Liberty:** "Interference with personal liberty" means committing or threatening physical abuse, harassment, intimidation or willful deprivation so as to compel another to engage in conduct from which they have a right to abstain or to refrain from conduct in which they have a right to engage.

9. **Intimidation of a Dependent:** "Intimidation of a dependent" means subjecting a person who is dependent because of age, health or disability to participation in or the witnessing of: physical force against another or physical confinement or restraint of another, which constitutes physical abuse as defined in this Act, regardless of whether the abused person is a family or household member.

10. **Neglect:** "Neglect" means the failure to exercise that degree of care toward a high-risk adult with disabilities which a reasonable person would exercise under the circumstances and includes but is not limited to:
    a. the failure to take reasonable steps to protect a high-risk adult with disabilities from acts of abuse; or
    b. the repeated, careless imposition of unreasonable confinement; or
    c. the failure to provide food, shelter, clothing, and personal hygiene to a high-risk adult with disabilities who requires such assistance; or
    d. the failure to provide medical and rehabilitative care for the physical and mental health needs of a high-risk adult with disabilities; or
    e. the failure to protect a high-risk adult with disabilities from health and safety hazards.
    Nothing in this definition shall be construed to impose a requirement that assistance be provided to a high-risk adult with disabilities over his or her objection

in the absence of a court order, nor to create any new affirmative duty to provide support to a high-risk adult with disabilities.

11. **Petitioner:** "Petitioner" may mean not only any named petitioner for the order of protection and any named victim of abuse on whose behalf the petition is brought, but also any other person protected by this Act.

12. **Physical Abuse:** "Physical abuse" includes sexual abuse and means any of the following:
    a. knowing or reckless use of physical force, confinement or restraint; or
    b. knowing, repeated and unnecessary sleep deprivation; or
    c. knowing or reckless conduct which creates an immediate risk of physical harm.

13. **Stalking:** "Stalking" means knowingly and without lawful justification, on at least two (2) separate occasions, following another person or placing the person under surveillance or any combination thereof and:
    a. at any time transmitting a threat of immediate or future bodily harm, sexual assault, confinement or restraint, and the threat is directed towards that person or a family member of that person; or
    b. placing that person in reasonable apprehension of immediate or future bodily harm, sexual assault, confinement or restraint; or
    c. placing that person in reasonable apprehension that a family member will receive immediate or future bodily harm, sexual assault, confinement, or

14. **Willful Deprivation:** "Willful deprivation" means willfully denying a person who because of age, health or disability requires medication, medical care, shelter, food, therapeutic device, or other physical assistance, and thereby exposing that person to the risk of physical, mental or emotional harm, except with regard to medical care or treatment when the dependent person has expressed an intent to forego such medical care or treatment. This paragraph does not create any new affirmative duty to provide support to dependent persons.

| STATE OF ILLINOIS, CIRCUIT COURT | ORDER OF PROTECTION | |
|---|---|---|
| Champaign COUNTY | Civil Proceeding ☐ Interim ☐ Plenary<br>Criminal Proceeding ☑ Final | **Case Number** |

| | | For Court Use Only |
|---|---|---|
| **Instructions ▾**<br>Directly above, enter the county where you filed this case. | **Petitioner:** Rose Meacham<br>_(First, middle, last name)_ | ☐ Independent |
| | | ☐ Juvenile |
| Enter your name as Petitioner. | People to be Protected by this *Order* (check all that apply):<br>☑ Petitioner | ☑ Other Civil Proceeding |
| | ☐ Petitioner's minor children with Respondent: | ☐ Criminal |
| Check the boxes for **ALL** people you want to include in the *Order*. | _____<br>_____ | ☐ This *Order* has been granted Pursuant to the Code of Criminal Procedure 725 ILCS 5/112A |
| On the lines provided, enter the name for each person you are trying to protect. "Other household members" includes people living with you or working where you are staying. | ☐ Petitioner's minor children not related to Respondent:<br>_____<br>_____<br>_____ | |
| | ☐ Dependent adult: _____<br>☐ High risk adult: _____<br>☐ Other household members: _____<br>_____<br>_____<br>_____ | |
| Enter name of the person you are seeking protection from as Respondent. | **v.** | |
| Enter the Case Number given by the Circuit Clerk. | **Respondent:** Justin Brown<br>_(First, middle, last name)_ | |

| **NOTE:** | If you are completing this form for a minor child, a dependent adult, or a high risk adult, insert information needed below as if you were that person. In other words, do not use your information. |
|---|---|

**1.** **Petitioner's** ☐ **address OR** ☐ **alternative address for notice**

325 Ramblewood Road      DuPage      Illinois      60137

_Street Address, Apt #_ ............................................. _City_ ......................... _State_ ...... _Zip_

rsm397@nyu.edu

_Email_

**2.** **Respondent's date of birth** *(if known)*: _____  Sex: Male _____  Race White _____

**3.** **Respondent's address** *(if known)*:

Office of the Dean of Students 300 Turner Student Services Bldg. MC 306 610 John Street Champaign, IL 61820

_Street Address, Apt #_ ............................................. _City_ ......................... _State_ ...... _Zip_

University of Illinois Urbana-Champaign

_Respondent's Employer_ ................................................ _Respondent's work hours_

justbrow@illinois.edu

_Respondent's Employer-Street Address_ ..................... _City_ ......................... _State_ ...... _Zip_

**THE COURT ORDERS THAT:**

☑ Respondent shall not abuse or threaten to abuse Petitioner *(see R01, page 2)*

☑ Respondent shall stay away from Petitioner *(see R03, page 2)*

**FOR ADDITIONAL ORDERS, READ THIS ENTIRE FORM**

☐ This *Order* was issued on: July 21, 2020    at    7am
                             *Date*                   *Time*

☐ This *Order* will end on: _____ at _____
                             *Date*                   *Time*

☐ This *Order* will end as entered on page 9.

**NEXT HEARING** *(interim Orders only)*: There will be a hearing on:   TBD _____ at _____
                                                                 *Date*                           *Time*

at   Federal Case in Central Disctrict Courthouse _____ in _____
     *Address of Courthouse*                                               *Courtroom*

| **Respondent:** | A plenary *(final)* order of protection may be entered if Respondent does not come to this hearing. |
|---|---|

**After reviewing the *Petition* and hearing the evidence and testimony of Petitioner, the Court makes findings**

☐ Are stated on page 10 and 11 of this *Order*; OR

☐ Were made orally and videotaped or recorded by a court reporter and are incorporated into this *Order*.

**THE COURT ORDERS THAT ALL SECTIONS SELECTED BELOW BE OBEYED:**

☑ **1.**   **No Abuse** *(see page 4 of Petition)*                              (R01) (Police Enforced)

      Respondent shall not threaten or commit the following acts of abuse towards Petitioner *(check all that apply)*:

         ☑ Harassment                                  ☑ Exploitation of a High Risk Adult with Disabilities

         ☑ Interference with Personal Liberty             ☑ Intimidation of a Dependent

         ☑ Physical Abuse                                 ☑ Willful Deprivation

         ☑ Stalking                                      ☑ Neglect of a High Risk Adult with Disabilities

☐ **2.**   **Possession of Residence** *(see page 5 of Petition)*                  (R02) (Police Enforced)

         ☐ Exclusive possession of residence is granted to Petitioner.

                 ☐ Respondent must stay at least _____ feet away from the residence located at:

                   _____

                   *Street Address, Apt #*              *City*             *State*             *Zip*

                   **OR**

                 ☐ Respondent must stay away from the residence of Petitioner BECAUSE *(check one)*:

                       ☐ Petitioner has a right to live there and Respondent has no right; OR

                       ☐ Petitioner and Respondent both have the right to live there, but it would be harder on Petitioner

                   to leave the residence after considering the factors set forth in 750 ILCS 60/214(b)(2)(B).

         ☐ Provision of alternate housing

                 ☐ Respondent shall provide alternate housing for Petitioner

                 on or before: _____
                             *Date*

                 ☐ Such housing shall meet the following requirements: _____

                 _____

☑ **3.**   **Stay Away from Petitioner and Certain Places** *(see page 4 of Petition)*     (R03) (Police Enforced)

         ☑ Respondent shall not have any communication with Petitioner and stay away from Petitioner at all times.

         ☐ Respondent shall stay at least _____ feet away from Petitioner at all times.

| **Respondent:** | If any protection in Section 3 is granted, Respondent must not have any physical, non-physical, direct or indirect contact with Petitioner. This also includes contact through others who may not know about the *Order of Protection*. It also forbids oral communication, written communication, sign language, telephone and cell phone calls, faxes, texts, tweets, emails, posts, or communication by any other social media, and all other communication with Petitioner. |
|---|---|

☑ Respondent shall not be at or stay at any of these places while Petitioner is there:

☐ Residence located at: _____

| | |
|---|---|
| *Street Address, Apt #* | *City* | *State* | *Zip* |

☑ Places of employment of Petitioner, located at:
University of Illinois Urbana-Champaign

| *Name* | *Street Address* | *City* | *State* | *Zip* |
|---|---|---|---|---|

| *Name* | *Street Address* | *City* | *State* | *Zip* |
|---|---|---|---|---|

☐ Schools, kindergartens, or daycare centers of Petitioner, located at:

| *Name* | *Street Address* | *City* | *State* | *Zip* |
|---|---|---|---|---|

| *Name* | *Street Address* | *City* | *State* | *Zip* |
|---|---|---|---|---|

☑ Other locations:
All University Locations

| *Name* | *Street Address* | *City* | *State* | *Zip* |
|---|---|---|---|---|

| *Name* | *Street Address* | *City* | *State* | *Zip* |
|---|---|---|---|---|

☐ Respondent shall have the right to enter the residence listed in Section 2 <u>once</u> to retrieve the property as provided in Section 10 of this Order.

☑ School Restrictions *(see page 6 of Petition)*
University of Illinois Urbana-Champaign _____ is an elementary, middle, or high
*Name of School*
school attended by both Respondent and Petitioner, a person protected by this *Order*.
After considering the factors in 750 ILCS 60/214(b)(3)(B):

☑ Respondent shall not attend this school for as long as a Petitioner is enrolled there;

☐ Respondent shall accept a change of placement or program at this school as determined by the public school district or by this private or non-public school; OR

☐ Respondent shall follow these restrictions on movement within the school: _____
_____

☐ Requirements for Parents and Guardians
Respondent is a minor. To ensure that Respondent follows this *Order*, _____
*Name of Parent or Guardian*

shall do the following: _____
_____

☑ **4. Counseling** *(see page 7 of Petition)* (R04) (Court Enforced)
Respondent must do the following and file proof with the Circuit Clerk by _____ *(check all that apply)*:
*Date*

☐ Enroll in and successfully complete a Domestic Violence Partner Abuse program.

☐ Get an alcohol and substance abuse evaluation and complete any recommended counseling or treatment.

☐ Get a mental health evaluation and complete any recommended counseling or treatment.

☑ Other: Anger management training and sexual harassment, prejudice courses

| | |
|---|---|
| **Respondent:** | Respondent MUST fully participate in all sessions of outpatient or inpatient treatment recommended by the evaluating agency, as often and for as long as that agency or other referred providers recommend. Respondent must file with the Circuit Clerk monthly attendance and progress reports written by each treatment provider. |

☐ **5.** **Care and Possession of Children** *(see page 8 of Petition)* **(R05) (Police Enforced)**

| **Law Enforcement:** | The provisions of this section are Police Enforced IF Respondent is ordered *(see page 2, R03)* to stay away from the minor children listed as "protected" as checked below. |
|---|---|

☐ Respondent and Petitioner are the parents of the following minor children:

| Child's Name (first, middle, last) | Age | State of Residence | Included as Protected Party? | |
|---|---|---|---|---|
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |

☐ The primary caretaker of the minor children is: ☐ Petitioner ☐ Respondent ☐ Other person:

_____  _____  _____  _____  _____
*Name*          *Street Address*      *City*            *State*        *Zip*

☐ Petitioner is granted the physical care and possession of the minor children that Petitioner and Respondent have together, AND:

   ☐ Respondent shall, personally or through a law enforcement agency as authorized by the court, return the minor children to the physical care of:

      ☐ Petitioner ☐ other person: _____
                            *Name of Other Person*

   ☐ Respondent shall return the children to: _____
                                   *Street Address, Apt #*    *City*    *State*    *ZIP*

      ☐ on ☐ by: _____ at _____ in the presence of:
               *Date*             *Time*

   _____
   *Name of Person or Name of Law Enforcement Agency*

☐ Respondent shall not remove the minor children from the physical care of Petitioner or from a school, babysitter, daycare provider, or any person caring for the children.

☐ Within 24 hours of this *Order* being entered, the Circuit Clerk shall send written notice of the *Order* to the following school, daycare, or health care providers:

_____  _____  _____  _____  _____
*Name*          *Street Address*      *City*            *State*        *Zip*

_____  _____  _____  _____  _____
*Name*          *Street Address*      *City*            *State*        *Zip*

   ☐ For the safety of Petitioner, the name and location of the school or daycare is listed on the *Confidential Name & Location of the School or Daycare* form.

☐ **6.** **Temporary Significant Decision-Making Responsibility** *(formerly custody)* **(R06) (Court Enforced)**
*(see page 8 of Petition)*

The Court awards Petitioner all significant decision-making responsibility *(formerly custody)* of the minor children that Petitioner and Respondent have together.

The Court finds that:

☐ Paternity has not been established; OR

☐ Paternity has been established:

   ☐ The children of the parties were born before or during the marriage, or within 300 days of termination of the marriage.

   ☐ The parties are NOT married but there HAS been a legal determination of parentage through one or

   ☐ more of the following:

      1. Both parties are listed as parents on an Illinois birth certificate.

      2. Both parties have signed a Voluntary Acknowledgment of Parentage.

      3. A judicial or administrative decision.

      4. Other: _____

☐ **7.** **Respondent's Parenting Time** *(formerly visitation)* **with the Minor Children**        (R07) (Court Enforced)

*(see pages 8 - 9 of Petition)*

☐ Parenting time is RESERVED until a later hearing. *(The Court will not make ANY decision on parenting time at this time)*

☐ Parenting time is ☐ DENIED until further order, OR ☐ RESTRICTED because Respondent is likely to:

   ☐ Abuse or endanger the children during parenting time.
   ☐ Use parenting time to abuse or harass Petitioner, Petitioner's family, or household members.
   ☐ Improperly hide or detain the children.
   ☐ Act in a way that is not in the best interest of the children.

☐ Parenting time is GRANTED as follows: *(include a.m. or p.m.)*

   ☐ Every _____ from _____ to _____
          *Days*                              *Time*            *Time*

   ☐ Each weekend ☐ Alternating weekends as follows:

      ☐ from Friday at _____ to Saturday at _____
      ☐ from Friday at _____ to Sunday at _____
      ☐ from Saturday at _____ to Sunday at _____
      ☐ from Saturday at _____ to Saturday at _____
      ☐ from Sunday at _____ to Sunday at _____

   ☐ Other: _____

   _____

   _____

☐ In order to protect Petitioner from further abuse, Respondent shall not go to Petitioner's residence to meet the minor children for parenting time.

☐ Date of first parenting time shall be on: _____ at _____
                                                      *Date*               *Time*

Pickup and return for parenting time shall take place at *(list name and address)*:

   ☐ Police Department: _____
                         *Name*              *Street Address*         *City*    *State*   *Zip*

   ☐ Sheriff's Department: _____
                           *Name*            *Street Address*         *City*    *State*   *Zip*

   ☐ Safe Exchange Center: _____
                            *Name*           *Street Address*         *City*    *State*   *Zip*

   ☐ Other location: _____
                      *Name*              *Street Address*         *City*    *State*   *Zip*

☐ Responsibility for transportation of the children for parenting time shall be as follows:

   _____

☐ Parenting time shall take place at: _____
                                        *Street Address*                *City*    *State*   *Zip*

☐ Parenting time shall be supervised by: _____ ,
                                           *Name of Person or Agency*

who has filed an *Affidavit of Parenting Time Supervisor* with the court accepting responsibility and acknowledging accountability.

☐ At the end of parenting time, Respondent shall immediately return the children to Petitioner or the following person designated by Petitioner: _____ ,
                                              *Name of Designated Person*

who has filed an affidavit with the court accepting responsibility and acknowledging accountability.

| **Respondent:** | Petitioner may by law deny you access to the minor children if, when you arrive for parenting time, you are under the influence of drugs or alcohol and constitute a threat to the safety and well-being of Petitioner or the minor children of Petitioner or you are behaving in a violent or abusive manner (750 ILCS 60/214(b)(7)). |

☐ **8. No Concealment or Removal of Children** *(see page 9 of Petition)*     (R08) (Police Enforced)
Respondent shall not hide the minor children within the State or remove the children from Illinois.

☐ **9. Appear with Children** *(see page 10 of Petition)*     (R09) (Court Enforced)
Respondent shall appear   ☐ alone   ☐ with minor children at: _____
_____   *Address of Courthouse*

_____ in Courtroom _____ on _____ at _____
                                                              *Date*              *Time*

to *(check all that apply)*:
☐ Prevent abuse, neglect, removal or concealment of the children.
☐ Return the children to the custody or care of Petitioner.
☐ Permit a court-ordered interview or examination of the children or Respondent.

☐ **10. Possession of Personal Property** *(see page 5 of Petition)*     (R10) (Court Enforced)
*(does not affect ownership of property)*
☐ Petitioner is awarded possession of the following personal property: _____

_____

☐ Respondent shall return   ☐ all of the property   ☐ the following property: _____
_____ to _____
                                               *Name of Person*

The Court finds as follows:
☐ Petitioner, but not Respondent, owns the property.
☐ Petitioner and Respondent both own the property. Sharing it would put Petitioner at risk for abuse,
  or is not practical. Not having the property would be harder on Petitioner.
☐ Petitioner claims the property as marital property, and a divorce case has been filed.
☐ Respondent is awarded possession of the following personal property:  ☐ clothing  ☐ medicine
☐ Other personal property as follows: _____
_____

☐ Personal property shall be transferred at: _____
                                          *Street Address*          *City*        *State*       *Zip*
on _____ at _____
      *Date*              *Time*
☐ Personal property shall be transferred only in the presence of:
  ☐ Law enforcement: _____ ; OR
                     *Name of Law Enforcement Agency*
     Date to be obtained from Law Enforcement by:  ☐ Petitioner  ☐ Respondent
  ☐ Another person: _____
                     *Name*

☑ **11. Restrictions on Property** *(see page 6 of Petition)*     (R11) (Court Enforced)
☐ Respondent shall not take, transfer, encumber, conceal, damage, or otherwise dispose of any real or
  personal property, except as explicitly authorized by the Court, BECAUSE *(check all that apply)*:
  ☐ Petitioner, but not Respondent, owns the property.
     Petitioner and Respondent both own the property. Not having the property would be harder on
  ☐ Petitioner.
  ☐ Petitioner claims the property as marital property, and a divorce case has been filed.
☐ Restrictions on Resources; Aged Petitioner
  Respondent is prohibited from improperly using financial or other resources of an aged Petitioner for
  the advantage of Respondent or any other person.

☐ **11.5** **Possession of Animals** *(see page 6 of Petition)* (R11.5) (Court Enforced)
Petitioner shall the have care, custody, and control over the following animals: _____

Respondent shall stay away from the animals and Respondent is forbidden from taking, transferring, concealing, harming, or otherwise disposing of the animals.

☐ **12.** **Temporary Support** *(see page 7 of Petition)* (R12) (Court Enforced)
The Court finds that Respondent is:  ☐ unemployed  ☐ self employed  ☐ employed by:

| *Name* | *Street Address* | *City* | *State* | *Zip* |

and has approximate net pay in the amount of:  $ _____  ☐ weekly  ☐ every two weeks
☐ twice a month  ☐ monthly

   ☐ Respondent shall pay temporary child support to Petitioner
   In the amount of  $ _____  ☐ weekly  ☐ every two weeks  ☐ twice a month  ☐ monthly
      ☐ Payments shall begin on: _____  and shall continue until further order of the Court.
                                   *Date*
      Payments shall be made through the:  ☐ Circuit Clerk OR  ☐ State Disbursement Unit (SDU) for
      Child Support. *(Payment shall not be paid directly to Petitioner)*
      **OR**
   ☐ A child support order will be entered.
      **AND/OR**
   ☐ Respondent shall pay temporary support (maintenance) to Petitioner
   in the amount of  $ _____  ☐ weekly  ☐ every two weeks  ☐ twice a month  ☐ monthly

☑ **13.** **Payment of Losses Due To Abuse** *(see page 7 of Petition)* (R13) (Court Enforced)
   ☐ Respondent shall pay Petitioner for losses suffered as a direct result of abuse, neglect, or exploitation,
      including:
      ☐ Medical expenses……………………………………………………………………   $ _____
      ☐ Lost earnings…………………………………………………………………………   $ _____
      ☐ Repair or replace property damaged or taken…………………………………   $ _____
      ☐ Moving and other travel expenses……………………………………………   $ _____
      ☐ Reasonable expenses for housing other than a domestic violence shelter………..   $ _____
      ☐ Expenses for search and recovery of children…………………………………   $ _____
      ☑ Reasonable attorney's fees…………………………………………………………   $ _____
      ☐ Other:  _____   $ _____
      The total amount of:
      ☐  $ _____  by  _____
                                  *Date*
      ☐ Payments in the amount of:  $ _____  ☐ weekly  ☐ every two weeks  ☐ twice a month
                                                          ☐ monthly

☐ **14.** **No Entry or Presence Under Influence** *(see page 5 of Petition)* (R14) (Court Enforced)
Even though Respondent is not required by this *Order* to stay away from the residence of Petitioner at all times, Respondent is not allowed to enter or remain in that residence while under the influence of drugs or alcohol and threatening the safety or well-being of Petitioner or Petitioner's children.

☐ **14.5** **Firearms** *(see page 6-7 of Petition)* (R14.5) (Court Enforced)

The Court has examined Petitioner and any other witnesses under oath. The Court finds that Respondent:

☐ Has appeared personally in court after receiving notice of this hearing; OR

☐ Failed to appear personally after having received actual notice.

☐ This *Order* restrains Respondent from abusing, stalking, or threatening their intimate partner or children of the intimate partner, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to themselves or their children; AND the Court finds that:

    ☐ Respondent represents a credible threat to the physical safety of Respondent's intimate partner or their children; OR

    ☐ This *Order* prohibits the use, attempted use, or threatened use of physical force against Respondent's intimate partner or their children that could reasonably be expected to cause bodily injury.

**Respondent:** Respondent is automatically prohibited from possessing a firearm while this *Order* is in effect, under Federal Law 18 USC 922(g)(8).

Therefore:

☐ Respondent shall surrender all firearms in their possession to this law enforcement agency, which shall take possession of them: _____
                                             *Name of Law Enforcement Agency*

☐ Respondent shall immediately turn over any FOID card in their possession to this law enforcement agency, which shall take possession of it: _____
                                            *Name of Law Enforcement Agency*

☐ Respondent's conceal and carry license is suspended during the duration of this *Order*. Respondent must turn over the license to the court at the time this *Order* is entered or to this law enforcement agency, which shall take possession of it: _____
                                            *Name of Law Enforcement Agency*

When this *Order* ends, Respondent's firearms and FOID card shall be returned to Respondent upon request if the FOID card is not expired and there is no other order restricting Respondent's possession of those firearms.

☐ **15.** **Children's Records** *(see page 10 of Petition)* (R15) (Court Enforced)

Respondent is not allowed to access, inspect, or obtain school records or any other records of the minor children in the care of Petitioner because *(check all that apply)*:

☐ This *Order of Protection* prohibits Respondent from having contact with the minor children.

☐ The actual address of Petitioner is not included due to the risk of further abuse.

☐ It is necessary to prevent abuse or wrongful removal or concealment of the minor children.

☐ **16.** **Shelter Reimbursement** *(see page 7 of Petition)* (R16) (Court Enforced)

Respondent shall pay $ _____ to _____
                                              *Shelter Name*

for the cost of services and shelter provided to Petitioner.

☑ **17.** **Miscellaneous Remedies** *(see page 10 of Petition)* (R17) (Court Enforced)

☑ Respondent is further ordered as follows: Attend mandatory anger management and additional training for sexual harassment, discrimination and prejudice based on disability and sex/gender.

_____

☐ **18.** **Telephone Services** *(see page 6 of Petition)* (R18) (Court Enforced)

☐ Petitioner uses the following telephone numbers for which a wireless telephone provider provides service for Respondent and Petitioner:

Name of Provider: _____

Name of Account Holder: _____

Respondent's Billing Phone #: _____

Petitioner Phone #: _____

Petitioner Phone #: _____

☐ After considering the evidence and pursuant to 725 ILCS 5/112A-14(b)(18),the wireless telephone service provider shall terminate Respondent's use of Petitioner's phone number, transfer to Petitioner the right to use these phone numbers, and transfer to Petitioner all financial responsibility associated with future use of these phone numbers.

| **Petitioner:** | STOP! Only the Judge or Circuit Clerk shall enter anything below this point. |
|---|---|

☐ **RULINGS PURSUANT TO** 750 ILCS 60/221(a)(2) and (b)(2)

☐ The relief requested in Paragraphs: ☐ 2 ☐ 3 ☐ 10 ☐ 11 ☐ 16 ☐ Other: _____
in the *Petition* is DENIED because the balance of hardships does not support the granting of the remedy; the granting of the remedy will result in hardship to Respondent that would substantially outweigh the hardship to Petitioner from the denial of the remedy; OR because: _____

_____

☐ The relief requested in Paragraphs: _____
in the *Petition* is RESERVED.

☐ **COMPLIANCE HEARING**

☐ A compliance hearing will be held on: _____ at _____ on the following issues: _____
   _____Date_____      ____Time____

_____

☐ Respondent is ordered to appear and bring the following documents: _____

_____


**PLENARY** *(FINAL)* **ORDERS ONLY:**

**If no specific date for expiration is entered on page 2, this** *Order* **will remain in effect until:**

☐ 1.* Final judgment is entered in related case number: _____

☐ 2.* This *Order* is modified or vacated by the Court *(if incorporated into the final judgment of another civil proceeding).*

☐ 3.* Expiration of any supervision, conditional discharge, probation, periodic imprisonment, parole, or supervised mandatory release, plus 2 years.

☐ 4.* Expiration of a term of imprisonment set by this court, plus 2 years.

*\* This Order may last more than 2 years if it is entered in conjunction with a civil or criminal proceeding.*

☐ 5. Termination of any voluntary or involuntary commitment, or until: _____
                                                                 *Date (not to exceed 2 years)*

☐ 6. Until disposition, withdrawal or dismissal of the underlying charge if entered during pre-trial release. If case is continued as an independent cause of action, for a fixed period of time not to exceed 2 years.

☐ 7. Final disposition when a Bond Forfeiture Warrant has issued, or until: _____
                                                                    *Date (not to exceed 2 years)*

☐ 8. Further order of the Court only by extension; special findings needed.


**ENTERED:** _____  _____
                          *Judge*                                              *Date*

I hereby certify that this is a true and correct copy of the original order on file with the Court.

Clerk of the Circuit Court of _____ County Illinois _____
                                                                                    *Date*

_____
*Seal (and signature, as locally required)*

| STATE OF ILLINOIS, CIRCUIT COURT | **ORDER OF PROTECTION** | |
|---|---|---|
| <u>Champaign</u> **COUNTY** | Civil Proceeding ☐ Interim ☐ Plenary<br>Criminal Proceeding ☑ Final | **Case Number** |

| **Instructions ▼** | | For Court Use Only |
|---|---|---|
| Directly above, enter the county where you filed this case. | **Petitioner:** Rose Meacham<br>*(First, middle, last name)* | ☐ **Independent** |
| Enter your name as Petitioner. | People to be Protected by this *Order (check all that apply)*:<br>☑ Petitioner | ☐ **Juvenile**<br>☑ **Other Civil Proceeding**<br>☐ **Criminal** |
| Check the boxes for **ALL** people you want to include in the *Order*. | ☐ Petitioner's minor children with Respondent:<br>_____<br>_____ | ☐ **This *Order* has been granted Pursuant to the Code of Criminal Procedure <u>725 ILCS 5/112A</u>** |
| On the lines provided, enter the name for each person you are trying to protect. "Other household members" includes people living with you or working where you are staying. | ☐ Petitioner's minor children not related to Respondent:<br>_____<br>_____<br>_____<br>☐ Dependent adult: _____<br>☐ High risk adult: _____<br>☐ Other household members: _____<br>_____<br>_____<br>_____ | |
| Enter name of the person you are seeking protection from as Respondent. | **v.** | |
| Enter the Case Number given by the Circuit Clerk. | **Respondent:** Aron Keith Barbey<br>*(First, middle, last name)* | |

| **NOTE:** | If you are completing this form for a minor child, a dependent adult, or a high risk adult, insert information needed below as if you were that person. In other words, do not use your information. |
|---|---|

1. **Petitioner's** ☐ **address OR** ☑ **alternative address for notice**
   325 Ramblewood Road     DuPage     Illinois     60137
   *Street Address, Apt #*            *City*          *State*     *Zip*
   rsm397@nyu.edu
   *Email*

2. **Respondent's date of birth** *(if known):* _____ Sex: <u>Male</u> Race <u>White</u>

3. **Respondent's address** *(if known):*
   2325/21 Beckman Institute, 405 North Mathews Avenue     Urbana     Illinois     61801
   *Street Address, Apt #*            *City*          *State*     *Zip*
   University of Illinois Urbana-Champaign
   *Respondent's Employer*                  *Respondent's work hours*
   barbey@illinois.edu
   *Respondent's Employer-Street Address*     *City*          *State*     *Zip*

**THE COURT ORDERS THAT:**

☑ Respondent shall not abuse or threaten to abuse Petitioner *(see R01, page 2)*

☑ Respondent shall stay away from Petitioner *(see R03, page 2)*

**FOR ADDITIONAL ORDERS, READ THIS ENTIRE FORM**

☐ This *Order* was issued on: July 21, 2020    at   7am
                         *Date*               *Time*

☐ This *Order* will end on: _____ at _____
                       *Date*               *Time*

☐ This *Order* will end as entered on page 9.

**NEXT HEARING** *(interim Orders only)*: There will be a hearing on:   TBD _____ at _____
                                                   *Date*                *Time*

at   Federal Case in Central Disctrict Courthouse _____ in _____
   *Address of Courthouse*                                           *Courtroom*

| | |
|---|---|
| **Respondent:** | A plenary *(final)* order of protection may be entered if Respondent does not come to this hearing. |

**After reviewing the *Petition* and hearing the evidence and testimony of Petitioner, the Court makes findings**

☐ Are stated on page 10 and 11 of this *Order*, OR

☐ Were made orally and videotaped or recorded by a court reporter and are incorporated into this *Order*.

**THE COURT ORDERS THAT ALL SECTIONS SELECTED BELOW BE OBEYED:**

☑ **1.**   **No Abuse** *(see page 4 of Petition)*                         (R01) (Police Enforced)

     Respondent shall not threaten or commit the following acts of abuse towards Petitioner *(check all that apply)*:

       ☑ Harassment                          ☑ Exploitation of a High Risk Adult with Disabilities

       ☑ Interference with Personal Liberty      ☑ Intimidation of a Dependent

       ☑ Physical Abuse                      ☑ Willful Deprivation

       ☑ Stalking                             ☑ Neglect of a High Risk Adult with Disabilities

☐ **2.**   **Possession of Residence** *(see page 5 of Petition)*             (R02) (Police Enforced)

       ☐ Exclusive possession of residence is granted to Petitioner.

           ☐ Respondent must stay at least _____ feet away from the residence located at:

           _____

           *Street Address, Apt #*            *City*           *State*           *Zip*

           **OR**

           ☐ Respondent must stay away from the residence of Petitioner BECAUSE *(check one)*:

               ☐ Petitioner has a right to live there and Respondent has no right; OR

               ☐ Petitioner and Respondent both have the right to live there, but it would be harder on Petitioner

           to leave the residence after considering the factors set forth in 750 ILCS 60/214(b)(2)(B).

       ☐ Provision of alternate housing

           ☐ Respondent shall provide alternate housing for Petitioner

           on or before: _____

                   *Date*

           ☐ Such housing shall meet the following requirements: _____

           _____

☑ **3.**   **Stay Away from Petitioner and Certain Places** *(see page 4 of Petition)*     (R03) (Police Enforced)

       ☑ Respondent shall not have any communication with Petitioner and stay away from Petitioner at all times.

       ☐ Respondent shall stay at least _____ feet away from Petitioner at all times.

| | |
|---|---|
| **Respondent:** | If any protection in Section 3 is granted, Respondent must not have ANY physical, non-physical, direct or indirect contact with Petitioner. This also includes contact through others who may not know about the *Order of Protection*. It also forbids oral communication, written communication, sign language, telephone and cell phone calls, faxes, texts, tweets, emails, posts, or communication by any other social media, and all other communication with Petitioner. |

☑ Respondent shall not be at or stay at any of these places while Petitioner is there:

  ☐ Residence located at: _____

| | | | |
|---|---|---|---|
| *Street Address, Apt #* | *City* | *State* | *Zip* |

  ☑ Places of employment of Petitioner, located at:
    University of Illinois Urbana-Champaign

| | | | |
|---|---|---|---|
| *Name* | *Street Address* | *City* | *State* | *Zip* |

| | | | |
|---|---|---|---|
| *Name* | *Street Address* | *City* | *State* | *Zip* |

  ☐ Schools, kindergartens, or daycare centers of Petitioner, located at:

| | | | |
|---|---|---|---|
| *Name* | *Street Address* | *City* | *State* | *Zip* |

| | | | |
|---|---|---|---|
| *Name* | *Street Address* | *City* | *State* | *Zip* |

  ☑ Other locations:
    All University Locations

| | | | |
|---|---|---|---|
| *Name* | *Street Address* | *City* | *State* | *Zip* |

| | | | |
|---|---|---|---|
| *Name* | *Street Address* | *City* | *State* | *Zip* |

☐ Respondent shall have the right to enter the residence listed in Section 2 <u>once</u> to retrieve the property as provided in Section 10 of this Order.

☑ School Restrictions *(see page 6 of Petition)*
University of Illinois Urbana-Champaign _____ is an elementary, middle, or high
*Name of School*
school attended by both Respondent and Petitioner, a person protected by this *Order*.
After considering the factors in 750 ILCS 60/214(b)(3)(B):

  ☑ Respondent shall not attend this school for as long as a Petitioner is enrolled there;
  ☐ Respondent shall accept a change of placement or program at this school as determined by the public school district or by this private or non-public school; OR
  ☐ Respondent shall follow these restrictions on movement within the school: _____
  _____

☐ Requirements for Parents and Guardians
Respondent is a minor. To ensure that Respondent follows this *Order*, _____
                                                                   *Name of Parent or Guardian*

shall do the following: _____

☑ **4. Counseling** *(see page 7 of Petition)*                                    (R04) (Court Enforced)
Respondent must do the following and file proof with the Circuit Clerk by _____ *(check all that apply)*:
                                                                             *Date*

  ☐ Enroll in and successfully complete a Domestic Violence Partner Abuse program.
  ☐ Get an alcohol and substance abuse evaluation and complete any recommended counseling or treatment.
  ☐ Get a mental health evaluation and complete any recommended counseling or treatment.
  ☑ Other: Anger management training and sexual harassment, prejudice courses

| | |
|---|---|
| **Respondent:** | Respondent MUST fully participate in all sessions of outpatient or inpatient treatment recommended by the evaluating agency, as often and for as long as that agency or other referred providers recommend. Respondent must file with the Circuit Clerk monthly attendance and progress reports written by each treatment provider. |

☐ **5.** **Care and Possession of Children** *(see page 8 of Petition)* (R05) (Police Enforced)

| **Law Enforcement:** | The provisions of this section are Police Enforced IF Respondent is ordered *(see page 2, R03)* to stay away from the minor children listed as "protected" as checked below. |
|---|---|

☐ Respondent and Petitioner are the parents of the following minor children:

| Child's Name (first, middle, last) | Age | State of Residence | Included as Protected Party? | |
|---|---|---|---|---|
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |

☐ The primary caretaker of the minor children is: ☐ Petitioner ☐ Respondent ☐ Other person:

_____
*Name*　　　　*Street Address*　　　　*City*　　　　*State*　　　　*Zip*

☐ Petitioner is granted the physical care and possession of the minor children that Petitioner and Respondent have together, AND:

　　☐ Respondent shall, personally or through a law enforcement agency as authorized by the court, return the minor children to the physical care of:

　　　　☐ Petitioner ☐ other person: _____
　　　　　　　　　　　　　　　　　　　　*Name of Other Person*

　　☐ Respondent shall return the children to: _____
　　　　　　　　　　　　　　　　　　*Street Address, Apt #*　　*City*　　*State*　　*ZIP*

　　　　☐ on ☐ by: _____ at _____ in the presence of: _____
　　　　　　　　　　　*Date*　　　　　　　　　*Time*

　　　　_____
　　　　*Name of Person or Name of Law Enforcement Agency*

☐ Respondent shall not remove the minor children from the physical care of Petitioner or from a school, babysitter, daycare provider, or any person caring for the children.

☐ Within 24 hours of this *Order* being entered, the Circuit Clerk shall send written notice of the *Order* to the following school, daycare, or health care providers:

_____
*Name*　　　　*Street Address*　　　　*City*　　　　*State*　　　　*Zip*

_____
*Name*　　　　*Street Address*　　　　*City*　　　　*State*　　　　*Zip*

　　☐ For the safety of Petitioner, the name and location of the school or daycare is listed on the *Confidential Name & Location of the School or Daycare* form.

☐ **6.** **Temporary Significant Decision-Making Responsibility** *(formerly custody)* (R06) (Court Enforced)
*(see page 8 of Petition)*

The Court awards Petitioner all significant decision-making responsibility *(formerly custody)* of the minor children that Petitioner and Respondent have together.

The Court finds that:

☐ Paternity has not been established; OR

☐ Paternity has been established:

　　☐ The children of the parties were born before or during the marriage, or within 300 days of termination of the marriage.

　　☐ The parties are NOT married but there HAS been a legal determination of parentage through one or

　　☐ more of the following:

　　　　1. Both parties are listed as parents on an Illinois birth certificate.

　　　　2. Both parties have signed a Voluntary Acknowledgment of Parentage.

　　　　3. A judicial or administrative decision.

　　　　4. Other: _____

☐ **7.** **Respondent's Parenting Time** *(formerly visitation)* **with the Minor Children** (R07) (Court Enforced)

*(see pages 8 - 9 of Petition)*

☐ Parenting time is RESERVED until a later hearing. *(The Court will not make ANY decision on parenting time at this time)*

☐ Parenting time is ☐ DENIED until further order, OR ☐ RESTRICTED because Respondent is likely to:

    ☐ Abuse or endanger the children during parenting time.

    ☐ Use parenting time to abuse or harass Petitioner, Petitioner's family, or household members.

    ☐ Improperly hide or detain the children.

    ☐ Act in a way that is not in the best interest of the children.

☐ Parenting time is GRANTED as follows: *(include a.m. or p.m.)*

    ☐ Every _____ from _____ to _____
                  *Days*                         *Time*            *Time*

    ☐ Each weekend ☐ Alternating weekends as follows:

        ☐ from Friday at _____ to Saturday at _____

        ☐ from Friday at _____ to Sunday at _____

        ☐ from Saturday at _____ to Sunday at _____

        ☐ from Saturday at _____ to Saturday at _____

        ☐ from Sunday at _____ to Sunday at _____

    ☐ Other: _____

_____

_____

    ☐ In order to protect Petitioner from further abuse, Respondent shall not go to Petitioner's residence to meet the minor children for parenting time.

    ☐ Date of first parenting time shall be on: _____ at _____
                                         *Date*           *Time*

    Pickup and return for parenting time shall take place at *(list name and address)*:

| ☐ Police Department: | | | | |
|---|---|---|---|---|
| | *Name* | *Street Address* | *City* | *State* | *Zip* |

| ☐ Sheriff's Department: | | | | |
|---|---|---|---|---|
| | *Name* | *Street Address* | *City* | *State* | *Zip* |

| ☐ Safe Exchange Center: | | | | |
|---|---|---|---|---|
| | *Name* | *Street Address* | *City* | *State* | *Zip* |

| ☐ Other location: | | | | |
|---|---|---|---|---|
| | *Name* | *Street Address* | *City* | *State* | *Zip* |

    ☐ Responsibility for transportation of the children for parenting time shall be as follows:

_____

| ☐ Parenting time shall take place at: | | | | |
|---|---|---|---|---|
| | *Street Address* | | *City* | *State* | *Zip* |

    ☐ Parenting time shall be supervised by: _____ ,
                                      *Name of Person or Agency*

    who has filed an *Affidavit of Parenting Time Supervisor* with the court accepting responsibility and acknowledging accountability.

    ☐ At the end of parenting time, Respondent shall immediately return the children to Petitioner or the following person designated by Petitioner: _____ ,
                                            *Name of Designated Person*

    who has filed an affidavit with the court accepting responsibility and acknowledging accountability.

| **Respondent:** | Petitioner may by law deny you access to the minor children if, when you arrive for parenting time, you are under the influence of drugs or alcohol and constitute a threat to the safety and well-being of Petitioner or the minor children of Petitioner or you are behaving in a violent or abusive manner (750 ILCS 60/214(b)(7)). |
|---|---|

☐ **8.** **No Concealment or Removal of Children** *(see page 9 of Petition)* (R08) (Police Enforced)
Respondent shall not hide the minor children within the State or remove the children from Illinois.

☐ **9.** **Appear with Children** *(see page 10 of Petition)* (R09) (Court Enforced)
Respondent shall appear ☐ alone ☐ with minor children at: _____
*Address of Courthouse*

_____ in Courtroom _____ on _____ at _____
*Date* *Time*

to *(check all that apply)*:
☐ Prevent abuse, neglect, removal or concealment of the children.
☐ Return the children to the custody or care of Petitioner.
☐ Permit a court-ordered interview or examination of the children or Respondent.

☐ **10.** **Possession of Personal Property** *(see page 5 of Petition)* (R10) (Court Enforced)
*(does not affect ownership of property)*
☐ Petitioner is awarded possession of the following personal property: _____

_____

☐ Respondent shall return ☐ all of the property ☐ the following property: _____
_____ to _____
*Name of Person*

The Court finds as follows:
☐ Petitioner, but not Respondent, owns the property.
☐ Petitioner and Respondent both own the property. Sharing it would put Petitioner at risk for abuse,
or is not practical. Not having the property would be harder on Petitioner.
☐ Petitioner claims the property as marital property, and a divorce case has been filed.
☐ Respondent is awarded possession of the following personal property: ☐ clothing ☐ medicine
☐ Other personal property as follows: _____

_____

☐ Personal property shall be transferred at: _____
*Street Address* *City* *State* *Zip*

on _____ at _____
*Date* *Time*
☐ Personal property shall be transferred only in the presence of:
☐ Law enforcement: _____ ; OR
*Name of Law Enforcement Agency*
Date to be obtained from Law Enforcement by: ☐ Petitioner ☐ Respondent
☐ Another person: _____
*Name*

☑ **11.** **Restrictions on Property** *(see page 6 of Petition)* (R11) (Court Enforced)
☐ Respondent shall not take, transfer, encumber, conceal, damage, or otherwise dispose of any real or
personal property, except as explicitly authorized by the Court, BECAUSE *(check all that apply)*:
☐ Petitioner, but not Respondent, owns the property.
Petitioner and Respondent both own the property. Not having the property would be harder on
☐ Petitioner.
☐ Petitioner claims the property as marital property, and a divorce case has been filed.
☐ Restrictions on Resources; Aged Petitioner
Respondent is prohibited from improperly using financial or other resources of an aged Petitioner for
the advantage of Respondent or any other person.

☐ **11.5** **Possession of Animals** *(see page 6 of Petition)* (R11.5) (Court Enforced)

Petitioner shall the have care, custody, and control over the following animals: _____

Respondent shall stay away from the animals and Respondent is forbidden from taking, transferring, concealing, harming, or otherwise disposing of the animals.

☐ **12.** **Temporary Support** *(see page 7 of Petition)* (R12) (Court Enforced)

The Court finds that Respondent is:  ☐ unemployed  ☐ self employed  ☐ employed by:

| *Name* | *Street Address* | *City* | *State* | *Zip* |

and has approximate net pay in the amount of:  $ _____  ☐ weekly  ☐ every two weeks

☐ twice a month  ☐ monthly

☐ Respondent shall pay temporary child support to Petitioner

In the amount of  $ _____  ☐ weekly  ☐ every two weeks  ☐ twice a month  ☐ monthly

☐ Payments shall begin on: _____ and shall continue until further order of the Court.

           *Date*

Payments shall be made through the:  ☐ Circuit Clerk OR ☐ State Disbursement Unit (SDU) for

Child Support. *(Payment shall not be paid directly to Petitioner)*

**OR**

☐ A child support order will be entered.

**AND/OR**

☐ Respondent shall pay temporary support (maintenance) to Petitioner

in the amount of  $ _____  ☐ weekly  ☐ every two weeks  ☐ twice a month  ☐ monthly

☑ **13.** **Payment of Losses Due To Abuse** *(see page 7 of Petition)* (R13) (Court Enforced)

☐ Respondent shall pay Petitioner for losses suffered as a direct result of abuse, neglect, or exploitation, including:

☐ Medical expenses……………………………………………………………………..  $ _____

☐ Lost earnings…………………………………………………………………………..  $ _____

☐ Repair or replace property damaged or taken…………………………………….  $ _____

☐ Moving and other travel expenses…………………………………………………  $ _____

☐ Reasonable expenses for housing other than a domestic violence shelter………..  $ _____

☐ Expenses for search and recovery of children……………………………………  $ _____

☑ Reasonable attorney's fees…………………………………………………………  $ _____

☐ Other: _____  $ _____

The total amount of:

☐ $ _____ by _____

              *Date*

☐ Payments in the amount of:  $ _____  ☐ weekly  ☐ every two weeks  ☐ twice a month

☐ monthly

☐ **14.** **No Entry or Presence Under Influence** *(see page 5 of Petition)* (R14) (Court Enforced)

Even though Respondent is not required by this *Order* to stay away from the residence of Petitioner at all times, Respondent is not allowed to enter or remain in that residence while under the influence of drugs or alcohol and threatening the safety or well-being of Petitioner or Petitioner's children.

☐ **14.5** **Firearms** *(see page 6-7 of Petition)* (R14.5) (Court Enforced)

The Court has examined Petitioner and any other witnesses under oath. The Court finds that Respondent:

☐ Has appeared personally in court after receiving notice of this hearing; OR

☐ Failed to appear personally after having received actual notice.

☐ This *Order* restrains Respondent from abusing, stalking, or threatening their intimate partner or children of the intimate partner, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to themselves or their children; AND the Court finds that:

☐ Respondent represents a credible threat to the physical safety of Respondent's intimate partner or their children; OR

☐ This *Order* prohibits the use, attempted use, or threatened use of physical force against Respondent's intimate partner or their children that could reasonably be expected to cause bodily injury.

| **Respondent:** | Respondent is automatically prohibited from possessing a firearm while this *Order* is in effect, under Federal Law 18 USC 922(g)(8). |
|---|---|

Therefore:

☐ Respondent shall surrender all firearms in their possession to this law enforcement agency, which shall take possession of them: _____
*Name of Law Enforcement Agency*

☐ Respondent shall immediately turn over any FOID card in their possession to this law enforcement agency, which shall take possession of it: _____
*Name of Law Enforcement Agency*

☐ Respondent's conceal and carry license is suspended during the duration of this *Order*. Respondent must turn over the license to the court at the time this *Order* is entered or to this law enforcement agency, which shall take possession of it: _____
*Name of Law Enforcement Agency*

When this *Order* ends, Respondent's firearms and FOID card shall be returned to Respondent upon request if the FOID card is not expired and there is no other order restricting Respondent's possession of those firearms.

☐ **15.** **Children's Records** *(see page 10 of Petition)* (R15) (Court Enforced)

Respondent is not allowed to access, inspect, or obtain school records or any other records of the minor children in the care of Petitioner because *(check all that apply)*:

☐ This *Order of Protection* prohibits Respondent from having contact with the minor children.

☐ The actual address of Petitioner is not included due to the risk of further abuse.

☐ It is necessary to prevent abuse or wrongful removal or concealment of the minor children.

☐ **16.** **Shelter Reimbursement** *(see page 7 of Petition)* (R16) (Court Enforced)

Respondent shall pay $ _____ to _____
*Shelter Name*

for the cost of services and shelter provided to Petitioner.

☑ **17.** **Miscellaneous Remedies** *(see page 10 of Petition)* (R17) (Court Enforced)

☑ Respondent is further ordered as follows: Attend mandatory anger management and additional training for sexual harassment, discrimination and prejudice based on disability and sex/gender.

_____

☐ **18.** **Telephone Services** *(see page 6 of Petition)* (R18) (Court Enforced)

☐ Petitioner uses the following telephone numbers for which a wireless telephone provider provides service for Respondent and Petitioner:

Name of Provider: _____

Name of Account Holder: _____

Respondent's Billing Phone #: _____

Petitioner Phone #: _____

Petitioner Phone #: _____

☐ After considering the evidence and pursuant to 725 ILCS 5/112A-14(b)(18),the wireless telephone service provider shall terminate Respondent's use of Petitioner's phone number, transfer to Petitioner the right to use these phone numbers, and transfer to Petitioner all financial responsibility associated with future use of these phone numbers.

| **Petitioner:** | STOP! Only the Judge or Circuit Clerk shall enter anything below this point. |
|---|---|

☐ **RULINGS PURSUANT TO** 750 ILCS 60/221(a)(2) and (b)(2)

☐ The relief requested in Paragraphs: ☐ 2 ☐ 3 ☐ 10 ☐ 11 ☐ 16 ☐ Other: _____
in the *Petition* is DENIED because the balance of hardships does not support the granting of the remedy; the granting of the remedy will result in hardship to Respondent that would substantially outweigh the hardship to Petitioner from the denial of the remedy; OR because: _____

_____

☐ The relief requested in Paragraphs: _____
in the *Petition* is RESERVED.

☐ **COMPLIANCE HEARING**

☐ A compliance hearing will be held on: _____ at _____ on the following issues: _____
          *Date*                    *Time*

_____

☐ Respondent is ordered to appear and bring the following documents: _____

_____

**PLENARY** *(FINAL)* **ORDERS ONLY:**

**If no specific date for expiration is entered on page 2, this** *Order* **will remain in effect until:**

☐ 1.* Final judgment is entered in related case number: _____

☐ 2.* This *Order* is modified or vacated by the Court *(if incorporated into the final judgment of another civil proceeding).*

☐ 3.* Expiration of any supervision, conditional discharge, probation, periodic imprisonment, parole, or supervised mandatory release, plus 2 years.

☐ 4.* Expiration of a term of imprisonment set by this court, plus 2 years.

*\* This Order may last more than 2 years if it is entered in conjunction with a civil or criminal proceeding.*

☐ 5. Termination of any voluntary or involuntary commitment, or until: _____
                                                              *Date (not to exceed 2 years)*

☐ 6. Until disposition, withdrawal or dismissal of the underlying charge if entered during pre-trial release. If case is continued as an independent cause of action, for a fixed period of time not to exceed 2 years.

☐ 7. Final disposition when a Bond Forfeiture Warrant has issued, or until: _____
                                                              *Date (not to exceed 2 years)*

☐ 8. Further order of the Court only by extension; special findings needed.

**ENTERED:** _____    _____
                    *Judge*                                              *Date*

I hereby certify that this is a true and correct copy of the original order on file with the Court.

Clerk of the Circuit Court of _____ County Illinois _____
                                                                              *Date*

_____
*Seal (and signature, as locally required)*

Enter the Case Number given by the Circuit Clerk: _____

Copies given to: ☐ Petitioner ☐ Respondent in Open Court ☐ Respondent via Sheriff ☐ LEADS
☐ Sheriff ☐ State's Attorney

To be completed by the judge:
☐ There is reason to believe Respondent is *(check all that apply)*: ☐ armed ☐ dangerous ☐ suicidal

**FINDINGS:**

**After reviewing the *Petition* and hearing the evidence and testimony of Petitioner, the Court finds that:**

1. The people protected by this *Order* are:
   ☐ Petitioner
   ☐ Minor children listed in the caption of this *Order*
   ☐ Other Protected Persons listed on page 1 of this *Order*

2. The Petitioner has the following relationship to Respondent:
   ☐ Boyfriend / Girlfriend (including ex) (BG)  ☐ Spouse (SE)  ☐ Ex-Spouse (XS)
   ☐ Has Children with Respondent (never married to Respondent) (CC)  ☐ Sharing or Shared Home (CS)  ☐ Child (CH)
   ☐ Parent (PA)  ☐ Brother or Sister (SB)  ☐ Other Family Member (OF)
   ☐ Other – Petitioner not Related to Respondent (OT)  ☐ In-law (IL)  ☐ Personal Caregiver to Disabled Petitioner (PC)
   ☐ Petitioner with Disability (PD)  ☐ Personal Assistant of Petitioner (PR)  ☐ Grandchild (GC)
   ☐ Grandparent (GP)  ☐ Step-Child (SC)  ☐ Step-Brother or Step-Sister
   ☐ Prospective or Adoptive Child has Family or Household Relationship with Respondent  ☐ Foster Child has Family or Household Relationship with Respondent  ☐ Legally Appointed Guardian or Custodian of a Child who has a Family or Household Relationship with
   ☐ Step-Parent (SP)

3. ☐ Respondent has received notice of Petitioner's request for an *Order of Protection*.
   ☐ Petitioner has diligently attempted to complete service of process, but has not been able to serve Respondent.
   ☐ Petitioner has given notice by publication.
   ☐ Petitioner is present in person in court. ☐ Represented by: _____
   *Name of Lawyer*

4. ☐ Respondent has filed an answer or appearance.
   ☐ Respondent is not present in court, and is in default.
   ☐ Respondent is present in person in court. ☐ Represented by: _____
   *Name of Lawyer*

5. In granting the remedies in this *Order*, the Court has considered all relevant factors, including: the nature, frequency, severity, pattern, and consequences of Respondent's past abuse, neglect, or exploitation of Petitioner or any family/household member, including Respondent's concealment of their location in order to evade service of process notice, and the likelihood of danger of future abuse, neglect, or exploitation to Petitioner or any member of Petitioner's or Respondent's family or household; and the danger that any minor child(ren) will be abused, neglected, removed from the jurisdiction, improperly concealed within the State, or improperly separated from the child(ren)'s primary caretaker. The Court finds that:
   • The Court has jurisdiction over Petitioner, Respondent, minor children and other Protected Persons.
   • Venue is proper.
   • Respondent has abused Petitioner and/or the children identified as protected persons in Section 5 on page 4 and/or the Protected Persons listed on Page 1 of this *Order*.
   • The actions of Respondent will likely cause irreparable harm or continued abuse unless they are prohibited.
   • It is necessary to grant the requested relief in this *Order* to protect Petitioner or other abused persons.

6. Other Relevant Factors and Findings *(check all that apply)*:
   ☐ An *Order of Protection* has previously been entered in this case or in another case in which any party, or a child

OP-P 405.2    Page 10 of 13    (10/19)

any party, has been named as either Respondent or Petitioner.

☐ An abused person is unable to bring this *Petition* on their own behalf due to age, health, disability, or

☐ The *Petition* has been filed on behalf of a high-risk adult with disabilities who has been abused, neglected, or exploited by a family or household member.

☐ There is reason to believe Respondent is *(check all that apply)*: ☐ armed ☐ dangerous ☐ suicidal

7. ☐ The Court is entering this *Order* based on the following prima facie evidence *(check one)*:

    ☐ an information, complaint, indictment or delinquency petition, charging a crime of domestic violence or charging an attempt to commit a crime of domestic violence; OR

    ☐ an adjudication of delinquency, a finding of guilt based upon a plea, or a finding of guilt after a trial for a crime of domestic battery; OR

    ☐ any disposition order issued under Section 5-710 of the Juvenile Court Act of 1987, the imposition of supervision, conditional discharge, probation, periodic imprisonment, parole, aftercare release, or mandatory supervised release for a crime of domestic violence or an attempt to commit a crime of domestic violence, or imprisonment in conjunction with a bond forfeiture warrant; OR

    ☐ the entry of a protective order in a separate civil case brought by the Petitioner against Respondent.

## IMPORTANT INFORMATION ABOUT THIS *ORDER OF PROTECTION*

**TO BOTH PARTIES:** This *Order* CANNOT BE CHANGED OR VACATED unless you have a hearing. To have a Petitioner or Respondent must do the following:

1. File a written motion with the Circuit Clerk that lists the reasons why you want to change or vacate this *Order*;
2. Get a time for the hearing from the Circuit Clerk; AND
3. Provide the other party with a copy of your motion and notify the other party in writing of the time and place of the hearing.

**TO RESPONDENT:** The Court has granted this *Order*. If you do not obey this *Order*, you could be arrested and charged with a crime.

- Petitioner cannot give you legal permission to change this *Order*. Only the Court can change this *Order*. If you have contact with Petitioner that is prohibited by this *Order*, you may be arrested.
- If you and Petitioner want to have contact with each other again, you must ask the Court to modify or dismiss this *Order of Protection*.
- Unless the Court changes or dismisses this *Order*, you can be arrested for violating this *Order of Protection*.

You may ask the Court to re-open this *Order* if you did not receive notice before this *Order* was signed. To do this you must file a motion stating that (1) you did not receive prior notice, and (2) you have a valid defense to the *Order*, or that the *Order*, or any of its remedies, was not authorized under the law.

Any knowing violation of an *Order of Protection* forbidding physical abuse, neglect, exploitation, harassment, interference with personal liberty, willful deprivation, or entering or remaining present at specified places when any Protected Persons are present, or granting exclusive possession of the residence or household or granting a stay away order is a Class A misdemeanor. Grants of exclusive possession of the residence or household shall constitute notice forbidding trespass to land. Any knowing violation of an order awarding parental responsibility (formerly custody) or care of a child or prohibiting removal or concealment of a child may be a Class 4 felony. Any willful violation of any contempt of court. Any violation may result in fine or imprisonment.

**TO PETITIONER:** You cannot change the terms of this *Order* by your words or actions.

- If the Court has ordered no contact or given you sole possession of the residence, only the Court can allow the Respondent to contact you or return to the residence.
- If you want to have contact with the Respondent again, you MUST ask the Court, in a written motion to change vacate this *Order of Protection*.
- You cannot be charged with a violation of this *Order*.

**TO PARENTS OR GUARDIANS OF MINOR RESPONDENTS:** The Court may hold you in contempt of court if a minor respondent in your care violates this *Order* and you have helped, encouraged, or directed the minor to do so.

## NOTICE ABOUT ENFORCEMENT:

This *Order of Protection* is enforceable, even without registration, in all 50 states, the District of Columbia, lands, and the U.S. Territories pursuant to the Violence Against Women Act (18 U.S.C. § 2265), provided notice this *Order of Protection* has been provided to the Respondent. Violating this *Order of Protection* may subject the Respondent to state and/or federal charges and punishment. 18 U.S.C. §§ 2261-2262. This *Order* is directed to the Respondent. Except under accountability circumstances, which should be assessed by the Attorney, Petitioner cannot be guilty of violation of an *Order of Protection*.

## DEFINITION OF TERMS USED IN THIS *ORDER*

These definitions are incorporated in and made a part of the *Order* to which they are attached.

1. **Abuse:** "Abuse" means physical abuse, harassment, intimidation of a dependent, interference with personal liberty, or willful deprivation, but does not include

   reasonable direction of a minor child by a parent or person *in loco parentis*.

2. **Adult with Disabilities:** "Adult with Disabilities" means an elder adult with disabilities or a high-risk adult with disabilities. A person may be an adult with disabilities for purposes of this Act even though he or she has never been adjudicated an incompetent adult. However, no court proceeding may be initiated or continued on behalf of an adult with disabilities over that adult's objection, unless such proceeding is approved by his or her legal guardian, if any.

3. **Elder Adult with Disabilities:** "Elder adult with disabilities" means an adult prevented by advanced age from taking appropriate action to protect himself or herself from abuse by a family or household member.

4. **Exploitation:** "Exploitation" means the illegal, including tortious, use of a high-risk adult with disabilities or of the assets or resources of a high-risk adult with disabilities. Exploitation includes, but is not limited to, the misappropriation of assets or resources of a high-risk adult with disabilities by undue influence, by breach of a fiduciary relationship, by fraud, deception, or extortion, or the use of such assets or resources in a manner contrary to law.

5. **Family or Household Members:** Include spouses, former spouses, parents, children, stepchildren and other persons related by blood or by present or prior marriage, persons who share or formerly shared a common dwelling, persons who have or allegedly have a child in common, persons who share or share a blood relationship through a child, persons who have or have had a dating or engagement relationship, persons with disabilities and their personal assistants, and caregivers as defined in Section 12-4.4a of the Criminal Code of 2012. For purposes of this paragraph, neither a casual acquaintanceship nor ordinary fraternization between two individuals in business or social contexts shall be deemed to constitute a dating relationship. In the case of a high-risk adults with disabilities, "family or household members" includes any person who has the responsibility for a high-risk adult as a result of a family relationship or who has assumed responsibility for all or a portion of the care of a high-risk adult with disabilities voluntarily, or by express or implied contract, or by court order.

6. **Harassment:** "Harassment" means knowing conduct which is not necessary to accomplish a purpose that is reasonable under the circumstances, would cause a reasonable person emotional distress, and does cause emotional distress to Petitioner. Unless the presumption is rebutted by a preponderance of the evidence, the following types of conduct shall be presumed to cause emotional distress:
   a. creating a disturbance at Petitioner's place of employment or school; or
   b. repeatedly telephoning Petitioner's place of employment, home or residence; or
   c. repeatedly following Petitioner about in a public place or places; or
   d. repeatedly keeping Petitioner under surveillance by remaining present outside his or her home, school, place of employment, vehicle or other place occupied by Petitioner or by peering in Petitioner's windows; or
   e. improperly concealing a minor child from Petitioner, repeatedly threatening to improperly remove a minor child of Petitioner's from the jurisdiction or from the physical care of Petitioner, repeatedly threatening to conceal a minor child from Petitioner, or making a single such threat following an actual or attempted improper removal or concealment, unless Respondent was fleeing an incident or pattern of domestic violence; or
   f. threatening physical force, confinement or restraint on one or more occasions.

7. **High-risk Adult with Disabilities:** "High-risk adult with disabilities" means a person aged 18 or over whose physical or mental disability impairs his or her ability to seek or obtain protection from abuse, neglect, or exploitation.

8. **Interference with Personal Liberty:** "Interference with personal liberty" means committing or threatening physical abuse, harassment, intimidation or willful deprivation so as to compel another to engage in conduct from which they have a right to abstain or to refrain from conduct in which they have a right to engage.

9. **Intimidation of a Dependent:** "Intimidation of a dependent" means subjecting a person who is dependent because of age, health or disability to participation in or the witnessing of: physical force against another or physical confinement or restraint of another, which constitutes physical abuse as defined in this Act, regardless of whether the abused person is a family or household member.

10. **Neglect:** "Neglect" means the failure to exercise that degree of care toward a high-risk adult with disabilities which a reasonable person would exercise under the circumstances and includes but is not limited to:
    a. the failure to take reasonable steps to protect a high-risk adult with disabilities from acts of abuse; or
    b. the repeated, careless imposition of unreasonable confinement; or
    c. the failure to provide food, shelter, clothing, and personal hygiene to a high-risk adult with disabilities who requires such assistance; or
    d. the failure to provide medical and rehabilitative care for the physical and mental health needs of a high-risk adult with disabilities; or
    e. the failure to protect a high-risk adult with disabilities from health and safety hazards.

    Nothing in this definition shall be construed to impose a requirement that assistance be provided to a high-risk adult with disabilities over his or her objection

in the absence of a court order, nor to create any new affirmative duty to provide support to a high-risk adult with disabilities.

11. **Petitioner:** "Petitioner" may mean not only any named petitioner for the order of protection and any named victim of abuse on whose behalf the petition is brought, but also any other person protected by this Act.

12. **Physical Abuse:** "Physical abuse" includes sexual abuse and means any of the following:
    a. knowing or reckless use of physical force, confinement or restraint; or
    b. knowing, repeated and unnecessary sleep deprivation; or
    c. knowing or reckless conduct which creates an immediate risk of physical harm.

13. **Stalking:** "Stalking" means knowingly and without lawful justification, on at least two (2) separate occasions, following another person or placing the person under surveillance or any combination thereof and:
    a. at any time transmitting a threat of immediate or future bodily harm, sexual assault, confinement or restraint, and the threat is directed towards that person or a family member of that person; or
    b. placing that person in reasonable apprehension of immediate or future bodily harm, sexual assault, confinement or restraint; or
    c. placing that person in reasonable apprehension that a family member will receive immediate or future bodily harm, sexual assault, confinement, or

14. **Willful Deprivation:** "Willful deprivation" means willfully denying a person who because of age, health or disability requires medication, medical care, shelter, food, therapeutic device, or other physical assistance, and thereby exposing that person to the risk of physical, mental or emotional harm, except with regard to medical care or treatment when the dependent person has expressed an intent to forego such medical care or treatment. This paragraph does not create any new affirmative duty to provide support to dependent persons.

| STATE OF ILLINOIS, CIRCUIT COURT | ORDER OF PROTECTION | |
|---|---|---|
| <u>Champaign</u>    **COUNTY** | Civil Proceeding    ☐ Interim   ☐ Plenary<br>Criminal Proceeding   ☑ Final | **Case Number** |

| **Instructions ▼** | | *For Court Use Only* |
|---|---|---|
| Directly above, enter the county where you filed this case. | **Petitioner:** Rose Meacham<br>*(First, middle, last name)* | ☐ **Independent** |
| | | ☐ **Juvenile** |
| Enter your name as Petitioner. | People to be Protected by this *Order* (check all that apply): | ☑ **Other Civil Proceeding** |
| | ☑ Petitioner | ☐ **Criminal** |
| Check the boxes for **ALL** people you want to include in the *Order*. | ☐ Petitioner's minor children with Respondent: | ☐ **This *Order* has been granted Pursuant to the Code of Criminal Procedure <u>725 ILCS 5/112A</u>** |
| On the lines provided, enter the name for each person you are trying to protect. "Other household members" includes people living with you or working where you are staying. | ☐ Petitioner's minor children not related to Respondent: | |
| | ☐ Dependent adult: _____ | |
| | ☐ High risk adult: _____ | |
| | ☐ Other household members: _____ | |
| Enter name of the person you are seeking protection from as Respondent. | **v.** | |
| Enter the Case Number given by the Circuit Clerk. | **Respondent:** Alexis Thompson<br>*(First, middle, last name)* | |

| **NOTE:** | If you are completing this form for a minor child, a dependent adult, or a high risk adult, insert information needed below as if you were that person. In other words. do not use your information. |
|---|---|

1. **Petitioner's** ☐ **address OR** ☐ **alternative address for notice**
   325 Ramblewood Road    DuPage    Illinois    60137
   *Street Address, Apt #*            *City*          *State*     *Zip*
   rsm397@nyu.edu
   *Email*

2. **Respondent's date of birth** *(if known):* _____    Sex: Male    Race White

3. **Respondent's address** *(if known):*
   Coble Hall, 110, 801 S Wright St    Champaign    Illinois    61820
   *Street Address, Apt #*            *City*          *State*     *Zip*
   University of Illinois Urbana-Champaign
   *Respondent's Employer*                                   *Respondent's work hours*
   athmpsn1@illinois.edu
   *Respondent's Employer-Street Address*       *City*          *State*     *Zip*

**THE COURT ORDERS THAT:**

☑ Respondent shall not abuse or threaten to abuse Petitioner *(see R01, page 2)*

☑ Respondent shall stay away from Petitioner *(see R03, page 2)*

**FOR ADDITIONAL ORDERS, READ THIS ENTIRE FORM**

☐ This *Order* was issued on: __July 21, 2020__ at __7am_____
                               *Date*                       *Time*

☐ This *Order* will end on: _____ at _____
                               *Date*                       *Time*

☐ This *Order* will end as entered on page 9.

**NEXT HEARING** *(interim Orders only)*: There will be a hearing on: __TBD_____ at _____
                                                          *Date*                 *Time*

at __Federal Case in Central Disctrict Courthouse__ in _____
   *Address of Courthouse*                                                 *Courtroom*

| **Respondent:** | A plenary *(final)* order of protection may be entered if Respondent does not come to this hearing. |
|---|---|

**After reviewing the *Petition* and hearing the evidence and testimony of Petitioner, the Court makes findings**

☐ Are stated on page 10 and 11 of this *Order*, OR

☐ Were made orally and videotaped or recorded by a court reporter and are incorporated into this *Order*.

**THE COURT ORDERS THAT ALL SECTIONS SELECTED BELOW BE OBEYED:**

☑ **1.**   **No Abuse** *(see page 4 of Petition)*                          **(R01) (Police Enforced)**

    Respondent shall not threaten or commit the following acts of abuse towards Petitioner *(check all that apply)*:

    ☑ Harassment                            ☑ Exploitation of a High Risk Adult with Disabilities
    ☑ Interference with Personal Liberty        ☑ Intimidation of a Dependent
    ☑ Physical Abuse                       ☑ Willful Deprivation
    ☑ Stalking                              ☑ Neglect of a High Risk Adult with Disabilities

☐ **2.**   **Possession of Residence** *(see page 5 of Petition)*             **(R02) (Police Enforced)**

    ☐ Exclusive possession of residence is granted to Petitioner.

        ☐ Respondent must stay at least _____ feet away from the residence located at:

              *Street Address, Apt #*           *City*         *State*        *Zip*
        OR

        ☐ Respondent must stay away from the residence of Petitioner BECAUSE *(check one)*:

             ☐ Petitioner has a right to live there and Respondent has no right; OR

             ☐ Petitioner and Respondent both have the right to live there, but it would be harder on Petitioner

             to leave the residence after considering the factors set forth in 750 ILCS 60/214(b)(2)(B).

    ☐ Provision of alternate housing

        ☐ Respondent shall provide alternate housing for Petitioner

        on or before: _____
                 *Date*

        ☐ Such housing shall meet the following requirements: _____

                                                               _____

☑ **3.**   **Stay Away from Petitioner and Certain Places** *(see page 4 of Petition)*    **(R03) (Police Enforced)**

    ☑ Respondent shall not have any communication with Petitioner and stay away from Petitioner at all times.

    ☐ Respondent shall stay at least _____ feet away from Petitioner at all times.

| **Respondent:** | If any protection in Section 3 is granted, Respondent must not have ANY physical, non-physical, direct or indirect contact with Petitioner. This also includes contact through others who may not know about the *Order of Protection*. It also forbids oral communication, written communication, sign language, telephone and cell phone calls, faxes, texts, tweets, emails, posts, or communication by any other social media, and all other communication with Petitioner. |
|---|---|

☑ Respondent shall not be at or stay at any of these places while Petitioner is there:

☐ Residence located at: _____

| | | | |
|---|---|---|---|
| *Street Address, Apt #* | *City* | *State* | *Zip* |

☑ Places of employment of Petitioner, located at:
University of Illinois Urbana-Champaign

| | | | |
|---|---|---|---|
| *Name* | *Street Address* | *City* | *State* | *Zip* |

| | | | |
|---|---|---|---|
| *Name* | *Street Address* | *City* | *State* | *Zip* |

☐ Schools, kindergartens, or daycare centers of Petitioner, located at:

| | | | |
|---|---|---|---|
| *Name* | *Street Address* | *City* | *State* | *Zip* |

| | | | |
|---|---|---|---|
| *Name* | *Street Address* | *City* | *State* | *Zip* |

☑ Other locations:
All University Locations

| | | | |
|---|---|---|---|
| *Name* | *Street Address* | *City* | *State* | *Zip* |

| | | | |
|---|---|---|---|
| *Name* | *Street Address* | *City* | *State* | *Zip* |

☐ Respondent shall have the right to enter the residence listed in Section 2 <u>once</u> to retrieve the property as provided in Section 10 of this Order.

☑ School Restrictions *(see page 6 of Petition)*
University of Illinois Urbana-Champaign _____ is an elementary, middle, or high
*Name of School*
school attended by both Respondent and Petitioner, a person protected by this *Order*.
After considering the factors in <u>750 ILCS 60/214(b)(3)(B)</u>:

☑ Respondent shall not attend this school for as long as a Petitioner is enrolled there;
☐ Respondent shall accept a change of placement or program at this school as determined by the
public school district or by this private or non-public school; OR
☐ Respondent shall follow these restrictions on movement within the school: _____

_____

☐ Requirements for Parents and Guardians
Respondent is a minor. To ensure that Respondent follows this *Order*, _____
*Name of Parent or Guardian*

shall do the following: _____

_____

☑ **4. Counseling** *(see page 7 of Petition)* (R04) (Court Enforced)
Respondent must do the following and file proof with the Circuit Clerk by _____ *(check all that apply)*:
*Date*

☑ Enroll in and successfully complete a Domestic Violence Partner Abuse program.
☐ Get an alcohol and substance abuse evaluation and complete any recommended counseling or treatment.
☐ Get a mental health evaluation and complete any recommended counseling or treatment.
☑ Other: Required to complete training to prevent further discrimination, prejudice, and harassment.

| | |
|---|---|
| **Respondent:** | Respondent MUST fully participate in all sessions of outpatient or inpatient treatment recommended by the evaluating agency, as often and for as long as that agency or other referred providers recommend. Respondent must file with the Circuit Clerk monthly attendance and progress reports written by each treatment provider. |

☐ **5.** **Care and Possession of Children** *(see page 8 of Petition)*  (R05) (Police Enforced)

| **Law Enforcement:** | The provisions of this section are Police Enforced <u>IF</u> Respondent is ordered *(see page 2, R03)* to stay away from the minor children listed as "protected" as checked below. |
|---|---|

☐ Respondent and Petitioner are the parents of the following minor children:

| Child's Name (first, middle, last) | Age | State of Residence | Included as Protected Party? | |
|---|---|---|---|---|
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |

☐ The primary caretaker of the minor children is:  ☐ Petitioner  ☐ Respondent  ☐ Other person:

_____
Name          Street Address          City          State          Zip

☐ Petitioner is granted the physical care and possession of the minor children that Petitioner and Respondent have together, AND:

 ☐ Respondent shall, personally or through a law enforcement agency as authorized by the court, return the minor children to the physical care of:

  ☐ Petitioner  ☐ other person: _____
  *Name of Other Person*

 ☐ Respondent shall return the children to: _____
  *Street Address, Apt #*          *City*          *State*          *ZIP*

  ☐ on ☐ by: _____ at _____ in the presence of:
   *Date*                              *Time*

  _____
  *Name of Person or Name of Law Enforcement Agency*

☐ Respondent shall not remove the minor children from the physical care of Petitioner or from a school, babysitter, daycare provider, or any person caring for the children.

☐ Within 24 hours of this *Order* being entered, the Circuit Clerk shall send written notice of the *Order* to the following school, daycare, or health care providers:

_____
Name          Street Address          City          State          Zip

_____
Name          Street Address          City          State          Zip

 ☐ For the safety of Petitioner, the name and location of the school or daycare is listed on the *Confidential Name & Location of the School or Daycare* form.

☐ **6.** **Temporary Significant Decision-Making Responsibility** *(formerly custody)*  (R06) (Court Enforced)
*(see page 8 of Petition)*

The Court awards Petitioner all significant decision-making responsibility *(formerly custody)* of the minor children that Petitioner and Respondent have together.

The Court finds that:

☐ Paternity has not been established; OR

☐ Paternity has been established:

 ☐ The children of the parties were born before or during the marriage, or within 300 days of termination of the marriage.

 ☐ The parties are NOT married but there HAS been a legal determination of parentage through one or

 ☐ more of the following:

  1. Both parties are listed as parents on an Illinois birth certificate.

  2. Both parties have signed a Voluntary Acknowledgment of Parentage.

  3. A judicial or administrative decision.

  4. Other: _____

☐ **7. Respondent's Parenting Time** *(formerly visitation)* **with the Minor Children** (R07) (Court Enforced)

*(see pages 8 - 9 of Petition)*

☐ Parenting time is RESERVED until a later hearing. *(The Court will not make ANY decision on parenting time at this time)*

☐ Parenting time is ☐ DENIED until further order, OR ☐ RESTRICTED because Respondent is likely to:

    ☐ Abuse or endanger the children during parenting time.

    ☐ Use parenting time to abuse or harass Petitioner, Petitioner's family, or household members.

    ☐ Improperly hide or detain the children.

    ☐ Act in a way that is not in the best interest of the children.

☐ Parenting time is GRANTED as follows: *(include a.m. or p.m.)*

    ☐ Every _____ from _____ to _____
                *Days*            *Time*      *Time*

    ☐ Each weekend ☐ Alternating weekends as follows:

        ☐ from Friday at _____ to Saturday at _____

        ☐ from Friday at _____ to Sunday at _____

        ☐ from Saturday at _____ to Sunday at _____

        ☐ from Saturday at _____ to Saturday at _____

        ☐ from Sunday at _____ to Sunday at _____

    ☐ Other: _____

    _____

    _____

    ☐ In order to protect Petitioner from further abuse, Respondent shall not go to Petitioner's residence to meet the minor children for parenting time.

    ☐ Date of first parenting time shall be on: _____ at _____
                                          *Date*        *Time*

    Pickup and return for parenting time shall take place at *(list name and address)*:

| | Name | Street Address | City | State | Zip |
|---|---|---|---|---|---|
| ☐ Police Department: | | | | | |
| ☐ Sheriff's Department: | | | | | |
| ☐ Safe Exchange Center: | | | | | |
| ☐ Other location: | | | | | |

☐ Responsibility for transportation of the children for parenting time shall be as follows:

_____

| ☐ Parenting time shall take place at: | | | |
|---|---|---|---|
| | *Street Address* | *City* | *State* | *Zip* |

☐ Parenting time shall be supervised by: _____ ,
                                      *Name of Person or Agency*

who has filed an *Affidavit of Parenting Time Supervisor* with the court accepting responsibility and acknowledging accountability.

☐ At the end of parenting time, Respondent shall immediately return the children to Petitioner or the following person designated by Petitioner: _____ ,
                                          *Name of Designated Person*

who has filed an affidavit with the court accepting responsibility and acknowledging accountability.

| **Respondent:** | Petitioner may by law deny you access to the minor children if, when you arrive for parenting time, you are under the influence of drugs or alcohol and constitute a threat to the safety and well-being of Petitioner or the minor children of Petitioner or you are behaving in a violent or abusive manner (750 ILCS 60/214(b)(7)). |
|---|---|

☐ **8.** **No Concealment or Removal of Children** *(see page 9 of Petition)* (R08) (Police Enforced)
Respondent shall not hide the minor children within the State or remove the children from Illinois.

☐ **9.** **Appear with Children** *(see page 10 of Petition)* (R09) (Court Enforced)
Respondent shall appear ☐ alone ☐ with minor children at: _____
*Address of Courthouse*

_____ in Courtroom _____ on _____ at _____
*Date* *Time*

to *(check all that apply)*:
☐ Prevent abuse, neglect, removal or concealment of the children.
☐ Return the children to the custody or care of Petitioner.
☐ Permit a court-ordered interview or examination of the children or Respondent.

☐ **10.** **Possession of Personal Property** *(see page 5 of Petition)* (R10) (Court Enforced)
*(does not affect ownership of property)*
☐ Petitioner is awarded possession of the following personal property: _____

_____

☐ Respondent shall return ☐ all of the property ☐ the following property: _____
_____ to _____
*Name of Person*

The Court finds as follows:
☐ Petitioner, but not Respondent, owns the property.
☐ Petitioner and Respondent both own the property. Sharing it would put Petitioner at risk for abuse,
   or is not practical. Not having the property would be harder on Petitioner.
☐ Petitioner claims the property as marital property, and a divorce case has been filed.
☐ Respondent is awarded possession of the following personal property: ☐ clothing ☐ medicine
☐ Other personal property as follows: _____

_____

☐ Personal property shall be transferred at: _____
*Street Address* *City* *State* *Zip*

on _____ at _____
*Date* *Time*
☐ Personal property shall be transferred only in the presence of:
   ☐ Law enforcement: _____ ; OR
      *Name of Law Enforcement Agency*

   Date to be obtained from Law Enforcement by: ☐ Petitioner ☐ Respondent
   ☐ Another person: _____
      *Name*

☑ **11.** **Restrictions on Property** *(see page 6 of Petition)* (R11) (Court Enforced)
☐ Respondent shall not take, transfer, encumber, conceal, damage, or otherwise dispose of any real or
   personal property, except as explicitly authorized by the Court, BECAUSE *(check all that apply)*:
   ☐ Petitioner, but not Respondent, owns the property.
      Petitioner and Respondent both own the property. Not having the property would be harder on
   ☐ Petitioner.
   ☐ Petitioner claims the property as marital property, and a divorce case has been filed.
☐ Restrictions on Resources; Aged Petitioner
   Respondent is prohibited from improperly using financial or other resources of an aged Petitioner for
   the advantage of Respondent or any other person.

☐ **11.5** **Possession of Animals** *(see page 6 of Petition)* (R11.5) (Court Enforced)
Petitioner shall the have care, custody, and control over the following animals: _____

Respondent shall stay away from the animals and Respondent is forbidden from taking, transferring, concealing, harming, or otherwise disposing of the animals.

☐ **12.** **Temporary Support** *(see page 7 of Petition)* (R12) (Court Enforced)
The Court finds that Respondent is: ☐ unemployed ☐ self employed ☐ employed by:

| *Name* | *Street Address* | *City* | *State* | *Zip* |
|---|---|---|---|---|

and has approximate net pay in the amount of: $ _____ ☐ weekly ☐ every two weeks
☐ twice a month ☐ monthly

☐ Respondent shall pay temporary child support to Petitioner
In the amount of $ _____ ☐ weekly ☐ every two weeks ☐ twice a month ☐ monthly
☐ Payments shall begin on: _____ and shall continue until further order of the Court.
*Date*
Payments shall be made through the: ☐ Circuit Clerk OR ☐ State Disbursement Unit (SDU) for Child Support. *(Payment shall not be paid directly to Petitioner)*
**OR**
☐ A child support order will be entered.
**AND/OR**
☐ Respondent shall pay temporary support (maintenance) to Petitioner
in the amount of $ _____ ☐ weekly ☐ every two weeks ☐ twice a month ☐ monthly

☑ **13.** **Payment of Losses Due To Abuse** *(see page 7 of Petition)* (R13) (Court Enforced)
☐ Respondent shall pay Petitioner for losses suffered as a direct result of abuse, neglect, or exploitation, including:
☐ Medical expenses..............................................................................................  $ _____
☐ Lost earnings...................................................................................................  $ _____
☐ Repair or replace property damaged or taken...........................................  $ _____
☐ Moving and other travel expenses.............................................................  $ _____
☐ Reasonable expenses for housing other than a domestic violence shelter...........  $ _____
☐ Expenses for search and recovery of children............................................  $ _____
☐ Reasonable attorney's fees.........................................................................  $ _____
☐ Other: _____  $ _____
The total amount of:
☐ $ _____ by _____
*Date*
☐ Payments in the amount of: $ _____ ☐ weekly ☐ every two weeks ☐ twice a month
☐ monthly

☐ **14.** **No Entry or Presence Under Influence** *(see page 5 of Petition)* (R14) (Court Enforced)
Even though Respondent is not required by this *Order* to stay away from the residence of Petitioner at all times, Respondent is not allowed to enter or remain in that residence while under the influence of drugs or alcohol and threatening the safety or well-being of Petitioner or Petitioner's children.

☐ **14.5** **Firearms** *(see page 6-7 of Petition)* (R14.5) (Court Enforced)

The Court has examined Petitioner and any other witnesses under oath. The Court finds that Respondent:

☐ Has appeared personally in court after receiving notice of this hearing; OR

☐ Failed to appear personally after having received actual notice.

☐ This *Order* restrains Respondent from abusing, stalking, or threatening their intimate partner or children of the intimate partner, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to themselves or their children; AND the Court finds that:

☐ Respondent represents a credible threat to the physical safety of Respondent's intimate partner or their children; OR

☐ This *Order* prohibits the use, attempted use, or threatened use of physical force against Respondent's intimate partner or their children that could reasonably be expected to cause bodily injury.

**Respondent:** Respondent is automatically prohibited from possessing a firearm while this *Order* is in effect, under Federal Law 18 USC 922(g)(8).

Therefore:

☐ Respondent shall surrender all firearms in their possession to this law enforcement agency, which shall take possession of them: _____
  *Name of Law Enforcement Agency*

☐ Respondent shall immediately turn over any FOID card in their possession to this law enforcement agency, which shall take possession of it: _____
  *Name of Law Enforcement Agency*

☐ Respondent's conceal and carry license is suspended during the duration of this *Order*. Respondent must turn over the license to the court at the time this *Order* is entered or to this law enforcement agency, which shall take possession of it: _____
  *Name of Law Enforcement Agency*

When this *Order* ends, Respondent's firearms and FOID card shall be returned to Respondent upon request if the FOID card is not expired and there is no other order restricting Respondent's possession of those firearms.

☐ **15.** **Children's Records** *(see page 10 of Petition)* (R15) (Court Enforced)

Respondent is not allowed to access, inspect, or obtain school records or any other records of the minor children in the care of Petitioner because *(check all that apply)*:

☐ This *Order of Protection* prohibits Respondent from having contact with the minor children.

☐ The actual address of Petitioner is not included due to the risk of further abuse.

☐ It is necessary to prevent abuse or wrongful removal or concealment of the minor children.

☐ **16.** **Shelter Reimbursement** *(see page 7 of Petition)* (R16) (Court Enforced)

Respondent shall pay $ _____ to _____
  *Shelter Name*

for the cost of services and shelter provided to Petitioner.

☑ **17.** **Miscellaneous Remedies** *(see page 10 of Petition)* (R17) (Court Enforced)

☑ Respondent is further ordered as follows: Attend mandatory anger management and additional training for sexual harassment, discrimination and prejudice based on disability and sex/gender.

☐ **18.** **Telephone Services** *(see page 6 of Petition)* (R18) (Court Enforced)

☐ Petitioner uses the following telephone numbers for which a wireless telephone provider provides service for Respondent and Petitioner:

Name of Provider: _____

Name of Account Holder: _____

Respondent's Billing Phone #: _____

Petitioner Phone #: _____

Petitioner Phone #: _____

☐ After considering the evidence and pursuant to 725 ILCS 5/112A-14(b)(18), the wireless telephone service provider shall terminate Respondent's use of Petitioner's phone number, transfer to Petitioner the right to use these phone numbers, and transfer to Petitioner all financial responsibility associated with future use of these phone numbers.

**Petitioner:** STOP! Only the Judge or Circuit Clerk shall enter anything below this point.

☐ **RULINGS PURSUANT TO** 750 ILCS 60/221(a)(2) and (b)(2)

☐ The relief requested in Paragraphs: ☐ 2 ☐ 3 ☐ 10 ☐ 11 ☐ 16 ☐ Other: _____
in the *Petition* is DENIED because the balance of hardships does not support the granting of the remedy; the granting of the remedy will result in hardship to Respondent that would substantially outweigh the hardship to Petitioner from the denial of the remedy; OR because: _____

_____

☐ The relief requested in Paragraphs: _____
in the *Petition* is RESERVED.

☐ **COMPLIANCE HEARING**

☐ A compliance hearing will be held on: _____ at _____ on the following issues: _____
                               *Date*               *Time*

_____

☐ Respondent is ordered to appear and bring the following documents: _____

_____

**PLENARY *(FINAL)* ORDERS ONLY:**

**If no specific date for expiration is entered on page 2, this *Order* will remain in effect until:**

☐ 1.* Final judgment is entered in related case number: _____

☐ 2.* This *Order* is modified or vacated by the Court *(if incorporated into the final judgment of another civil proceeding)*.

☐ 3.* Expiration of any supervision, conditional discharge, probation, periodic imprisonment, parole, or supervised mandatory release, plus 2 years.

☐ 4.* Expiration of a term of imprisonment set by this court, plus 2 years.

* This Order may last more than 2 years if it is entered in conjunction with a civil or criminal proceeding.

☐ 5. Termination of any voluntary or involuntary commitment, or until: _____
                                                             *Date (not to exceed 2 years)*

☐ 6. Until disposition, withdrawal or dismissal of the underlying charge if entered during pre-trial release. If case is continued as an independent cause of action, for a fixed period of time not to exceed 2 years.

☐ 7. Final disposition when a Bond Forfeiture Warrant has issued, or until: _____
                                                          *Date (not to exceed 2 years)*

☐ 8. Further order of the Court only by extension; special findings needed.

**ENTERED:** _____       _____
                  *Judge*                                             *Date*

I hereby certify that this is a true and correct copy of the original order on file with the Court.

Clerk of the Circuit Court of _____ County Illinois _____
                                                                           *Date*

_____

*Seal (and signature, as locally required)*

Copies given to: ☐ Petitioner ☐ Respondent in Open Court ☐ Respondent via Sheriff ☐ LEADS
☐ Sheriff ☐ State's Attorney

To be completed by the judge:
☐ There is reason to believe Respondent is *(check all that apply)*: ☐ armed ☐ dangerous ☐ suicidal

**FINDINGS:**

**After reviewing the *Petition* and hearing the evidence and testimony of Petitioner, the Court finds that:**

1. The people protected by this *Order* are:
   - ☐ Petitioner
   - ☐ Minor children listed in the caption of this *Order*
   - ☐ Other Protected Persons listed on page 1 of this *Order*

2. The Petitioner has the following relationship to Respondent:

| | | |
|---|---|---|
| ☐ Boyfriend / Girlfriend (including ex) (BG) | ☐ Spouse (SE) | ☐ Ex-Spouse (XS) |
| ☐ Has Children with Respondent (never married to Respondent) (CC) | ☐ Sharing or Shared Home (CS) | ☐ Child (CH) |
| ☐ Parent (PA) | ☐ Brother or Sister (SB) | ☐ Other Family Member (OF) |
| ☐ Other – Petitioner not Related to Respondent (OT) | ☐ In-law (IL) | ☐ Personal Caregiver to Disabled Petitioner (PC) |
| ☐ Petitioner with Disability (PD) | ☐ Personal Assistant of Petitioner (PR) | ☐ Grandchild (GC) |
| ☐ Grandparent (GP) | ☐ Step-Child (SC) | ☐ Step-Brother or Step-Sister |
| ☐ Prospective or Adoptive Child has Family or Household Relationship with Respondent | ☐ Foster Child has Family or Household Relationship with Respondent | ☐ Legally Appointed Guardian or Custodian of a Child who has a Family or Household Relationship with |

   - ☐ Step-Parent (SP)

3. ☐ Respondent has received notice of Petitioner's request for an *Order of Protection*.
   - ☐ Petitioner has diligently attempted to complete service of process, but has not been able to serve Respondent.
   - ☐ Petitioner has given notice by publication.
   - ☐ Petitioner is present in person in court. ☐ Represented by: _____
     *Name of Lawyer*

4. ☐ Respondent has filed an answer or appearance.
   - ☐ Respondent is not present in court, and is in default.
   - ☐ Respondent is present in person in court. ☐ Represented by: _____
     *Name of Lawyer*

5. In granting the remedies in this *Order*, the Court has considered all relevant factors, including: the nature, frequency, severity, pattern, and consequences of Respondent's past abuse, neglect, or exploitation of Petitioner or any family/household member, including Respondent's concealment of their location in order to evade service of process notice, and the likelihood of danger of future abuse, neglect, or exploitation to Petitioner or any member of Petitioner's or Respondent's family or household; and the danger that any minor child(ren) will be abused, neglected, removed from the jurisdiction, improperly concealed within the State, or improperly separated from the child(ren)'s primary caretaker. The Court finds that:
   - The Court has jurisdiction over Petitioner, Respondent, minor children and other Protected Persons.
   - Venue is proper.
   - Respondent has abused Petitioner and/or the children identified as protected persons in Section 5 on page 4 and/or the Protected Persons listed on Page 1 of this *Order*.
   - The actions of Respondent will likely cause irreparable harm or continued abuse unless they are prohibited.
   - It is necessary to grant the requested relief in this *Order* to protect Petitioner or other abused persons.

6. Other Relevant Factors and Findings *(check all that apply)*:
   - ☐ An *Order of Protection* has previously been entered in this case or in another case in which any party, or a child

any party, has been named as either Respondent or Petitioner.

☐ An abused person is unable to bring this *Petition* on their own behalf due to age, health, disability, or

☐ The *Petition* has been filed on behalf of a high-risk adult with disabilities who has been abused, neglected, or exploited by a family or household member.

☐ There is reason to believe Respondent is *(check all that apply)*:   ☐ armed  ☐ dangerous  ☐ suicidal

7. ☐ The Court is entering this *Order* based on the following prima facie evidence (*check one*):

    ☐ an information, complaint, indictment or delinquency petition, charging a crime of domestic violence or charging an attempt to commit a crime of domestic violence; OR

    ☐ an adjudication of delinquency, a finding of guilt based upon a plea, or a finding of guilt after a trial for a crime of domestic battery; OR

    ☐ any disposition order issued under Section 5-710 of the Juvenile Court Act of 1987, the imposition of supervision, conditional discharge, probation, periodic imprisonment, parole, aftercare release, or mandatory supervised release for a crime of domestic violence or an attempt to commit a crime of domestic violence, or imprisonment in conjunction with a bond forfeiture warrant; OR

    ☐ the entry of a protective order in a separate civil case brought by the Petitioner against Respondent.

## IMPORTANT INFORMATION ABOUT THIS *ORDER OF PROTECTION*

**TO BOTH PARTIES:** This *Order* CANNOT BE CHANGED OR VACATED unless you have a hearing. To have a Petitioner or Respondent must do the following:

1. File a written motion with the Circuit Clerk that lists the reasons why you want to change or vacate this *Order*;

2. Get a time for the hearing from the Circuit Clerk; AND

3. Provide the other party with a copy of your motion and notify the other party in writing of the time and place of the hearing.

**TO RESPONDENT:** The Court has granted this *Order*. If you do not obey this *Order*, you could be arrested and charged with a crime.

- Petitioner cannot give you legal permission to change this *Order*. Only the Court can change this *Order*. If you have contact with Petitioner that is prohibited by this *Order*, you may be arrested.

- If you and Petitioner want to have contact with each other again, you must ask the Court to modify or dismiss this *Order of Protection*.

- Unless the Court changes or dismisses this *Order*, you can be arrested for violating this *Order of Protection*.

You may ask the Court to re-open this *Order* if you did not receive notice before this *Order* was signed. To do this you must file a motion stating that (1) you did not receive prior notice, and (2) you have a valid defense to the *Order*, or that the *Order*, or any of its remedies, was not authorized under the law.

Any knowing violation of an *Order of Protection* forbidding physical abuse, neglect, exploitation, harassment, interference with personal liberty, willful deprivation, or entering or remaining present at specified places when any Protected Persons are present, or granting exclusive possession of the residence or household or granting a stay away order is a Class A misdemeanor. Grants of exclusive possession of the residence or household shall constitute notice forbidding trespass to land. Any knowing violation of an order awarding parental responsibility (formerly custody) or care of a child or prohibiting removal or concealment of a child may be a Class 4 felony. Any willful violation of any contempt of court. Any violation may result in fine or imprisonment.

**TO PETITIONER:** You cannot change the terms of this *Order* by your words or actions.

- If the Court has ordered no contact or given you sole possession of the residence, only the Court can allow the Respondent to contact you or return to the residence.

- If you want to have contact with the Respondent again, you MUST ask the Court, in a written motion to change vacate this *Order of Protection*.

- You cannot be charged with a violation of this *Order*.

**TO PARENTS OR GUARDIANS OF MINOR RESPONDENTS:** The Court may hold you in contempt of court if a minor respondent in your care violates this *Order* and you have helped, encouraged, or directed the minor to do so.

### NOTICE ABOUT ENFORCEMENT:

This *Order of Protection* **is enforceable, even without registration, in all 50 states, the District of Columbia, lands, and the U.S. Territories pursuant to the Violence Against Women Act (18 U.S.C. § 2265), provided notice this *Order of Protection* has been provided to the Respondent. Violating this *Order of Protection* may subject the Respondent to state and/or federal charges and punishment. 18 U.S.C. §§ 2261-2262. This *Order* is directed to the Respondent. Except under accountability circumstances, which should be assessed by the Attorney, Petitioner cannot be guilty of violation of an *Order of Protection*.**

### DEFINITION OF TERMS USED IN THIS *ORDER*

These definitions are incorporated in and made a part of the *Order* to which they are attached.

1. **Abuse:** "Abuse" means physical abuse, harassment, intimidation of a dependent, interference with personal liberty, or willful deprivation, but does not include
   reasonable direction of a minor child by a parent or person *in loco parentis*.
2. **Adult with Disabilities:** "Adult with Disabilities" means an elder adult with disabilities or a high-risk adult with disabilities. A person may be an adult with disabilities for purposes of this Act even though he or she has never been adjudicated an incompetent adult. However, no court proceeding may be initiated or continued on behalf of an adult with disabilities over that adult's objection, unless such proceeding is approved by his or her legal guardian, if any.
3. **Elder Adult with Disabilities:** "Elder adult with disabilities" means an adult prevented by advanced age from taking appropriate action to protect himself or herself from abuse by a family or household member.
4. **Exploitation:** "Exploitation" means the illegal, including tortious, use of a high-risk adult with disabilities or of the assets or resources of a high-risk adult with disabilities. Exploitation includes, but is not limited to, the misappropriation of assets or resources of a high-risk adult with disabilities by undue influence, by breach of a fiduciary relationship, by fraud, deception, or extortion, or the use of such assets or resources in a manner contrary to law.
5. **Family or Household Members:** Include spouses, former spouses, parents, children, stepchildren and other persons related by blood or by present or prior marriage, persons who share or formerly share a common dwelling, persons who have or allegedly have a child in common, persons who share or share a blood relationship through a child, persons who have or have had a dating or engagement relationship, persons with disabilities and their personal assistants, and caregivers as defined in Section 12-4.4a of the Criminal Code of 2012. For purposes of this paragraph, neither a casual acquaintanceship nor ordinary fraternization between two individuals in business or social contexts shall be deemed to constitute a dating relationship. In the case of a high-risk adult with disabilities, "family or household members" includes any person who has the responsibility for a high-risk adult as a result of a family relationship or who has assumed responsibility for all or a portion of the care of a high-risk adult with disabilities voluntarily, or by express or implied contract, or by court order.
6. **Harassment:** "Harassment" means knowing conduct which is not necessary to accomplish a purpose that is reasonable under the circumstances, would cause a reasonable person emotional distress, and does cause emotional distress to Petitioner. Unless the presumption is rebutted by a preponderance of the evidence, the following types of conduct shall be presumed to cause emotional distress:
   a. creating a disturbance at Petitioner's place of employment or school; or
   b. repeatedly telephoning Petitioner's place of employment, home or residence; or
   c. repeatedly following Petitioner about in a public place or places; or
   d. repeatedly keeping Petitioner under surveillance by remaining present outside his or her home, school, place of employment, vehicle or other place occupied by Petitioner or by peering in Petitioner's windows; or
   e. improperly concealing a minor child from Petitioner, repeatedly threatening to improperly remove a minor child of Petitioner's from the jurisdiction or from the physical care of Petitioner, repeatedly threatening to conceal a minor child from Petitioner, or making a single such threat following an actual or attempted improper removal or concealment, unless Respondent was fleeing an incident or pattern of domestic violence; or
   f. threatening physical force, confinement or restraint on one or more occasions.
7. **High-risk Adult with Disabilities:** "High-risk adult with disabilities" means a person aged 18 or over whose physical or mental disability impairs his or her ability to seek or obtain protection from abuse, neglect, or exploitation.
8. **Interference with Personal Liberty:** "Interference with personal liberty" means committing or threatening physical abuse, harassment, intimidation or willful deprivation so as to compel another to engage in conduct from which they have a right to abstain or to refrain from conduct in which they have a right to engage.
9. **Intimidation of a Dependent:** "Intimidation of a dependent" means subjecting a person who is dependent because of age, health or disability to participation in or the witnessing of: physical force against another or physical confinement or restraint of another, which constitutes physical abuse as defined in this Act, regardless of whether the abused person is a family or household member.
10. **Neglect:** "Neglect" means the failure to exercise that degree of care toward a high-risk adult with disabilities which a reasonable person would exercise under the circumstances and includes but is not limited to:
    a. the failure to take reasonable steps to protect a high-risk adult with disabilities from acts of abuse; or
    b. the repeated, careless imposition of unreasonable confinement; or
    c. the failure to provide food, shelter, clothing, and personal hygiene to a high-risk adult with disabilities who requires such assistance; or
    d. the failure to provide medical and rehabilitative care for the physical and mental health needs of a high-risk adult with disabilities; or
    e. the failure to protect a high-risk adult with disabilities from health and safety hazards.
    Nothing in this definition shall be construed to impose a requirement that assistance be provided to a high-risk adult with disabilities over his or her objection

in the absence of a court order, nor to create any new affirmative duty to provide support to a high-risk adult with disabilities.

11. **Petitioner:** "Petitioner" may mean not only any named petitioner for the order of protection and any named victim of abuse on whose behalf the petition is brought, but also any other person protected by this Act.

12. **Physical Abuse:** "Physical abuse" includes sexual abuse and means any of the following:
   a. knowing or reckless use of physical force, confinement or restraint; or
   b. knowing, repeated and unnecessary sleep deprivation; or
   c. knowing or reckless conduct which creates an immediate risk of physical harm.

13. **Stalking:** "Stalking" means knowingly and without lawful justification, on at least two (2) separate occasions, following another person or placing the person under surveillance or any combination thereof and:
   a. at any time transmitting a threat of immediate or future bodily harm, sexual assault, confinement or restraint, and the threat is directed towards that person or a family member of that person; or
   b. placing that person in reasonable apprehension of immediate or future bodily harm, sexual assault, confinement or restraint; or
   c. placing that person in reasonable apprehension that a family member will receive immediate or future bodily harm, sexual assault, confinement, or

14. **Willful Deprivation:** "Willful deprivation" means willfully denying a person who because of age, health or disability requires medication, medical care, shelter, food, therapeutic device, or other physical assistance, and thereby exposing that person to the risk of physical, mental or emotional harm, except with regard to medical care or treatment when the dependent person has expressed an intent to forego such medical care or treatment. This paragraph does not create any new affirmative duty to provide support to dependent persons.

 **Gmail**

**Rose Meacham <meacham.rose@gmail.com>**

## (no subject)
4 messages

---

**Rose Meacham** <meacham.rose@gmail.com>
To: "Sharples Brooks, Claire" <csharpl2@illinois.edu>

Wed, Feb 7, 2018 at 12:22 PM

Hi Claire,

Is it possible to meet tomorrow? I have a ton of work for class and getting really behind in everything.

Best,
Rose
--
- --- -- --- -- --- -- --- -- ---
**Rose Swan Meacham**
PhD Candidate, Computational Neuroscience
*University of Illinois Urbana-Champaign*
*New York University, Class '14*
rmeacha2@illinois.edu
917.613.4422

---

**Sharples Brooks, Claire** <csharpl2@illinois.edu>
To: Rose Meacham <meacham.rose@gmail.com>

Wed, Feb 7, 2018 at 12:47 PM

Hi Rose,


I am out tomorrow, but I could meet on Friday. Heidi told me that wanted to meet Friday at 1pm, which would work for me.


Sincerely,


Claire

[Quoted text hidden]

---

**Rose Meacham** <meacham.rose@gmail.com>
To: "Sharples Brooks, Claire" <csharpl2@illinois.edu>

Wed, Feb 7, 2018 at 3:57 PM

Thank you so much Claire! I booked the appointment already with your secretary. I could meet after class today at 5 pm but right now we are set up for Friday.

I'm feeling extremely overwhelmed with classes and this mandate from Martha that I need to attend classes with Sam and be in Beckman after the 9th. Can we discuss the accommodations options over email? I met with security for almost an hour yesterday but they can't do anything / are unwilling to help. It sounds like the body guard option is all I can do, unless NSP appoints a neutral party to oversee Sam's classes.

Best,
Rose

**Rose Meacham** <meacham.rose@gmail.com>
To: "Sharples Brooks, Claire" <csharpl2@illinois.edu>
Cc: "Colome, Sarah" <scolome@illinois.edu>, Erez Cohen <erez@illinihillel.org>

Wed, Feb 7, 2018 at 8:11 PM

Hi Claire,

I just spoke with my adviser and he also is not sure how to help with the accommodations, but he agrees that having someone of authority to supervise my classes and time at Beckman seems reasonable. The only alternative seems to be that I hire someone to protect me, but this is extremely expensive and makes me a bit upset that UIUC would force me to do this because the admin has been unable to provide enough protections. I just don't understand why Martha would not intervene to hold Sam Beshers, Brad Sutton, the student involved etc. responsible for their inappropriate actions and comments towards me. It could be so quick and easy to remedy all of this is NSP simply enforced school policy and federal/civil/state laws as they are required to do. What are my options and can we discuss these over email to set them up in time please?

I'm CCing Sarah on this email because maybe Sarah or an agent from the Women's Resource Center can fill the role as an authority overseeing the courses and time at Beckman. What other UIUC official could fulfill this role? If we can identify this before Friday then that would fix the course issues and make it better for me to move forward with courses. I really want to resolve this quickly and Martha Gillette has insisted that I be placed in a compromising situation after February 9th if we do not have these accommodations in place beforehand. It seems that the other alternative is to make the accommodations an extension of the approved course absences.... but I really would like to attend classes and don't think it is fair that I am isolated from the NSP community and at a disadvantage because I've spoken up about these inappropriate behavior. Professors have told me I need to decide between my career and being an "activist" by working with Title 9 and ODEA. This just does not seem fair that NSP and UIUC would not help me put protective measures in place to prevent these types of comments while I'm working and stop other students from lashing out because of my decision to file.

I've also included Erez Cohen on the email because he was involved with the OSCR and the retaliatory No Contact Order that is making me feel uncomfortable at Beckman. I will have to bring someone in from outside the UIUC community if we can't identify an appropriate authority to help with this. I hope we can fix this soon and I really appreciate everyone working to put these protective measures in place.

Best,
Rose

- --- -- --- -- --- -- --- -- ---
**Rose Swan Meacham**
PhD Candidate, Computational Neuroscience
*University of Illinois Urbana-Champaign*
*New York University, Class '14*
rmeacha2@illinois.edu
917.613.4422

[Quoted text hidden]

Dear Provost John Wilkin,

I am writing to request a meeting so we can fix an issue that is blocking my academic progress at UIUC. When I first arrived at UIUC in September as a First Year PhD Student, I discovered that the professor who I came here to work with was under investigation and is suddenly not allowed to accept new students. This began an unfortunate series of events that is making it impossible for me to continue a successful academic career here.

I am here to do excellent research and finish my PhD. That is why I came here, moving from New York and passing up other prestigious opportunities in favor of joining the UIUC community. The NSP program is unusual in the support they promise students who pursue interdisciplinary research and I knew, still know, that this environment will enable me to combine my background in computer science and neuroscience to create a strong body of impactful research. Because of this, I have identified new potential advisers for a co-adviser team to move forward in my work. But because of the unusual issues that occurred when i first arrived on campus, I am being told that I need to work with HR and Title 9.

Both professors and students have accused me of "collecting evidence to file a lawsuit" every time I try to work through the proper UIUC channels and it is becoming completely impossible for me to resolve this and move forward. I have been told that I would be kicked out of the department if I filed any type of formal grievance or report. I have received written notes from a student and verbal comments that they are afraid to be professionally associated with me because of the perceived conflict.

While this situation may be complicated, it doesn't seem very difficult to straighten out and I am still very hopeful that we can fix this together quickly. I am doing everything in my power to work with UIUC administration to resolve this internally, but the pervasive fear among faculty and students about potential association with a liability is making this impossible. Your assistance is very greatly needed, as nobody else is in a position of authority to help resolve a few remaining roadblocks to my academic progress.

I have requested that my work be reviewed by an unbiased third party and that, because of these unusual circumstances with the professor under investigation, UIUC help unblock these unfair barriers to my progress. We are also trying to confirm approval for a Tuition Waiver so I can move forward. I would very much appreciate your assistance with these two very important but seemingly straightforward issues: 1) approving my Tuition Waiver and 2) reviewing my work for unbiased grading.

I appreciate you reading this memo and look forward to your immediate attention so we can finally resolve these issues. Thank you so much for your help in advance and please let me know the best time to speak with you.


Sincerely,
Rose Meacham

 **Gmail**                                    Rose Meacham <meacham.rose@gmail.com>

## Not sure what to do...
5 messages

**Rose Meacham** <meacham.rose@gmail.com>                    Mon, Jan 8, 2018 at 12:51 AM
To: "Barbey, Aron Keith" <barbey@illinois.edu>

Dear Aron,

I just saw the note from Mickeal and my feelings are extremely hurt. This whole situation is just so unfair and is ruining my start at UIUC. I was told by UIUC officials to speak with Title 9 and HR, but every time I follow those instructions, something like this happens and it is negatively effecting my PhD / career. I've just been stuck in this awful block to move forward for months and months. I've been told directly that if I work with these offices at UIUC nobody will want to work with me and my career will be ruined. I think this email chain unfortunately speaks to just that. I really just don't know what to do at this point. I was so excited to come here and even passed-up other opportunities in order to come here and work with you and be co-advised with Neal. The drama of whatever is happening to you has just completely interfered with my PhD and I just don't know what to do at this point. I absolutely 100% came here to work and advance my career with excellent professors here. I chose UIUC because the work you study is exactly what I wanted to do and it fit better with my career goals than other opportunities. You seemed extremely nice when we spoke over the phone for my interview, but this is just the worst situation. I literally do not know what to do now. I have been barraged by emails and direct orders to file a specific complaint with Title 9 and HR and I just want to do my work and move forward. Every time I work with admin or speak with these UIUC offices this situation escalates and gets worse, preventing me from moving forward in my PhD.

The policies in NSP just aren't protecting me from retaliation and as you see in this email, nobody seems aware of the policies and the way we are supposed to handle these things. If nobody had told me not to work with you, none of this would have happened and I just think it is really not in-line with UIUC rules that faculty members did that. It's just not fair to you or me.

The culture here is just so scared of these situations that I'm also afraid to follow the orders to work with HR and Title 9. This whole thing seems really overblown at this point and the damage is just so big. Maybe I need to refuse to speak with HR? I just wish there was a way to please everyone so I can just do my work. I'm really just at a loss now. I just don't know what to do but know that if I don't work with HR and Title 9 they will continue to send me emails and insist that I file.

Best,
Rose

- — — — — — — — —
**Rose Swan Meacham**
PhD Candidate, Computational Neuroscience
*University of Illinois Urbana-Champaign*
*New York University, Class '14*
rmeacha2@illinois.edu
917.613.4422

**Barbey, Aron Keith** <barbey@illinois.edu>                    Mon, Jan 8, 2018 at 8:40 AM
To: Rose Meacham <meacham.rose@gmail.com>
Cc: "Heller, Wendy" <w-heller@illinois.edu>, Sam Beshers <beshers@life.illinois.edu>

Dear Rose,

I am very sorry to hear about this. I have only limited knowledge of your experience here at Illinois (based on the few times we have met) and would encourage you to consult with your colleagues and those that have more experience working with you to help you achieve your goals and complete your Ph.D. As you know, I sincerely appreciate your interest in our lab and believe, based on your research interests and project with Adobe, that you would be better served by working with an investigator with more expertise in your area (e.g., prior experience conducting research using virtual reality, machine learning, etc.). As a member of the Neuroscience Program, I am also committed to doing everything I can to help (e.g., I remember providing a computer to help with your research but am unsure if the computer was powerful enough to support your needs; please let me know if additional equipment would be helpful).

Sincerely,

Aron

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]

917.613.4422

**From:** Rose Meacham <meacham.rose@gmail.com>
**Date:** Sunday, January 7, 2018 at 10:07 PM
**To:** "Key, Mickeal Nelay" <mnkey2@illinois.edu>
**Cc:** "Meacham, Rose Swan" <rmeacha2@illinois.edu>, "Barbey, Aron Keith" <barbey@illinois.edu>, "beshers@life.illinois.edu" <beshers@life.illinois.edu>
**Subject:** Re: Thanks for warning me!

Hi Mickeal,

Of course I was not being disingenuous about asking for a letter of support and I have absolutely no intention of filing a lawsuit. That's pretty silly. I have been bullied and harassed and, as I explained over the phone, I have been encouraged to work with UIUC admin to investigate this. It would have been nice to have you as a reference if they needed to speak to someone, but as I stated in my email to you, I understand why you don't want to be involved. I also wish that I was not involved in this -- the whole thing started when I was told not to work with Aron by UIUC admin, faculty, and students. I honestly feel like I was sucked into some bizarre political in-fighting the second I set foot on the campus and it's truly ruined my first semester here. My asking you was not an attempt to gather evidence, but as I explained over the phone it is my understanding that if I actually follow the instructions from UIUC admin to work with HR and Title 9, you would be contacted anyway. So this is not anything you should be alarmed by and I'm sorry you're so scared to be associated with me now. It really was nice of you to invite me to so many events, hangout with me at my apartment, and I'm sorry this situation has taken up so much of my time and is even still not resolved.

Over the phone you did say that you didn't want to be involved because you feared it would hurt your PhD and I completely understand. I definitely am not always surrounded by conflict and it hurts that you would say that. As you mentioned, you have known me only a brief time and I did not tell you about a work conflict and university conflict at another school -- I shared with you that I was assaulted by someone while I was working on a special project at another school. I definitely would not call that a "conflict" or characterize my experience as being "the target of unfair treatment." As a woman, I'm sure you're aware of the epidemic of sexual harassment cases that are finally coming to light so please don't try to say that was my fault because it was not.

Again, I understand completely why you would not want to get involved and why you are even writing this carefully worded email to deny things. Since I was told not to work with Aron by NSP admin and faculty, this has been a never-ending saga of really awful drama that I wish would just end. I have no interest in getting anyone in trouble or pursuing some weird legal case as you bizarrely suggest. But I am being told that I have to work with Title 9, which I have avoided doing, and HR, which I have also avoided doing. I'm really not sure what to do about it and really wish that I had just stayed quiet when I was being bullied. It just seems like everyone is so afraid of these types of controversies that it was immediately escalated within the UIUC system, though it really could have stayed between the professor and myself.

I'm sorry that you are so worried about being associated with me now. Obviously I wish nothing but the best for you and it is such a shame that I was drawn into this whole thing. I just want it to be over so I can focus on my work and not be forced to deal with things like this instead. I will tell the UIUC investigators not to contact you for a reference so don't worry. Sorry it was alarming to you but I completely understand why you want to keep a distance from it. Again, I wish I could too.

Good-luck and take care. This is my final note to address your points but I have no need to reach out again. Don't worry! :)

Best,

Rose

- --- -- --- -- -- -- --- -- ---

**Rose Swan Meacham**

PhD Candidate, Computational Neuroscience

*University of Illinois Urbana-Champaign ·*

*New York University, Class '14*

rmeacha2@illinois.edu

917.613.4422

On Sat, Jan 6, 2018 at 3:42 PM, Key, Mickeal Nelay <mnkey2@illinois.edu> wrote:

Rose,

I am really surprised to get this email from you, considering you were very upset with me Thursday when I told you I could not provide a statement for you concerning the nature of our interactions since you've arrived at UIUC. Your demeanor during our phone conversation that night is completely opposite of the email you sent me a little more than an hour after the conversation ended.

This email that you have sent me makes me feel like you were being disingenuous about wanting my statement "just in case" you needed it. It is obvious now that you are documenting our conversations for whatever case or lawsuit you are planning to file. It's apparent that you are not going to respect my wishes to not be involved.

I am very sorry that you feel you have been harassed/bullied while here at UIUC. But to be clear a) when I said I did not want to write a statement in support of you, it was not because I feared retaliation if I showed support for you and b) I am not aware of any culture of being silent in the face of wrongdoing or retaliation for speaking up against wrongdoing at UIUC. I have only known the NSP community to be a supportive network of friends and colleagues. I do not appreciate you twisting my words to benefit your agenda.

I have only known you a few months, but in that time, you have described many instances where you perceived yourself to have been the target of unfair treatment. You have described to me issues of personal conflict at a previous university, a company you used to work for, and two labs you have rotated in here at UIUC. You even described an incident with your first roommates and landlord when you first moved to Champaign. I don't know anything about these incidents except what you have told me. And at least while you've been at UIUC you just seem to be involved in a lot of conflicts.

I have great relationships with the members of the NSP community, so I have no reference for how you are characterizing the environment here at UIUC. Since I met you last semester, I have only tried to be kind to you. But just like with any other non-family member, I have the right to decide how involved I am with people I associate with. I don't want a professional association with someone who is always surrounded by conflict. It is one thing to invite you out to a poetry reading, it is another thing to essentially serve as a character witness in a personal conflict you have with a professor. I just don't know you very well. Your time in Aron's lab was so brief, we never even had the chance to work together. We've never even hung out outside of the Beckman Institute.

Since I met you last semester, I have only tried to be kind to you. From the beginning, it just seemed like you were having a rough time and I was hoping that showing you some kindness could bring you some light. I did not realize that being friendly with you obligated me to be involved in your legal issues.

I really hope you are able to resolve your problems and move forward with your PhD here at UIUC. But from now on, I do not want to be contacted by you anymore via email or phone. All further communications will be forwarded.

Thank you,


Mickeal Key



**From:** Rose Meacham <meacham.rose@gmail.com>
**Date:** Thursday, January 4, 2018 at 11:17 PM
**To:** "Key, Mickeal Nelay" <mnkey2@illinois.edu>
**Subject:** Thanks for warning me!


Hi Mickeal -


Thanks for speaking with me over the phone this evening. Of course I support whatever decision you make but I also consider you a kind of role model in the NSP community, especially because you have been here for so many years. I appreciated your advice about starting as a new student here and expect that you know the ins and outs of the program much better than I do, or anyone else in my year. Because of this, I am definitely concerned about your decision to not share a positive note about your time working around me in Aron's lab. Your comments about being afraid that if you get involved in this situation, it could negatively impact your academic progress at NSP is definitely a common fear shared by other graduates in the program. It's very concerning to me that you expressed fear about openly showing support for me at NSP, because you feel it could have negative consequences

for you and your academic career here.

The fact that you told me that you're worried about putting something positive in writing to show support for me because I've been retaliated against makes me worried about the policies in this program and at UIUC. I'm sure you are aware that UIUC has no retaliation policies and that as long as you are speaking the truth, you will be protected. It is a bad sign that someone who is in their third year in the NSP program and is so familiar with the policies here would still be worried that their academic career would be negatively impacted from supporting another student who spoke up about harassment/bullying. Because you are sharing the same fears that I have heard from every other senior level graduate student at NSP, it makes me concerned that the whistle blower rights, civil right, and federal rights of students are not protected here. The statement you made about your worry that the professors who have blocked me from progressing in NSP might also interfere in your academic progress is a horrible way to feel at UIUC. Supporting each other is important and if someone were in need of a bystander report in public, I would definitely do what I could to help share my perspective. It is unfortunate that those same policies are not a part of the policies at NSP.

These rules are designed to prevent this exact type of situation where students are too afraid of retaliation to speak the truth about what is happening at work/school. I'm so glad that you helped me see that at UIUC NSP, in order to keep their jobs and make academic progress, students are forced to stay quiet about very important issues related to inappropriate lab behavior, harassment/bullying, discrimination, and violations of our worker's rights. It's unfortunate that students sacrifice their right to a safe work environment and fair treatment in order to maintain their good standing in the NSP program. Though this hurts victims of harassment and bullying, at least students who just learn to be quiet about inappropriate behavior in the lab can successfully complete their degrees. If I had known that I would be forfeiting my ability to a fair experience at NSP by speaking up, I probably would have been afraid of reporting the inappropriate behavior just like you are. I value the information you shared with me about NSP's failure to protect students who come forward because I definitely don't want other people to risk losing their entire careers by saying positive things about me.

While I appreciated all of your invitations to go to events and dinner, or just hangout outside of school and I definitely appreciated all of your advice about being a student in this new school, it is disappointing that you can't express that openly now that I am working with a Dean. I may be experiencing retaliation for speaking up about harassment and bullying but the fact that you're worried you would also be retaliated against for supporting me, reveals a problem in the NSP policies. This is something I've been warned about by students and even other professors, so I completely understand why you're afraid of doing so. Because you are so close to finishing your PhD, I don't want you to jeopardize your career by sharing your positive experiences working with me in the lab. I hope that you're successful in Aron's lab.

Hopefully in the future students in NSP are not forced to remain silent when they or people they know are victims of harassment, bullying, discrimination, or retaliation from professors or other students in NSP. Maybe you can be in a better position to help fix these broken policies when you successfully get your PhD and enter academia! :)

Have an excellent last few days of vacation with your family and enjoy the quality time with your grandma especially! Drive safely back from your family's house.

All the best,

[Quoted text hidden]

---

**Rose Meacham** <meacham.rose@gmail.com>                          Mon, Jan 8, 2018 at 9:38 AM
To: "Heller, Wendy" <w-heller@illinois.edu>

Hi Wendy,

This is a pretty bizarre note, given our past interactions. My experience working in VR is extremely limited — in fact a total of one 3 month project. The bulk of my work, as he knows, was done in Joseph LeDoux's lab at NYU. This situation is just getting really bizarre. It's been dragging on without formal resolution and with many, many setbacks to

my academic progress. I wonder if you might be willing to give me some overall advice before the semester gets underway? Working with HR and Title 9 has given me some label as a troublemaker or someone in "conflict". It's made it nearly impossible for me to get around this original roadblock with Aron and it's just not supposed to be this way if students speak up.

Would you have any time next week to meet briefly? I know you're very swamped but I'm really in need of some advice from a woman in our field. I'm trying to make a final plan for my diagnostic committee and other milestones. My contacts at other schools in Chicago, NYU, CSHL, etc have been advising me but they're obviously not familiar with the professors here.

All the best,
Rose
[Quoted text hidden]
[Quoted text hidden]

---

**Rose Meacham** <meacham.rose@gmail.com>                                                    Mon, Jan 8, 2018 at 10:38 AM
To: "Barbey, Aron Keith" <barbey@illinois.edu>
Cc: "Heller, Wendy" <w-heller@illinois.edu>, Sam Beshers <beshers@life.illinois.edu>

Thanks Aron,

I believe we addressed this a few months ago — my background is not in VR. I've worked on one 3 month VR project over the summer. The bulk of my experience is working at the NYU Center for Neural Science with rodent models in Joseph LeDoux's lab studying learning and memory, and also using cv to study decision making with macaques. I was told that you're not allowed to accept new students, which is why I was instructed not to work with you. That aside, I appreciate that you're committed to helping me and I do hope that people will allow me to focus on my research, rather than get tangled further into the mandates that I have received to file specific reports with these administrative offices. I definitely need advice about it because following admin instructions to report what happened just isolated me from the NSP community - as you saw, people are afraid to be associated with me. This is not supposed to happen and students are supposed to be protected from this type of response, but that does not seem to be the case so I'm not sure what I should do. Thanks for the response.

All the best,
Rose

On Mon, Jan 8, 2018 at 8:40 AM Barbey, Aron Keith <barbey@illinois.edu> wrote:
[Quoted text hidden]
[Quoted text hidden]

---

**Barbey, Aron Keith** <barbey@illinois.edu>                                                 Mon, Jan 8, 2018 at 10:58 AM
To: Rose Meacham <meacham.rose@gmail.com>
Cc: "Heller, Wendy" <w-heller@illinois.edu>, Sam Beshers <beshers@life.illinois.edu>


Thanks Rose for clarifying your background and research interests. Unfortunately, I have no prior experience working with rodent models of learning and memory, nor do I have experience conducting decision making research in macaques. I am really sorry to hear about this and am not sure how to be helpful (given my limited role and knowledge of your experience at Illinois). I will follow up with my Department Head and the Neuroscience Program to learn more. Sincerely, Aron

[Quoted text hidden]

 **Gmail**                                                   Rose Meacham <meacham.rose@gmail.com>

---

## UIUC: Erroneous Claims Response
24 messages

---

**Rose Meacham** <meacham.rose@gmail.com>                        Tue, Jan 16, 2018 at 11:06 AM
To: "debraann@illinois.edu" <debraann@illinois.edu>

Dear Student Conflict Resolution Board:

**The No Contact Order issued by Mickeal Key is a retaliatory action waged against me for telling her that I am
working with Title 9 and other protected UIUC Offices on campus.** She is retaliating against me for speaking up
about bullying and harassment at UIUC and for trying to supply information to UIUC officers. She has stated in writing
that she views me negatively for speaking up about a bullying and harassment incident that occurred in NSP. She
also wrote that because of this perceived "conflict" she does not want to be "associated professionally" with me. If you
have not gasped out loud yet, I will pause so you can do so.... I was also shocked when I received the attached note
from Mickeal Key (attachment 001) that CCed a NSP professor Aron Barbey and NSP administrator Sam Beshers
and shared confidential information about me being assaulted. This type of character defamation illustrates a much
larger issue that is a trend among students in Professor Aaron Barbey's Lab. This act of character defamation has
damaged my professional and academic standing with UIUC professors, faculty, and staff. By supporting this No
Contact Order, the Student Conflict Resolution Office is taking part in retaliation against me for working with Title 9. If
this continues, is not reversed, or further disciplinary measures are taken, this will not only scare me from continuing
my case I am filing with Title 9, but it will send a message to the Student GEO who is working with me, and other
students that speaking up about rights violations will result in university punishments. It will set an unfortunate
president among students and faculty that subverts any reports made by individuals regarding inappropriate behavior
in the community.

The UIUC Charge Notice that I received on January 11, 2018 at 4:54pm is a retaliatory measure that Mickeal Key is
taking against me for reporting bullying and harassment in NSP. I have been trying to work with Title 9, HR, and other
appropriate offices at UIUC to resolve these issues and protect myself from unfair treatment, but students and faculty
have told me that if I do, nobody in the NSP community will want to work with me. <u>The No Contact Order that Mickeal
Key issued against me was her response to my informing her that I am working with Title 9 and that she might be
contacted by one of the investigators.</u> This is a direct violation of the student code and policies about participating in
investigations. I asked her if she would be open to writing a few lines about her experience working with me or if she
preferred, speak directly with an agent. **Her response was aggressive, hostile, accusatory, paranoid, and
retaliatory.** She accused me of being "disingenuous" and she said that she believes I am actually collecting evidence
for a lawsuit. This is a claim that she even asked me directly over text message (see attachment 01) and I said
"Lawsuit? No!" This accusation against me is unfounded and completely absurd. Mickeal has stated in writing to
professors and NSP administrators that my attempts to work with Title 9 are an attempt to sue UIUC, which is not only
completely absurd but it is a lie. This slander against me and misrepresentation of my actions to my professors and
UIUC administration is very innappropriate and needs to stop.

Furthermore, by sharing information about my Title 9 case openly with professors and administration without my
consent, Mickeal Key has interfered with this very serious claim that I am in the process of filing. She knowingly CCed
Aron Barbey on her email because he is one of the individuals who will be a part of this claim and she revealed
protected and confidential information about my anonymous claim with this individual who is part of the claim. By
revealing my identity to these individuals for an anonymous Title 9 claim that I am in the process of making, Mickeal is
not only breaking UIUC Student Code, but she is breaking the federal laws that protect me during this
process. <u>Mickeal Key has abused the proper use of the No Contact Order to make it impossible for me to file my Title
9 claim and to file it anonymously, which is my federal, civil, and state right.</u> I was instructed to file this claim by UIUC
Chancellors, program directors, and faculty.

By making this erroneous No Contact Order against me, Mickeal is punishing me for telling her that I'm working with
Title 9 and sharing that there is a chance she would be contacted by one of the investigators. She is using the No
Contact Order to block my right to a fair investigation and she is retaliating against me for deciding to file a claim. She
wrote openly to professors and NSP administration that she disproves of these "conflicts" which are the Title 9 case
here at UIUC. Trying to force her own views about reporting bullying and harassment on me and using the Student
Conflict Resolution Office to force me to stay quiet about Title 9 violations is the most illegal and immoral act I have

encountered by another student. She told me that she does not want to be contacted by a Title 9 agent and I responded in writing that I support this decision (attachment 002). This is not really up to her and should be up to the Title 9 investigators, but I respect her desire not to be involved. I stated in writing (attachment 002) that I will tell any agent I work with that she does not want them to contact her as part of their investigation. There was and is absolutely no purpose for filing this claim against me except her desire to slander and discredit me, to publicaly shame me with UIUC professors and administration, to reveal my identity in an anonymous Title 9 claim, and to force me to be silent about inappropriate behavior.

I therefore respectfully request that you dismiss this claim immediately and cease and desist from pursuing further "disciplinary action" of any kind. There is absolutely nothing to discipline me for doing, unless the UIUC Student Conflict Resolution Office finds students guilty for reporting bullying and harassment, or other sex based crimes. I have not broken any rules and I have not done anything wrong. I have absolutely no intention of contacting Mickeal Key and I even stated this in my final email (attachment 003) and CCed both Sam Bashers and Aron Barney on the note. For her to issue a formal charge after I have stated in writing that I am no longer going to contact her, is further evidence that unquestionably illustrates a vengeful and malicious motivation for her filing this claim that hasn't already caused severe damage to me. Filing a claim against me is above and beyond what the situation warranted and for her to seek disciplinary measures against me for simply speaking about working with Title 9 is illegal and absolutely against UIUC student policy. She has filed a claim knowing that it will further intimidate and hurt me, as well as damage my reputation and standing in the university. She did it out of anger, judgemental bias, and fear for her own position in the lab where her adviser (the one CCed on her email) has already had other students come forward about his behavior. Because he is included on this email, there is enough evidence to show he is directly involved in this retaliatory process Mickeal wages against me and this is extremely serious.

Mickeal knows that I am not going to contact her and filing this charge is purely malicious and proves that her actions towards me completely transformed once I told her about the Title 9 claim. In fact, Mickeal has tried to invite me to many events and outings that are not work or school related (attachments 005-010). She has invited me to dinner, brunch, to see a movie, to go to the Farmer's Market, to go to a poetry reading, etc. and I have politely turned down every single invitation for nearly 5 months. In fact I ended the friendship **a few days before she issued this No Contact Order on January 4th when I told Mickeal in writing that I did not feel comfortable being her friend.** If anyone should be filing a No Contact Order it is me and finally put a stop to the religious comments she makes that she is praying for me and her creepy attempts to get me to pray. She knows that I am converting to Judaism but she still tries to change the way I express my faith. She is extremely conservative compared to my political and ethical views and she openly judges me for having different views than she does, specifically sharing publically that she doesn't want to be professionally associated with me in part because I was assaulted. This attempt to use the Student Conflict Resolution Center to silence me from reporting the Title 9 violations is not okay. She is abusing the purpose of the center for her own manipulative agenda and supporting this will make UIUC a part of this retaliatory effort.

On your website it states that the **University of Illinois at Urbana-Champaign is a community of scholars "committed to providing an environment that values academic excellence, personal integrity, justice, equity, and diversity in an orderly and peaceful environment."** However, I have yet to experience a peaceful and supportive work environment that fosters equality and accepts diversity between its community members. Since I arrived to Illinois in late August 2017, I have been engulfed by a scandal within NSP that involves the professor Aron Barbey who I was supposed to work with and passed up other professional opportunities to come to UIUC to do. A number of students have reported incidents with this professor and he is Mickeal Key's adviser. Because she has now compromised my right to an anonymous Title 9 report, I no longer feel safe filing one but it is the only way I can progress in the program with a safe academic/work environment.

By allowing this erroneous claim from Mickeal to further harm me, it is making it impossible for me to focus on my academics and they are negatively effecting my physical health. I need help from UIUC officers at the Student Conflict Resolution Office to please not condone Mickeal Key's intimidation and retaliation for reporting these incidents from escalating. It has gone on long enough and the documentation that has piled up in the last 5 months shows a programatic support for this type of behavior. Nothing has been done to stop this from happening in NSP and my only chance to prevent the bullying from escalating is to work with Title 9 so please do not enforce this claim against me and prevent me from being able to work UIUC agents to fix this situation. Please dismiss this claim and remove it from my record so I am not punished for reporting Title 9 violations and there is no further damage.

Please show that UIUC supports victims of bullying and harassment and that UIUC does not impede student's ability to seek help from Title 9. Please do not allow Mickeal Key to retaliate against me for working with Title 9 and for being in what she refers to as a "conflict" by reporting individuals who have behaved inappropriately. Blaming the victim is appalling, but it is also against UIUC policy and it creates an unsafe work environment where students are afraid to speak up. Condoning this attempt to silence and punish me will do more harm than just ruin my record and standing in the program. It enables these incidents to escalate and it interferes with the Title 9 Office and IDEO's ability to

complete a fair investigation into these incidents and the events over the last 5 months, some of which involve Aron Barbey's lab. Please support victims of bullying, harassment, retaliation, and sex based crimes and dismiss this erroneous claim so the cycle of bullying will finally stop.

Sincerely,

Rose Meacham

. — — — — — — — —
**Rose Swan Meacham**
PhD Candidate, Computational Neuroscience
*University of Illinois Urbana-Champaign*
*New York University, Class '14*
rmeacha2@illinois.edu
917.613.4422

--
. — — — — — — — —
**Rose Swan Meacham**
PhD Candidate, Computational Neuroscience
*University of Illinois Urbana-Champaign*
*New York University, Class '14*
rmeacha2@illinois.edu
917.613.4422

---

📄 **Gmail - UIUC Disciplinary Update- NO CONTACT ORDER - Charge Notice - IMPORTANT.pdf**
286K

---

**Imel, Debra Ann** <debraann@illinois.edu>                        Tue, Jan 16, 2018 at 1:28 PM
To: Rose Meacham <meacham.rose@gmail.com>

Hello Rose,

The only attachment to your email was a copy of the no contact directive letter. Can you please send me the attachments you reference in your statement. Thank you.

# Debra Imel

Assistant Dean of Students

Office for Student Conflict Resolution | University of Illinois at Urbana-Champaign
300 Turner Student Services Building | 610 East John Street | Champaign, IL 61820
Phone: (217) 333-3680 | Fax: (217) 333-4084
debraann@illinois.edu | www.conflictresolution.illinois.edu

*NOTE: Under the Illinois Freedom of Information Act (FOIA), any written communication to or from University employees regarding University business is a public record and may be subject to public disclosure.*

[Quoted text hidden]

---

**Imel, Debra Ann** <debraann@illinois.edu>                        Tue, Jan 16, 2018 at 2:29 PM
To: Rose Meacham <meacham.rose@gmail.com>

Hello Rose,

Additionally I wanted to follow up and provide the links to the resources/offices I mentioned in our conversation today. No pressure to connect with any of these offices, but I wanted to make sure you had them in case they would be of help to you/your experience.

Women's Resources Center: https://oiir.illinois.edu/womens-center

ODEA: https://www.diversity.illinois.edu/

Title IX/We Care: http://wecare.illinois.edu/

## Debra Imel
Assistant Dean of Students

Office for Student Conflict Resolution | University of Illinois at Urbana-Champaign
300 Turner Student Services Building | 610 East John Street | Champaign, IL 61820
Phone: (217) 333-3680 | Fax: (217) 333-4084
debraann@illinois.edu | www.conflictresolution.illinois.edu

*NOTE: Under the Illinois Freedom of Information Act (FOIA), any written communication to or from University employees regarding University business is a public record and may be subject to public disclosure.*

**From:** Imel, Debra Ann
**Sent:** Tuesday, January 16, 2018 1:29 PM
**To:** 'Rose Meacham' <meacham.rose@gmail.com>
**Subject:** RE: UIUC: Erroneous Claims Response

Hello Rose,

The only attachment to your email was a copy of the no contact directive letter. Can you please send me the attachments you reference in your statement. Thank you.

## Debra Imel
Assistant Dean of Students

Office for Student Conflict Resolution | University of Illinois at Urbana-Champaign
300 Turner Student Services Building | 610 East John Street | Champaign, IL 61820
Phone: (217) 333-3680 | Fax: (217) 333-4084
debraann@illinois.edu | www.conflictresolution.illinois.edu

*NOTE: Under the Illinois Freedom of Information Act (FOIA), any written communication to or from University employees regarding University business is a public record and may be subject to public disclosure.*

**From:** Rose Meacham [mailto:meacham.rose@gmail.com]
**Sent:** Tuesday, January 16, 2018 11:06 AM
**To:** Imel, Debra Ann <debraann@illinois.edu>
**Subject:** UIUC: Erroneous Claims Response

Dear Student Conflict Resolution Board:

[Quoted text hidden]

---

**Rose Meacham** <meacham.rose@gmail.com>                    Wed, Jan 17, 2018 at 7:51 AM
To: "Imel, Debra Ann" <debraann@illinois.edu>

Thank you so much Debra!

Apologies, it was a busy day yesterday. I've created an overview of the points I made in a Google Doc with the evidence next to each point so it is easier to understand. I've also included the original email I sent yesterday as a PDF attachment "Debra Imel.pdf". This corresponds to the zip file with evidence to support my need to immediately dismiss the No Conflict Order. Again, you can see why it is erroneous, why her claims are misrepresented, that I had already ended the friendship, and that I followed-up to confirm that she will not be contacted anymore. The damage she has caused and will continue to cause if this remains in place will escalate the situation to much bigger issue that I know we all want to avoid.

I also appreciate these links and I did speak with some individuals today about some of the things I shared with you. Going forward with some kind of formal report seems extremely scary now that my identity has been revealed. I'm also positive that Mickeal would *absolutely* escalate this whole No Contact Order if she is contacted by the Title 9 Office or any of the investigators involved in the case. Without question, she made this very clear to me that she does not want to be involved in the Title 9 report because she is afraid it will impact her position in the program. Essentially, I understand where Mickeal's fear comes from but her motivations for filing this claim need to be re-examined and taken into account when assessing the validity of what she is doing.

I hope that Dean Brown can help make the decision that this No Contact Order is erroneous and that by not removing it, he is enforcing this opportunity for further retaliation that escalates the situation further. I no longer feel safe being on the premises at Beckman because of her retaliation against me and I no longer feel safe going to NSP events. The fact that she's already apparently claimed that I said I wouldn't contact her over the phone - which is not true at all - is an indication that she could do something like this again. Why would I have sent the attached text message after we spoke where I ask her what she wants me to do? She said she would work with Title 9 and be fine writing something and then suddenly days later called back with a completely scared and with a different attitude. She is not behaving rationally and she already misrepresented me to professors and NSP administration as I outline in the attached document. In her email when she 1) told university administration and professors that I am filing a lawsuit against UIUC, which I am not. She did this after asking me if I was filing one and I said "Lawsuit? No!" 2) She revealed to professors and administration without my consent that I was assaulted, but tried to use it show I am at fault for "personal conflicts". 3) She has made it clear she doesn't support victims who speak up and that she does not agree with my personal life and religious choices.

In the attached document I also prove that we did not have a discussion about not communicating over the phone. If this is evidence that she used for you to approve the claim we definitely need to re-examine whether there is another motivating factor at play here. She is afraid of upsetting Aron and I understand where she is coming from. When we hung up after the final conversation, I was extremely worried that maybe she was right and that I shouldn't be filing the Title 9 or working with investigators again. Her response to my last email is really crazy and CCing the person in the anonymous Title 9 claim directly, as well as administration, is just unbelievably wrong. She is abusing the Student Conflict Resolution system to prevent a fair investigation into her professor. She has used it to intimidate me and make it clear that she will cause further damage and I cannot move forward in my claims while she has power to use a No Conflict Order against me.

If there is something Dean Brown can help with like show that her claim just escalates this severely and in fact creates a much bigger problem for both of us. Or if he has the authority to review the evidence and decide that it establishes different motivations for this claim than she reported to you, perhaps he can find cause to dismiss the claim. Her decision to forego mediation to take this to a damaging level for me and misrepresent events like coming forward about assault as "personal conflict" demonstrates retaliation that will not end here. I now feel threatened and I'm forced to file new protective claims about this incident and Mickeal will just be contacted by investigators, which will upset her further. It's a disaster waiting to happen.

Sincerely,
Rose


- — — — — — — — —
**Rose Swan Meacham**
PhD Candidate, Computational Neuroscience
*University of Illinois Urbana-Champaign*
*New York University, Class '14*
rmeacha2@illinois.edu
917.613.4422

[Quoted text hidden]

_____

**3 attachments**

📄 **Key-Points.pdf**
665K

📄 **Debra Imel.pdf**
97K

🗜 **Submitted Evidence.zip**
1825K

---

**Imel, Debra Ann** <debraann@illinois.edu>                    Wed, Jan 17, 2018 at 4:55 PM
To: Rose Meacham <meacham.rose@gmail.com>


Hi Rose,


I can imagine it was a busy day. I'm sorry to have to ask for more of your time. Your image attachment "007" unfortunately opens to a blank image. If you'd like whatever that image is to be considered with your other materials, please re-send that attachment. Everything else opens fine and is in the process of being reviewed.

[Quoted text hidden]

---

**Rose Meacham** <meacham.rose@gmail.com>                    Wed, Jan 17, 2018 at 5:31 PM
To: "Imel, Debra Ann" <debraann@illinois.edu>

Thanks for letting me know Debra! I've attached the image 007 and appreciate you going through this so diligently. If there is anything further that you need from me, please feel free to ask for anything specific that could help. I selected a sampling of invitations to hangout and there are many other emails etc. so if you feel like one aspect of my documentation is in need of additional justification please just let me know and I can send more. I really hope we can dismiss this and finally be free of all this bullying and drama. I've been unable to complete important assignments for my professors and, as I said, I absolutely 100% do not feel safe going to my office anymore in Beckman, going to classes for NSP, or attending events on UIUC campus where we could run into one another until this No Contact Order is lifted. Please help us deflect the erroneous charges and ensure this doesn't escalate to a situation where both Mickeal and I find ourselves using severe claims and further university enforced academic impediments on one

Dear Student Conflict Resolution Board:

**The No Contact Order issued by Mickeal Key is a retaliatory action waged against me for telling her that I am working with Title 9 and other protected UIUC Offices on campus.** She is retaliating against me for speaking up about bullying and harassment at UIUC and for trying to supply information to UIUC officers. She has stated in writing that she views me negatively for speaking up about a bullying and harassment incident that occurred in NSP. She also wrote that because of this perceived "conflict" she does not want to be "associated professionally" with me. If you have not gasped out loud yet, I will pause so you can do so.... I was also shocked when I received the attached note from Mickeal Key (attachment 001) that CCed a NSP professor Aron Barbey and NSP administrator Sam Beshers and shared confidential information about me being assaulted. This type of character defamation illustrates a much larger issue that is a trend among students in Professor Aaron Barbey's Lab. This act of character defamation has damaged my professional and academic standing with UIUC professors, faculty, and staff. By supporting this No Contact Order, the Student Conflict Resolution Office is taking part in retaliation against me for working with Title 9. If this continues, is not reversed, or further disciplinary measures are taken, this will not only scare me from continuing my case I am filing with Title 9, but it will send a message to the Student GEO who is working with me, and other students that speaking up about rights violations will result in university punishments. It will set an unfortunate president among students and faculty that subverts any reports made by individuals regarding inappropriate behavior in the community.

another to feel safe. I just want to defuse the situation now before this gets much worse! Thanks again for your help. :)
-Rose

11/27/17, 10:17 PM

Hey! There is a poetry reading at the Krannert Art Museum on Thursday night. If you are free you should join me!! It starts at 7:30pm.

11/28/17, 6:51 PM

That sounds amazing and it's so thoughtful of you to think of me. I love art events!

Let me see how tmrw goes. It's dependent on the meetings I have in the morning and whether I have a ton of work to do for my IRB or not

- --- -- --- -- --- -- --- -- ---
**Rose Swan Meacham**
PhD Candidate, Computational Neuroscience
*University of Illinois Urbana-Champaign*
*New York University, Class '14*
rmeacha2@illinois.edu
917.613.4422

[Quoted text hidden]

By making this erroneous No Contact Order against me, Mickeal is punishing me for telling her that I'm working with Title 9 and sharing that there is a chance she would be contacted by one of the investigators. She is using the No Contact Order to block my right to a fair investigation and she is retaliating against me for deciding to file a claim. She wrote openly to professors and NSP administration that she disproves of these "conflicts" which are the Title 9 case here at UIUC. Trying to force her own views about reporting bullying and harassment on me and using the Student Conflict Resolution Office to force me to stay quiet about Title 9 violations is the most illegal and immoral act I have encountered by another student. She told me that she does not want to be contacted by a Title 9 agent and I responded in writing that I support this decision (attachment 002). This is not really up to her and should be up to the Title 9 investigators, but I respect her desire not to be involved. I stated in writing (attachment 003) that I will tell any agent I work with that she does not want them to contact her as part of their investigation. There was and is absolutely no purpose for filing this claim against me except her desire to slander and discredit me, to publicaly shame me with UIUC professors and administration, to reveal my identity in an anonymous Title 9 claim, and to force me to be silent about inappropriate behavior.

I therefore respectfully request that you dismiss this claim immediately and cease and desist from pursuing further "disciplinary action" of any kind. There is absolutely nothing to discipline me for doing, unless the UIUC Student Conflict Resolution Office finds students guilty for reporting bullying and harassment, or other sex based crimes. I have not broken any rules and I have not done anything wrong. I have absolutely no intention of contacting Mickeal Key and I even stated this in my final email (attachment 003) and CCed both Sam Bashers and Aron Barney on the note. For her to issue a formal charge after I have stated in writing that I am no longer going to contact her, is further evidence that unquestionably illustrates a vengeful and malicious motivation for her filing this claim that hasn't already caused severe damage to me. Filing a claim against me is above and beyond what the situation warranted and for her to seek disciplinary measures against me for simply speaking about working with Title 9 is illegal and absolutely against UIUC student policy. She has filed a claim knowing that it will further intimidate and hurt me, as well as damage my reputation and standing in the university. She did it out of anger, judgemental bias, and fear for her own position in the lab where her adviser (the one CCed on her email) has already had other students come forward about his behavior. Because he is included on this email, there is enough evidence to show he is directly involved in this retaliatory process Mickeal wages against me and this is extremely serious.

Mickeal knows that I am not going to contact her and filing this charge is purely malicious and proves that her actions towards me completely transformed once I told her about the Title 9 claim. In fact, Mickeal has tried to invite me to many events and outings that are not work or school related (attachments 002-010). She has invited me to dinner, brunch, to see a movie, to go to the Farmer's Market, to go to a poetry reading, etc. and I have politely turned down every single invitation for nearly 5 months. In fact I ended the friendship **a few days before she issued this No Contact Order on January 4th when I told Mickeal in writing that I did not feel comfortable being her friend.** If anyone should be filing a No Contact Order it is me and finally put a stop to the religious comments she makes that she is praying for me and her creepy attempts to get me to pray. She knows that I am converting to Judaism but she still tries to change the way I express my faith. She is extremely conservative compared to my political and ethical views and she openly judges me for having different views than she does, specifically sharing publically that she doesn't want to be professionally associated with me in part because I was assaulted. This attempt to use the Student Conflict Resolution Center to silence me from reporting the Title 9 violations is not okay. She is abusing the purpose of the center for her own manipulative agenda and supporting this will make UIUC a part of this retaliatory effort.

On your website it states that the **University of Illinois at Urbana-Champaign is a community of scholars "committed to providing an environment that values academic excellence, personal integrity, justice, equity, and diversity in an orderly and peaceful environment."** However, I have yet to experience a peaceful and supportive work environment that fosters equality and accepts diversity between its community members. Since I arrived to Illinois in late August 2017, I have been engulfed by a scandal within NSP that

involves the professor Aron Barbey who I was supposed to work with and passed up other professional opportunities to come to UIUC to do. A number of students have reported incidents with this professor and he is Mickeal Key's adviser. Because she has now compromised my right to an anonymous Title 9 report, I no longer feel safe filing one but it is the only way I can progress in the program with a safe academic/work environment.

By allowing this erroneous claim from Mickeal to further harm me, it is making it impossible for me to focus on my academics and they are negatively effecting my physical health. I need help from UIUC officers at the Student Conflict Resolution Office to please not condone Mickeal Key's intimidation and retaliation for reporting these incidents from escalating. It has gone on long enough and the documentation that has piled up in the last 5 months shows a programatic support for this type of behavior. Nothing has been done to stop this from happening in NSP and my only chance to prevent the bullying from escalating is to work with Title 9 so please do not enforce this claim against me and prevent me from being able to work UIUC agents to fix this situation. Please dismiss this claim and remove it from my record so I am not punished for reporting Title 9 violations and there is no further damage.

Please show that UIUC supports victims of bullying and harassment and that UIUC does not impede student's ability to seek help from Title 9. Please do not allow Mickeal Key to retaliate against me for working with Title 9 and for being in what she refers to as a "conflict" by reporting individuals who have behaved inappropriately. Blaming the victim is appalling, but it is also against UIUC policy and it creates an unsafe work environment where students are afraid to speak up. Condoning this attempt to silence and punish me will do more harm than just ruin my record and standing in the program. It enables these incidents to escalate and it interferes with the Title 9 Office and IDEO's ability to complete a fair investigation into these incidents and the events over the last 5 months, some of which involve Aron Barbey's lab. Please support victims of bullying, harassment, retaliation, and sex based crimes and dismiss this erroneous claim so the cycle of bullying will finally stop.

Sincerely,

Rose Meacham

‑ — — — — — — — —

**Rose Swan Meacham**
PhD Candidate, Computational Neuroscience
*University of Illinois Urbana-Champaign*
*New York University, Class '14*
rmeacha2@illinois.edu
917.613.4422

**TO PARENTS OR GUARDIANS OF MINOR RESPONDENTS:** The Court may hold you in contempt of court if a minor respondent in your care violates this *Order* and you have helped, encouraged, or directed the minor to do so.

## <u>NOTICE ABOUT ENFORCEMENT:</u>

This *Order of Protection* is enforceable, even without registration, in all 50 states, the District of Columbia, lands, and the U.S. Territories pursuant to the Violence Against Women Act (18 U.S.C. § 2265), provided notice this *Order of Protection* has been provided to the Respondent. Violating this *Order of Protection* may subject the Respondent to state and/or federal charges and punishment. 18 U.S.C. §§ 2261-2262. This *Order* is directed to the Respondent. Except under accountability circumstances, which should be assessed by the Attorney, Petitioner cannot be guilty of violation of an *Order of Protection*.

## DEFINITION OF TERMS USED IN THIS *ORDER*

These definitions are incorporated in and made a part of the *Order* to which they are attached.

1. **Abuse:** "Abuse" means physical abuse, harassment, intimidation of a dependent, interference with personal liberty, or willful deprivation, but does not include reasonable direction of a minor child by a parent or person *in loco parentis*.

2. **Adult with Disabilities:** "Adult with Disabilities" means an elder adult with disabilities or a high-risk adult with disabilities. A person may be an adult with disabilities for purposes of this Act even though he or she has never been adjudicated an incompetent adult. However, no court proceeding may be initiated or continued on behalf of an adult with disabilities over that adult's objection, unless such proceeding is approved by his or her legal guardian, if any.

3. **Elder Adult with Disabilities:** "Elder adult with disabilities" means an adult prevented by advanced age from taking appropriate action to protect himself or herself from abuse by a family or household member.

4. **Exploitation:** "Exploitation" means the illegal, including tortious, use of a high-risk adult with disabilities or of the assets or resources of a high-risk adult with disabilities. Exploitation includes, but is not limited to, the misappropriation of assets or resources of a high-risk adult with disabilities by undue influence, by breach of a fiduciary relationship, by fraud, deception, or extortion, or the use of such assets or resources in a manner contrary to law.

5. **Family or Household Members:** Include spouses, former spouses, parents, children, stepchildren and other persons related by blood or by present or prior marriage, persons who share or formerly shared a common dwelling, persons who have or allegedly have a child in common, persons who share or share a blood relationship through a child, persons who have or have had a dating or engagement relationship, persons with disabilities and their personal assistants, and caregivers as defined in Section 12-4.4a of the Criminal Code of 2012. For purposes of this paragraph, neither a casual acquaintanceship nor ordinary fraternization between two individuals in business or social contexts shall be deemed to constitute a dating relationship. In the case of a high-risk adult with disabilities, "family or household members" includes any person who has the responsibility for a high-risk adult as a result of a family relationship or who has assumed responsibility for all or a portion of the care of a high-risk adult with disabilities voluntarily, or by express or implied contract, or by court order.

6. **Harassment:** "Harassment" means knowing conduct which is not necessary to accomplish a purpose that is reasonable under the circumstances, would cause a reasonable person emotional distress, and does cause emotional distress to Petitioner. Unless the presumption is rebutted by a preponderance of the evidence, the following types of conduct shall be presumed to cause emotional distress:
   a. creating a disturbance at Petitioner's place of employment or school; or
   b. repeatedly telephoning Petitioner's place of employment, home or residence; or
   c. repeatedly following Petitioner about in a public place or places; or
   d. repeatedly keeping Petitioner under surveillance by remaining present outside his or her home, school, place of employment, vehicle or other place occupied by Petitioner or by peering in Petitioner's windows; or
   e. improperly concealing a minor child from Petitioner, repeatedly threatening to improperly remove a minor child of Petitioner's from the jurisdiction or from the physical care of Petitioner, repeatedly threatening to conceal a minor child from Petitioner, or making a single such threat following an actual or attempted improper removal or concealment, unless Respondent was fleeing an incident or pattern of domestic violence; or
   f. threatening physical force, confinement or restraint on one or more occasions.

7. **High-risk Adult with Disabilities:** "High-risk adult with disabilities" means a person aged 18 or over whose physical or mental disability impairs his or her ability to seek or obtain protection from abuse, neglect, or exploitation.

8. **Interference with Personal Liberty:** "Interference with personal liberty" means committing or threatening physical abuse, harassment, intimidation or willful deprivation so as to compel another to engage in conduct from which they have a right to abstain or to refrain from conduct in which they have a right to engage.

9. **Intimidation of a Dependent:** "Intimidation of a dependent" means subjecting a person who is dependent because of age, health or disability to participation in or the witnessing of: physical force against another or physical confinement or restraint of another, which constitutes physical abuse as defined in this Act, regardless of whether the abused person is a family or household member.

10. **Neglect:** "Neglect" means the failure to exercise that degree of care toward a high-risk adult with disabilities which a reasonable person would exercise under the circumstances and includes but is not limited to:
    a. the failure to take reasonable steps to protect a high-risk adult with disabilities from acts of abuse; or
    b. the repeated, careless imposition of unreasonable confinement; or
    c. the failure to provide food, shelter, clothing, and personal hygiene to a high-risk adult with disabilities who requires such assistance; or
    d. the failure to provide medical and rehabilitative care for the physical and mental health needs of a high-risk adult with disabilities; or
    e. the failure to protect a high-risk adult with disabilities from health and safety hazards.
    Nothing in this definition shall be construed to impose a requirement that assistance be provided to a high-risk adult with disabilities over his or her objection

in the absence of a court order, nor to create any new affirmative duty to provide support to a high-risk adult with disabilities.

11. **Petitioner:** "Petitioner" may mean not only any named petitioner for the order of protection and any named victim of abuse on whose behalf the petition is brought, but also any other person protected by this Act.

12. **Physical Abuse:** "Physical abuse" includes sexual abuse and means any of the following:
    a.  knowing or reckless use of physical force, confinement or restraint; or
    b.  knowing, repeated and unnecessary sleep deprivation; or
    c.  knowing or reckless conduct which creates an immediate risk of physical harm.

13. **Stalking:** "Stalking" means knowingly and without lawful justification, on at least two (2) separate occasions, following another person or placing the person under surveillance or any combination thereof and:
    a.  at any time transmitting a threat of immediate or future bodily harm, sexual assault, confinement or restraint, and the threat is directed towards that person or a family member of that person; or
    b.  placing that person in reasonable apprehension of immediate or future bodily harm, sexual assault, confinement or restraint; or
    c.  placing that person in reasonable apprehension that a family member will receive immediate or future bodily harm, sexual assault, confinement, or

14. **Willful Deprivation:** "Willful deprivation" means willfully denying a person who because of age, health or disability requires medication, medical care, shelter, food, therapeutic device, or other physical assistance, and thereby exposing that person to the risk of physical, mental or emotional harm, except with regard to medical care or treatment when the dependent person has expressed an intent to forego such medical care or treatment. This paragraph does not create any new affirmative duty to provide support to dependent persons.

| STATE OF ILLINOIS, CIRCUIT COURT | ORDER OF PROTECTION | |
|---|---|---|

**STATE OF ILLINOIS,**
**CIRCUIT COURT**

<u>Champaign</u> **COUNTY**

**ORDER OF PROTECTION**

Civil Proceeding ☐ Interim ☐ Plenary
Criminal Proceeding ☑ Final

**Case Number**

**Instructions ▼**

Directly above, enter the county where you filed this case.

Enter your name as Petitioner.

Check the boxes for ALL people you want to include in the *Order*.

On the lines provided, enter the name for each person you are trying to protect. "Other household members" includes people living with you or working where you are staying.

Enter name of the person you are seeking protection from as Respondent.

Enter the Case Number given by the Circuit Clerk.

**Petitioner:** Rose Meacham
*(First, middle, last name)*

People to be Protected by this *Order (check all that apply):*
☑ Petitioner
☐ Petitioner's minor children with Respondent:
_____
_____
☐ Petitioner's minor children not related to Respondent:
_____
_____
☐ Dependent adult: _____
☐ High risk adult: _____
☐ Other household members: _____
_____
_____
_____

**v.**

**Respondent:** Martha Gillette
*(First, middle, last name)*

*For Court Use Only*
☐ **Independent**
☐ **Juvenile**
☑ **Other Civil Proceeding**
☐ **Criminal**
☐ **This *Order* has been granted Pursuant to the Code of Criminal Procedure** <u>725 ILCS 5/112A</u>

| **NOTE:** | If you are completing this form for a minor child, a dependent adult, or a high risk adult, insert information needed below as if you were that person. In other words, do not use your information. |
|---|---|

1. **Petitioner's** ☐ **address OR** ☐ **alternative address for notice**
   325 Ramblewood Road      DuPage      Illinois      60137
   *Street Address, Apt #*                    *City*                    *State*        *Zip*
   rsm397@nyu.edu
   *Email*

2. **Respondent's date of birth *(if known)*:** _____   Sex: Male _____   Race White _____

3. **Respondent's address *(if known)*:**
   2325/21 Beckman Institute, 405 North Mathews Avenue      Urbana      Illinois      61801
   *Street Address, Apt #*                    *City*                    *State*        *Zip*
   University of Illinois Urbana-Champaign
   *Respondent's Employer*                                        *Respondent's work hours*
   mgillett@illinois.edu
   *Respondent's Employer-Street Address*                    *City*                    *State*        *Zip*

**THE COURT ORDERS THAT:**

☑ Respondent shall not abuse or threaten to abuse Petitioner *(see R01, page 2)*
☑ Respondent shall stay away from Petitioner *(see R03, page 2)*

**FOR ADDITIONAL ORDERS, READ THIS ENTIRE FORM**

☐ This *Order* was issued on: July 21, 2020    at   7am _____

                            *Date*                       *Time*

☐ This *Order* will end on: _____    at _____

                            *Date*                       *Time*

☐ This *Order* will end as entered on page 9.

**NEXT HEARING** *(interim Orders only)*: There will be a hearing on:   TBD _____   at _____

                                                          *Date*                         *Time*

at   Federal Case in Central Disctrict Courthouse _____   in _____

     *Address of Courthouse*                                                              *Courtroom*

| **Respondent:** | A plenary *(final)* order of protection may be entered if Respondent does not come to this hearing. |
|---|---|

**After reviewing the *Petition* and hearing the evidence and testimony of Petitioner, the Court makes findings**

☐   Are stated on page 10 and 11 of this *Order*; OR

☐   Were made orally and videotaped or recorded by a court reporter and are incorporated into this *Order*.

**THE COURT ORDERS THAT ALL SECTIONS SELECTED BELOW BE OBEYED:**

☑ **1.**   **No Abuse** *(see page 4 of Petition)*                                    (R01) (Police Enforced)

        Respondent shall not threaten or commit the following acts of abuse towards Petitioner *(check all that apply)*:

           ☑   Harassment                               ☑   Exploitation of a High Risk Adult with Disabilities

           ☑   Interference with Personal Liberty         ☑   Intimidation of a Dependent

           ☑   Physical Abuse                           ☑   Willful Deprivation

           ☑   Stalking                                  ☑   Neglect of a High Risk Adult with Disabilities

☐ **2.**   **Possession of Residence** *(see page 5 of Petition)*                     (R02) (Police Enforced)

        ☐   Exclusive possession of residence is granted to Petitioner.

           ☐   Respondent must stay at least _____ feet away from the residence located at:

                _____

                *Street Address, Apt #*               *City*              *State*            *Zip*

               OR

           ☐   Respondent must stay away from the residence of Petitioner BECAUSE *(check one)*:

               ☐   Petitioner has a right to live there and Respondent has no right; OR

               ☐   Petitioner and Respondent both have the right to live there, but it would be harder on Petitioner

                   to leave the residence after considering the factors set forth in 750 ILCS 60/214(b)(2)(B).

        ☐   Provision of alternate housing

           ☐   Respondent shall provide alternate housing for Petitioner

               on or before: _____

                       *Date*

           ☐   Such housing shall meet the following requirements: _____

                                                         _____

☑ **3.**   **Stay Away from Petitioner and Certain Places** *(see page 4 of Petition)*      (R03) (Police Enforced)

        ☑   Respondent shall not have any communication with Petitioner and stay away from Petitioner at all times.

        ☐   Respondent shall stay at least _____ feet away from Petitioner at all times.

| **Respondent:** | If any protection in Section 3 is granted, Respondent must not have ANY physical, non-physical, direct or indirect contact with Petitioner. This also includes contact through others who may not know about the *Order of Protection*. It also forbids oral communication, written communication, sign language, telephone and cell phone calls, faxes, texts, tweets, emails, posts, or communication by any other social media, and all other communication with Petitioner. |
|---|---|

☑ Respondent shall not be at or stay at any of these places while Petitioner is there:

   ☐ Residence located at: _____

                  *Street Address, Apt #*         *City*       *State*   *Zip*

   ☑ Places of employment of Petitioner, located at:

      University of Illinois Urbana-Champaign

      *Name*            *Street Address*         *City*       *State*   *Zip*

      *Name*            *Street Address*         *City*       *State*   *Zip*

   ☐ Schools, kindergartens, or daycare centers of Petitioner, located at:

      *Name*            *Street Address*         *City*       *State*   *Zip*

      *Name*            *Street Address*         *City*       *State*   *Zip*

   ☑ Other locations:

      All University Locations

      *Name*            *Street Address*         *City*       *State*   *Zip*

      *Name*            *Street Address*         *City*       *State*   *Zip*

☐ Respondent shall have the right to enter the residence listed in Section 2 <u>once</u> to retrieve the property as provided in Section 10 of this Order.

☑ **School Restrictions** *(see page 6 of Petition)*

  University of Illinois Urbana-Champaign _____ is an elementary, middle, or high

  *Name of School*

  school attended by both Respondent and Petitioner, a person protected by this *Order*.

  After considering the factors in <u>750 ILCS 60/214(b)(3)(B)</u>:

   ☑ Respondent shall not attend this school for as long as a Petitioner is enrolled there;

   ☐ Respondent shall accept a change of placement or program at this school as determined by the public school district or by this private or non-public school; OR

   ☐ Respondent shall follow these restrictions on movement within the school: _____

   _____

☐ **Requirements for Parents and Guardians**

  Respondent is a minor. To ensure that Respondent follows this *Order*, _____

                                                       *Name of Parent or Guardian*

  shall do the following: _____

  _____

☑ **4.**  **Counseling** *(see page 7 of Petition)*              (R04) (Court Enforced)

Respondent must do the following and file proof with the Circuit Clerk by _____ *(check all that apply)*:

                                                              *Date*

  ☐ Enroll in and successfully complete a Domestic Violence Partner Abuse program.

  ☐ Get an alcohol and substance abuse evaluation and complete any recommended counseling or treatment.

  ☐ Get a mental health evaluation and complete any recommended counseling or treatment.

  ☑ Other:  Anger management training and sexual harassment, prejudice courses

| Respondent: | Respondent MUST fully participate in all sessions of outpatient or inpatient treatment recommended by the evaluating agency, as often and for as long as that agency or other referred providers recommend. Respondent must file with the Circuit Clerk monthly attendance and progress reports written by each treatment provider. |
| --- | --- |

☐ **5.** **Care and Possession of Children** *(see page 8 of Petition)* (R05) (Police Enforced)

| **Law Enforcement:** | The provisions of this section are Police Enforced IF Respondent is ordered *(see page 2, R03)* to stay away from the minor children listed as "protected" as checked below. |
|---|---|

☐ Respondent and Petitioner are the parents of the following minor children:

| Child's Name (first, middle, last) | Age | State of Residence | Included as Protected Party? | |
|---|---|---|---|---|
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |

☐ The primary caretaker of the minor children is: ☐ Petitioner ☐ Respondent ☐ Other person:

_____
*Name*     *Street Address*     *City*     *State*     *Zip*

☐ Petitioner is granted the physical care and possession of the minor children that Petitioner and Respondent have together, AND:

    ☐ Respondent shall, personally or through a law enforcement agency as authorized by the court, return the minor children to the physical care of:

       ☐ Petitioner ☐ other person: _____
                                   *Name of Other Person*

    ☐ Respondent shall return the children to: _____
                                             *Street Address, Apt #*    *City*    *State*    *ZIP*

       ☐ on ☐ by: _____ at _____ in the presence of:
                     *Date*                     *Time*

    _____
    *Name of Person or Name of Law Enforcement Agency*

☐ Respondent shall not remove the minor children from the physical care of Petitioner or from a school, babysitter, daycare provider, or any person caring for the children.

☐ Within 24 hours of this *Order* being entered, the Circuit Clerk shall send written notice of the *Order* to the following school, daycare, or health care providers:

_____
*Name*     *Street Address*     *City*     *State*     *Zip*

_____
*Name*     *Street Address*     *City*     *State*     *Zip*

    ☐ For the safety of Petitioner, the name and location of the school or daycare is listed on the *Confidential Name & Location of the School or Daycare* form.

☐ **6.** **Temporary Significant Decision-Making Responsibility** *(formerly custody)* (R06) (Court Enforced)
*(see page 8 of Petition)*

The Court awards Petitioner all significant decision-making responsibility *(formerly custody)* of the minor children that Petitioner and Respondent have together.

The Court finds that:

☐ Paternity has not been established; OR

☐ Paternity has been established:

    ☐ The children of the parties were born before or during the marriage, or within 300 days of termination of the marriage.

    ☐ The parties are NOT married but there HAS been a legal determination of parentage through one or
☐ more of the following:

       1. Both parties are listed as parents on an Illinois birth certificate.

       2. Both parties have signed a Voluntary Acknowledgment of Parentage.

       3. A judicial or administrative decision.

       4. Other: _____

☐ **7.** **Respondent's Parenting Time** *(formerly visitation)* **with the Minor Children**  (R07) (Court Enforced)

*(see pages 8 - 9 of Petition)*

☐ Parenting time is RESERVED until a later hearing. *(The Court will not make ANY decision on parenting time at this time)*

☐ Parenting time is  ☐ DENIED until further order, OR  ☐ RESTRICTED because Respondent is likely to:

  ☐ Abuse or endanger the children during parenting time.

  ☐ Use parenting time to abuse or harass Petitioner, Petitioner's family, or household members.

  ☐ Improperly hide or detain the children.

  ☐ Act in a way that is not in the best interest of the children.

☐ Parenting time is GRANTED as follows: *(include a.m. or p.m.)*

  ☐ Every _____ from _____ to _____
           *Days*                          *Time*        *Time*

  ☐ Each weekend  ☐ Alternating weekends as follows:

    ☐ from Friday at _____ to Saturday at _____

    ☐ from Friday at _____ to Sunday at _____

    ☐ from Saturday at _____ to Sunday at _____

    ☐ from Saturday at _____ to Saturday at _____

    ☐ from Sunday at _____ to Sunday at _____

  ☐ Other: _____

  _____

  _____

☐ In order to protect Petitioner from further abuse, Respondent shall not go to Petitioner's residence to meet the minor children for parenting time.

☐ Date of first parenting time shall be on: _____ at _____
                                                 *Date*              *Time*

  Pickup and return for parenting time shall take place at *(list name and address)*:

  ☐ Police Department: _____
                       *Name*          *Street Address*     *City*   *State*   *Zip*

  ☐ Sheriff's Department: _____
                          *Name*         *Street Address*    *City*   *State*   *Zip*

  ☐ Safe Exchange Center: _____
                          *Name*         *Street Address*    *City*   *State*   *Zip*

  ☐ Other location: _____
                    *Name*            *Street Address*     *City*   *State*   *Zip*

☐ Responsibility for transportation of the children for parenting time shall be as follows:

  _____

☐ Parenting time shall take place at: _____
                                      *Street Address*       *City*   *State*   *Zip*

☐ Parenting time shall be supervised by: _____ ,
                                         *Name of Person or Agency*

  who has filed an *Affidavit of Parenting Time Supervisor* with the court accepting responsibility and acknowledging accountability.

☐ At the end of parenting time, Respondent shall immediately return the children to Petitioner or the following person designated by Petitioner: _____ ,
                                              *Name of Designated Person*

  who has filed an affidavit with the court accepting responsibility and acknowledging accountability.

| **Respondent:** | Petitioner may by law deny you access to the minor children if, when you arrive for parenting time, you are under the influence of drugs or alcohol and constitute a threat to the safety and well-being of Petitioner or the minor children of Petitioner or you are behaving in a violent or abusive manner (750 ILCS 60/214(b)(7)). |
|---|---|

Dear Debra,

Thank you so much for meeting today. It was helpful to hear more about the claims Mickeal made because I understand more fully why you would have approved this claim if Mickeal told you that I contacted her twice after she asked me not to do so over the phone. This is in fact not the case. As I explained in the meeting, she never made that request over the phone and I also never made any promises never to "bug her" or whatever the phrasing was that she told you. Can you please confirm whether this claim would not have been approved had she not reported this?

In fact, Mickeal called me and said she did not want to be included in any way with the report. I responded with my email confirming that I support her decision to withhold information from Title 9 and other UIUC offices. That should have been the final note in our communication. I had even sent the text I referenced that ended the friendship. The fact that she lied about that does not make me feel safe allowing her to have power to invent more false interpretations of different situations in order to begin escalating erroneous disciplinary investigations or even have me expelled.

There is absolutely no reason to warrant her taking such an extreme action to damage me. When she filed this No Contact Order she had the option to settle in mediation. She would not even consider opting for mediation when there is obviously some horrendous miscommunications, it's obvious that her motivations are not to make sure her claim is accurate. Because the nature of her last email is retaliatory and she violates my civil and federal rights by revealing my identity to the professor I'm reporting in an anonymous ODEA and Title 9 claim at UIUC. I spoke with the ODEA (thanks for the links!) and the investigators would absolutely need to contact her directly to make an assessment of all these issues.

She has made it clear that she doesn't support victims who speak up about bullying, harassment, or even assault (aka "personal conflicts" as she calls them) and that she does not agree with my personal life and religious choices. She has also made it clear that she views me as extreme compared to people she is used to and I absolutely do not feel safe anymore at Beckman when there are no protections against being judged and falsely reported again. By CCing Aron Barbey on her email to me and revealing my identity in an anonymous Title 9 claim, she is abusing the Student Conflict Resolution process to prevent a fair investigation into her professor. Because of these very serious actions I will be forced to file protective claims about the retaliatory incident. This means that Mickeal will be contacted by Title 9 investigators, which will cause her to further escalate the No Contact Order disciplinary actions.

I would like to find a way to dissmis the No Contact Order claim so I'm not forced to file reports about this and we can move forward. She is afraid of upsetting Aron and I understand where she is coming from. A lot of other people are as well. Her response to my last email is really crazy and CCing the person in the anonymous Title 9 claim directly, as well as administration, is just unbelievably wrong. She is abusing the Student Conflict Resolution system to prevent a fair investigation into her professor. She has used it to intimidate me and make it clear that she will cause further damage to me. I cannot move forward in my claims while she has power to use a No Conflict Order against me. How am I to proceed now? Will the Student Conflict Resolution Office create a formal letter to confirm that you will not take any further disciplinary measures against me if Mickeal is now contacted by Title 9 Investigators, ODEA Investigators, or agents from organizations related to this report?

The effect her actions have in a larger context makes it very serious, as we discussed, and I now feel threatened and intimidated. Because she is sharing false information about me with others, not once, but at least on two separate occasions in writing to NSP faculty and with you to file this claim, I am very scared of her and how she could continue this pattern in the future. I've included key points below and bulleted factual errors in the report she made below.

On January 3, 2018 around 7:11pm Mickeal and I spoke on the phone and she agreed to write a few lines about her experience being around me at Beckman and in general. However, on **January 4, 2018 at 7:05pm Mickeal called me out of the blue** and my phone timestamp shows that for **22 minutes** she told me why she had changed her mind and no longer wanted to be contacted by a Title 9 investigator or write something.

| 1/04 | 7:05 PM | 318-560-2124 | 22 | Peak |
|------|---------|--------------|----|------|

I said that they might not even need her statement but I wanted to have it just in case. I reminded her that if she

spoke the truth she would be protected from retaliation but she was still concerned about it. She was worried it would impact her position in the program, which was a warning sign for me, and she didn't want to be involved. It seemed like maybe the abrupt change in her actions towards me was demonstrative of a bigger issue and I should reconsider working with Title 9. I supported her decision not to share her experiences with Title 9 but it also made me uncomfortable that she was opposed to having any positive ties to me during the investigation. As evidenced in the adjacent text, I told her I couldn't be comfortable as her friend anymore.



On January 4th at 11:17pm in my follow-up email to **her phone call to me** I confirmed that I support her decision and understand where she is coming from. The email conveyed that many times throughout the note, and that should have been the end of our communications. She knew that I wasn't comfortable being friends so there was no need to contact me again. However, her unnecessary email back to me was paranoid, outlining an unfounded narrative that she invented:

> "This email that you have sent me makes me **feel** like you were being **disingenuous** about wanting my statement **"just in case"** you needed it. **It is obvious now that you are documenting our conversations for whatever case or lawsuit you are planning to file.** It's apparent that you are not going to respect my wishes to not be involved."

I'm sorry for her that she felt my words were hiding some hidden nefarious meaning. It's really sad that she escalated this situation that had already been resolved. I feel bad for her that she was so suspicious of me to believe that I would be responding to her phone call as a means for "documenting our conversations". I have been dealing with prejudgment the entire fall semester since I spoke up about bullying and harassment. This needs to stop. People need to look at the facts and my actual actions and what I'm actually saying rather than make assumptions. Unfortunately, she has in fact created a giant mess for us both when the situation was already resolved.

If enough items in her claim can be disproven, would that warrant a dismissal because she did not report the situation truthfully? Or does Dean Brown have the authority to review evidence and decide that it establishes different motivations for this claim than she reported to you? In a sense we are dealing with a situation where I have been labeled guilty until proven innocent and her own paranoia and naieve prejudice is creating a predicament for us both that will only escalate unless we difuse it.

She is not behaving rationally and she already misrepresented me to professors and NSP administration in her email when she:

1) told university administration and professors that I am filing a lawsuit against UIUC, which I am not. She did this despite my direct response to her question about wether I am or not. The adjascent text shows that I said "Lawsuit? No".

2) She claims in her email that I was "documenting our conversations" by sending the email that simply supported her decision not to be involved. Why would I offer to text with her or speak over the phone if I was plotting some crazy documentation scam for a legal case, as she asserts.



3) She revealed to professors and administration without my consent that I was assaulted, but tried to use it show I am at fault for "personal conflicts".

4) "It's apparent that you are not going to respect my wishes to not be involved." As evidenced above, she had a text from me ending the friendship and an email stating that I was supporting her decision not to be involved. There is in fact no evidence to suggest that I would not respect her wishes, but more than enough to disprove it.

5) She claims that I had personal conflicts while rotating in two different labs at UIUC. I never rotated in two separate labs. I was directed not to work with Aron Barbey because he is not allowed to accept new students for having so many student/professor conflicts.

6) I also reported that I as being bullied and harassed. I was the recipient of this inappropriate behavior not the one perpetrating it on other students. For her to imply it is my fault that I was bullied fits the trend that she also views me as being responsible for my assault. If I had prayed for myself, as she wanted me to do, maybe she wouldn't be attacking me like this and would recognize me as someone who is familiar/trustworthy.

7) "you were very upset with me Thursday when I told you I could not provide a statement for you concerning the nature of our interactions since you've arrived at UIUC." I was not "upset" that she decided not to talk to Title 9. As I stated in my email that is something I support and wish that I could actually do as well. I ended the friendship because she wasn't willing to be associated with me now that I am reporting the inapropriate incidents to the ODEA Offices. I don't want to be associated with individuals who shame victims and engage in retaliatory behavior when they speak up to make them feel pressured to stay silent.

8) She says in her email that she didn't want to be a "character witness" for my "legal case" or "involved in your legal issues" and being a character witness is never something she was asked to be.

9) "I have only known the NSP community to be a supportive network of friends and colleagues." She has spent hours complainign to me in the lab that she is the only African American woman in NSP and that there is no support to draw more to the university.

10) "We've never even hung out outside of the Beckman Institute." She is trying to distance herself from me because she doesn't want to have a "professional association" with me due to her perception that I am "always surrounded by conflicts". These "conflicts" as I've outlined above include the Title 9 claim that I am in the process of making because of one student bullying and harassing me, as well as an assault incident that is 3 years old.

Thu, Oct 19, 6:23 PM

Hey! Of course! I'm so sorry you've been through so much in your short time here. I would love to hang out some time...and I'm always up for meeting new people/grad students, especially in different departments/ programs on campus. Just let me know!! And Tuesday or Wednesday afternoon would work for me. Are you in Beckman around those times? And you are so sweet! 😊 Sending positive vibes out and prayers up!!

Have you visited any restaurants in downtown Champaign?

10/28/17, 5:24 PM

Hey!! Do you have dinner plans tomorrow?

Thu, Oct 19, 6:22 PM

Hmmm I don't think so. Why, do u know of any good ones? The dancing dog breakfast spot in Urbana looks really cool

Oh! I haven't heard of that place. We can totally try it! It serves breakfast in the evening too? If not, I'm cool with hanging out Saturday morning instead! We could go to the farmer's market after!

10/22/17, 5:21 PM

Ummm so our washing machine is basically leaking water all over the apt from something I washed. The maintenance people just got here but I have to reschedule :/ this is a super big mess

Oh no!! And that's okay

To: +1 (318) 560-2124                    Details

I'm good! Okay, I'll meet you downstairs.

11/15/17, 5:11:17 PM

K!

11/2/17, 10:17 PM

Hey! There is a poetry reading at the Krannert Art Museum on Thursday night. If you are free you should join me!! It starts at 7:30pm.

Kk this u in a sec

11/20/17, 4:57 PM

That sounds amazing and it's so thoughtful of you to think of me. I love art events!

11/15/17, 6:37 PM

Thanks again for dropping by! If you ever want to exercise together, let me know and we can totally my gym :)

Let me see how thins goes. It's dependent on the meetings I have in the morning and whether I have a ton of work to do for my IRB or not

I'm not even exercising once a week so def need to do something and start getting in better shape!

xx

12/9/17, 4:30 PM

Hey, I just finished with the mentoring session with my church, are you still up for dinner this evening?

12/2/17, 4:41 PM

12/9/17, 8:57 PM

I didn't go :( I was at a Starbucks studying. And that's great news!!
I'm going to see Murder on the Orient Express with my friend Lonna if you wanna join. We are going to the 7:15pm showing at AMC Champaign.

I've been working ALL day. Kind of need a break. Are you free tomorrow?

Lol! I took a break today and was going to work tomorrow. But I'm going to breakfast tomorrow with some women from my apt complex. Would you like to join? I'm thinking 8-8:30am? (Church starts at 10am, that's why we are going so early).

11) She claims in her email that she never said she was afraid of being involved in the Title 9 investigation because it could negatively affect her position in the program. This is absolutely the reason she gave me over the phone. Without question, she made it very clear to me that she does not want to be involved in the Title 9 report because she is afraid it will impact her position in the program. In fact, my phone timestamp says she spoke to me for 22 minutes about it. She seemed to view it as taking sides against a professor and I tried to explain that they would probably contact her anyway but that it would just be to find out what it was like to be in a lab environment with me. It would have nothing to do with her professor. She said she didn't want to be involved with the Aron situation and explained that she didn't know which professors were retaliating against me. I explained more details about the situation and asked directly if she was afraid that the people retaliating against me would also retaliate against her and she said that she was indeed afraid that she could be caught up in it and it would affect her as well. I tried explaining why I didn't think that would happen but she had made up her mind. So that was it and we ended the call. My feelings were a little hurt because it was very different than the way she normally behaved towards me and I felt like she was not a

good person - to not even be willing to share her experiences talking to me and allow the investigators to do their job to form their own conclusions was really disruptive to the investigation and withholding information just seemed dishonest.

12) "I am not aware of any culture of being silent in the face of wrongdoing or retaliation for speaking up against wrongdoing at UIUC." We've spoken about this before and there are many other people in her lab especially who are experiencing this so it's interesting she now claims this in an email that her adviser is CCed on.

The way the academic grading system works at UIUC (as you probably know) is that professors have full reign over deciding grades and who progresses in the program. I met with someone about this today and they explained that there is not an office or any means by which the central university can override or challenge a professor's decision. Because we are in a *program* instead of a *department*. We don't even have the standard EO that oversees Capricious Grading policies that are part of the Student Code. It's nearly impossible to receive intervention from unbiased parties to dispute claims against unfair grading. If Mickeal were to support me and upset Aron Barbey she could in fact have everything taken away from her in terms of her PhD. So I do honestly understand where the fear is coming from. Similarly, if she were to find herself in a position where Aron is penalized for his behavior from the reports of other students then she again could stand to lose her entire PhD because her adviser would be gone. There are very few professors here who can support students to do this research.

 **Gmail**

Rose Meacham <meacham.rose@gmail.com>

## Thanks for warning me!
12 messages

**Rose Meacham** <meacham.rose@gmail.com>                        Thu, Jan 4, 2018 at 11:17 PM
To: "Key, Mickeal Nelay" <mnkey2@illinois.edu>

Hi Mickeal -

Thanks for speaking with me over the phone this evening. Of course I support whatever decision you make but I also consider you a kind of role model in the NSP community, especially because you have been here for so many years. I appreciated your advice about starting as a new student here and expect that you know the ins and outs of the program much better than I do, or anyone else in my year. Because of this, I am definitely concerned about your decision to not share a positive note about your time working around me in Aron's lab. Your comments about being afraid that if you get involved in this situation, it could negatively impact your academic progress at NSP is definitely a common fear shared by other graduates in the program. It's very concerning to me that you expressed fear about openly showing support for me at NSP, because you feel it could have negative consequences for you and your academic career here.

The fact that you told me that you're worried about putting something positive in writing to show support for me because I've been retaliated against makes me worried about the policies in this program and at UIUC. I'm sure you are aware that UIUC has no retaliation policies and that as long as you are speaking the truth, you will be protected. It is a bad sign that someone who is in their third year in the NSP program and is so familiar with the policies here would still be worried that their academic career would be negatively impacted from supporting another student who spoke up about harassment/bullying. Because you are sharing the same fears that I have heard from every other senior level graduate student at NSP, it makes me concerned that the whistle blower rights, civil right, and federal rights of students are not protected here. The statement you made about your worry that the professors who have blocked me from progressing in NSP might also interfere in your academic progress is a horrible way to feel at UIUC. Supporting each other is important and if someone were in need of a bystander report in public, I would definitely do what I could to help share my perspective. It is unfortunate that those same policies are not a part of the policies at NSP.

These rules are designed to prevent this exact type of situation where students are too afraid of retaliation to speak the truth about what is happening at work/school. I'm so glad that you helped me see that at UIUC NSP, in order to keep their jobs and make academic progress, students are forced to stay quiet about very important issues related to inappropriate lab behavior, harassment/bullying, discrimination, and violations of our worker's rights. It's unfortunate that students sacrifice their right to a safe work environment and fair treatment in order to maintain their good standing in the NSP program. Though this hurts victims of harassment and bullying, at least students who just learn to be quiet about inappropriate behavior in the lab can successfully complete their degrees. If I had known that I would be forfeiting my ability to a fair experience at NSP by speaking up, I probably would have been afraid of reporting the inappropriate behavior just like you are. I value the information you shared with me about NSP's failure to protect students who come forward because I definitely don't want other people to risk losing their entire careers by saying positive things about me.

While I appreciated all of your invitations to go to events and dinner, or just hangout outside of school and I definitely appreciated all of your advice about being a student in this new school, it is disappointing that you can't express that openly now that I am working with a Dean. I may be experiencing retaliation for speaking up about harassment and bullying but the fact that you're worried you would also be retaliated against for supporting me, reveals a problem in the NSP policies. This is something I've been warned about by students and even other professors, so I completely understand why you're afraid of doing so. Because you are so close to finishing your PhD, I don't want you to jeopardize your career by sharing your positive experiences working with me in the lab. I hope that you're successful in Aron's lab.

Hopefully in the future students in NSP are not forced to remain silent when they or people they know are victims of harassment, bullying, discrimination, or retaliation from professors or other students in NSP. Maybe you can be in a better position to help fix these broken policies when you successfully get your PhD and enter academia! :)

Have an excellent last few days of vacation with your family and enjoy the quality time with your grandma especially!

Drive safely back from your family's house.

All the best,
Rose

- — — — — — — — —
**Rose Swan Meacham**
PhD Candidate, Computational Neuroscience
*University of Illinois Urbana-Champaign*
*New York University, Class '14*
rmeacha2@illinois.edu
917.613.4422

---

**Rose Meacham** <meacham.rose@gmail.com>                    Fri, Jan 5, 2018 at 8:44 PM
To: Rose Meacham <meacham.rose@gmail.com>

- — — — — — — — —
**Rose Swan Meacham**
PhD Candidate, Computational Neuroscience
*University of Illinois Urbana-Champaign*
*New York University, Class '14*
rmeacha2@illinois.edu
917.613.4422

[Quoted text hidden]

---

**Key, Mickeal Nelay** <mnkey2@illinois.edu>                    Sat, Jan 6, 2018 at 3:42 PM
To: Rose Meacham <meacham.rose@gmail.com>, "Meacham, Rose Swan" <rmeacha2@illinois.edu>
Cc: "Barbey, Aron Keith" <barbey@illinois.edu>, "beshers@life.illinois.edu" <beshers@life.illinois.edu>

Rose,

I am really surprised to get this email from you, considering you were very upset with me Thursday when I told you I could not provide a statement for you concerning the nature of our interactions since you've arrived at UIUC. Your demeanor during our phone conversation that night is completely opposite of the email you sent me a little more than an hour after the conversation ended.

This email that you have sent me makes me feel like you were being disingenuous about wanting my statement "just in case" you needed it. It is obvious now that you are documenting our conversations for whatever case or lawsuit you are planning to file. It's apparent that you are not going to respect my wishes to not be involved.

I am very sorry that you feel you have been harassed/bullied while here at UIUC. But to be clear a) when I said I did not want to write a statement in support of you, it was not because I feared retaliation if I showed support for you and b) I am not aware of any culture of being silent in the face of wrongdoing or retaliation for speaking up against wrongdoing at UIUC. I have only known the NSP community to be a supportive network of friends and colleagues. I do not appreciate you twisting my words to benefit your agenda.

I have only known you a few months, but in that time, you have described many instances where you perceived yourself to have been the target of unfair treatment. You have described to me issues of personal conflict at a

previous university, a company you used to work for, and two labs you have rotated in here at UIUC. You even described an incident with your first roommates and landlord when you first moved to Champaign. I don't know anything about these incidents except what you have told me. And at least while you've been at UIUC you just seem to be involved in a lot of conflicts.

I have great relationships with the members of the NSP community, so I have no reference for how you are characterizing the environment here at UIUC. Since I met you last semester, I have only tried to be kind to you. But just like with any other non-family member, I have the right to decide how involved I am with people I associate with. I don't want a professional association with someone who is always surrounded by conflict. It is one thing to invite you out to a poetry reading, it is another thing to essentially serve as a character witness in a personal conflict you have with a professor. I just don't know you very well. Your time in Aron's lab was so brief, we never even had the chance to work together. We've never even hung out outside of the Beckman Institute.

Since I met you last semester, I have only tried to be kind to you. From the beginning, it just seemed like you were having a rough time and I was hoping that showing you some kindness could bring you some light. I did not realize that being friendly with you obligated me to be involved in your legal issues.

I really hope you are able to resolve your problems and move forward with your PhD here at UIUC. But from now on, I do not want to be contacted by you anymore via email or phone. All further communications will be forwarded.

Thank you,

Mickeal Key

From: Rose Meacham <meacham.rose@gmail.com>
Date: Thursday, January 4, 2018 at 11:17 PM
To: "Key, Mickeal Nelay" <mnkey2@illinois.edu>
Subject: Thanks for warning me!

Hi Mickeal -

[Quoted text hidden]

---

**Key, Mickeal Nelay** <mnkey2@illinois.edu>                          Sat, Jan 6, 2018 at 3:42 PM
To: Rose Meacham <meacham.rose@gmail.com>, "Meacham, Rose Swan" <rmeacha2@illinois.edu>
Cc: "Barbey, Aron Keith" <barbey@illinois.edu>, "beshers@life.illinois.edu" <beshers@life.illinois.edu>

Rose,

I am really surprised to get this email from you, considering you were very upset with me Thursday when I told you I could not provide a statement for you concerning the nature of our interactions since you've arrived at UIUC. Your demeanor during our phone conversation that night is completely opposite of the email you sent me a little more than an hour after the conversation ended.

This email that you have sent me makes me feel like you were being disingenuous about wanting my statement "just in case" you needed it. It is obvious now that you are documenting our conversations for whatever case or lawsuit you are planning to file. It's apparent that you are not going to respect my wishes to not be involved.

I am very sorry that you feel you have been harassed/bullied while here at UIUC. But to be clear a) when I said I did not want to write a statement in support of you, it was not because I feared retaliation if I showed support for you and b) I am not aware of any culture of being silent in the face of wrongdoing or retaliation for speaking up against wrongdoing at UIUC. I have only known the NSP community to be a supportive network of friends and colleagues. I do not appreciate you twisting my words to benefit your agenda.

I have only known you a few months, but in that time, you have described many instances where you perceived yourself to have been the target of unfair treatment. You have described to me issues of personal conflict at a previous university, a company you used to work for, and two labs you have rotated in here at UIUC. You even described an incident with your first roommates and landlord when you first moved to Champaign. I don't know anything about these incidents except what you have told me. And at least while you've been at UIUC you just seem to be involved in a lot of conflicts.

I have great relationships with the members of the NSP community, so I have no reference for how you are characterizing the environment here at UIUC. Since I met you last semester, I have only tried to be kind to you. But just like with any other non-family member, I have the right to decide how involved I am with people I associate with. I don't want a professional association with someone who is always surrounded by conflict. It is one thing to invite you out to a poetry reading, it is another thing to essentially serve as a character witness in a personal conflict you have with a professor. I just don't know you very well. Your time in Aron's lab was so brief, we never even had the chance to work together. We've never even hung out outside of the Beckman Institute.

Since I met you last semester, I have only tried to be kind to you. From the beginning, it just seemed like you were having a rough time and I was hoping that showing you some kindness could bring you some light. I did not realize that being friendly with you obligated me to be involved in your legal issues.

I really hope you are able to resolve your problems and move forward with your PhD here at UIUC. But from now on, I do not want to be contacted by you anymore via email or phone. All further communications will be forwarded.

Thank you,

Mickeal Key

**From:** Rose Meacham <meacham.rose@gmail.com>
**Date:** Thursday, January 4, 2018 at 11:17 PM
**To:** "Key, Mickeal Nelay" <mnkey2@illinois.edu>
**Subject:** Thanks for warning me!

Hi Mickeal -

[Quoted text hidden]

---

**Rose Meacham** <meacham.rose@gmail.com>                          Sun, Jan 7, 2018 at 10:06 PM
To: "Key, Mickeal Nelay" <mnkey2@illinois.edu>
Cc: "Meacham, Rose Swan" <rmeacha2@illinois.edu>, "Barbey, Aron Keith" <barbey@illinois.edu>,
"beshers@life.illinois.edu" <beshers@life.illinois.edu>

Hi Mickeal,

Of course I was not being disingenuous about asking for a letter of support and I have absolutely no intention of filing a lawsuit. That's pretty silly. I have been bullied and harassed and, as I explained over the phone, I have been encouraged to work with UIUC admin to investigate this. It would have been nice to have you as a reference if they needed to speak to someone, but as I stated in my email to you, I understand why you don't want to be involved. I also wish that I was not involved in this -- the whole thing started when I was told not to work with Aron by UIUC admin, faculty, and students. I honestly feel like I was sucked into some bizarre political in-fighting the second I set foot on the campus and it's truly ruined my first semester here. My asking you was not an attempt to gather evidence, but as I explained over the phone it is my understanding that if I actually follow the instructions from UIUC admin to work with HR and Title 9, you would be contacted anyway. So this is not anything you should be alarmed by and I'm sorry you're so scared to be associated with me now. It really was nice of you to invite me to so many events, hangout with me at my apartment, and I'm sorry this situation has taken up so much of my time and is even still not resolved.

Over the phone you did say that you didn't want to be involved because you feared it would hurt your PhD and I completely understand. I definitely am not always surrounded by conflict and it hurts that you would say that. As you mentioned, you have known me only a brief time and I did not tell you about a work conflict and university conflict at another school -- I shared with you that I was assaulted by someone while I was working on a special project at another school. I definitely would not call that a "conflict" or characterize my experience as being "the target of unfair treatment." As a woman, I'm sure you're aware of the epidemic of sexual harassment cases that are finally coming to light so please don't try to say that was my fault because it was not.

Again, I understand completely why you would not want to get involved and why you are even writing this carefully worded email to deny things. Since I was told not to work with Aron by NSP admin and faculty, this has been a never-ending saga of really awful drama that I wish would just end. I have no interest in getting anyone in trouble or pursuing some weird legal case as you bizarrely suggest. But I am being told that I have to work with Title 9, which I have avoided doing, and HR, which I have also avoided doing. I'm really not sure what to do about it and really wish that I had just stayed quiet when I was being bullied. It just seems like everyone is so afraid of these types of controversies that it was immediately escalated within the UIUC system, though it really could have stayed between the professor and myself.

I'm sorry that you are so worried about being associated with me now. Obviously I wish nothing but the best for you and it is such a shame that I was drawn into this whole thing. I just want it to be over so I can focus on my work and not be forced to deal with things like this instead. I will tell the UIUC investigators not to contact you for a reference so don't worry. Sorry it was alarming to you but I completely understand why you want to keep a distance from it. Again, I wish I could too.

Good-luck and take care. This is my final note to address your points but I have no need to reach out again. Don't worry! :)

Best,
Rose


- ---- -- --- -- ---- -- --- -- ---

**Rose Swan Meacham**
PhD Candidate, Computational Neuroscience
*University of Illinois Urbana-Champaign*
*New York University, Class '14*
rmeacha2@illinois.edu
917.613.4422

[Quoted text hidden]

 **Gmail**                                           **Rose Meacham <meacham.rose@gmail.com>**

---

## Thanks for warning me!

---

**Rose Meacham <meacham.rose@gmail.com>**                          Sun, Jan 7, 2018 at 10:06 PM
To: "Key, Mickeal Nelay" <mnkey2@illinois.edu>
Cc: "Meacham, Rose Swan" <rmeacha2@illinois.edu>, "Barbey, Aron Keith" <barbey@illinois.edu>,
"beshers@life.illinois.edu" <beshers@life.illinois.edu>

Hi Mickeal,

Of course I was not being disingenuous about asking for a letter of support and I have absolutely no intention of filing a lawsuit. That's pretty silly. I have been bullied and harassed and, as I explained over the phone, I have been encouraged to work with UIUC admin to investigate this. It would have been nice to have you as a reference if they needed to speak to someone, but as I stated in my email to you, I understand why you don't want to be involved. I also wish that I was not involved in this -- the whole thing started when I was told not to work with Aron by UIUC admin, faculty, and students. I honestly feel like I was sucked into some bizarre political in-fighting the second I set foot on the campus and it's truly ruined my first semester here. My asking you was not an attempt to gather evidence, but as I explained over the phone it is my understanding that if I actually follow the instructions from UIUC admin to work with HR and Title 9, you would be contacted anyway. So this is not anything you should be alarmed by and I'm sorry you're so scared to be associated with me now. It really was nice of you to invite me to so many events, hangout with me at my apartment, and I'm sorry this situation has taken up so much of my time and is even still not resolved.

Over the phone you did say that you didn't want to be involved because you feared it would hurt your PhD and I completely understand. I definitely am not always surrounded by conflict and it hurts that you would say that. As you mentioned, you have known me only a brief time and I did not tell you about a work conflict and university conflict at another school -- I shared with you that I was assaulted by someone while I was working on a special project at another school. I definitely would not call that a "conflict" or characterize my experience as being "the target of unfair treatment." As a woman, I'm sure you're aware of the epidemic of sexual harassment cases that are finally coming to light so please don't try to say that was my fault because it was not.

Again, I understand completely why you would not want to get involved and why you are even writing this carefully worded email to deny things. Since I was told not to work with Aron by NSP admin and faculty, this has been a never-ending saga of really awful drama that I wish would just end. I have no interest in getting anyone in trouble or pursuing some weird legal case as you bizarrely suggest. But I am being told that I have to work with Title 9, which I have avoided doing, and HR, which I have also avoided doing. I'm really not sure what to do about it and really wish that I had just stayed quiet when I was being bullied. It just seems like everyone is so afraid of these types of controversies that it was immediately escalated within the UIUC system, though it really could have stayed between the professor and myself.

I'm sorry that you are so worried about being associated with me now. Obviously I wish nothing but the best for you and it is such a shame that I was drawn into this whole thing. I just want it to be over so I can focus on my work and not be forced to deal with things like this instead. I will tell the UIUC investigators not to contact you for a reference so don't worry. Sorry it was alarming to you but I completely understand why you want to keep a distance from it. Again, I wish I could too.

Good-luck and take care. This is my final note to address your points but I have no need to reach out again. Don't worry! :)

Best,
Rose


-- -- -- -- -- -- -- --
**Rose Swan Meacham**
PhD Candidate, Computational Neuroscience
*University of Illinois Urbana-Champaign*
*New York University, Class '14*
rmeacha2@illinois.edu
917.613.4422

[Quoted text hidden]



 Gmail

**Rose Meacham <meacham.rose@gmail.com>**

## Thanks for warning me!

**Key, Mickeal Nelay** <mnkey2@illinois.edu>                                    Sat, Jan 6, 2018 at 3:42 PM
To: Rose Meacham <meacham.rose@gmail.com>, "Meacham, Rose Swan" <rmeacha2@illinois.edu>
Cc: "Barbey, Aron Keith" <barbey@illinois.edu>, "beshers@life.illinois.edu" <beshers@life.illinois.edu>

Rose,

I am really surprised to get this email from you, considering you were very upset with me Thursday when I told you I could not provide a statement for you concerning the nature of our interactions since you've arrived at UIUC. Your demeanor during our phone conversation that night is completely opposite of the email you sent me a little more than an hour after the conversation ended.

This email that you have sent me makes me feel like you were being disingenuous about wanting my statement "just in case" you needed it. It is obvious now that you are documenting our conversations for whatever case or lawsuit you are planning to file. It's apparent that you are not going to respect my wishes to not be involved.

I am very sorry that you feel you have been harassed/bullied while here at UIUC. But to be clear a) when I said I did not want to write a statement in support of you, it was not because I feared retaliation if I showed support for you and b) I am not aware of any culture of being silent in the face of wrongdoing or retaliation for speaking up against wrongdoing at UIUC. I have only known the NSP community to be a supportive network of friends and colleagues. I do not appreciate you twisting my words to benefit your agenda.

I have only known you a few months, but in that time, you have described many instances where you perceived yourself to have been the target of unfair treatment. You have described to me issues of personal conflict at a previous university, a company you used to work for, and two labs you have rotated in here at UIUC. You even described an incident with your first roommates and landlord when you first moved to Champaign. I don't know anything about these incidents except what you have told me. And at least while you've been at UIUC you just seem to be involved in a lot of conflicts.

I have great relationships with the members of the NSP community, so I have no reference for how you are characterizing the environment here at UIUC. Since I met you last semester, I have only tried to be kind to you. But just like with any other non-family member, I have the right to decide how involved I am with people I associate with. I don't want a professional association with someone who is always surrounded by conflict. It is one thing to invite you out to a poetry reading, it is another thing to essentially serve as a character witness in a personal conflict you have with a professor. I just don't know you very well. Your time in Aron's lab was so brief, we never even had the chance to work together. We've never even hung out outside of the Beckman Institute.

Since I met you last semester, I have only tried to be kind to you. From the beginning, it just seemed like you were having a rough time and I was hoping that showing you some kindness could bring you some light. I did not realize that being friendly with you obligated me to be involved in your legal issues.

I really hope you are able to resolve your problems and move forward with your PhD here at UIUC. But from now on, I do not want to be contacted by you anymore via email or phone. All further communications will be forwarded.


Thank you,


Mickeal Key




**From:** Rose Meacham <meacham.rose@gmail.com>
**Date:** Thursday, January 4, 2018 at 11:17 PM
**To:** "Key, Mickeal Nelay" <mnkey2@illinois.edu>
**Subject:** Thanks for warning me!


Hi Mickeal -

[Quoted text hidden]

1/2/18, 8:16 PM

Happy New Year! I hope you've had a nice break. I'm trying to finalize all of the logistics from last semester and might need one thing from you, if you don't mind? I'm here all night if you want to chat over the phone or I can just text you the info.

1/3/18, 10:29 AM

Happy New Year, Rose! I am enjoying the break. I hope you were able to connect with family & friends over the holidays. Is this about the lawsuit you were considering the last time we talked?

Lawsuit? No

Oh, okay. What did you need help with?

You're acting funny! If you don't want to talk over the phone that's fine but it would definitely be easier

Oh no! I don't have a problem talking on the phone. I can talk to you a little later. I'm at lunch with my Grandma.

Cuteness! Have fun :) I'm working now so later is better for me too. I have a 1:30/2pm and then can chat whenever. Just let me know!

xo

Ok!

Hey! Of course! I'm so sorry you've been through so much in your short time here. I would love to hang out some time...and I'm always up for meeting new people/grad students, especially in different departments/programs on campus. Just let me know!! And Tuesday or Wednesday afternoon would work for me. Are you in Beckman around those times? And you are so sweet!☺️ Sending positive vibes out and prayers up!!

12/9/17, 4:30 PM

Hey, I just finished with the mentoring session with my church, are you still up for dinner this evening?

12/9/17, 8:57 PM

I've been working ALL day. Kind of need a break. Are you free tomorrow?

Lol! I took a break today and was going to work tomorrow. But I'm going to breakfast tomorrow with some women from my apt complex. Would you like to join? I'm thinking 8-8:30am? (Church starts at 10am, that's why we are going so early).

12/2/17, 4:41 PM

I didn't go :( I was at a Starbucks studying. And that's great news!!
I'm going to see Murder on the Orient Express with my friend Lonna if you wanna join. We are going to the 7:15pm showing at AMC Champaign.

10/22/17, 5:21 PM

Ummm so our washing machine is basically leaking water all over the apt from something I washed. The maintenance people just got here but I have to reschedule :/ this is a super big mess

Oh no!! And that's okay

11/27/17, 10:17 PM

Hey! There is a poetry reading at the Krannert Art Museum on Thursday night. If you are free you should join me!! It starts at 7:30pm.

11/28/17, 6:51 PM

That sounds amazing and it's so thoughtful of you to think of me. I love art events!

Let me see how tmrw goes. It's dependent on the meetings I have in the morning and whether I have a ton of work to do for my IRB or not

I'm good! Okay, I'll meet you downstairs.

11/15/17, 5:11:17 PM

Kk see u in a sec

K!

11/15/17, 6:37 PM

Thanks again for dropping by! If you ever want to exercise together, let me know and we can totally my gym :)

I'm not even exercising once a week so def need to do something and start getting in better shape!

xx

Thu, Oct 19, 6:29 PM

Have you visited any restaurants in downtown Champaign?

Thu, Oct 19, 9:12 PM

Hmmm I don't think so. Why, do u know of any good ones? The dancing dog breakfast spot in Urbana looks really cool

Oh! I haven't heard of that place. We can totally try it! It serves breakfast in the evening too? If not, I'm cool with hanging out Saturday morning instead! We could go to the farmer's market after!

10/28/17, 5:24 PM

Hey!! Do you have dinner plans <u>tomorrow</u>?

 Gmail

**Rose Meacham <meacham.rose@gmail.com>**

---

### UIUC Disciplinary Update: NO CONTACT ORDER - Charge Notice - IMPORTANT
1 message

---

**Imel, Debra Ann** <debraann@illinois.edu>                              Thu, Jan 11, 2018 at 4:54 PM
To: "Meacham, Rose Swan" <rmeacha2@illinois.edu>

 **ILLINOIS**

**NO CONTACT INFORMATION HIGHLIGHTED BELOW**

January 11, 2018

Rose Swan Meacham
sent via email to rmeacha2@illinois.edu

Dear Rose Meacham:

The Office for Student Conflict Resolution has become aware of a problem involving you and another student. I would like to meet with you as soon as possible to discuss this problem in more detail and explain some of the concerns that have been raised.

Students are obligated to comply with the reasonable requests of a University official acting in the performance of her or his duty (See Section 1-302.g of the Student Code). Therefore, I am directing you to have NO CONTACT with Mickeal Key (oral or written, directly or through any third party) until further notice.

I have instructed Mickeal Key to notify the Office for Student Conflict Resolution if there is contact of any kind. Any violation of this directive may result in charges before the appropriate Subcommittee on Student Conduct. **Violations of no contact directives are taken very seriously and can have very significant consequences, including dismissal from the university.**

If you have questions about complying with this directive, please contact me immediately. If you feel that you are unable to cease contact, please consider seeking the support and guidance available through our counselors at the Counseling Center (333-3704) and McKinley Mental Health (333-2705).

Please call my office, 217-333-3680, during normal business hours (8:30 a.m. - 5:00 p.m.) within five business days of the date of this letter to arrange an appointment with me through my assistant. Office staff will not be prepared to discuss your case over the phone at that time. The location of this meeting is: 300 Student Services Building, 610 E. John Street, Champaign, IL.

Sincerely,

*Debra Imel*

Debra Imel
Assistant Dean of Students

xc: Student File (00077-001-2018) — Student ID:  653331134
UIPD Investigations Department



## UNIVERSITY OF ILLINOIS
### AT URBANA-CHAMPAIGN

Office of the Chancellor

Swanlund Administration Building
601 East John Street
Champaign, IL 61820

September 8, 2016
*Revised*

Julie Hengst, Chair
Mylinda Granger, Vice Chair
~~Reginald Alston~~
Keith Hays
M.T. Hudson
Kathleen Hug
JoAnn Jacoby
Katherine Johnson
Carl Lewis
Patricia Malik

Joe Minarik
Maureen Mosley Banks
Timothy Offenstein
Steve Parsons
Kathie Pound
Todd Short
Jimmy Sellas
James Shriner
Heather Wright
Medra Roberts-Southerland, *ex-officio*

Dear Colleagues:

The purpose of this letter is to request your service on the Chancellor and Provost Committee on Access and Accommodations (CCAA). Julie Hengst, Associate Professor in the Department of Speech & Hearing Science, and Mylinda Granger, Coordinator of Access and Transportation with the Division of Disability Resources and Educational Services have graciously agreed to serve as Chair and Vice Chair of this year's Committee.

We are pleased to have Assata Zerai, Professor in the Department of Sociology, taking on a leadership role as the Associate Chancellor for Diversity. Professor Zerai began her position on August 16 and will be joining the campus diversity committees at the Diversity Summit on September 9 at the Illini Union. The Diversity Summit will afford each of the committees an opportunity to share information about the issues and initiatives they have been working on.

We have asked Associate Chancellor Zerai to lead a campus effort to develop a comprehensive and actionable campus diversity strategy that includes attention to recruitment, training, education, research, communication, policy, and governance at campus and unit levels. It will be important for the CCAA to work closely with Associate Chancellor Zerai to help inform and support that very important work. Additionally, we encourage you to continue your work on ongoing CCAA initiatives, including:

a. working with Associate Chancellor Katherine Galvin regarding infrastructure and procedures related to ADA compliance, including development of campus public portal;
b. providing support for the implementation of the Information Technology Policy;
c. reviewing the Access and Accommodations Statements/Policies/Resources available on university website;
d. overhauling and expanding the CCAA website; and

e. working collaboratively with other diversity committees and stakeholders to engage a large segment of our campus community in actualizing the goals of the Diversity Values Statement.

We ask that your Committee provide a report to Associate Chancellor Zerai in May, 2017 that describes the Committee's work during 2016-2017 and goals for 2017-2018.

Given current fiscal constraints, we will not be allocating a pre-established budget to the CCAA. Rather, we ask that you make specific requests for financial support for proposed initiatives to Associate Chancellor Zerai. Your committee will need to develop a budget and outline the goals and the measures of success prior to any distribution of funds.

Thank you in advance for your service on this important Committee. Your work is crucial and valued.

Sincerely,

Barbara J. Wilson
Interim Chancellor

Edward Feser
Interim Vice Chancellor for
Academic Affairs and Provost

c:      K. Galvin
        A. Zerai

Office of the Chancellor
Swanlund Administration Building
601 East John Street
Champaign, IL 61820



September 28, 2017

| | | |
|---|---|---|
| Julie Hengst, Chair | Keith Hays | Timothy Offenstein |
| Mylinda Granger, Vice-chair | M.T. Hudson | Steve Parsons |
| Maureen Banks | Kathy Hug | Kathie Pound |
| CL Cole | Katherine Johnson | James Shriner |
| Kathleen Ernst | Carl Lewis | Heather Wright |
| Joan Fiesta | Patricia Malik | Danielle Morrison, *ex officio* |
| Craig Grant | Joe Minarik | Tracy Kleparski, *ex officio* |

Dear Colleagues:

The purpose of this letter is to request your service on the Committee on Access and Accommodations (CCAA). Julie Hengst, Associate Professor in the Department of Speech & Hearing Science, and Mylinda Granger, Coordinator of Access and Transportation with the Division of Disability Resources and Educational Services have graciously agreed to serve as Chair and Vice-chair of this year's Committee. A new Diversity Council will be charged and CCAA will have representation there.

Associate Chancellor Assata Zerai will continue to lead a campus effort to develop a comprehensive and actionable campus diversity strategy that includes attention to recruitment, training, education, research, communication, policy, and governance at campus and unit levels. It will be important for the CCAA to work closely with her to help inform and support that very important work. Additionally, we encourage you to continue your efforts on ongoing initiatives, including:

    a. advising on infrastructure and procedures related to ADA compliance, including providing input into developing a campus public portal;

    b. providing feedback to the Accommodations Review Committee concerning the implementation of the Campus IT Accessibility Policy;

    c. reviewing the Access and Accommodations Statements/Policies/Resources and essential functions documents available on university website;

    d. providing input to update the CCAA website which will be transferred to a central campus location;

    e. providing input to populate a new accessibility webmap; and

    f. working collaboratively with other diversity committees and stakeholders to engage a large segment of our campus community in actualizing the goals of the Diversity Values Statement.

We ask that your Committee provide a report to Associate Chancellor Zerai in May, 2018 that describes the Committee's achievements during 2017-18 and goals for 2018-19.

The campus diversity committees will hold a Fall Diversity Summit on October 11, 2017, 12:00 – 2:00pm at the Illini Union, Room 314A. The Fall Diversity Summit will afford each of the committees an opportunity to share information about the issues and initiatives they have been working on.

Thank you in advance for your service on this important Committee. Your work is crucial and valued.

Sincerely,

Robert J. Jones
Chancellor

John P. Wilkin
Interim Vice Chancellor for Academic Affairs and Provost

c:      A. Zerai

Stephen Bryan knew that
I had disabilities and
promised he would wait
to allow me to file
for accommodations
before moving forward
with any actions against
me. Stephen Bryan
then broke this promise
and over burdened me
horribly with meetings
and paperwork and illegally
forced me out of UI
~~even~~ without cause
(I had straight As) ~~et~~ and
refused to allow me to

obtain disability
accommodations, which
is both illegal and
violates UI & policies,
rules, procedures, regulations
etc.
This type of sexism and
discrimination against
disabled people, rape/assault
victims is disgusting and
it is shocking to see
this type of discrimination
at the higher-up
administrative levels
at UI - the largest
Research Institution in II

| STATE OF ILLINOIS, CIRCUIT COURT | ORDER OF PROTECTION | |
|---|---|---|
| Champaign COUNTY | Civil Proceeding ☐ Interim ☐ Plenary<br>Criminal Proceeding ☑ Final | **Case Number** |

| **Instructions ▼** | | **For Court Use Only** |
|---|---|---|
| Directly above, enter the county where you filed this case. | Petitioner: Rose Meacham<br>*(First, middle, last name)* | ☐ Independent<br>☐ Juvenile |
| Enter your name as Petitioner. | People to be Protected by this *Order (check all that apply):*<br>☑ Petitioner | ☑ **Other Civil Proceeding**<br>☐ **Criminal** |
| Check the boxes for **ALL** people you want to include in the *Order.* | ☐ Petitioner's minor children with Respondent: | ☐ **This *Order* has been granted Pursuant to the Code of Criminal Procedure 725 ILCS 5/112A** |
| On the lines provided, enter the name for each person you are trying to protect. "Other household members" includes people living with you or working where you are staying. | ☐ Petitioner's minor children not related to Respondent: _____ _____<br><br>☐ Dependent adult: _____<br>☐ High risk adult: _____<br>☐ Other household members: _____ _____ _____ _____ | |
| Enter name of the person you are seeking protection from as Respondent. | v. | |
| Enter the Case Number given by the Circuit Clerk. | Respondent: Stephen P. Bryan<br>*(First, middle, last name)* | |

| **NOTE:** | If you are completing this form for a minor child, a dependent adult, or a high risk adult, insert information needed below as if you were that person. In other words, do not use your information. |
|---|---|

1. **Petitioner's** ☐ **address OR** ☐ **alternative address for notice**
   325 Ramblewood Road    DuPage    Illinois    60137
   *Street Address, Apt #*    *City*    *State*    *Zip*
   rsm397@nyu.edu
   *Email*

2. **Respondent's date of birth *(if known)*:** _____    Sex: Male    Race White

3. **Respondent's address *(if known)*:**
   Office of the Dean of Students 300 Turner Student Services Bldg. MC 306 610 John Street Champaign, IL 61820
   *Street Address, Apt #*    *City*    *State*    *Zip*
   University of Illinois Urbana-Champaign
   *Respondent's Employer*    *Respondent's work hours*
   spbryan@illinois.edu
   *Respondent's Employer-Street Address*    *City*    *State*    *Zip*

**THE COURT ORDERS THAT:**

☑ Respondent shall not abuse or threaten to abuse Petitioner *(see R01, page 2)*

☑ Respondent shall stay away from Petitioner *(see R03, page 2)*

**FOR ADDITIONAL ORDERS, READ THIS ENTIRE FORM**

☐ This *Order* was issued on: **July 21, 2020** at **7am**
_____*Date*_____*Time*

☐ This *Order* will end on: _____ at _____
_____*Date*_____*Time*

☐ This *Order* will end as entered on page 9.

**NEXT HEARING** *(interim Orders only)*: There will be a hearing on: **TBD** at _____
_____*Date*_____*Time*

at **Federal Case in Central Disctrict Courthouse** in _____
*Address of Courthouse*_____*Courtroom*

| **Respondent:** | A plenary *(final)* order of protection may be entered if Respondent does not come to this hearing. |
|---|---|

**After reviewing the *Petition* and hearing the evidence and testimony of Petitioner, the Court makes findings**

☐ Are stated on page 10 and 11 of this *Order*; OR

☐ Were made orally and videotaped or recorded by a court reporter and are incorporated into this *Order*.

**THE COURT ORDERS THAT ALL SECTIONS SELECTED BELOW BE OBEYED:**

☑ **1.** **No Abuse** *(see page 4 of Petition)* (R01) (Police Enforced)

Respondent shall not threaten or commit the following acts of abuse towards Petitioner *(check all that apply)*:

☑ Harassment ☑ Exploitation of a High Risk Adult with Disabilities
☑ Interference with Personal Liberty ☑ Intimidation of a Dependent
☑ Physical Abuse ☑ Willful Deprivation
☑ Stalking ☑ Neglect of a High Risk Adult with Disabilities

☐ **2.** **Possession of Residence** *(see page 5 of Petition)* (R02) (Police Enforced)

☐ Exclusive possession of residence is granted to Petitioner.

☐ Respondent must stay at least _____ feet away from the residence located at:

_____
*Street Address, Apt #*_____*City*_____*State*_____*Zip*

OR

☐ Respondent must stay away from the residence of Petitioner BECAUSE *(check one)*:

☐ Petitioner has a right to live there and Respondent has no right; OR

☐ Petitioner and Respondent both have the right to live there, but it would be harder on Petitioner

to leave the residence after considering the factors set forth in 750 ILCS 60/214(b)(2)(B).

☐ Provision of alternate housing

☐ Respondent shall provide alternate housing for Petitioner

on or before: _____
*Date*

☐ Such housing shall meet the following requirements: _____

_____

☑ **3.** **Stay Away from Petitioner and Certain Places** *(see page 4 of Petition)* (R03) (Police Enforced)

☑ Respondent shall not have any communication with Petitioner and stay away from Petitioner at all times.

☐ Respondent shall stay at least _____ feet away from Petitioner at all times.

| **Respondent:** | If any protection in Section 3 is granted, Respondent must not have ANY physical, non-physical, direct or indirect contact with Petitioner. This also includes contact through others who may not know about the *Order of Protection*. It also forbids oral communication, written communication, sign language, telephone and cell phone calls, faxes, texts, tweets, emails, posts, or communication by any other social media, and all other communication with Petitioner. |
|---|---|

☑ Respondent shall not be at or stay at any of these places while Petitioner is there:

☐ Residence located at:

| | Street Address, Apt # | City | State | Zip |

☑ Places of employment of Petitioner, located at:
University of Illinois Urbana-Champaign

| Name | Street Address | City | State | Zip |

| Name | Street Address | City | State | Zip |

☐ Schools, kindergartens, or daycare centers of Petitioner, located at:

| Name | Street Address | City | State | Zip |

| Name | Street Address | City | State | Zip |

☑ Other locations:
All University Locations

| Name | Street Address | City | State | Zip |

| Name | Street Address | City | State | Zip |

☐ Respondent shall have the right to enter the residence listed in Section 2 <u>once</u> to retrieve the property as provided in Section 10 of this Order.

☑ School Restrictions *(see page 6 of Petition)*
University of Illinois Urbana-Champaign _____ is an elementary, middle, or high
*Name of School*
school attended by both Respondent and Petitioner, a person protected by this *Order*.
After considering the factors in <u>750 ILCS 60/214(b)(3)(B)</u>:

☑ Respondent shall not attend this school for as long as a Petitioner is enrolled there;

☐ Respondent shall accept a change of placement or program at this school as determined by the public school district or by this private or non-public school; OR

☐ Respondent shall follow these restrictions on movement within the school: _____

_____

☐ Requirements for Parents and Guardians
Respondent is a minor. To ensure that Respondent follows this *Order*, _____
*Name of Parent or Guardian*

shall do the following: _____

_____

☑ **4.** **Counseling** *(see page 7 of Petition)* **(R04) (Court Enforced)**
Respondent must do the following and file proof with the Circuit Clerk by _____ *(check all that apply)*:
*Date*

☐ Enroll in and successfully complete a Domestic Violence Partner Abuse program.

☐ Get an alcohol and substance abuse evaluation and complete any recommended counseling or treatment.

☐ Get a mental health evaluation and complete any recommended counseling or treatment.

☑ Other: Anger management training and sexual harassment, prejudice courses

| **Respondent:** | Respondent MUST fully participate in all sessions of outpatient or inpatient treatment recommended by the evaluating agency, as often and for as long as that agency or other referred providers recommend. Respondent must file with the Circuit Clerk monthly attendance and progress reports written by each treatment provider. |

☐ **5.** **Care and Possession of Children** *(see page 8 of Petition)*      (R05) (Police Enforced)

| **Law Enforcement:** | The provisions of this section are Police Enforced <u>IF</u> Respondent is ordered *(see page 2, R03)* to stay away from the minor children listed as "protected" as checked below. |
|---|---|

☐ Respondent and Petitioner are the parents of the following minor children:

| Child's Name (first, middle, last) | Age | State of Residence | Included as Protected Party? | |
|---|---|---|---|---|
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |

☐ The primary caretaker of the minor children is:    ☐ Petitioner    ☐ Respondent    ☐ Other person:

_____    _____    _____    _____    _____
*Name*      *Street Address*      *City*      *State*      *Zip*

☐ Petitioner is granted the physical care and possession of the minor children that Petitioner and Respondent have together, AND:

     ☐ Respondent shall, personally or through a law enforcement agency as authorized by the court, return the minor children to the physical care of:

         ☐ Petitioner    ☐ other person: _____
                                                   *Name of Other Person*

     ☐ Respondent shall return the children to: _____
                                       *Street Address, Apt #*      *City*    *State*    *ZIP*

         ☐ on ☐ by: _____ at _____ in the presence of:
                         *Date*                *Time*

         _____
         *Name of Person or Name of Law Enforcement Agency*

☐ Respondent shall not remove the minor children from the physical care of Petitioner or from a school, babysitter, daycare provider, or any person caring for the children.

☐ Within 24 hours of this *Order* being entered, the Circuit Clerk shall send written notice of the *Order* to the following school, daycare, or health care providers:

_____    _____    _____    _____    _____
*Name*      *Street Address*      *City*      *State*      *Zip*

_____    _____    _____    _____    _____
*Name*      *Street Address*      *City*      *State*      *Zip*

     ☐ For the safety of Petitioner, the name and location of the school or daycare is listed on the *Confidential Name & Location of the School or Daycare* form.

☐ **6.** **Temporary Significant Decision-Making Responsibility** *(formerly custody)*      (R06) (Court Enforced)
*(see page 8 of Petition)*

The Court awards Petitioner all significant decision-making responsibility *(formerly custody)* of the minor children that Petitioner and Respondent have together.

The Court finds that:

☐ Paternity has not been established; OR

☐ Paternity has been established:

     ☐ The children of the parties were born before or during the marriage, or within 300 days of termination of the marriage.

     ☐ The parties are NOT married but there HAS been a legal determination of parentage through one or

     ☐ more of the following:

         1. Both parties are listed as parents on an Illinois birth certificate.

         2. Both parties have signed a Voluntary Acknowledgment of Parentage.

         3. A judicial or administrative decision.

         4. Other: _____

☐ **7.** **Respondent's Parenting Time** *(formerly visitation)* **with the Minor Children**  (R07) (Court Enforced)
*(see pages 8 - 9 of Petition)*

☐ Parenting time is RESERVED until a later hearing. *(The Court will not make ANY decision on parenting time at this time)*

☐ Parenting time is  ☐ DENIED until further order, OR  ☐ RESTRICTED because Respondent is likely to:

  ☐ Abuse or endanger the children during parenting time.

  ☐ Use parenting time to abuse or harass Petitioner, Petitioner's family, or household members.

  ☐ Improperly hide or detain the children.

  ☐ Act in a way that is not in the best interest of the children.

☐ Parenting time is GRANTED as follows: *(include a.m. or p.m.)*

  ☐ Every _____ from _____ to _____
           *Days*                    *Time*        *Time*

  ☐ Each weekend  ☐ Alternating weekends as follows:

    ☐ from Friday at _____ to Saturday at _____

    ☐ from Friday at _____ to Sunday at _____

    ☐ from Saturday at _____ to Sunday at _____

    ☐ from Saturday at _____ to Saturday at _____

    ☐ from Sunday at _____ to Sunday at _____

  ☐ Other: _____

  _____

  _____

  ☐ In order to protect Petitioner from further abuse, Respondent shall not go to Petitioner's residence to meet the minor children for parenting time.

  ☐ Date of first parenting time shall be on: _____ at _____
                                              *Date*          *Time*

  Pickup and return for parenting time shall take place at *(list name and address)*:

    ☐ Police Department: _____

    | | *Name* | *Street Address* | *City* | *State* | *Zip* |

    ☐ Sheriff's Department: _____

    | | *Name* | *Street Address* | *City* | *State* | *Zip* |

    ☐ Safe Exchange Center: _____

    | | *Name* | *Street Address* | *City* | *State* | *Zip* |

    ☐ Other location: _____

    | | *Name* | *Street Address* | *City* | *State* | *Zip* |

  ☐ Responsibility for transportation of the children for parenting time shall be as follows:

  _____

  ☐ Parenting time shall take place at: _____
                                         *Street Address*                    *City*  *State*  *Zip*

  ☐ Parenting time shall be supervised by: _____ ,
                                            *Name of Person or Agency*

  who has filed an *Affidavit of Parenting Time Supervisor* with the court accepting responsibility and acknowledging accountability.

  ☐ At the end of parenting time, Respondent shall immediately return the children to Petitioner or the following person designated by Petitioner: _____ ,
                                            *Name of Designated Person*

  who has filed an affidavit with the court accepting responsibility and acknowledging accountability.

| **Respondent:** | Petitioner may by law deny you access to the minor children if, when you arrive for parenting time, you are under the influence of drugs or alcohol and constitute a threat to the safety and well-being of Petitioner or the minor children of Petitioner or you are behaving in a violent or abusive manner (750 ILCS 60/214(b)(7)). |

☐ **8.** **No Concealment or Removal of Children** *(see page 9 of Petition)* **(R08) (Police Enforced)**
Respondent shall not hide the minor children within the State or remove the children from Illinois.

☐ **9.** **Appear with Children** *(see page 10 of Petition)* **(R09) (Court Enforced)**
Respondent shall appear ☐ alone ☐ with minor children at: _____
*Address of Courthouse*

_____ in Courtroom _____ on _____ at _____
*Date* *Time*

to *(check all that apply)*:
☐ Prevent abuse, neglect, removal or concealment of the children.
☐ Return the children to the custody or care of Petitioner.
☐ Permit a court-ordered interview or examination of the children or Respondent.

☐ **10.** **Possession of Personal Property** *(see page 5 of Petition)* **(R10) (Court Enforced)**
*(does not affect ownership of property)*
☐ Petitioner is awarded possession of the following personal property: _____

_____

☐ Respondent shall return ☐ all of the property ☐ the following property: _____
_____ to _____
*Name of Person*

The Court finds as follows:
☐ Petitioner, but not Respondent, owns the property.
☐ Petitioner and Respondent both own the property. Sharing it would put Petitioner at risk for abuse,
or is not practical. Not having the property would be harder on Petitioner.
☐ Petitioner claims the property as marital property, and a divorce case has been filed.
☐ Respondent is awarded possession of the following personal property: ☐ clothing ☐ medicine
☐ Other personal property as follows: _____

_____

☐ Personal property shall be transferred at: _____
*Street Address* *City* *State* *Zip*

on _____ at _____
*Date* *Time*
☐ Personal property shall be transferred only in the presence of:
☐ Law enforcement: _____ ; OR
*Name of Law Enforcement Agency*
Date to be obtained from Law Enforcement by: ☐ Petitioner ☐ Respondent
☐ Another person: _____
*Name*

☑ **11.** **Restrictions on Property** *(see page 6 of Petition)* **(R11) (Court Enforced)**
☐ Respondent shall not take, transfer, encumber, conceal, damage, or otherwise dispose of any real or
personal property, except as explicitly authorized by the Court, BECAUSE *(check all that apply)*:
☐ Petitioner, but not Respondent, owns the property.
☐ Petitioner and Respondent both own the property. Not having the property would be harder on
Petitioner.
☐ Petitioner claims the property as marital property, and a divorce case has been filed.
☐ Restrictions on Resources; Aged Petitioner
Respondent is prohibited from improperly using financial or other resources of an aged Petitioner for
the advantage of Respondent or any other person.

☐ **11.5** **Possession of Animals** *(see page 6 of Petition)*                (R11.5) (Court Enforced)
Petitioner shall the have care, custody, and control over the following animals:                _____

_____

Respondent shall stay away from the animals and Respondent is forbidden from taking, transferring, concealing, harming, or otherwise disposing of the animals.

☐ **12.** **Temporary Support** *(see page 7 of Petition)*                (R12) (Court Enforced)
The Court finds that Respondent is:   ☐ unemployed  ☐ self employed  ☐ employed by:

| *Name* | *Street Address* | *City* | *State* | *Zip* |
|---|---|---|---|---|

and has approximate net pay in the amount of:  $ _____  ☐ weekly  ☐ every two weeks
☐ twice a month  ☐ monthly

☐ Respondent shall pay temporary child support to Petitioner
In the amount of  $ _____  ☐ weekly  ☐ every two weeks  ☐ twice a month  ☐ monthly
☐ Payments shall begin on: _____  and shall continue until further order of the Court.
*Date*
Payments shall be made through the:  ☐ Circuit Clerk OR  ☐ State Disbursement Unit (SDU) for
Child Support. *(Payment shall not be paid directly to Petitioner)*
OR
☐ A child support order will be entered.
AND/OR
☐ Respondent shall pay temporary support (maintenance) to Petitioner
in the amount of  $ _____  ☐ weekly  ☐ every two weeks  ☐ twice a month  ☐ monthly

☑ **13.** **Payment of Losses Due To Abuse** *(see page 7 of Petition)*                (R13) (Court Enforced)
☐ Respondent shall pay Petitioner for losses suffered as a direct result of abuse, neglect, or exploitation, including:
☐ Medical expenses……………………………………………………………………  $ _____
☐ Lost earnings………………………………………………………………………..  $ _____
☐ Repair or replace property damaged or taken…………………………………….  $ _____
☐ Moving and other travel expenses………………………………………………….  $ _____
☐ Reasonable expenses for housing other than a domestic violence shelter………..  $ _____
☐ Expenses for search and recovery of children…………………………………….  $ _____
☑ Reasonable attorney's fees………………………………………………………….  $ _____
☐ Other: _____  $ _____
The total amount of:
☐ $ _____ by _____
*Date*
☐ Payments in the amount of:  $ _____  ☐ weekly  ☐ every two weeks  ☐ twice a month
☐ monthly

☐ **14.** **No Entry or Presence Under Influence** *(see page 5 of Petition)*                (R14) (Court Enforced)
Even though Respondent is not required by this *Order* to stay away from the residence of Petitioner at all times, Respondent is not allowed to enter or remain in that residence while under the influence of drugs or alcohol and threatening the safety or well-being of Petitioner or Petitioner's children.

☐ **14.5** **Firearms** *(see page 6-7 of Petition)* (R14.5) (Court Enforced)

The Court has examined Petitioner and any other witnesses under oath. The Court finds that Respondent:

☐ Has appeared personally in court after receiving notice of this hearing; OR

☐ Failed to appear personally after having received actual notice.

☐ This *Order* restrains Respondent from abusing, stalking, or threatening their intimate partner or children of the intimate partner, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to themselves or their children; AND the Court finds that:

  ☐ Respondent represents a credible threat to the physical safety of Respondent's intimate partner or their children; OR

  ☐ This *Order* prohibits the use, attempted use, or threatened use of physical force against Respondent's intimate partner or their children that could reasonably be expected to cause bodily injury.

**Respondent:** Respondent is automatically prohibited from possessing a firearm while this *Order* is in effect, under Federal Law 18 USC 922(g)(8).

Therefore:

☐ Respondent shall surrender all firearms in their possession to this law enforcement agency, which shall take possession of them: _____
                                              *Name of Law Enforcement Agency*

☐ Respondent shall immediately turn over any FOID card in their possession to this law enforcement agency, which shall take possession of it: _____
                                              *Name of Law Enforcement Agency*

☐ Respondent's conceal and carry license is suspended during the duration of this *Order*. Respondent must turn over the license to the court at the time this *Order* is entered or to this law enforcement agency, which shall take possession of it: _____
                                             *Name of Law Enforcement Agency*

When this *Order* ends, Respondent's firearms and FOID card shall be returned to Respondent upon request if the FOID card is not expired and there is no other order restricting Respondent's possession of those firearms.

☐ **15.** **Children's Records** *(see page 10 of Petition)* (R15) (Court Enforced)

Respondent is not allowed to access, inspect, or obtain school records or any other records of the minor children in the care of Petitioner because *(check all that apply)*:

☐ This *Order of Protection* prohibits Respondent from having contact with the minor children.

☐ The actual address of Petitioner is not included due to the risk of further abuse.

☐ It is necessary to prevent abuse or wrongful removal or concealment of the minor children.

☐ **16.** **Shelter Reimbursement** *(see page 7 of Petition)* (R16) (Court Enforced)

Respondent shall pay  $ _____ to _____
                                             *Shelter Name*

for the cost of services and shelter provided to Petitioner.

☑ **17.** **Miscellaneous Remedies** *(see page 10 of Petition)* (R17) (Court Enforced)

☑ Respondent is further ordered as follows: Attend mandatory anger management and additional training for sexual harassment, discrimination and prejudice based on disability and sex/gender.

☐ **18.** **Telephone Services** *(see page 6 of Petition)* (R18) (Court Enforced)

☐ Petitioner uses the following telephone numbers for which a wireless telephone provider provides service for Respondent and Petitioner:

Name of Provider: _____

Name of Account Holder: _____

Respondent's Billing Phone #: _____

Petitioner Phone #: _____

Petitioner Phone #: _____

☐ After considering the evidence and  pursuant to 725 ILCS 5/112A-14(b)(18), the wireless telephone service provider shall terminate Respondent's use of Petitioner's phone number, transfer to Petitioner the right to use these phone numbers, and transfer to Petitioner all financial responsibility associated with future use of these phone numbers.

| | |
|---|---|
| **Petitioner:** | STOP! Only the Judge or Circuit Clerk shall enter anything below this point. |

☐ **RULINGS PURSUANT TO** 750 ILCS 60/221(a)(2) and (b)(2)

☐ The relief requested in Paragraphs: ☐ 2 ☐ 3 ☐ 10 ☐ 11 ☐ 16 ☐ Other: _____
in the *Petition* is DENIED because the balance of hardships does not support the granting of the remedy; the granting of the remedy will result in hardship to Respondent that would substantially outweigh the hardship to Petitioner from the denial of the remedy; OR because: _____

_____

☐ The relief requested in Paragraphs: _____
in the *Petition* is RESERVED.

☐ **COMPLIANCE HEARING**

☐ A compliance hearing will be held on: _____ at _____ on the following issues: _____
<div align="center">Date           Time</div>

☐ Respondent is ordered to appear and bring the following documents: _____

_____

**PLENARY *(FINAL)* ORDERS ONLY:**

**If no specific date for expiration is entered on page 2, this *Order* will remain in effect until:**

☐ 1.* Final judgment is entered in related case number: _____

☐ 2.* This *Order* is modified or vacated by the Court *(if incorporated into the final judgment of another civil proceeding)*.

☐ 3.* Expiration of any supervision, conditional discharge, probation, periodic imprisonment, parole, or supervised mandatory release, plus 2 years.

☐ 4.* Expiration of a term of imprisonment set by this court, plus 2 years.

*\* This Order may last more than 2 years if it is entered in conjunction with a civil or criminal proceeding.*

☐ 5. Termination of any voluntary or involuntary commitment, or until: _____
<div align="right">Date (not to exceed 2 years)</div>

☐ 6. Until disposition, withdrawal or dismissal of the underlying charge if entered during pre-trial release. If case is continued as an independent cause of action, for a fixed period of time not to exceed 2 years.

☐ 7. Final disposition when a Bond Forfeiture Warrant has issued, or until: _____
<div align="right">Date (not to exceed 2 years)</div>

☐ 8. Further order of the Court only by extension; special findings needed.

**ENTERED:** _____      _____
<div>       Judge                                          Date</div>

I hereby certify that this is a true and correct copy of the original order on file with the Court.

Clerk of the Circuit Court of _____ County Illinois   _____
<div align="right">Date</div>

_____
*Seal (and signature, as locally required)*

Copies given to: ☐ Petitioner ☐ Respondent in Open Court ☐ Respondent via Sheriff ☐ LEADS
☐ Sheriff ☐ State's Attorney

To be completed by the judge:

☐ There is reason to believe Respondent is *(check all that apply)*: ☐ armed ☐ dangerous ☐ suicidal

**FINDINGS:**

**After reviewing the *Petition* and hearing the evidence and testimony of Petitioner, the Court finds that:**

1. The people protected by this *Order* are:
   ☐ Petitioner
   ☐ Minor children listed in the caption of this *Order*
   ☐ Other Protected Persons listed on page 1 of this *Order*

2. The Petitioner has the following relationship to Respondent:

| | | |
|---|---|---|
| ☐ Boyfriend / Girlfriend (including ex) (BG) | ☐ Spouse (SE) | ☐ Ex-Spouse (XS) |
| ☐ Has Children with Respondent (never married to Respondent) (CC) | ☐ Sharing or Shared Home (CS) | ☐ Child (CH) |
| ☐ Parent (PA) | ☐ Brother or Sister (SB) | ☐ Other Family Member (OF) |
| ☐ Other – Petitioner not Related to Respondent (OT) | ☐ In-law (IL) | ☐ Personal Caregiver to Disabled Petitioner (PC) |
| ☐ Petitioner with Disability (PD) | ☐ Personal Assistant of Petitioner (PR) | ☐ Grandchild (GC) |
| ☐ Grandparent (GP) | ☐ Step-Child (SC) | ☐ Step-Brother or Step-Sister |
| ☐ Prospective or Adoptive Child has Family or Household Relationship with Respondent | ☐ Foster Child has Family or Household Relationship with Respondent | ☐ Legally Appointed Guardian or Custodian of a Child who has a Family or Household Relationship with |
| ☐ Step-Parent (SP) | | |

3. ☐ Respondent has received notice of Petitioner's request for an *Order of Protection*.
   ☐ Petitioner has diligently attempted to complete service of process, but has not been able to serve Respondent.
   ☐ Petitioner has given notice by publication.
   ☐ Petitioner is present in person in court. ☐ Represented by: _____
   <div align="center">*Name of Lawyer*</div>

4. ☐ Respondent has filed an answer or appearance.
   ☐ Respondent is not present in court, and is in default.
   ☐ Respondent is present in person in court. ☐ Represented by: _____
   <div align="center">*Name of Lawyer*</div>

5. In granting the remedies in this *Order*, the Court has considered all relevant factors, including: the nature, frequency, severity, pattern, and consequences of Respondent's past abuse, neglect, or exploitation of Petitioner or any family/household member, including Respondent's concealment of their location in order to evade service of process notice, and the likelihood of danger of future abuse, neglect, or exploitation to Petitioner or any member of Petitioner's or Respondent's family or household; and the danger that any minor child(ren) will be abused, neglected, removed from the jurisdiction, improperly concealed within the State, or improperly separated from the child(ren)'s primary caretaker. The Court finds that:

   • The Court has jurisdiction over Petitioner, Respondent, minor children and other Protected Persons.
   • Venue is proper.
   • Respondent has abused Petitioner and/or the children identified as protected persons in Section 5 on page 4 and/or the Protected Persons listed on Page 1 of this *Order*.
   • The actions of Respondent will likely cause irreparable harm or continued abuse unless they are prohibited.
   • It is necessary to grant the requested relief in this *Order* to protect Petitioner or other abused persons.

6. Other Relevant Factors and Findings *(check all that apply)*:
   ☐ An *Order of Protection* has previously been entered in this case or in another case in which any party, or a child

any party, has been named as either Respondent or Petitioner.

☐ An abused person is unable to bring this *Petition* on their own behalf due to age, health, disability, or

☐ The *Petition* has been filed on behalf of a high-risk adult with disabilities who has been abused, neglected, or exploited by a family or household member.

☐ There is reason to believe Respondent is *(check all that apply)*: ☐ armed ☐ dangerous ☐ suicidal

7. ☐ The Court is entering this *Order* based on the following prima facie evidence *(check one)*:

    ☐ an information, complaint, indictment or delinquency petition, charging a crime of domestic violence or charging an attempt to commit a crime of domestic violence; OR

    ☐ an adjudication of delinquency, a finding of guilt based upon a plea, or a finding of guilt after a trial for a crime of domestic battery; OR

    ☐ any disposition order issued under Section 5-710 of the Juvenile Court Act of 1987, the imposition of supervision, conditional discharge, probation, periodic imprisonment, parole, aftercare release, or mandatory supervised release for a crime of domestic violence or an attempt to commit a crime of domestic violence, or imprisonment in conjunction with a bond forfeiture warrant; OR

    ☐ the entry of a protective order in a separate civil case brought by the Petitioner against Respondent.

## IMPORTANT INFORMATION ABOUT THIS *ORDER OF PROTECTION*

**TO BOTH PARTIES:** This *Order* CANNOT BE CHANGED OR VACATED unless you have a hearing. To have a Petitioner or Respondent must do the following:

1. File a written motion with the Circuit Clerk that lists the reasons why you want to change or vacate this *Order*;
2. Get a time for the hearing from the Circuit Clerk; AND
3. Provide the other party with a copy of your motion and notify the other party in writing of the time and place of the hearing.

**TO RESPONDENT:** The Court has granted this *Order*. If you do not obey this *Order*, you could be arrested and charged with a crime.

- Petitioner cannot give you legal permission to change this *Order*. Only the Court can change this *Order*. If you have contact with Petitioner that is prohibited by this *Order*, you may be arrested.
- If you and Petitioner want to have contact with each other again, you must ask the Court to modify or dismiss this *Order of Protection*.
- Unless the Court changes or dismisses this *Order*, you can be arrested for violating this *Order of Protection*.

You may ask the Court to re-open this *Order* if you did not receive notice before this *Order* was signed. To do this you must file a motion stating that (1) you did not receive prior notice, and (2) you have a valid defense to the *Order*, or that the *Order*, or any of its remedies, was not authorized under the law.

Any knowing violation of an *Order of Protection* forbidding physical abuse, neglect, exploitation, harassment, interference with personal liberty, willful deprivation, or entering or remaining present at specified places when any Protected Persons are present, or granting exclusive possession of the residence or household or granting a stay away order is a Class A misdemeanor. Grants of exclusive possession of the residence or household shall constitute notice forbidding trespass to land. Any knowing violation of an order awarding parental responsibility (formerly custody) or care of a child or prohibiting removal or concealment of a child may be a Class 4 felony. Any willful violation of any contempt of court. Any violation may result in fine or imprisonment.

**TO PETITIONER:** You cannot change the terms of this *Order* by your words or actions.

- If the Court has ordered no contact or given you sole possession of the residence, only the Court can allow the Respondent to contact you or return to the residence.
- If you want to have contact with the Respondent again, you MUST ask the Court, in a written motion to change vacate this *Order of Protection*.
- You cannot be charged with a violation of this *Order*.

OP-P 405.2 (10/19)

**TO PARENTS OR GUARDIANS OF MINOR RESPONDENTS:** The Court may hold you in contempt of court if a minor respondent in your care violates this *Order* and you have helped, encouraged, or directed the minor to do so.

## NOTICE ABOUT ENFORCEMENT:

This *Order of Protection* is enforceable, even without registration, in all 50 states, the District of Columbia, lands, and the U.S. Territories pursuant to the Violence Against Women Act (18 U.S.C. § 2265), provided notice this *Order of Protection* has been provided to the Respondent. Violating this *Order of Protection* may subject the Respondent to state and/or federal charges and punishment. 18 U.S.C. §§ 2261-2262. This *Order* is directed to the Respondent. Except under accountability circumstances, which should be assessed by the Attorney, Petitioner cannot be guilty of violation of an *Order of Protection*.

## DEFINITION OF TERMS USED IN THIS *ORDER*

These definitions are incorporated in and made a part of the *Order* to which they are attached.

1. **Abuse:** "Abuse" means physical abuse, harassment, intimidation of a dependent, interference with personal liberty, or willful deprivation, but does not include

   reasonable direction of a minor child by a parent or person *in loco parentis*.

2. **Adult with Disabilities:** "Adult with Disabilities" means an elder adult with disabilities or a high-risk adult with disabilities. A person may be an adult with disabilities for purposes of this Act even though he or she has never been adjudicated an incompetent adult. However, no court proceeding may be initiated or continued on behalf of an adult with disabilities over that adult's objection, unless such proceeding is approved by his or her legal guardian, if any.

3. **Elder Adult with Disabilities:** "Elder adult with disabilities" means an adult prevented by advanced age from taking appropriate action to protect himself or herself from abuse by a family or household member.

4. **Exploitation:** "Exploitation" means the illegal, including tortious, use of a high-risk adult with disabilities or of the assets or resources of a high-risk adult with disabilities. Exploitation includes, but is not limited to, the misappropriation of assets or resources of a high-risk adult with disabilities by undue influence, by breach of a fiduciary relationship, by fraud, deception, or extortion, or the use of such assets or resources in a manner contrary to law.

5. **Family or Household Members:** Include spouses, former spouses, parents, children, stepchildren and other persons related by blood or by present or prior marriage, persons who share or formerly shared a common dwelling, persons who have or allegedly have a child in common, persons who share or share a blood relationship through a child, persons who have or have had a dating or engagement relationship, persons with disabilities and their personal assistants, and caregivers as defined in Section 12-4.4a of the Criminal Code of 2012. For purposes of this paragraph, neither a casual acquaintanceship nor ordinary fraternization between two individuals in business or social contexts shall be deemed to constitute a dating relationship. In the case of a high-risk adult with disabilities, "family or household members" includes any person who has the responsibility for a high-risk adult as a result of a family relationship or who has assumed responsibility for all or a portion of the care of a high-risk adult with disabilities voluntarily, or by express or implied contract, or by court order.

6. **Harassment:** "Harassment" means knowing conduct which is not necessary to accomplish a purpose that is reasonable under the circumstances, would cause a reasonable person emotional distress, and does cause emotional distress to Petitioner. Unless the presumption is rebutted by a preponderance of the evidence, the following types of conduct shall be presumed to cause emotional distress:
   a. creating a disturbance at Petitioner's place of employment or school; or
   b. repeatedly telephoning Petitioner's place of employment, home or residence; or
   c. repeatedly following Petitioner about in a public place or places; or
   d. repeatedly keeping Petitioner under surveillance by remaining present outside his or her home, school, place of employment, vehicle or other place occupied by Petitioner or by peering in Petitioner's windows; or
   e. improperly concealing a minor child from Petitioner, repeatedly threatening to improperly remove a minor child of Petitioner's from the jurisdiction or from the physical care of Petitioner, repeatedly threatening to conceal a minor child from Petitioner, or making a single such threat following an actual or attempted improper removal or concealment, unless Respondent was fleeing an incident or pattern of domestic violence; or
   f. threatening physical force, confinement or restraint on one or more occasions.

7. **High-risk Adult with Disabilities:** "High-risk adult with disabilities" means a person aged 18 or over whose physical or mental disability impairs his or her ability to seek or obtain protection from abuse, neglect, or exploitation.

8. **Interference with Personal Liberty:** "Interference with personal liberty" means committing or threatening physical abuse, harassment, intimidation or willful deprivation so as to compel another to engage in conduct from which they have a right to abstain or to refrain from conduct in which they have a right to engage.

9. **Intimidation of a Dependent:** "Intimidation of a dependent" means subjecting a person who is dependent because of age, health or disability to participation in or the witnessing of: physical force against another or physical confinement or restraint of another, which constitutes physical abuse as defined in this Act, regardless of whether the abused person is a family or household member.

10. **Neglect:** "Neglect" means the failure to exercise that degree of care toward a high-risk adult with disabilities which a reasonable person would exercise under the circumstances and includes but is not limited to:
    a. the failure to take reasonable steps to protect a high-risk adult with disabilities from acts of abuse; or
    b. the repeated, careless imposition of unreasonable confinement; or
    c. the failure to provide food, shelter, clothing, and personal hygiene to a high-risk adult with disabilities who requires such assistance; or
    d. the failure to provide medical and rehabilitative care for the physical and mental health needs of a high-risk adult with disabilities; or
    e. the failure to protect a high-risk adult with disabilities from health and safety hazards.

    Nothing in this definition shall be construed to impose a requirement that assistance be provided to a high-risk adult with disabilities over his or her objection

in the absence of a court order, nor to create any new affirmative duty to provide support to a high-risk adult with disabilities.

11. **Petitioner:** "Petitioner" may mean not only any named petitioner for the order of protection and any named victim of abuse on whose behalf the petition is brought, but also any other person protected by this Act.

12. **Physical Abuse:** "Physical abuse" includes sexual abuse and means any of the following:
    a. knowing or reckless use of physical force, confinement or restraint; or
    b. knowing, repeated and unnecessary sleep deprivation; or
    c. knowing or reckless conduct which creates an immediate risk of physical harm.

13. **Stalking:** "Stalking" means knowingly and without lawful justification, on at least two (2) separate occasions, following another person or placing the person under surveillance or any combination thereof and:
    a. at any time transmitting a threat of immediate or future bodily harm, sexual assault, confinement or restraint, and the threat is directed towards that person or a family member of that person; or
    b. placing that person in reasonable apprehension of immediate or future bodily harm, sexual assault, confinement or restraint; or
    c. placing that person in reasonable apprehension that a family member will receive immediate or future bodily harm, sexual assault, confinement, or

14. **Willful Deprivation:** "Willful deprivation" means willfully denying a person who because of age, health or disability requires medication, medical care, shelter, food, therapeutic device, or other physical assistance, and thereby exposing that person to the risk of physical, mental or emotional harm, except with regard to medical care or treatment when the dependent person has expressed an intent to forego such medical care or treatment. This paragraph does not create any new affirmative duty to provide support to dependent persons.

 Gmail

**Rose Meacham <meacham.rose@gmail.com>**

## Re: Order of Protection - File for Federal Case
1 message

**Kelly Fifer** <kfifer@co.champaign.il.us>
To: "meacham.rose@gmail.com" <meacham.rose@gmail.com>

Mon, Jul 27, 2020 at 8:56 AM

The Champaign County Clerk is not the correct place to file an order of protection. We are not part of the court system and cannot advise you on legal matters.

Mr. Kelly Fifer

Sr. Vital Records Spec.

Champaign County

**From:** Rose Meacham <meacham.rose@gmail.com>
**Sent:** Thursday, July 23, 2020 7:09 PM
**To:** Kerin Burns <Kerin_Burns@ilcd.uscourts.gov>; External Mail County Clerk <mail@champaigncountyclerk.com>
**Subject:** Re: Order of Protection - File for Federal Case

Kerin,

Please confirm that mail@champaigncountyclerk.com is the place to submit my Orders of Protection. If this is not the correct email address then can you please tell me how to submit these orders of protection? This is urgent at this point and dragging on unnecessarily.

Can you also please confirm when my court date will be for the Federal Case?

Thanks,

Rose

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## GENERAL ORDER 20-02

### March 26, 2020

### IN RE: PRO SE FILERS WITHOUT CM/ECF ACCOUNTS - AN ORDER RELATED TO THE AMENDED GENERAL ORDER 20-01

The Central District of Illinois has issued Amended Order 20-01 concerning court operations under the exigent circumstances created by COVID-19. Among other things, the Amended General Order closes the District's courthouses located in Springfield and Urbana to the public. The Amended General order also closes the court operations for the Rock Island Division. The Peoria Division remains open with limited staff and operations.

IT IS ORDERED, effective March 26, 2020, and until May 18, 2020, or further Order of the Court, the United States District Court for the Central District of Illinois lifts the restrictions contained in the District's Local Rules prohibiting non-incarcerated pro se filers without CM/ECF accounts from filing documents via email and will temporarily accept filings from non-incarcerated pro se litigants via email when the submission complies with the following:

- The email must be sent to temporary_efiling@ilcd.uscourts.gov; emails sent to any other address will be disregarded by the Clerk's Office;

- The email must include the filer's name, address, and telephone number;

- The email must include the case number in the subject line;

- The document to be filed must be attached to the email in either Microsoft Word or PDF format;

- The document must be signed in electronic format ("s/name") or signed by hand and scanned;

- No additional comments, questions, or other messages are to be included in the email. The filer may contact the Clerk's Office by phone with questions; and

- This procedure does not alter the filer's responsibility to effect service as required by the Federal Rules of Civil Procedure.

Entered for the Court:

Hon. Sara Darrow
Chief United States District Judge

# Freedom of Information Act (FOIA)

The Vital Evidence for
this lawsuit is on
record at UI and UI
is refusing to release
the vital evidence –
I am unable to properly
state the facts etc of
the case without
this evidence, and I
am unable to confirm
the Defendants, serve
Defendants without
these vital documents
and evidence – I am
also unable to share
my reports with Proper

Authorities without
this vital evidence.
I have tried FOIA
and formally
requesting this vital
evidence but the
Defendants refuse to
release it.

The Defendants are
intentionally tampering
with, blocking, impeding,
destroying, manipulating
the evidence and information
I am able to share for
my lawsuits, reports, etc.

 **Gmail**

<span style="float:right">Rose Meacham &lt;meacham.rose@gmail.com&gt;</span>

# FOIA
12 messages

---

**Rose Meacham** &lt;meacham.rose@gmail.com&gt;        Thu, Jan 2, 2020 at 10:07 AM
To: "Brown, Justin" &lt;justbrow@illinois.edu&gt;, "Berman, Tracey L" &lt;tberman@illinois.edu&gt;

Hi Justin-

I need to request access to my file and the reports, emails, communications about my case within UIUC, and with other organizations externally. Can you please share the documents with me to complete the FOIA request?

Thanks so much!
-Rose

- --- -- --- -- --- -- --- -- ---
**Rose Swan Meacham**
VSR, Mechanical Engineering, Stanford University
PhD Candidate, Computational Neuroscience
*University of Illinois Urbana-Champaign*
*New York University, Class '14*

---

**Brown, Justin** &lt;justbrow@illinois.edu&gt;        Thu, Jan 2, 2020 at 10:21 AM
To: Rose Meacham &lt;meacham.rose@gmail.com&gt;, "Berman, Tracey L" &lt;tberman@illinois.edu&gt;

To submit a FOIA request, you need to follow the instructions given at https://www.uillinois.edu/cms/One.aspx?portalId=1324&pageId=171055.

--

Justin M. Brown

Associate Dean of Students

Director, Office for Student Conflict Resolution

University of Illinois at Urbana-Champaign

345 Student Services Building

610 East John Street

Champaign, IL 61820

(217) 333-3680 (phone)

(217) 333-4084 (fax)


Pronouns: He/Him/His

[Quoted text hidden]

---

**Rose Meacham** &lt;meacham.rose@gmail.com&gt;        Thu, Jan 2, 2020 at 10:52 AM
To: "Brown, Justin" &lt;justbrow@illinois.edu&gt;

Cc: "Berman, Tracey L" <tberman@illinois.edu>

Thanks so much Justin!

-Rose
- --- -- --- -- --- -- --- -- ---
**Rose Swan Meacham**
VSR, Mechanical Engineering, Stanford University
PhD Candidate, Computational Neuroscience
*University of Illinois Urbana-Champaign*
*New York University, Class '14*

[Quoted text hidden]

---

**Rose Meacham** <meacham.rose@gmail.com>      Fri, Jan 3, 2020 at 4:36 AM
To: "Brown, Justin" <justbrow@illinois.edu>
Cc: "Berman, Tracey L" <tberman@illinois.edu>

It appears that your disciplinary punishments have been added to my record already, despite the policies and student code stating this would not occur until after I have had proper hearing processes. Can you please correct this and confirm this has been done tomorrow so I can receive a fair process in line with UIUC policies and code?

Thanks,
Rose
- --- -- --- -- --- -- --- -- ---
**Rose Swan Meacham**
VSR, Mechanical Engineering, Stanford University
PhD Candidate, Computational Neuroscience
*University of Illinois Urbana-Champaign*
*New York University, Class '14*

[Quoted text hidden]

---

**Brown, Justin** <justbrow@illinois.edu>      Fri, Jan 3, 2020 at 6:45 AM
To: Rose Meacham <meacham.rose@gmail.com>

I do not know what you are talking about.

Sent from my iPhone

> On Jan 3, 2020, at 4:37 AM, Rose Meacham <meacham.rose@gmail.com> wrote:

[Quoted text hidden]

---

**Rose Meacham** <meacham.rose@gmail.com>      Fri, Jan 3, 2020 at 1:15 PM
To: "Brown, Justin" <justbrow@illinois.edu>

Currently, the disciplinary sanction from your office has been publicly posted to my account and we need to have this corrected by EOD today please, otherwise I will be unable to meet my requirements. This goes against UIUC policy and code and I look forward to having a hearing at the date your office suggests, as is my right and is the correct policy for students. Imposing this before a hearing demonstrates intentional harm and I hope we can correct this error quickly. Thanks!

Sincerely,
Rose

- --- -- --- -- --- -- --- -- ---
**Rose Swan Meacham**
VSR, Mechanical Engineering, Stanford University
PhD Candidate, Computational Neuroscience
*University of Illinois Urbana-Champaign*
*New York University, Class '14*

[Quoted text hidden]

---

**Brown, Justin** <justbrow@illinois.edu>                    Fri, Jan 3, 2020 at 1:17 PM
To: Rose Meacham <meacham.rose@gmail.com>

That is not a disciplinary sanction. That is a hold, which the Dean of Students asked me to place, that prevents you from registering
due to your Involuntary Withdrawal. I will not be removing it.

[Quoted text hidden]

---

**Rose Meacham** <meacham.rose@gmail.com>                    Fri, Jan 3, 2020 at 1:21 PM
To: "Brown, Justin" <justbrow@illinois.edu>

Why does it say "Disciplinary Level 2" and can someone please explain this process to me? I have asked for
accommodations and clarification so I understand what is going on and the exact effects these harmful actions will have
on my record but I have yet to receive this information in detail. Why does this title the hold "Conflict Resolution" when that
is your office?

Best,
Rose
- --- -- --- -- --- -- --- -- ---
**Rose Swan Meacham**
VSR, Mechanical Engineering, Stanford University
PhD Candidate, Computational Neuroscience
*University of Illinois Urbana-Champaign*
*New York University, Class '14*

[Quoted text hidden]

---

**Brown, Justin** <justbrow@illinois.edu>                    Fri, Jan 3, 2020 at 4:57 PM
To: Rose Meacham <meacham.rose@gmail.com>

All of my holds say "disciplinary"; I have no control over that. To address yor issue, I had the Office of the Dean of Students add their
hold and removed mine.

[Quoted text hidden]

---

**Rose Meacham** <meacham.rose@gmail.com>                    Fri, Jan 3, 2020 at 6:48 PM
To: "Brown, Justin" <justbrow@illinois.edu>

Hi Justin,

I am not certain what you mean by removed your hold and added one from the Dean of Students. Do you mean that there
was a different hold placed on my account from OSCR? And now the current hold that I shared in the PNG is the Dean of
Students disciplinary hold?

We need to know the dates that holds, special notices, or marks of any kind were visible on my account. For example:
OSCR Disciplinary Hold - Level 2 issued December 1, 2019 - January 31, 2020. Also, does this mean that my account will
have multiple disciplinary holds and charges applied to it, and what will these say exactly? Can you also explain why
emails have been sent to members of my academic community to share confidential information regarding my case with
your office and the Deans of Students? I was informed that the Deans sent these emails instructing professors and
members of my advisory team were instructed not to respond to my emails. Members of my academic community have
been unable to perform their duties over the last few months, and I have been severely disadvantaged from these

directions from your offices. I wanted to give you the opportunity to explain why this would occur and clear-up any misinformation that we have been given. Obviously, this is really serious and would explain many of the issues I have faced over the last few months.

Thank you so much.

- --- -- --- -- -- -- --- -- ---
**Rose Swan Meacham**
VSR, Mechanical Engineering, Stanford University
PhD Candidate, Computational Neuroscience
*University of Illinois Urbana-Champaign*
*New York University, Class '14*

[Quoted text hidden]

---

**Brown, Justin** <justbrow@illinois.edu>                                         Fri, Jan 3, 2020 at 7:06 PM
To: Rose Meacham <meacham.rose@gmail.com>

Rose,

The hold you included in your email to me is no longer on your account. It has been replaced by a hold directly from the Office of the Dean of Students that does not include any "disciplinary" language. I am aware of only this one hold on your account, but others could be added later by other units based on their policies.

No information regarding my decision in your disciplinary case has been shared with any academic units at this point. If your appeal is unsuccessful, then the Graduate College will be informed of the outcome per our practice. We do not directly inform individual departments or faculty of disciplinary decisions.

Information regarding your Involuntary Withdrawal, which is not issued by the Office for Student Conflict Resolution and is not disciplinary action, has been communicated as appropriate to other university units and officials, including the Graduate College, the Office of the Provost, and the Office of the Chancellor, as that action is no longer under appeal.

Once your appeal hearing has been scheduled, we can talk further. Until then, I would direct you to communicate with the Dean of Students, who returns to the office next week.

--
Justin M. Brown
Associate Dean of Students
Director, Office for Student Conflict Resolution
University of Illinois at Urbana-Champaign
345 Student Services Building
610 East John Street
Champaign, IL 61820
(217) 333-3680 (phone)
(217) 333-4084 (fax)

---

From: Rose Meacham <meacham.rose@gmail.com>
Sent: Friday, January 3, 2020 6:48 PM
To: Brown, Justin
Subject: Re: FOIA

Hi Justin,

I am not certain what you mean by removed your hold and added one from the Dean of Students. Do you mean that there was a different hold placed on my account from OSCR? And now the current hold that I shared in the PNG is the Dean of Students disciplinary hold?

We need to know the dates that holds, special notices, or marks of any kind were visible on my account. For example: OSCR Disciplinary Hold - Level 2 issued December 1, 2019 - January 31, 2020. Also, does this mean that my account will have multiple disciplinary holds and charges applied to it, and what will these say exactly? Can you also explain why emails have been sent to members of my academic community to share confidential information regarding my case with your office and the Deans of Students? I was informed that the Deans sent these emails instructing professors and

members of my advisory team were instructed not to respond to my emails. Members of my academic community have been unable to perform their duties over the last few months, and I have been severely disadvantaged from these directions from your offices. I wanted to give you the opportunity to explain why this would occur and clear-up any misinformation that we have been given. Obviously, this is really serious and would explain many of the issues I have faced over the last few months.

Thank you so much.

- --- --- --- --- --- --- --- ---
Rose Swan Meacham
VSR, Mechanical Engineering, Stanford University
PhD Candidate, Computational Neuroscience
University of Illinois Urbana-Champaign
New York University, Class '14

On Fri, Jan 3, 2020 at 2:57 PM Brown, Justin <justbrow@illinois.edu<mailto:justbrow@illinois.edu>> wrote:
All of my holds say "disciplinary"; I have no control over that. To address yor issue, I had the Office of the Dean of Students add their hold and removed mine.

--
Justin M. Brown
Associate Dean of Students
Director, Office for Student Conflict Resolution
University of Illinois at Urbana-Champaign
345 Student Services Building
610 East John Street
Champaign, IL 61820
(217) 333-3680 (phone)
(217) 333-4084 (fax)

Pronouns: He/Him/His

From: Rose Meacham <meacham.rose@gmail.com<mailto:meacham.rose@gmail.com>>
Sent: Friday, January 03, 2020 1:21 PM
To: Brown, Justin <justbrow@illinois.edu<mailto:justbrow@illinois.edu>>
Subject: Re: FOIA

Why does it say "Disciplinary Level 2" and can someone please explain this process to me? I have asked for accommodations and clarification so I understand what is going on and the exact effects these harmful actions will have on my record but I have yet to receive this information in detail. Why does this title the hold "Conflict Resolution" when that is your office?

Best,
Rose
- --- --- --- --- --- --- --- ---
Rose Swan Meacham
VSR, Mechanical Engineering, Stanford University
PhD Candidate, Computational Neuroscience
University of Illinois Urbana-Champaign
New York University, Class '14

On Fri, Jan 3, 2020 at 11:17 AM Brown, Justin <justbrow@illinois.edu<mailto:justbrow@illinois.edu>> wrote:
That is not a disciplinary sanction. That is a hold, which the Dean of Students asked me to place, that prevents you from registering due to your Involuntary Withdrawal. I will not be removing it.

--
Justin M. Brown
Associate Dean of Students
Director, Office for Student Conflict Resolution
University of Illinois at Urbana-Champaign
345 Student Services Building
610 East John Street
Champaign, IL 61820

(217) 333-3680 (phone)
(217) 333-4084 (fax)

Pronouns: He/Him/His

From: Rose Meacham <meacham.rose@gmail.com<mailto:meacham.rose@gmail.com>>
Sent: Friday, January 03, 2020 1:15 PM
To: Brown, Justin <justbrow@illinois.edu<mailto:justbrow@illinois.edu>>
Subject: Re: FOIA

Currently, the disciplinary sanction from your office has been publicly posted to my account and we need to have this corrected by EOD today please, otherwise I will be unable to meet my requirements. This goes against UIUC policy and code and I look forward to having a hearing at the date your office suggests, as is my right and is the correct policy for students. Imposing this before a hearing demonstrates intentional harm and I hope we can correct this error quickly. Thanks!

Sincerely,
Rose
[Meacham, Rose_hold.PNG]
- --- -- --- -- --- -- --- -- ---
Rose Swan Meacham
VSR, Mechanical Engineering, Stanford University
PhD Candidate, Computational Neuroscience
University of Illinois Urbana-Champaign
New York University, Class '14


On Fri, Jan 3, 2020 at 4:45 AM Brown, Justin <justbrow@illinois.edu<mailto:justbrow@illinois.edu>> wrote:
I do not know what you are talking about.
Sent from my iPhone

On Jan 3, 2020, at 4:37 AM, Rose Meacham <meacham.rose@gmail.com<mailto:meacham.rose@gmail.com>> wrote:

It appears that your disciplinary punishments have been added to my record already, despite the policies and student code stating this would not occur until after I have had proper hearing processes. Can you please correct this and confirm this has been done tomorrow so I can receive a fair process in line with UIUC policies and code?

Thanks,
Rose
- --- -- --- -- --- -- --- -- ---
Rose Swan Meacham
VSR, Mechanical Engineering, Stanford University
PhD Candidate, Computational Neuroscience
University of Illinois Urbana-Champaign
New York University, Class '14


On Thu, Jan 2, 2020 at 8:52 AM Rose Meacham <meacham.rose@gmail.com<mailto:meacham.rose@gmail.com>> wrote:
Thanks so much Justin!

-Rose
- --- -- --- -- --- -- --- -- ---
Rose Swan Meacham
VSR, Mechanical Engineering, Stanford University
PhD Candidate, Computational Neuroscience
University of Illinois Urbana-Champaign
New York University, Class '14


On Thu, Jan 2, 2020 at 8:22 AM Brown, Justin <justbrow@illinois.edu<mailto:justbrow@illinois.edu>> wrote:
To submit a FOIA request, you need to follow the instructions given at https://www.uillinois.edu/cms/One.aspx?portalId=1324&pageId=171055.

--

Justin M. Brown
Associate Dean of Students
Director, Office for Student Conflict Resolution
University of Illinois at Urbana-Champaign
345 Student Services Building
610 East John Street
Champaign, IL 61820
(217) 333-3680 (phone)
(217) 333-4084 (fax)

Pronouns: He/Him/His

[Quoted text hidden]

 **image001.png**
20K

---

**Rose Meacham** <meacham.rose@gmail.com>                Sat, Jan 4, 2020 at 12:09 AM
To: "Brown, Justin" <justbrow@illinois.edu>

Thanks - Could you share a new screen shot please and detail the dates that these holds have been in effect on my account? Also can you please tell me who in the Deans Office sent the email instructing professors not to communicate with me over email? This is really serious.

Sincerely,
Rose
- --- -- --- -- --- -- --- -- ---
**Rose Swan Meacham**
VSR, Mechanical Engineering, Stanford University
PhD Candidate, Computational Neuroscience
*University of Illinois Urbana-Champaign*
*New York University, Class '14*

[Quoted text hidden]

 Gmail

**Rose Meacham <meacham.rose@gmail.com>**

## FOIA BIT
1 message

**Rose Meacham** <meacham.rose@gmail.com>                          Thu, Jan 2, 2020 at 11:43 AM
To: foia@uillinois.edu

We are formally requesting the release of all documents from 1974 - 2020 pertaining to the BIT, and/or Behavioral Intervention Team, in the UI system to be released to me, Rose Meacham.

Apologies for the redundancy but we need to ensure that the correct information is shared and that a complete release of all data is processed in a timely manner. We expect to receive these materials within the next two weeks.

Thank you.
Rose

 Gmail

**Rose Meacham <meacham.rose@gmail.com>**

---

## FOIA Graduate College

1 message

---

**Rose Meacham <meacham.rose@gmail.com>**           Thu, Jan 2, 2020 at 11:18 AM
To: foia@uillinois.edu

I need to request that the records on-file in the OSCR Office be released to me, Rose Meacham.

Additionally, there was a record of Dean Alexis Thompson reporting to authorities that she has printed copies of over 400 (roughly) emails and documents relating to me, Rose Meacham (aka rmeacha2, aka 653331134). We need to request a copy of every single document from her records.

I need to request that the records on-file in the OSCR Office be released to me, rmeacha2.

I need to request that the records on-file in the OSCR Office be released to me, 653331134.

In addition to these records on-file, I need to request every email, report, note, and logged meeting (including phone calls or appointments) that reference and are in relation to matters dealing with Rose Meacham.

In addition to these records on-file, I need to request every email, report, note, and logged meeting (including phone calls or appointments) that reference and are in relation to matters dealing with rmeacha2.

In addition to these records on-file, I need to request every email, report, note, and logged meeting (including phone calls or appointments) that reference and are in relation to matters dealing with 653331134.

We will also need the audio recordings or voice to text records from voicemails, phone calls, etc that reference matters related to Rose Meacham, OR rmeacha2, OR 653331134.

Apologies for the redundancy, but I need to be certain each request is honored. If you need me to make individual requests for each appointment log, telephone call, etc. please let me know. Otherwise, my attorney and I will mark this request as officially received by your office and expect to receive these documents, transcripts, and media files within the next two weeks.

Thank you so much.
Rose Meacham

 **Gmail**

**Rose Meacham <meacham.rose@gmail.com>**

## FOIA Neuroscience Program
1 message

**Rose Meacham** <meacham.rose@gmail.com>          Thu, Jan 2, 2020 at 11:50 AM
To: foia@uillinois.edu

I need to request that all records on-file directly or indirectly referencing Rose Meacham, rmeacha2, 653331134, from the Neuroscience Program be released to me, Rose Meacham. All records on-file pertaining to events related to the Neuroscience Program and Rose Meacham, 653331134, rmeacha2, need to be released including meeting logs, phone calls, travel arrangements (such as plane tickets), and student records.

We would also like to request that all promotional material for Neuroscience Program, Neuroscience Program events, Neuroscience Program fundraising, Neuroscience Program lectures, and Neuroscience Program town hall meetings, be released. We would like records from scheduled meetings pertaining to the Neuroscience Program and the Neuroscience Board to be released.

Thank you.
Rose Meacham

 Gmail                                    **Rose Meacham <meacham.rose@gmail.com>**

# FOIA OSCR
3 messages

---

**Rose Meacham** <meacham.rose@gmail.com>                    Thu, Jan 2, 2020 at 11:16 AM
To: foia@uillinois.edu

I need to request that the records on-file in the OSCR Office be released to me, Rose Meacham.

I need to request that the records on-file in the OSCR Office be released to me, rmeacha2.

I need to request that the records on-file in the OSCR Office be released to me, 653331134.

In addition to these records on-file, I need to request every email, report, note, and logged meeting (including phone calls or appointments) that reference and are in relation to matters dealing with Rose Meacham.

In addition to these records on-file, I need to request every email, report, note, and logged meeting (including phone calls or appointments) that reference and are in relation to matters dealing with rmeacha2.

In addition to these records on-file, I need to request every email, report, note, and logged meeting (including phone calls or appointments) that reference and are in relation to matters dealing with 653331134.

We will also need the audio recordings or voice to text records from voicemails, phone calls, etc that reference matters related to Rose Meacham, OR rmeacha2, OR 653331134.

Apologies for the redundancy, but I need to be certain each request is honored. If you need me to make individual requests for each appointment log, telephone call, etc. please let me know. Otherwise, my attorney and I will mark this request as officially received by your office and expect to receive these documents, transcripts, and media files within the next two weeks.

Thank you so much.
-Rose

---

**Rogina, Matthew** <mrogina@uillinois.edu>                    Thu, Jan 2, 2020 at 1:56 PM
To: Rose Meacham <meacham.rose@gmail.com>, University of Illinois FOIA <FOIA-OUR@mx.uillinois.edu>

Ms. Meacham,

Can you please clarify the campus – Springfield, Chicago or Urbana – that you are seeking documents from?

[Quoted text hidden]

---

**Rose Meacham** <meacham.rose@gmail.com>                    Thu, Jan 2, 2020 at 1:58 PM
To: "Rogina, Matthew" <mrogina@uillinois.edu>
Cc: University of Illinois FOIA <FOIA-OUR@mx.uillinois.edu>

Thank you so much. I am a student at Urbana-Champaign but would like to make sure it is a UI system-wide request.

Sincerely,
Rose
- --- -- --- -- --- -- --- -- ---
**Rose Swan Meacham**
VSR, Mechanical Engineering, Stanford University

PhD Candidate, Computational Neuroscience
*University of Illinois Urbana-Champaign*
*New York University, Class '14*

[Quoted text hidden]

 **Gmail**

**Rose Meacham <meacham.rose@gmail.com>**

## FOIA REQUEST
1 message

**Rose Meacham <meacham.rose@gmail.com>**                    Thu, Jan 2, 2020 at 10:13 AM
To: Graduate Student Success <gradsuccess@illinois.edu>, grad@illinois.edu

I need to make a FOIA request for every correspondence, email, report, and case file related to 'Rose Meacham' or 'rmeacha2' or '653331134'. Can you please help process this request?

For example, I was harassed by one of the administrators in the Graduate College and a report was issued that cites over ~400 emails printed and on file related to my case. I need a copy of every single email please.

Best,
Rose
- --- -- --- -- --- -- --- -- ---
**Rose Swan Meacham**
VSR, Mechanical Engineering, Stanford University
PhD Candidate, Computational Neuroscience
*University of Illinois Urbana-Champaign*
*New York University, Class '14*

 **Gmail**            Rose Meacham <meacham.rose@gmail.com>

## FOIA Request: Courses
1 message

**Rose Meacham** <meacham.rose@gmail.com>            Thu, Jan 2, 2020 at 11:41 AM
To: foia@uillinois.edu

We need to request that you release to me, Rose Meacham, all data files of any kind referencing directly or indirectly matters pertaining to Rose Meacham, rmeacha2, 653331134, ECE 598 SG, MCB 580, and IB 105.

We also need to request that you release to me, Rose Meacham, all data files of any kind referencing directly or indirectly matters pertaining to Rose Meacham, and/or rmeacha2, and/or 653331134, and/or CS 446.

We also need to request that you release to me, Rose Meacham, all data files of any kind referencing directly or indirectly matters pertaining to Rose Meacham, and/or rmeacha2, and/or 653331134, and/or NEUR 500.

We also need to request that you release to me, Rose Meacham, all data files of any kind referencing directly or indirectly matters pertaining to Rose Meacham, and/or rmeacha2, and/or 653331134, and/or NEUR 520.

We also need to request that you release to me, Rose Meacham, all data files of any kind referencing directly or indirectly matters pertaining to Rose Meacham, and/or rmeacha2, and/or 653331134, and/or NEUR 590.

We also need to request that you release to me, Rose Meacham, all data files of any kind referencing directly or indirectly matters pertaining to Rose Meacham, and/or rmeacha2, and/or 653331134, and/or NEUR 598.

We also need to request that you release to me, Rose Meacham, all data files of any kind referencing directly or indirectly matters pertaining to Rose Meacham, and/or rmeacha2, and/or 653331134, and/or CS 498.

We also need to request that you release to me, Rose Meacham, all data files of any kind referencing directly or indirectly matters pertaining to Rose Meacham, and/or rmeacha2, and/or 653331134, and/or CS 597.

We also need to request that you release to me, Rose Meacham, all data files of any kind referencing directly or indirectly matters pertaining to Rose Meacham, and/or rmeacha2, and/or 653331134, and/or ECE 597.

We also need to request that you release to me, Rose Meacham, all data files of any kind referencing directly or indirectly matters pertaining to Rose Meacham, and/or rmeacha2, and/or 653331134, and/or SE 597.

We also need to request that you release to me, Rose Meacham, all data files of any kind referencing directly or indirectly matters pertaining to Rose Meacham, and/or rmeacha2, and/or 653331134, and/or PSYC 496.

Apologies for the redundancy but we need to ensure that the correct information is shared and that a complete release of all data is processed in a timely manner. We expect to receive these materials within the next two weeks.

Thank you.
Rose Meacham

 **Gmail**                                            **Rose Meacham <meacham.rose@gmail.com>**

## FOIA Request: Data collection for Rose Meacham
1 message

**Rose Meacham** <meacham.rose@gmail.com>                    Thu, Jan 2, 2020 at 11:44 AM
To: foia@uillinois.edu

We need ALL data collected on Rose Meacham, rmeacha2, 653331134, and IB 105 to be released to me, Rose
Meacham.

We also need all data collected for Rose Meacham, rmeacha2, 653331134, and IB 105 from website caches, online,
online cookies, on the UI websites, on course websites, on Moodle, on Blackboard, and on Zoom, to be released to me,
Rose Meacham.

Apologies for the redundancy but we need to ensure that the correct information is shared and that a complete release of
all data is processed in a timely manner. We expect to receive these materials within the next two weeks.

Thank you.
Rose Meacham

 Gmail

Rose Meacham <meacham.rose@gmail.com>

# FOIA Request - External Correspondence

1 message

**Rose Meacham** <meacham.rose@gmail.com>
To: foia@uillinois.edu

Thu, Jan 2, 2020 at 11:23 AM

I need to request that ALL communications within the UI system regarding Rose Meacham be released to me, Rose Meacham. This must include all correspondence with external organizations, companies, or private parties. This also must include all documents and emails referencing Rose Meacham in the body, content, or subject line.

I need to request that ALL communications within the UI system regarding rmeacha2 be released to me, Rose Meacham. This must include all correspondence with external organizations, companies, or private parties. This also must include all documents and emails referencing rmeacha2 in the body, content, or subject line.

I need to request that ALL communications within the UI system regarding 653331134 be released to me, Rose Meacham. This must include all correspondence with external organizations, companies, or private parties. This also must include all documents and emails referencing 653331134 in the body, content, or subject line.

In addition to these records on-file, I need to request every email, report, note, and logged meeting (including phone calls or appointments) that reference and are in relation to matters dealing with 653331134 that took place with other organizations, companies, or individual parties, be released to me, Rose Meacham.

In addition to these records on-file, I need to request every email, report, note, and logged meeting (including phone calls or appointments) that reference and are in relation to matters dealing with Rose Meacham that took place with other organizations, companies, or individual parties, be released to me, Rose Meacham.

In addition to these records on-file, I need to request every email, report, note, and logged meeting (including phone calls or appointments) that reference and are in relation to matters dealing with rmeacha2 that took place with other organizations, companies, or individual parties, be released to me, Rose Meacham.

Apologies for the redundancy, but I need to be certain each request is honored. If you need me to make individual requests for each appointment log, telephone call, etc. please let me know. Otherwise, my attorney and I will mark this request as officially received by your office and expect to receive these documents, transcripts, and media files within the next two weeks.

Thank you so much.
Rose Meacham

 Gmail                              **Rose Meacham <meacham.rose@gmail.com>**

## FOIA Request for All Media, Data, Audio, and Video
1 message

**Rose Meacham** <meacham.rose@gmail.com>                    Thu, Jan 2, 2020 at 11:26 AM
To: foia@uillinois.edu

We need to request that the security camera footage, surveillance footage, and monitoring media recorded or captured in the Graduate College and on-campus on September 6, 2019 be released to me, Rose Meacham. Specifically, we need to locate video footage of me, Rose Meacham, on campus premises and in the Graduate College on this date. Please let me know if you need additional information.

Thank you.
-Rose

 **Gmail**                                    Rose Meacham <meacham.rose@gmail.com>

## FOIA Request 23-1105
11 messages

**University of Illinois FOIA** <FOIA-OUR@mx.uillinois.edu>          Thu, Sep 14, 2023 at 4:26 PM
To: "meacham.rose@gmail.com" <meacham.rose@gmail.com>
Cc: University of Illinois FOIA <FOIA-OUR@mx.uillinois.edu>

September 14, 2023


*Via electronic mail*

Rose Meacham

meacham.rose@gmail.com


Re: FOIA Request 23-1105


Dear Rose Meacham:


I am responding to your request dated September 10, 2023, and received in my office September 11, 2023, under the Illinois Freedom of Information Act (FOIA) in which you requested:


"I am in the middle of a lawsuit and I need this information please about the falsified report Alexis Thompson filed against me.


Can you please send a copy of the report to this email address so I can include it in my reports to Proper Authorities, and in this case?


And is it possible to file a police report regarding the harassment, physical harms etc I have suffered from Alexis Thompson?"


Your request is denied pursuant to the following section(s) of the Act:

- 140/3(g) that states "Repeated requests from the same person for the same records that are unchanged or identical to records previously provided or properly denied under this Act shall be deemed unduly burdensome under this provision." This request was previously submitted in a request submitted by you in March 2021 (internally numbered FOIA Request 21-229), in which you received the requested records. To the extent that the previous request is repeated here, that portion of this request is unduly burdensome under Section 3(g) of FOIA (5 ILCS 140/3(g)).

Please note, FOIA requires a public body to provide existing records, according to Section 5 ILCS 140/3(a) (Each public body shall make available all public records, except as otherwise provided in Section 7 of this act). FOIA does not require the public body to create new records, conduct research, analyze records, interpret, answer questions, or advise requesters as to the meaning or significance of public records. The Court, in *Kenyon v. Garrels*, 184 ILL. App. 3rd 28(4th Dist. 1989) noted that FOIA does not compel the agency to provide answers to questions posed by the inquirer. Due to the volume of requests the University receives annually, as well as the duties it has under the Act, the University will not respond to inquiries that do not identify specific records to be produced. To the extent that your submission here asks one or more question(s), that portion is not a request under the terms of FOIA.

You have a right under the law to seek a review of this response by the Public Access Counselor (PAC) in the Office of the Attorney General. The PAC may be reached by phone at 877.299.3642, by email at public.access@ilag.gov or by postal mail to Leah Bartelt, Public Access Counselor, Office of the Illinois Attorney General, 500 South 2nd Street, Springfield, Illinois 62701. You also have the right to seek judicial review under section 11 of this Act.

If you have questions for our office, please contact 217-333-6400.

Sincerely,

Kirsten Ruby

Director, External Relations and
Communications

and Chief Records Officer

---

**Rose Meacham** <meacham.rose@gmail.com>                    Thu, Sep 14, 2023 at 6:11 PM
To: University of Illinois FOIA <FOIA-OUR@mx.uillinois.edu>, public.access@ilag.gov

Hi! I was told to email you regarding my FOIA request which I need approved within 7 days, if possible, for my lawsuit that is underway. This is vital, crucial evidence and I am unable to state facts for the case, finish my reports and more without this vital information

Furthermore I believe the report is about me, filed by Alexis Thompson and so I am legally entitled to see this information on record about me, the fact that it is falsified is extremely serious and I hope to rectify this asap so that I am able to move forward in my career and the ongoing damages from Ui end finally.

Please let me know what the next steps are for obtaining these reports and documents for my lawsuit.

Thanks,
Rose
[Quoted text hidden]

---

**Rose Meacham** <meacham.rose@gmail.com>                          Thu, Sep 14, 2023 at 6:13 PM
To: Attorney_General <attorney_general@atg.state.il.us>, Emma.Steimel@ilag.gov, FBI_Accessibility@fbi.gov, LAW
CALwcc <LAW.CALwcc@cookcountyil.gov>, "Perlow, Lloyd J." <lloyd.perlow@ilag.gov>, University of Illinois FOIA
<FOIA-OUR@mx.uillinois.edu>, attorney_general@ilag.gov, public.access@ilag.gov

Hi! I was told to email you regarding my FOIA request which I need approved within 7 days, if
possible, for my lawsuit that is underway. This is vital, crucial evidence and I am unable to state facts
for the case, finish my reports and more without this vital information.

Lloyd and Emma are already aware of this issue for my case and work with Kwame, so hopefully we
can obtain these vital records quickly in time to submit for the judge.

Furthermore I believe the report is about me, filed by Alexis Thompson and so I am legally entitled to
see this information on record about me, the fact that it is falsified is extremely serious and I hope to
rectify this asap so that I am able to move forward in my career and the ongoing damages from Ui end
finally.

Please let me know what the next steps are for obtaining these reports and documents for my lawsuit.

Thanks,
Rose

On Thu, Sep 14, 2023 at 4:26 PM University of Illinois FOIA <FOIA-OUR@mx.uillinois.edu> wrote:
[Quoted text hidden]

---

**Rose Meacham** <meacham.rose@gmail.com>                          Tue, Sep 19, 2023 at 6:56 AM
To: Attorney_General <attorney_general@atg.state.il.us>, Emma.Steimel@ilag.gov, FBI_Accessibility@fbi.gov, LAW
CALwcc <LAW.CALwcc@cookcountyil.gov>, "Perlow, Lloyd J." <lloyd.perlow@ilag.gov>, University of Illinois FOIA
<FOIA-OUR@mx.uillinois.edu>, attorney_general@ilag.gov, public.access@ilag.gov

What are the next steps to obtain these reports and information - I need to submit them to the judge this week for my
response with facts and evidence... and I need them for my other reports.

Can you please send the information and reports to me in your response to this email - I've ccd the Attorney General
and his office on this email who are also involved in the case so they can assist you in sharing this information for our
case in a timely manner. Further delays will ruin these cases and reports irreversibly.

-Rose
[Quoted text hidden]

---

**LAW CALwcc** <LAW.CALwcc@cookcountyil.gov>                        Tue, Sep 19, 2023 at 9:10 AM
To: Rose Meacham <meacham.rose@gmail.com>, Attorney_General <attorney_general@atg.state.il.us>,
"Emma.Steimel@ilag.gov" <Emma.Steimel@ilag.gov>, "FBI_Accessibility@fbi.gov" <FBI_Accessibility@fbi.gov>, "Perlow,
Lloyd J." <lloyd.perlow@ilag.gov>, University of Illinois FOIA <FOIA-OUR@mx.uillinois.edu>, "attorney_general@ilag.gov"
<attorney_general@ilag.gov>, "public.access@ilag.gov" <public.access@ilag.gov>

Ms. Meacham,

Please contact the Appellate Court.

Best,

Christine Marinakis
Case Coordinator

Calendar W Staff
Hon. Thomas More Donnelly
1912 Richard J. Daley Center
Chicago, IL 60602
(312) 603-5940

---

**From:** Rose Meacham <meacham.rose@gmail.com>
**Sent:** Tuesday, September 19, 2023 6:56 AM
**To:** Attorney_General <attorney_general@atg.state.il.us>; Emma.Steimel@ilag.gov
<Emma.Steimel@ilag.gov>; FBI_Accessibility@fbi.gov <FBI_Accessibility@fbi.gov>; LAW CALwcc
<LAW.CALwcc@cookcountyil.gov>; Perlow, Lloyd J. <lloyd.perlow@ilag.gov>; University of Illinois FOIA
<FOIA-OUR@mx.uillinois.edu>; attorney_general@ilag.gov <attorney_general@ilag.gov>;
public.access@ilag <public.access@ilag.gov>
**Subject:** Re: FOIA Request 23-1105

---

### External Message Disclaimer

This message originated from an external source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

---

[Quoted text hidden]

---

**Rose Meacham** <meacham.rose@gmail.com>                    Tue, Sep 19, 2023 at 9:34 AM
To: LAW CALwcc <LAW.CALwcc@cookcountyil.gov>
Cc: Attorney_General <attorney_general@atg.state.il.us>, "Emma.Steimel@ilag.gov" <Emma.Steimel@ilag.gov>,
"FBI_Accessibility@fbi.gov" <FBI_Accessibility@fbi.gov>, "Perlow, Lloyd J." <lloyd.perlow@ilag.gov>, University of Illinois
FOIA <FOIA-OUR@mx.uillinois.edu>, "attorney_general@ilag.gov" <attorney_general@ilag.gov>,
"public.access@ilag.gov" <public.access@ilag.gov>

Hi Christine - I already contacted them and visited to file my documents etc. Are you able to check please and confirm
that the Courtesy copies have been shared with their office and I am to pick-up the courtesy copies there? I'm also
disabled and walking all over town without knowing ahead of time that the places I am going will be worth the trip is
physically painful and harmful to me.

Can you please confirm that you have the courtesy copies and if you want me to arrange with the appellate court to
retrieve them from you, I can get to do so but they do not offer that service so I will ask them on your behalf to make a
special exception for you.

-Rose
[Quoted text hidden]

---

**Public Access** <Public.Access@ilag.gov>                    Tue, Sep 19, 2023 at 10:02 AM
To: Rose Meacham <meacham.rose@gmail.com>

If you would like to file a request for review with our office, we will need the following:

1. Something in writing requesting review by our office and stating why you would like the review. This must be signed by you. (If you send by email, you can type your name).

2. Copy of the FOIA request you submitted to the public body.

3. The public body's response. If they did not respond, please state that in your request for review.

Please keep in mind you have 60 days from the date of denial within which to file your request for review.

If you have any other questions, please feel free to email this email box or call our hotline at 877-299-3642 and we will be happy to assist you.

Thank you,

Chelsey Fenton

Administrative Clerk

Public Access Bureau

Office of the Attorney General

500 South Second

Springfield, Illinois 62701

**From:** Rose Meacham <meacham.rose@gmail.com>
**Sent:** Tuesday, September 19, 2023 6:56 AM

[Quoted text hidden]

[Quoted text hidden]

---

**Rose Meacham** <meacham.rose@gmail.com>                          Tue, Sep 19, 2023 at 10:28 AM
To: Public Access <Public.Access@ilag.gov>, Attorney_General <attorney_general@atg.state.il.us>, attorney_general@ilag.gov, attorneygeneral@doj.nh.gov, "Perlow, Lloyd J." <lloyd.perlow@ilag.gov>, LAW CALwcc <LAW.CALwcc@cookcountyil.gov>, AskDOJ@usdoj.gov, Tannyr.M.Watkins@ojp.usdoj.gov, ojp.ocom@usdoj.gov, oagcommunity@dc.gov, Ask.OCFO@usdoj.gov, "cpdispatch@usdoj.gov" <cpdispatch@usdoj.gov>, askCopsRC@usdoj.gov, usdoj@service.govdelivery.com, ojpmedia@usdoj.gov

Hi Kristen-

Attached are the documents you requested with the original requests and most recent request from September 2023.

I am trying to obtain documents for my reports to the FBI, British Detectives, Court Cases, and more from the University of Illinois but they are refusing to release the documents -- in fact UI illegally removed me from my Positions at UI (PhD Student / Employee) without any cause after I was instructed by people to go through some of their archives and I began this process and was illegally removed without any reason to remove me. I had just posted some of the documents I discovered and then I was removed illegally and when I requested FOIA access, I was denied repeatedly everytime. This is obviously illegal and I am filing lawsuits now to regain my position so I can finish my PhD and I need the information from these FOIA requests in order to report everything that happened, to give accurate dates and times, and locations and names of Defendants - to give the facts of the case, a normal narrative or arguments, complaints, respond to the Judge's questions, share evidence to prove my case and more.

In some of my requests the FOIA did not respond, and in some they denied me, I've appealed and they ignore me. I am requesting ANY and ALL emails and correspondences, including meetings, schedules, notes taken publicly and privately, gchats both personal and professional, about me, pertaining to me in any way, and/or pertaining to events and incidents related to me and about my work etc. For the purposes of proving my case, I have requested ANY and ALL media related to me, my possessions, and/or about me in any way to be shared with me -- for example, there is security footage of Alexis Thompson harassing me repeatedly inside a Public Building on-campus while I was trying to register for classes, scholarships, Disability Accommodations, and more. And these cameras would have captured footage of me being harassed repeatedly by Alexis Thompson multiple times inside the Graduate College, Registrar's Office and then also from outside the building on the stoop. There are chat groups and emails shared about me from this incident as well, where people were communicating with one another about me while in different parts of the building -- these are all needed to coordinate the exact timing of these incidents and prove my case. There are also communications (chats, emails, phone calls etc) between people about these incidents as they occurred from, for example, Alexis Thomspon's student secretary and secretaries throughout the building were sending false information about me based on prejudice... or it would prove that Alexis Thompson is herself extremely prejudiced and interpreted their reports in a disgusting, prejudiced, discriminatory manner. ALL f this evidence is needed because it is vital to proving the attacks from Alexis Thompson against me. There are also records in OSCR and Deans OFfices like Stephen Bryan, Martha Gillette's emails, Aron Barbey's emails, Samuel Beshers' emails, all of their calendars, meetings, phone calls and more, that show prejudiced, illegal, abuses of power and corruption on-record and pertaining to me specifically. Many of these documents have already been assembled and I am requesting that they be handed over to the courts for assessing during my trial as evidence in my case. I cannot prove my case without these vital pieces of evidence etc.

If the records have been maintained, there is also footage of an incident where I was harassed horribly by a Student MickeaL Key around the Beckman Building after work one day and these incidents are also vital for proving my case and showing that I was being harassed for months on end.

I hope this is enough to explain the types of information I am requesting and please let me know if you need further details.

Thank you so much,
Rose


[Quoted text hidden]

---

**5 attachments**

📄 **Gmail - FOIA Request 9-5-2023 23-1105.pdf**
439K

📄 **Gmail - FOIA REQUEST.pdf**
83K

📄 **Gmail - FOIA Request 20-029.pdf**
199K

📄 **Gmail - FOIA Graduate College.pdf**
66K

📄 **Gmail - FOIA Request - External Correspondence.pdf**
67K

**Rose Meacham** <meacham.rose@gmail.com> Tue, Sep 19, 2023 at 12:25 PM
To: Ask.OCFO@usdoj.gov, AskDOJ@usdoj.gov, Attorney_General <attorney_general@atg.state.il.us>, LAW CALwcc
<LAW.CALwcc@cookcountyil.gov>, "Perlow, Lloyd J." <lloyd.perlow@ilag.gov>, Public Access <public.access@ilag.gov>,
Tannyr.M.Watkins@ojp.usdoj.gov, askCopsRC@usdoj.gov, attorney_general@ilag.gov, attorneygeneral@doj.nh.gov,
"cpdispatch@usdoj.gov" <cpdispatch@usdoj.gov>, oagcommunity@dc.gov, ojp.ocom@usdoj.gov, ojpmedia@usdoj.gov,
usdoj@service.govdelivery.com

Also, is it possible to get phone records from the OSCR that would show I called them to ask questions about what the
OSCR is and how the process works, what the student can ask for when filing etc. I called days or even a week before
Mickeal Key filed against me and UI has tried to falsely claim I was using Title IX reports to evade their punishments
from OSCR etc - which is obviously a lie because I filed with Title IX months before Mickeal Key filed a report with
OSCR, and then UI lost this Title IX report and made me start a brand new reporting process from scratch... falsely
misportraying the situation and intentionally fabricating a falsified timeline.

Also, phone records would show that Mickeal Key actually agreed to write me a recommendation letter about my time
working in Aron Barbey's Lab but then about 3 days later she called me to say she cannot write a recommendation
letter for me bevause she is afraid of losing her job, which is the same phrasing the other student informants used -
that they are all "afraid of losing their jobs" or something along those lines. And then I received an email with Aron
Barbey on the email chain and Samuel Beshers on the email chain with Mickeal Key who was filing a report with
OSCR.
[Quoted text hidden]

**LAW CALwcc** <LAW.CALwcc@cookcountyil.gov> Tue, Sep 19, 2023 at 12:50 PM
To: Rose Meacham <meacham.rose@gmail.com>, Public Access <Public.Access@ilag.gov>, Attorney_General
<attorney_general@atg.state.il.us>, "attorney_general@ilag.gov" <attorney_general@ilag.gov>,
"attorneygeneral@doj.nh.gov" <attorneygeneral@doj.nh.gov>, "Perlow, Lloyd J." <lloyd.perlow@ilag.gov>,
"AskDOJ@usdoj.gov" <AskDOJ@usdoj.gov>, "Tannyr.M.Watkins@ojp.usdoj.gov" <Tannyr.M.Watkins@ojp.usdoj.gov>,
"ojp.ocom@usdoj.gov" <ojp.ocom@usdoj.gov>, "oagcommunity@dc.gov" <oagcommunity@dc.gov>,
"Ask.OCFO@usdoj.gov" <Ask.OCFO@usdoj.gov>, "cpdispatch@usdoj.gov" <cpdispatch@usdoj.gov>,
"askCopsRC@usdoj.gov" <askCopsRC@usdoj.gov>, "usdoj@service.govdelivery.com"
<usdoj@service.govdelivery.com>, "ojpmedia@usdoj.gov" <ojpmedia@usdoj.gov>

Dear Ms. Meacham,

Courtesy copies are discarded after every hearing as a normal course of business.

We retain no copies. The Clerk of the Court retain copies of all filed documents.

We're sorry for any inconvenience.

Best,

Christine Marinakis
Case Coordinator

Calendar W Staff
Hon. Thomas More Donnelly
1912 Richard J. Daley Center
Chicago, IL 60602
(312) 603-5940

**From:** Rose Meacham <meacham.rose@gmail.com>

**Sent:** Tuesday, September 19, 2023 10:28 AM
**To:** Public Access <Public.Access@ilag.gov>; Attorney_General <attorney_general@atg.state.il.us>; attorney_general@ilag.gov <attorney_general@ilag.gov>; attorneygeneral@doj.nh.gov <attorneygeneral@doj.nh.gov>; Perlow, Lloyd J. <lloyd.perlow@ilag.gov>; LAW CALwcc <LAW.CALwcc@cookcountyil.gov>; AskDOJ@usdoj.gov <AskDOJ@usdoj.gov>; Tannyr.M.Watkins@ojp.usdoj.gov <Tannyr.M.Watkins@ojp.usdoj.gov>; ojp.ocom@usdoj.gov <ojp.ocom@usdoj.gov>; oagcommunity@dc.gov <oagcommunity@dc.gov>; Ask.OCFO@usdoj.gov <Ask.OCFO@usdoj.gov>; cpdispatch@usdoj.gov <cpdispatch@usdoj.gov>; askCopsRC@usdoj.gov <askCopsRC@usdoj.gov>; usdoj@service.govdelivery.com <usdoj@service.govdelivery.com>; ojpmedia@usdoj.gov <ojpmedia@usdoj.gov>
**Subject:** Re: [EXTERNAL] Re: FOIA Request 23-1105

---

**External Message Disclaimer**
This message originated from an external source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

---

Hi Kristen-
[Quoted text hidden]
[Quoted text hidden]

---

**Rose Meacham** <meacham.rose@gmail.com>                    Tue, Sep 19, 2023 at 12:56 PM
To: LAW CALwcc <LAW.CALwcc@cookcountyil.gov>
Cc: "Ask.OCFO@usdoj.gov" <Ask.OCFO@usdoj.gov>, "AskDOJ@usdoj.gov" <AskDOJ@usdoj.gov>, Attorney_General <attorney_general@atg.state.il.us>, "Perlow, Lloyd J." <lloyd.perlow@ilag.gov>, Public Access <public.access@ilag.gov>, "Tannyr.M.Watkins@ojp.usdoj.gov" <Tannyr.M.Watkins@ojp.usdoj.gov>, "askCopsRC@usdoj.gov" <askCopsRC@usdoj.gov>, "attorney_general@ilag.gov" <attorney_general@ilag.gov>, "attorneygeneral@doj.nh.gov" <attorneygeneral@doj.nh.gov>, "cpdispatch@usdoj.gov" <cpdispatch@usdoj.gov>, "oagcommunity@dc.gov" <oagcommunity@dc.gov>, "ojp.ocom@usdoj.gov" <ojp.ocom@usdoj.gov>, "ojpmedia@usdoj.gov" <ojpmedia@usdoj.gov>, "usdoj@service.govdelivery.com" <usdoj@service.govdelivery.com>
Bcc: FBI_Accessibility@fbi.gov

Hi Christine,

I've been asking for the Courtesy Copied to be returned BEFORE the case was closed and before the end of the hearings. So why would your office discard them when I asked you specifically, repeatedly to return them and explained that I was forced to starve myself and go without food in order to pay for the Courtesy Copies you demanded and said are mandatory to the Judge, even though I cannot afford them. I also informed you that I needed the courtesy copies for my reports and cases... so why would you throw them out when you knew that I needed them?

Can you please double-check with the Judge and Clerks to make sure -- there were over 500 courtesy copies in color ink. I definitely need them returned so I can use them for the appeal, my other cases and reports etc.

-Rose
[Quoted text hidden]

 **Gmail**

Rose Meacham <meacham.rose@gmail.com>

## Request for Medical Documentation
8 messages

---

**Murphy, Joya Renee** <joyam@illinois.edu>
To: "Meacham, Rose Swan" <rmeacha2@illinois.edu>
Cc: "Murphy, Joya Renee" <joyam@illinois.edu>, "Archer, CJ" <carcher@illinois.edu>

Fri, Jan 3, 2020 at 10:44 AM

Dear Rose,

The Office for Access & Equity has received your request for a reasonable accommodation. In order to proceed we will need for your current treating physician to complete the attached Accommodation Medical Request Inquiry Form.

If you would prefer that we reach out to your physician directly to obtain this information, please find the attached Authorization Release Form. We ask that you fill out the form in its entirety and return it, along with your most current job description, via email to accessandequity@illinois.edu or fax it to (217) 244-9136.

If you have any questions or concerns please feel free to contact our office at 217.333.0885.


Thank you,

Joya Murphy

University of Illinois at Urbana-Champaign
Office of Diversity, Equity, and Access
1004 S. Fourth Street
Champaign, IL 61820
217.333.0885 (office)
217.244.9136 (fax)

Confidential Communication: The information contained in this transmission is confidential and is intended solely for use of the individual entity named above as the intended recipient. The reader of this message is hereby notified that if you are not the intended recipient, any copying, disclosure or distribution of any kind is strictly prohibited. Please immediately notify the sender if you have received this correspondence in error. Under the Illinois Freedom of Information Act (FOIA), Any written communication to or from University; employees, regarding University business, is public record and may be subject to public disclosure.
Attachments: Accommodation_Medical_Request_Form.pdf: https://illinois-accommodate.symplicity.com/u/qedsygLV;
Authorization_to_Release_Medical_Information.pdf: https://illinois-accommodate.symplicity.com/u/emcodWVd

---

**Rose Meacham** <meacham.rose@gmail.com>
To: "Murphy, Joya Renee" <joyam@illinois.edu>
Cc: "Meacham, Rose Swan" <rmeacha2@illinois.edu>, "Murphy, Joya Renee" <joyam@illinois.edu>, "Archer, CJ" <carcher@illinois.edu>

Fri, Jan 3, 2020 at 11:56 AM

There is no document attached...

- --- -- --- -- --- -- --- -- ---
**Rose Swan Meacham**
VSR, Mechanical Engineering, Stanford University
PhD Candidate, Computational Neuroscience
*University of Illinois Urbana-Champaign*
*New York University, Class '14*

[Quoted text hidden]

---

**Murphy, Joya Renee** <joyam@illinois.edu>
To: Rose Meacham <meacham.rose@gmail.com>

Fri, Jan 3, 2020 at 11:59 AM

Cc: "Meacham, Rose Swan" <rmeacha2@illinois.edu>, "Archer, CJ" <carcher@illinois.edu>, "Murphy, Joya Renee"
<joyam@illinois.edu>

Hi Rose,

The links are at the bottom. However, I've attached the documents as well.

## Joya Murphy

[Quoted text hidden]

─────────────────────────────────

**2 attachments**

 **Accommodation Medical Request Form.pdf**
251K

**Authorization to Release Medical Information.pdf**
325K

─────────────────────────────────────────────────────────────

**Murphy, Joya Renee** <joyam@illinois.edu>                               Fri, Jan 3, 2020 at 11:59 AM
To: Rose Meacham <meacham.rose@gmail.com>
Cc: "Meacham, Rose Swan" <rmeacha2@illinois.edu>, "Archer, CJ" <carcher@illinois.edu>, "Murphy, Joya Renee"
<joyam@illinois.edu>

Hi Rose,

The links are at the bottom. However, I've attached the documents as well.

## Joya Murphy

**From:** Rose Meacham <meacham.rose@gmail.com>
**Sent:** Friday, January 3, 2020 11:57 AM
**To:** Murphy, Joya Renee <joyam@illinois.edu>
**Cc:** Meacham, Rose Swan <rmeacha2@illinois.edu>; Archer, CJ <carcher@illinois.edu>
**Subject:** Re: Request for Medical Documentation

There is no document attached...

[Quoted text hidden]
[Quoted text hidden]

─────────────────────────────────

**2 attachments**

**Accommodation Medical Request Form.pdf**
251K

 **Authorization to Release Medical Information.pdf**
325K

---

**Rose Meacham** <meacham.rose@gmail.com>        Sun, Jan 5, 2020 at 12:25 AM
To: "Murphy, Joya Renee" <joyam@illinois.edu>, Title IX Coordinator <titleixcoordinator@illinois.edu>
Cc: "Archer, CJ" <carcher@illinois.edu>, "Murphy, Joya Renee" <joyam@illinois.edu>

Just following-up to schedule an appointment to speak over the phone. I need to ask a number of questions in order to establish the necessary accommodations. I am available anytime Monday to speak so please let me know what times work for your office. Also, I think your records will show that I have in fact been requesting accommodations from your office since 2018. For whatever reason, the Title IX/ODEA Office seems to think that me being forced to study remotely, where normal accommodations are apparently not offered by UIUC, will somehow protect them from responsibility. I ask one final time that you please work with me to establish appropriate accommodations instead of shirking your office's duty and focus only on what you believe your office is liable for doing. I think student well being is more important that technicalities and at this point, I have been unable to receive the services I need from your office.

Thanks.

-Rose
[Quoted text hidden]

---

**Johnson, Heidi** <johnso19@illinois.edu>        Mon, Jan 6, 2020 at 4:35 PM
To: "meacham.rose@gmail.com" <meacham.rose@gmail.com>
Cc: "Murphy, Joya Renee" <joyam@illinois.edu>, "Archer, CJ" <carcher@illinois.edu>

Good Evening Rose,


The Office for Access and Equity provides reasonable workplace accommodations for current employees or accommodations for job applicants applying to jobs at the University of Illinois at Urbana-Champaign. I don't see in the University of Illinois at Urbana-Champaign system that you are a current employee on the Urbana campus. All student accommodation requests should be sent to the Disability Resources & Educational Services (http://www.disability.illinois.edu/).


Thank you,

Heidi Johnson


Heidi Johnson

 **ILLINOIS**

## Office for Access & Equity

**OFFICE OF THE VICE CHANCELLOR
FOR DIVERSITY, EQUITY & INCLUSION**

616 East Green Street, Suite 214

Champaign, IL 61820

www.oae.illinois.edu

accessandequity@illinois.edu

(217) 333-0885

[Quoted text hidden]

---

**Rose Meacham** <meacham.rose@gmail.com>                                        Mon, Jan 6, 2020 at 5:01 PM
To: "Johnson, Heidi" <johnso19@illinois.edu>
Cc: "Murphy, Joya Renee" <joyam@illinois.edu>, "Archer, CJ" <carcher@illinois.edu>

Dear Heidi-

As you know, I have not received reasonable accommodations from your office at all over the course of the last 2.5 years. I requested accommodations in writing as early as Fall 2017 and have continued to make these requests throughout the investigation. The DRES Office has confirmed my need for accommodations and my Title IX cases are currently being investigated. This means that there is a pattern in your office where I am denied accommodations during investigations. This is illegal and unfair -- it is particularly horrific because your office is in fact responsible for upholding the rights of students with disabilities and accommodations needs, unless you would like to correct me. In particular the claims that I filed with your office, and for which I have been expelled, are disability accommodations claims. This means that failure to not only provide accommodations, refusal to investigate these disability claims, and permitting UIUC Deans Office to expel me for filing disability claims with your office confirms an ongoing pattern of disregard and bias against students with disabilities. I will request that my accommodations are put in place during my investigation so I receive fair and equal treatment that I have been denied for more than 2.5 years.

Please inform me when an agent from your office is available to speak over the phone to put these in place. Please confirm how your office will be handling my cases and what the reasons are for denying my accommodations for more than 2.5 years during my previous investigations. Now would be the time to correct these harmful actions against me and provide the first fair, unbiased investigation with accommodations. I hope your office will do so and allow me a fair review, as I am legally entitled to one. Failure to provide these resources will further violate my civil, state, and federal rights.

Sincerely,
Rose
- --- -- -- -- --- -- --- -- ---
**Rose Swan Meacham**
VSR, Mechanical Engineering, Stanford University
PhD Candidate, Computational Neuroscience
*University of Illinois Urbana-Champaign*
*New York University, Class '14*

[Quoted text hidden]

---

**Johnson, Heidi** <johnso19@illinois.edu>                                        Wed, Jan 8, 2020 at 12:40 PM
To: Rose Meacham <meacham.rose@gmail.com>
Cc: "Murphy, Joya Renee" <joyam@illinois.edu>, "Archer, CJ" <carcher@illinois.edu>

Good Afternoon Rose,

The new ADA Director will be starting on Monday, January 13, 2020. Please feel free to reach out to her at 217-333-0885 to discuss.

Thank you,

Heidi

[Quoted text hidden]

Higher Learning Commission
- Not every state of USA

- Online platform used
  for students
- not used in every state,
  every school

BIT shares information
with police etc, using
falsified records created
by university officials
Evidence is opinion not
fact, fabricated

— FMRI paired with opinion